No. 14-17318

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

DIONNE CHOYCE
*Plaintiff-Appellant*

v

SF BAY AREA INDEPENDENT MEDIA CENTER, *et. al.*
*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 3:13-cv-01842-JST

---

EXCERPTS OF RECORD

VOL. I

---

ADVOCATES FOR APPELLANT

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
221 Main Street, Suite 740
San Francisco, California 94105
Telephone 415-402-0084
Facsimile 415-520-0104

DIONNE CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al., and DOES 1-10

**APPEAL No. 14-17318**

**VOLUME I**

PLAINTIFF'S NOTICE OF APPEAL, NOVEMBER 21, 2014 (DKT. 73)............1

ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES, NOVEMBER 3, 2014 (DKT. 72).........................................................................2

PLAINTIFF'S OPPOSITION TO DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTION FOR AWARD OF ATTORNEY'S FEES, JULY 31, 2014 (DKT. 67)................................................12

PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, EXHIBIT A – E, JULY 31, 2014 (DKT. 66)........................................................................32

DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, JULY 31, 2015 (DKT. 66-1)...........................................52

EXHIBIT A-H TO THE DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, JULY 31, 2015 (DKT. 66-2)..................54

NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM, JULY 2, 2014 (DKT. 61)...........................................................................93

DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF LAYER42.NET, INC.'S MOTION FOR RECOVERY OF ATTORNEY'S FEES,

JULY 2, 2014 (DKT. 61-1)....................................................................100

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, JULY 2, 2014 (DKT. 59)..................................149

DECLARATION OF LEILA KNOX IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505, JULY 2, 2014 (DKT. 59-1)..........................................................................................169

ORDER OF JUDGMENT, JUNE 18, 2014 (DKT. 58)........................................187

ORDER GRANTING IN PART AND DENYING PART MOTIONS TO DISMISS, DENYING ANTI-SLAPP MOTIONS WITHOUT PREJUDICE, JUNE 2, 2014 (DKT. 54)..........................................................................190

ORDER DENYING MOTION FOR RECOVERY OF ATTORNEY'S FEES WITHOUT PREJUDICE, FEBRUARY 7, 2014 (DKT. 47)................................200

REPLY IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16, JANUARY 30, 2014 (DKT. 42)..........................................................................................202

DECLARATION OF DAVID MORSE IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S SPECIAL MOTION TO STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE OF CIVIL PROCEDURE § 425.16, JANUARY 9, 2014 (DKT. 32)............................................................212

NOTICE OF MOTIONS AND MOTIONS OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL

PROCEDURE 425.16 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SAME, JANUARY 9, 2014 (DKT. 31)....................218

## VOLUME II

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S FIRST AMENDED COMPLAINT, JANUARY 6, 2014 (DKT. 29)....................229

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, DECEMBER 23, 2013 (DKT. 26)....................239

NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE, DECEMBER 16, 2013 (DKT. 25)....................260

ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER, DECEMBER 4, 2013 (DKT. 24)....................267

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND GRANTING DEFENDANT'S MOTION TO SPECIALLY STRIKE, DECEMBER 2, 2013 (DKT. 22)....................268

CIVIL MINUTES, NOVEMBER 14, 2013 (DKT. 19)....................286

CERTIFICATE OF SERVICE, NOVEMBER 14, 2013 (DKT. 18)....................287

SUPPLEMENTAL DECLARATION OF DOW W. PATTEN IN OPPOSITION TO DEFENDANT LAYER42.NET'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE, NOVEMBER 7, 2013 (DKT. 17)....................291

PLAINTIFF'S NOTICE OF MOTION AND PARTIAL MOTION TO STRIKE DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS (ANTI-SLAPP MOTION), OCTOBER 8, 2013 (DKT. 12)....................295

DECLARATION OF DIONNE CHOYCE IN OPPOSITION TO MOTION TO DISMISS, OCTOBER 8, 2013 (DKT. 11)........................................................301

PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS AND DECLARATION OF DOW W. PATTEN IN OPPOSITION TO MOTION TO DISMISS, OCTOBER 7, 2013 (DKT. 10)......305

DECLARATION OF DOW W. PATTEN IN OPPOSITION TO MOTION TO DISMISS, OCTOBER, 7, 2013 (DKT. 10-1)......................................................315

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELEIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, SEPTEMBER 23, 2013 (DKT. 9)..319

STIPULATION TO EXTEND TIME FOR FILING RESPONSE TO COMPLAINT, AUGUST 23, 2013 (DKT. 7)......................................................341

CERTIFICATE OF SERVICE TO DEFENDANT LAYER42.NET, INC., COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AUGUST 21, 2013 (DKT. 6)..........................................................................................344

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, APRIL 23, 2013 (DKT. 1)..........................................................................................................348

CIVIL CASE NO. 313-CV-01842-JST DOCKET REPORT..............................364

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10.<br><br>Defendants. | Case No.: CV-13-01842-JST<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiff, DIONNE CHOYCE, pursuant to Rule 3 of the Federal Rules of Appellate Procedure, hereby appeals to the United States Court of Appeals for the Ninth Circuit the following order entered in this matter by the United States District Court for the Northern District of California:

Order Granting in Part Motions for Attorney's Fees (Dkt # 72)

Respectfully submitted this 21st day of November, 2014

SMITH PATTEN

By: */s/ Dow W. Patten*
SPENCER F. SMITH
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, et al.,

Defendants.

Case No. 13-cv-01842-JST

**ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES**

Re: ECF Nos. 59 & 61.

## I. INTRODUCTION

After the Court dismissed the federal copyright claim in this action with prejudice, Defendants filed motions for attorney's fees pursuant to 17 U.S.C. §505. The matter came for hearing on September 4, 2014.

## II. BACKGROUND

### A. Procedural History and Factual Background

This motion arises out of a civil action by Plaintiff Dionne Choyce ("Plaintiff" or "Choyce"), in which he brought federal copyright and state-law defamation causes of action against Defendants SF Bay Area Independent Media Center ("Indybay") and Layer42.net, Inc. ("Layer 42") (collectively, "Defendants"), among other defendants. He alleged that Layer42 provided internet connectivity, hosting and infrastructure to a website operated by Indybay on which unknown Doe Defendants posted false and defamatory articles about him, including a graphic image of him taken from his law firm's website. Additional facts are described in the Court's December 2, 2013 and June 2, 2014 orders. 2013 WL 6234628 (ECF No. 22); 2014 WL 2451122 (ECF No. 54). After dismissing the initial complaint without prejudice and granting Plaintiff leave to file a First Amended Complaint ("FAC"), the Court then granted Defendants' motions to dismiss with prejudice, finding as follows:

United States District Court
Northern District of California

The FAC, like its predecessor, fails to allege that Plaintiff applied for a copyright in the allegedly copyrighted image. The FAC must be dismissed again for this reason. In his opposition, Plaintiff has attached a Proposed Second Amended Complaint ("PSAC"), in which he finally alleges that he has applied for a copyright, and limits his asserted remedies to those available for post-infringement registration, as the Court previously ordered. Exh. A to Plaintiff's Opposition to DefendantLayer42.net, Inc.'s Motion to Dismiss ("Opp. to Layer42"), ECF Nos. 37 & 37–1. The question is whether the Court should provide a second opportunity to amend by allowing Plaintiff to file the PSAC.

[. . .]

Plaintiff makes an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel from adding an allegation to the FAC that Plaintiff had applied for a copyright. Opp. to Layer42 2:21–28. This argument is particularly unpersuasive given the fact that Layer42's counsel offered a stipulation to Plaintiff's counsel to alter the deadlines to avoid the holiday season, and received no response. Declaration of Daniel L. Casas ¶ 6, and Exh. C thereto, ECF Nos. 41–1. Plaintiff acknowledges that the failure to amend was due to "oversight" on his part. Opp. to Layer42 7:9–10.

[. . .]

Even if the Court were to consider the PSAC, it would not salvage Plaintiff's copyright claim. A copyright infringement plaintiff "bears the burden of proving copyright ownership." Fleischer Studios, Inc. v. A.V.E.L.A., Inc., 654 F.3d 958, 962 (9th Cir. 2011). The PSAC makes the conclusory legal conclusion that "[a]mong the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public." ¶ 23. But this legal assertion is not a well-pled factual allegation whose truth the Court must accept at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"Under the copyright laws, the registration of a copyright certificate constitutes *prima facie* evidence of the validity of a copyright in a judicial *proceeding commenced within five years of the copyright's first publication.*" Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003) (emphasis added) (quoting Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) (citing 17 U.S.C. § 410(c)). The PSAC alleges that the Copyright Office issued Plaintiff a registered copyright in the image on October 23, 2013, after the first motion to dismiss in this action. PSAC ¶ 24. Since Plaintiff has used the image in his marketing since 2005, Declaration of Dionne Choyce ("Choyce Decl.") ¶ 2, ECF No. 11, he cannot avail himself of this *prima facie* presumption.

United States District Court
Northern District of California

EOR 003

United States District Court
Northern District of California

The PSAC therefore must contain additional well-pled factual allegations from which it is plausible to conclude that Plaintiff himself owns a valid copyright in the photographic image. But, as Plaintiff's counsel acknowledged at oral argument, and as Plaintiff himself has testified in a sworn declaration, the image was not created *by* Plaintiff; it is an image *of* Plaintiff. Choyce Decl. ¶ 2. It was taken by a professional photographer. Id. Therefore, any copyright in the image "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), which would be the photographer of the image, not Plaintiff. See generally Aalmuhammed v. Lee, 202 F.3d 1227, 1231–32 (9th Cir. 2000). Even if the Court gave Plaintiff leave to file the PSAC, it would still fail to state a claim for copyright infringement, rendering leave to amend futile.

Nonetheless, out of an abundance of caution, the Court has further considered the possibility that Plaintiff might be able to finally plead a viable copyright claim if given a *fourth* opportunity to do so.

Faced with Indybay's arguments that he is not the author of the image, Plaintiff stated in his opposition brief that, if the PSAC also fails to state a claim for copyright infringement, further "leave to amend should be granted" to allege facts that state a claim. Plaintiff's Opposition to Indybay's Motion 5:22–23, ECF No. 40. But in his brief, Plaintiff does not even hint at what facts he would plead in a Second Proposed Second Amended Complaint that would salvage his claim. He provides no explanation of how he owns the rights to the image. He does not state that he acquired the rights from the original photographer, and neither does he explain that the work was made for hire. And he does not explain how he could have a valid registration in an image he did not author, since the certificate of registration he obtained in the copyright states that he, himself, is the "author." Exh. A to Supplemental Declaration of Dow Patten, ECF No. 17.

[. . .]

But—again, out of an abundance of caution—at oral argument the Court gave Plaintiff's counsel a second opportunity to explain why the Court should give him a *fourth* opportunity to replead. Plaintiff's counsel explained that the image was, contrary to the certificate of registration Plaintiff obtained, actually a "work made for hire," and that Plaintiff will at some point apply to the Copyright Office to correct his certificate. But a work made for hire is, with exceptions not here relevant, "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. For this category to apply, the photographer must be a regular employee rather than an independent contractor or a specially commissioned photographer. Marco v. Accent Pub. Co., Inc., 969 F.2d 1547, 1550–53 (3d Cir. 1992). It simply is not plausible to infer that when Plaintiff "started [his] own practice as an attorney in or about 2005," and "had a professional photograph taken of [him]," he employed a professional photographer as a member of his regular staff. Choyce Decl. ¶ 2.

This action has been pending for nearly a year, and Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable

> future. Given the numerous opportunities Plaintiff has had to state a claim of copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile. Since there has been unjustified and undue delay, because the Court previously granted leave to amend, and because the Court needs to control the pace of its docket, further leave to amend will not be provided. The copyright claim is dismissed with prejudice.

2014 WL 2451122, at *3-6. Since the only jurisdiction Plaintiff invoked over the action was federal-question jurisdiction over to the copyright claim, the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and closed the file. Id.

After judgment was entered, ECF No. 58, and the Court approved the parties' stipulation to extend the deadlines for seeking attorney's fees, ECF No. 63, Defendants filed the instant motions. Layer42 seeks $57,278.50 as their lodestar, and Indybay seeks $59,836.11.

**B. Jurisdiction**

The Court has jurisdiction over the copyright infringement claim, and therefore this motion for attorney's fees, pursuant to 28 U.S.C. §§ 1331 & 1338(a).

**C. Legal Standard**

In "any civil action" under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. "In applying this provision, district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 832-33 (9th Cir. 2003).

In awarding fees under the statute, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436-437 (1983). "[C]ourts deciding whether to award attorneys fees can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the

objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Seltzer v. Green Day, Inc., 725 F.3d 1170, 1180-81 (9th Cir. 2013) (citing Fogerty, 510 U.S. at 534, n. 19).

In determining the amount of fees awardable under the section 505, the "'most useful starting point for determining the amount . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1027 (9th Cir. 1985) (quoting Hensley v. Ekerhart, 461 U.S. 424, 433 (1983)). "Excluded from this fee calculation are hours that are not reasonably expended, i.e., hours that are 'excessive, redundant, or otherwise unnecessary.'" Trangso, 768 F.2d at 1027. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.''" Traditional Cat Ass'n, 340 F.3d at 833 (internal citations omitted).

## III. ANALYSIS

### A. Prevailing Party

The Court may only provide attorney's fees "to the prevailing party." 17 U.S.C. § 505. Plaintiff argues that Defendants are not "prevailing parties." Although Plaintiff cites no in-circuit authority interpreting the Copyright Act, the term "prevailing party" in a fee-shifting statute generally requires an "alteration in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (interpreting fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act); United States v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (interpreting the Equal Access to Justice Act) ("To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree"); see also 5-14 Nimmer on Copyright § 14.10 ("[I]t has been held that a 'party's success on a claim that is 'purely technical or *de minimis*' does not qualify him as a 'prevailing party''" under the Copyright Act) (citing Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989)).

Plaintiff argues that "the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege

United States District Court
Northern District of California

facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point." Plaintiff's Opposition to Defendant Layer 42's Motion for Reocvery of Attorney's Fees ("Opp. to Layer42"), ECF No. 66. Defendants obtained dismissal with prejudice of the copyright claim. This altered the "legal relationship of the parties." Buckhannon, 532 U.S. at 605. It is an "enforceable judgment on the merits," Milner, 583 F.3d at 1196, since Defendants will presumably be able to rely on it if sued again for their alleged actions infringing on Plaintiff's copyright.

In maintaining that a party does not qualify as "prevailing" when it obtains dismissal with prejudice, Plaintiff's counsel rested particular weight at oral argument on Christopher & Banks Corp. v. Dillard's Inc., 805 F.Supp. 2d 693, 697 (S.D. Iowa 2011). In that case, three similarly-named, related corporate entities filed a copyright infringement action. Id. at 694-95. The defendant received the limited victory of eliminating two of the three corporate plaintiffs, while the entity that did possess a valid claim was allowed to press on with its lawsuit. The court denied attorneys' fees, noting, "Defendants have not litigated any defenses on the merits; rather, they have simply pointed out a small, technical pleading error." Id. At 698.

The facts in the present case are markedly different. Here, Defendants achieved a complete victory against the only plaintiff asserting the claim against them. In the other case on which Plaintiff relies, the court declined to award fees because the case was dismissed as a discovery sanction and "the merits of the parties' respective contentions were not litigated." Palazzo Vintage Homes, LLC v. Urban Hous. Dev., LLC, No. 09-cv-952-JE, 2011 WL 1527344, at *2 (D. Or. Mar. 28, 2011) report and recommendation adopted sub nom. Pallazzo Vintage Homes, LLC v. Urban Hous. Dev., No. 09-cv-952-JE, 2011 WL 1544814 (D. Or. Apr. 20, 2011).

Defendants are "prevailing parties" within the meaning of the 17 U.S.C. § 505.

**B. Appropriateness of Awarding Fees**

Since Defendants are "prevailing parties," the Court considers the factors relevant to deciding whether to award fees under Section 505.

**1. Degree of Success Obtained**

Similarly to the above, Plaintiff argues that Defendants "have not litigated any defenses on

United States District Court
Northern District of California

its merits; rather, they have simply pointed out a . . . pleading error." Christopher & Banks Corp., 805 F.Supp.2d at 698. This Court did not order a pleading error corrected, it dismissed the claim with prejudice.

While the strength of the claim against Defendants, and the relief sought, may have been minor, Defendants achieved total success against the claim. Therefore, this factor weighs in favor of fee-shifting.

**2. Frivolousness and Objective Unreasonableness**

Plaintiff's copyright claim was, to put it bluntly, objectively baseless. At the time Plaintiff filed his complaint, Plaintiff had not even applied for a copyright registration. The Court first dismissed the claim without prejudice, which should have given Plaintiff an opportunity to assess the strength of his claims, and take whatever steps were necessary to ensure that he had a valid claim to assert. Instead, he filed a registration application which identified himself as the "author" of the image, which he knew he was not. And then, when faced with the argument that he still had no valid ownership interest in any copyright, he resorted to additional meritless arguments: that his registration was *prima facie* valid (which it was not) and that the image was a work made for hire (which was implausible, unsupported by any evidence, and did nothing to salvage the validity of the registration he had actually obtained).

The Ninth Circuit has upheld an award under the Copyright Act when a party "should have known from the outset that its chances of success . . . were slim to none." SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013). Had Plaintiff's counsel consulted even basic authority regarding copyright law, he would have and should have known that he had no basis to bring a copyright action even against the Doe Defendants who had used the image (to say nothing of Indybay and Layer42). In asserting claims under a statute with a fee-shifting provision, he continued to press his claim at his peril.

**3. Motivation**

Defendants do not argue in their motions that this factor weighs in favor of fee-shifting. It appears relatively undisputed from the record that Plaintiff was not motivated to harass Layer42 and Indybay, or to pursue the lawsuit for anticompetitive reasons. Plaintiff was motivated to stop

United States District Court
Northern District of California

the publication of defamatory content on the Indybay website.

Indybay argues on reply that it was not reasonable for Plaintiff to enlist a baseless claim in this effort. He had no reasonable basis to assert a federal copyright claim in an image he had not registered and did not own the rights to. Whatever claims he might have stemming from the allegedly defamatory content, he did not have a copyright claim to the image, and it was improper to use a cause of action under copyright law as a way of pursing his primary purpose.

Indybay's argument, while correct in its assertion that Plaintiff's claim was meritless, nonetheless conflates the "motivation" prong of the Fogerty test with the "objective unreasonableness" prong. This factor weighs lightly against awarding fees.

**4. Considerations of Compensation and Deterrence**

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." Mattel, Inc. v. MGA Entm't, 705 F.3d 1108, 1111 (9th Cir. 2013)). "[T]he Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" SOFA Entm't, 709 F.3d at 1280 (citing Fogerty, 510 U.S. at 524). "[S]uccessful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Fogerty, 510 U.S. at 527. "When defendants advance a variety of meritorious copyright defenses," they further "[t]he Act's ultimate aim . . . to stimulate artistic creativity for the general public good." Mattel, Inc., 705 F.3d at 1111 (internal citations omitted).

Awarding fees will serve the usual purposes of a fee-shifting statute by deterring future baseless claims and compensating Defendants for the costs of defending against such claims. Moroever, in considering the specific purposes of the Copyright Act, while the Indybay website may not be "artistic creativity" *per se*, it is a forum for public expression. The Copyright Act's fee-shifting provision is designed to ensure that such forums for expression are not unhindered by asserted intellectual property claims that have no basis in the law.

After weighing the relevant factors, the Court determines that a fee award is justified.

United States District Court
Northern District of California

### C. Reasonableness of Fee Amount

Defendants have asked this Court to order Plaintiff to pay them $117,114.61 for having to file two motions to dismiss his copyright complaint. While Defendants are presumptively entitled to their lodestar, this is a very significant amount.

The Court has carefully reviewed the documents, billing records, and declarations submitted in support of both Defendants' fee requests. The Court finds that both Defendants have provided evidence establishing that their attorney's rates are reasonable rates charged by similarly situated attorneys in the area.

However, Defendants moved to dismiss the copyright action in motions that also sought to dismiss the state-law claims - claims that the Court ultimately declined to address. Defendants "may only recover attorney's fees incurred in defending against" the copyright claim. Traditional Cat Ass'n, 340 F.3d at 833. While Defendants' counsel made reasonable attempts to segregate the time and attention devoted to the federal claim, their estimates do not appear to have been conservative enough.

At oral argument at both motions to dismiss, relatively little time and attention was devoted to the copyright claim. All Layer42 needed to do to obtain the first dismissal without prejudice was to point out that Plaintiff had failed to allege that he had applied for a copyright. Plaintiff's first amended complaint failed to remedy that defect, and so all both parties needed to do to obtain the second dismissal was to point the same fact out to the Court again. Of course, to obtain dismissal with prejudice, Defendants were required to persuade the Court that further leave to amend should not be granted. Defendants are permitted to request that Plaintiff reimburse them for the fees they charge for that labor. But the Court cannot conclude that it would be fair or appropriate to order Plaintiff to pay Defendants $117,114.61 for taking such action.

In addition to ensuring that it only award fees reasonably attributable to the copyright claim, the Court is also moved to consider "the complexity and novelty of the issues presented" in considering a deviation from the presumptively reasonable lodestar. In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 941-42 (9th Cir. 2011) (discussing attorney's fees in class action settlements); see also DuckHole Inc. v. NBCUniversal Media LLC, CV-12-10077-BRO,

Case: 14-17318, 01/20/2015, ID: 9390726, DktEntry: 18-1, Page 16 of 234

2013 WL 5797204, at *5 (C.D. Cal. Oct. 25, 2013) (citing this as relevant factor in copyright attorney's fee motion). Although the Court considered several iterations of Plaintiff's complaint, the matter was not complex.

After careful review of the record before the Court, and in considering principles of fairness, the Court concludes that a significant downward deviation from Defendants' requested fee award is appropriate. The Court will award each prevailing party 75% of the fees and costs requested, which the Court concludes is a reasonable approximation of the fees attributable to obtaining dismissal of the federal claim which are reasonable to award under the circumstances.

## IV. CONCLUSION

Defendants' motions are GRANTED IN PART. Defendant Layer42 shall be awarded its fees and costs in the sum of $42,958. Defendant Indybay shall be awarded its fees and costs in the amount of $44,877. Plaintiff is ORDERED to make such payment by 30 days from the date of this order.

**IT IS SO ORDERED.**

Dated: November 2, 2014

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10.<br><br>Defendants. | Case No.: CV-13-01842-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTION FOR AWARD OF ATTORNEY'S FEES**<br><br>Date: September 4, 2014<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |

Case: 14-17318, 01/20/2015, ID: 9391676, DktEntry: 18-1, Page 18 of 234
Case3:13-cv-01842-JST Document66 Filed07/31/14 Page2 of 20

## TABLE OF CONTENTS

TABLE OF CONTENTS....................i

TABLE OF AUTHORITIES....................ii

I. INTRODUCTION....................1

II. FACTUAL BACKGROUND....................1

III. LAW & ARGUMENT....................4

A. The Standard for Shifting Attorneys' Fees In Copyright Cases....................4

B. Indybay Is Not A Prevailing Party And Cannot Recover Attorney's Fees...... 5

C. Assuming *Arguendo* Defendant Is A Prevailing Party The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff....................7

D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable....................11

1. Defendant's Hours Are Not Reasonable – It Has Not Segregated the Copyright Claim Work and it has Block-Billed..........12

2. Fees on Fees Are Prohibited....................15

IV. CONCLUSION....................15

i

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF ATTORNEY'S FEES
(Case No.: CV-13-01842-JST)

EOR 013

## TABLE OF AUTHORITIES

**Federal Cases**

*Alyeska Pipeline Co. v. Wilderness Society*
421 U.S. 240 (1975)........................................................................................ 4

*Berkla v. Corel Corp.*
302 F.3d 909 (9th Cir. 2002).............................................................................. 5

*Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*
532 U.S. 598 (2001)........................................................................................ 6

*Christopher & Banks Corp. v. Dillard's Inc.*
805 F.Supp.2d 693 (S.D. Iowa 2011)................................................................ 5, 7

*Davis v. City & Cnty. of S.F.*
976 F.2d 1536 (9th Cir. 1992).......................................................................... 12

*Domingo Cambeiro Prof'l Corp. v. Advent*
2000 U.S. App. LEXIS 3652 (9th Cir. Mar. 7, 2000)........................................ 5

*Edwards v. Nat'l Business Factors, Inc.*
897 F. Supp. 458 (D. Nev. 1995)...................................................................... 13

*Fantasy, Inc. v. Fogerty*
94 F.3d 553 (9th Cir. 1996).............................................................................. 7

*Farrar v. Hobby*
506 U.S. 103 (1992)........................................................................................ 6

*Fischer v. SJB-P.D. Inc.*
214 F.3d 1115 (9th Cir. 2000).......................................................................... 6

*Fogerty v. Fantasy, Inc.*
510 U.S. 517 (1994)........................................................................ 1, 5, 7, 11

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992).......................................................................... 13

*Halicki Films, LLC v. Sanderson Sales & Mktg.*
547 F.3d 1213 (9th Cir. 2008).......................................................................... 7

*Hensley v. Eckerhart*
461 U.S. 424 (1983)..................................................................................11, 12, 13

*Hosting v. Fiks*
2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010)...................................... 11

*I.T. v. Dep't of Educ.*
2014 U.S. Dist. LEXIS 60127 (D. Haw. Feb. 27, 2014)............................................... 12

*Jackson v. Axton*
25 F.3d 884 (9th Cir. 1994)........................................................................................ 7

*Kerr v. Screen Extras Guild, Inc.*
526 F.2d 67 (9th Cir. 1975)........................................................................................ 12

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*
81 F.3d 881 (9th Cir. 1996)........................................................................................ 8

*Mattel, Inc. v. MGA Entm't, Inc.*
705 F.3d 1108 (9th Cir. 2013)..................................................................................... 11

*Matthew Bender & Co. v. W. Publ'g Co.*
240 F.3d 116 (2d Cir. 2001)........................................................................................ 10

*Mitek Holdings, Inc. v. Arce Eng'g Co.*
198 F.3d 840 (11th Cir. 1999)..................................................................................... 10

*Morales v. City of San Rafael*
96 F.3d 359 (9th Cir. 1996)........................................................................................ 12

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
483 U.S. 711, 728 (1987)............................................................................................ 12

*RBC Nice Bearings, Inc. v. SKF USA Inc.*
No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919 (D. Conn. 2011).... 7

*Re-Creation v. Ty, Inc.*
1994 U.S. Dist. LEXIS 1312 (D. Or. Jan. 31, 1994)......................................................... 8

*Sealy, Inc. v. Easy Living, Inc.*
743 F.2d 1378 (9th Cir.1984)...................................................................................... 15

*Skranak v. Castenada*
425 F.3d 1213 (9th Cir. 2005)..................................................................................... 4

*Sofa Entm't, Inc. v. Dodger Prods.*
709 F.3d 1273 (9th Cir. 2013)..................................................................................... 11

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*
488 F.3d 352 (6th Cir. 2007)........................................................................................ 5

*Traditional Cat Ass'n v. Gilbreath*

Case: 14-17318, 01/20/2015, ID: 9392676, DktEntry: 18-1, Page 21 of 234
Case3:13-cv-01842-JST Document66 Filed07/31/14 Page5 of 20

340 F.3d 829 (9th Cir. 2003)............................................................................................ 12

*United States v. Texas*
507 U.S. 529 (1993)......................................................................................................... 4

*Virgin Records Am., Inc. v. Thompson*
512 F.3d 724 (5th Cir. 2008)............................................................................................ 10

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*
877 F.2d 1120 (2d Cir. 1989)........................................................................................ 5, 7

*Warren v. Colvin*
744 F.3d 841 (2d Cir. 2014)............................................................................................. 6

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*
140 F.Supp.2d 111 (D.Mass. 2001)................................................................................... 9

**Statutes**

17 U.S.C. § 505...............................................................................................................1, 4

17 U.S.C. § 411(a).............................................................................................................. 8

**Federal Rules**

Fed. R. Civ. P 11(b)(1)...................................................................................................... 8

Fed. R. Civ. P 11(c)(2)-(3)................................................................................................. 8

**Secondary Sources**

4-14 Melville B. Nimmer & David Nimmer,
NIMMER ON COPYRIGHT § 14.10[B][3] (2011)........................................................... 5

iv
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECOVERY OF ATTORNEY'S FEES
(Case No.: CV-13-01842-JST)
EOR 016

Case3:13-cv-01842-JST Document66 Filed07/31/14 Page2 of 20

Plaintiff Dionne Choyce ("Plaintiff" or "Mr. Choyce"), by and through his undersigned counsel, hereby opposes Defendant SF Bay Area Independent Media Center's ("Defendant" or "Indybay") Motion for Award of Attorney's Fees Pursuant to 17 U.S.C. § 505.

## I. INTRODUCTION

Defendant IndyBay made no attempt herein to argue that the use of the photograph was either lawful or appropriate in any fashion. Instead, the Court ruled that Choyce was precluded from pursuing a copyright claim against Defendant because he did not properly plead that he could enforce his copyright claim.

On July 2, 2014, Defendant moved for attorney's fees pursuant to 17 U.S.C. § 505. Defendant seeks to be rewarded for avoiding service and drawing out a dispute. 17 U.S.C. § 505 only allows for attorney's fees to be awarded to a prevailing party. Defendant is not a prevailing party, since the copyright claim was dismissed at the pleading stage and there has been no change in the "legal status" of the parties. Furthermore, even if Defendant is considered a prevailing party, the court should not exercise its discretion to award fees based on the controlling factors established in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

## II. FACTUAL BACKGROUND

Two things are clear from the factual history of this case: Plaintiff exhausted all available means short of litigation to have defamatory material and his copyrighted portrait removed from the Internet, and Defendants worked in concert to avoid service of process and triangulate the formal litigation to obtain attorneys' fees[1].

Plaintiff Dionne Choyce has been a practicing attorney since 2001. (Dkt #26, First Amended Complaint ("FAC", ¶ 12.) In or around April and May of 2012, defamatory statements were posted on the web site "indbay.org" concerning Plaintiff, along with his portrait, copied

1 This is Indybay's second attempt to obtain attorneys' fees for the same work. (Dkt#31, p. 10)

directly from his firm's website. (Dkt #26, First Amended Complaint ("FAC", ¶ 16-21). Specifically, the author falsely alleged that Plaintiff "may serve prison time for embezzling from the homeless," and that the "Choyce Law Firm was being evicted from its offices for non-payment." (*Id.*)

Over the next several months, Plaintiff attempted to have the false statements and his portrait removed from the offending web site by directly contacting the site. Plaintiff sent emails to the "site administrator" of indybay.org requesting that the false information be removed. (Dkt #11, Choyce Decl. ¶ 3). Receiving no response, Plaintiff engaged counsel. An investigation verified the Internet Protocol address of indybay.org domain and its associated connections to the Internet. (Dkt # 10-1, ¶ 2) This investigation revealed that Layer 42.net was at a minimum providing the connectivity and Internet connection related to the "indybay.org" domain. (*Id.*)

Plaintiff discovered that Layer 42.net was the only entity associated with the indybay.org domain with a registered agent for service of takedown notices under the Digital Millennium Copyright Act ("DMCA"). (*Id.* at ¶ 3). Plaintiff sent multiple DMCA takedown notices to the President of Layer42 and a Notice of Infringing Material to the CEO of Cernio Technology Cooperative, the apparent middle-man between Layer42.net and indybay.org.. (*Id.* at ¶4-5)

Plaintiff received *no* response to any of these notices. (Dkt # 10-1, ¶ 6-7) Out of options, on April 23, 2013, Plaintiff filed his complaint. (Dkt #1) The Court is well aware of the difficulty Plaintiff had in serving the complaint in this matter on all Defendants. The first Defendant to be successfully served was Layer42.net.

Defendant Indybay admitted that in or around March 2013, Cernio Technology Corporation informed it that co-Defendant Layer42 had received a DMCA take down demand from Plaintiff. (Dkt #32, Declaration of David Morse, ¶ 11.) Despite the fact that Indybay and Layer42 appeared to be in communication before the filing of Plaintiff's lawsuit, Defendant

Layer42 refused to respond to Plaintiff's request for assistance in bringing Indybay to the table to resolve the present matter. (Declaration of Dow W. Patten, Exhibit "A") On September 5, 2013, Plaintiff was informed that Indybay exercised its control over the content of its website and removed Plaintiff's portrait. (Patten Decl, Exhibit "B") Layer42 filed an Anti-SLAPP Motion and a Motion to Dismiss under FRCP 12(b)(6) on September 23, 2013. (Dkt #9)

On October 23, 2013, Plaintiff received confirmation that the image containing his visage, "Dionne Choyce Portrait," was registered with the U.S. Copyright Office. (Dkt #17). On October 31, 2013, Plaintiff's process server hand-served Defendant Indybay at the address listed in the "Donate" form on the indybay.org website. (Dkt #40-1, ¶ 2) The Complaint was also mailed through a third-party process server on November 5, 2013. (*Id.*)

On December 2, 2013, the Court issued an order granting Plaintiff leave to amend with respect to Plaintiff's copyright claim. (Dkt #22). After reviewing the Court's order, Defendant Indybay's counsel informed Plaintiff that if Plaintiff moved forward with the suit, that Indybay, like Layer42, would file an anti-SLAPP suit. (Dkt #40-1, ¶ 3) Plaintiff's counsel responded by informing Indybay that Plaintiff was willing to meet and confer with Indybay and that Plaintiff did not wish to pursue any claims against any party who was not responsible for Plaintiff's harm. (*Id.*) Plaintiff asked Indybay to provide any information it had regarding the defamatory postings, and that Plaintiff would review the information and meet and confer concerning narrowing issues and identifying Doe Defendants. (*Id.*) Plaintiff received no response from this letter, and instead, after Plaintiff agreed not to oppose Defendant Indybay's request for an extension of time to answer, on January 9, 2014, Indybay filed its motion to dismiss and special motion to strike. (*Id.*)

The Court ruled on Defendants' 12(b)(6) motions, holding that Plaintiff did not state a claim under the Copyright Act, and denied leave to amend. (Dkt #54 Order of June 2, 2014) The

Court specifically did not reach the merits of the case, and no discovery was ever conducted into Defendants' respective roles in the publishing, editing, and eventual removal of the offending and infringing material. (*Id.*)

Prior to the filing of the instant Motion, counsel for Defendant and Plaintiff discussed the instant motion. Counsel for Defendant sent Plaintiff a draft stipulation on July 1, 2014, the day before Defendant's motion was due. (Patten Decl, Exhibit "C"). Plaintiff requested a breakdown of the fees Defendant requested, which Defendant provided at 4:00 p.m. (*Id.*) Defendant stated that it needed a response by noon the following day or it would file the instant motion. (*Id.*) Plaintiff was unable to review the documents and confer with his client in such a short period of time. (Patten Decl, ¶ 4)

## III.  LAW & ARGUMENT

### A.  The Standard for Shifting Attorneys' Fees In Copyright Cases.

Unless Congress provides otherwise, parties are to bear their own attorney's fees. *Fogerty,* 510 U.S. at 533, (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-262 (1975) (*superseded* on other grounds by by 42 U.S.C. § 1988)). Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principals. *Skranak v. Castenada*, 425 F.3d 1213, 1220 (9th Cir. Mont. 2005), (citing *United States v. Texas,* 507 U.S. 529, 534 (1993)).

There is no entitlement to an attorney's fee in copyright claims. 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 505, a district court's may—in its discretion—award attorney's fees to *a "prevailing party"* in a copyright infringement case:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.

(emphasis added). "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised." *Domingo Cambeiro Prof'l Corp. v. Advent*, 2000 U.S. App. LEXIS 3652 at *4 (9th Cir. Mar. 7, 2000), citing *Fogerty,* 510 U.S. at 534.

**B. Indybay Is Not A Prevailing Party And Cannot Recover Attorney's Fees**

In order to recover attorney's fees, Defendant must be a "prevailing party." 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002), (citing *Fogerty*, 510 U.S. at 534).

"In copyright infringement cases, '[g]enerally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit.'" *Thoroughbred Software Int'l, Inc. v. Dice Corp*., 488 F.3d 352, 362 (6th Cir. 2007)(citing *Warner Bros., Inc. v. Dae Rim Trading, Inc*., 877 F.2d 1120, 1126 (2d Cir. 1989)). "[A] party's success on a claim that is purely technical or de minimis does not qualify him as a prevailing party." 4-14 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[B][3] (2011), (quoting *Warner Bros.*, 877 F.2d at 1126); see *Christopher & Banks Corp. v. Dillard's Inc.,* 805 F.Supp.2d 693, 697 (S.D. Iowa 2011) (holding that defendant was not a "prevailing party" for purposes of Section 505 when the court's dismissal did not mark a clear change in the legal relationship between the parties inuring to defendant's benefit.)

Here, the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point. As such, there is nothing on which to prevail. Indeed, the only relief available to Plaintiff, given the date of registration, was injunctive relief to prohibit future unauthorized use of the portrait. Given Defendants' apparent efforts to remove the portrait after the filing of the lawsuit, even that injunctive relief appears to have been mooted for the present. See *Buckhannon Bd. & Care*

*Home v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2D 855 (2001) (*abrogated in part by statute* as stated in *Warren v. Colvin*, 744 F.3d 841 (2d Cir. N.Y. 2014)) ("a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change....and is clearly insufficient to alter the clear meaning of 'prevailing party' in the fee-shifting statutes.")

The Court's Order of dismissal and Judgment did not make Defendants Indybay and Layer42 prevailing parties on the Copyright claim. In order for a litigant to be a prevailing party for purposes of attorneys' fees, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home*, 532 U.S. 598 at 605. As the Supreme Court has noted, "[n]o material alteration of the legal relationship between the parties occurs until" one of the parties "becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. 2000) (citing *Farrar v. Hobby,* 506 U.S. 103, 113 (1992)).

Applying this test, at least one district court has held that a litigant who successfully obtains a dismissal of a claim on preclusion grounds is not a "prevailing party" within the meaning of the fee-shifting statutes, because a *res judicata* dismissal is not judgment on the merits that changes the legal status of the parties. *See RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919, at *1 (D. Conn. 2011).

In the present matter, the Court made no ruling on the merits of Plaintiff's claims and thus made no change to the legal status of the parties. The Court held that Plaintiff simply did not plead facts sufficient to establish that his Copyright registration allowed him to enforce rights under the Copyright Act. (Dkt # 54) The Court then exercised its discretion and denied Plaintiff leave to amend. (*Id.*) In its discretion, the Court stated that leave would be futile, and that due to

the delay and the previously granted leave to amend, and the need to control the Court's docket, that leave would be denied. (*Id.*); *RBC Nice Bearings, Inc.,* 2011 U.S. Dist. LEXIS 141801 at *1; *Christopher & Banks Corp.,* 805 F.Supp.2d 693. Therefore, Defendant was not a prevailing party for purposes of the shifting attorney's fees under the Copyright Act.

### C. Assuming *Arguendo* Defendant Is A Prevailing Party, The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff.

"The Copyright Act allows - but does not require - courts to award fees to prevailing parties" *Christopher & Banks Corp.*, 805 F.Supp.2d at 697 (defendants must show "compelling reason" why Court should exercise its discretion to grant them fees.) In determining whether to award a prevailing defendant attorneys' fees, the court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994), citing *Fogerty,* 510 U.S. at 534; *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008). These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act..." *Fogerty* at 534; see also *Warner Bros*., 877 F.2d at 1127 ("[F]ees need not be awarded if the award would not vindicate [the] underlying statutory policies...") As set forth below, the *Fogerty* factors weigh against a shifting of fees in this case.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See Fantasy, Inc. v. Fogerty,* 94 F.3d 553 (9th Cir. 1996). Defendants should not be awarded fees where Defendants "have not litigated any defenses on its merits; rather, they have simply pointed out a...pleading error." *Christopher & Banks Corp.,* 805 F.Supp.2d at 698 ("Defendants have not pointed to and the Court is not aware of anything in the

Copyright Act or in the case law that suggests that Section 505 is meant to punish such errors.") Here, Defendants did not litigate any defense on its merits and only argued that Plaintiff did not plead sufficient facts to establish that he had a valid Copyright registration.

Defendant has not demonstrated that Plaintiff's copyright infringement is "harassing." Rule 11 of the Federal Rules of Civil Procedure requires that "a pleading [...] is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P 11(b)(1). A party may move for sanctions, or the Court may *sua sponte* order a party or law firm to show cause. Fed. R. Civ. P 11(c)(2)-(3). Plaintiff's ultimately unsuccessful pleading cannot justify attorney's fees on the basis that it was "harassing." See *Re-Creation v. Ty, Inc.*, 1994 U.S. Dist. LEXIS 1312 at *8-9 (D. Or. Jan. 31, 1994) (holding that plaintiff's amended complaint was neither frivolous nor harassing for purposes of Rule 11 even though it failed to satisfy the deposit and registration requirements of 17 U.S.C. § 411(a)).

Defendant Indybay cites *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885 (9th Cir. 1996) in support of awarding fees "to successful defendant[sic] where plaintiff did not have standing to sue for copyright infringement." However, in that case, the plaintiff claimed it was the sole owner of rights to a film based on a contract when the "plain language of the contract" granted the defendant all rights to the work. *Id.* at 844-845. The reviewing court upheld an award of attorneys' fees, noting that there was evidence to support the "'inference' that MPI's suit was instigated to secure a competitive advantage in marketing its videocassette." *Id.* at 899. Unlike *Maljack*, the Defendants never argued that the use of Plaintiff's portrait was a lawful use of the property. Furthermore, Defendant has failed to point to any evidence to show that Plaintiff had an improper motive in litigating this matter.

Parties are improperly motivated if they do not have "a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into

costly litigation." *Yankee Candle Co. v. Bridgewater Candle Co., LLC,* 140 F.Supp.2d 111, 116 (D.Mass. 2001). Throughout this litigation, Plaintiff's primary concern was that the image and web page would be taken down and that Plaintiff would be assured that the image and posting would not reoccur. Plaintiff sent emails to Indybay and multiple takedown notices and received no response. (Dkt # 10-1, ¶ 6-7). Defendant admitted that in or around March 2013, it was aware Layer42 had received a DMCA take down demand from Plaintiff. (Dkt #32, Declaration of David Morse, ¶ 11.)

While Defendant Layer42 eventually informed Plaintiff that Indybay had removed the two articles at issue, there were no assurances that all copies had been removed or that the use would not reoccur. Because Plaintiff was concerned that the image or posting might appear again, and that there was a threat of future harm, Plaintiff requested that all parties come to the table for a global settlement to ensure that the images were not posted in the future. (Patten Decl, Exhibit "A") Despite the fact that Indybay and Layer42 were in communication before the filing of Plaintiff's lawsuit, Defendant Layer42 refused to respond to Plaintiff's request for assistance in bringing Indybay to the table to resolve the present matter. (Patten Dec, ¶ 2)

During oral arguments on Defendant Layer42's first motion to dismiss, counsel for Plaintiff explained to the Court that "we were trying just to get all of the Defendants to be parties to [a settlement]. And then we turned around and this motion was filed. (Patten Decl, Exhibit "D")

After Defendant reviewed the Court's December 2, 2013 order, Indybay's counsel informed Plaintiff that if he moved forward with the suit against Indybay, that Indybay, like Layer42, would file an anti-SLAPP suit. (Dkt # 40-1¶ 3) Plaintiff's counsel responded by informing Indybay that Plaintiff was willing to meet and confer with Indybay and that Plaintiff did not wish to pursue any claims against any party who was not responsible for Plaintiff's harm.

(*Id.*) Plaintiff asked Indybay to provide any information it had regarding the defamatory postings, and that Plaintiff would review the information and meet and confer concerning narrowing issues and identifying Doe Defendants. (*Id.*) Plaintiff received no response to this letter, and instead, after Plaintiff agreed not to oppose Defendant Indybay's request for an extension of time to answer, on January 9, 2014, Indybay filed its motion to dismiss and special motion to strike. (*Id.*)

The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842-43 (11th Cir. 1999). Plaintiff had an objectively reasonable litigation position. Plaintiff asserted that Defendant was involved in the unauthorized use of a copyrighted photograph. Plaintiff had the right to protect a registered copyright. Plaintiff was undoubtedly harmed by the use of this image on a website purportedly made to look like a valid news source. *See Matthew Bender & Co. v. W. Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *see also Virgin Records Am., Inc. v. Thompson,* 512 F.3d 724 (5th Cir. 2008) (holding it was not an abuse of discretion to deny attorney's fees when case was dismissed at the early stage of litigation. Despite a failure of proof, there were "no particular circumstances [that] agitate[d] in favor of compensation by way of attorney's fees" and claims were not considered to be "frivolous, improperly motivated, or objectively unreasonable." The "contentious nature" and "reasonably swift resolution" of the case weighed against a fees award.) Here, the case was dismissed before any Answer was filed on any of the claims in the litigation.  No discovery occurred, and the Court dismissed Plaintiff's state law claims without prejudice to the re-filing of such claims in state court.

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)). The "Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Sofa Entm't, Inc.*, 709 F.3d at 1280 (citing *Fogerty*, 510 U.S. at 524). Here, there copyright infringement alleged had nothing to do with the encouragement of creative expression. Instead, a defamatory screed about Mr. Choyce's alleged criminality, "which [was] demonstrably false and readily verifiable as false," was posted on the Internet, along with his portrait lifted from his law firm's website. (Dkt. # 26, ¶¶ 12, 17, 18). Plaintiff is a practicing attorney justifiably concerned with protecting his professional and personal reputation, the antithesis of a vexatious serial litigant. See *Hosting v. Fiks*, 2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010) (finding an award of attorney's fees was unnecessary where, *inter alia*, "[t]here is no evidence that plaintiffs have engaged in similar lawsuits").

**D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees, The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable.**

Even if the Court finds that Defendant is entitled to attorney's fees, the lodestar amount in Layer42's Motion is unreasonable and unsupported by the necessary documentation.

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Ninth Circuit considers the following factors in determining a reasonable fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

"undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See I.T.,* 2014 U.S. Dist. LEXIS 60127 at *10, (citing *Kerr*, 526 F.2d at 70). Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

**1. Defendant's Hours Are Not Reasonable – It Has Not Segregated the Copyright Claim Work and it Has Block-Billed.**

"The party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; see also *Jordan*, 815 F.2d at 1263. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim..." *Traditional Cat Ass'n v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. 2003) (internal citations omitted). The district court should make an attempt to apportion fees between the copyright claim and non-copyright claims by considering what the case is about and what part of the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations. *Traditional Cat Ass'n,* 340 F.3d at 833-34.

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley,* 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors,*

Case: 14-17318, 01/20/2015, ID: 9391976, DktEntry: 18-1, Page 34 of 234

*Inc.,* 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); see also *Gates v. Deukmejian,* 987 F.2d 1392, 1399 (9th Cir. 1992). In order for the Defendant to meet its burden, Defendant must submit admissible evidence that permits the Court to adequately determine whether the fees claimed are reasonable. *Hensley*, 461 U.S. at 371 fn. 12. The court may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.* at 438, fn. 13. Layer42's submission does not meet this burden.

In this matter, the only fees which could possibly be shifted to Plaintiff if the Court were to exercise its discretion would be those incurred in defending Plaintiff's copyright claim. Defendant attributes 56.3 hours of attorney work to defending against Plaintiff's copyright claim, totaling $26,002 in attorney's fees. (Dkt #59-1, Exhibit "A") However, $10,050.50, or 22.2 hours, of this total are not sufficiently described to support a reasonable fee on the Copyright claim as shown in the table below:

| DATE | DESCRIPTION OF ACTIVITY | HOURS | BILLED |
|---|---|---|---|
| 12/12/13 | Email with R.R. Myers regarding briefing scheduling | .2 | $86.00 |
| 12/18/13 | Continue drafting motion to dismiss plaintiff's complaint; phone call and emails with R.R. Myers regarding same | 2 | $860.00 |
| 01/06/14 | Research copyright, cases relevant to motion to dismiss; review R.R. Meyers' draft of introduction, briefing on motion to dismiss | 2.1 | $903.00 |
| 01/07/14 | Research for and revising motions to dismiss; instruct L. Knox re additional research for same; review L. Knox research and conference with L. Knox re same | 1.3 | $708.50 |
| 01/07/14 | Research regarding ownership of copyright and dismissal of claims; emails with R. R. Myers regarding same; further editing of brief in preparation for filing | 1.4 | $602.00 |
| 01/08/14 | Office conference and emails with R.R. Myers regarding brief; review and edit MPA, proposed order; review local rules | 1.4 | $602.00 |
| 01/09/14 | Revise and edit Motion, MPA; final edits of Motion, MPA, and proposed order | 1.1 | $599.50 |
| 01/20/14 | Review previous statement filed by plaintiff; find and print cases cited in opening brief; instruct assistant regarding same | .5 | $215.00 |
| 01/23/14 | Review plaintiff's opposition to Indybay motions to dismiss | .1 | $54.50 |
| 01/26/14 | Continue drafting reply to opposition to motion to dismiss | 1.3 | $559.00 |
| 01/27/14 | Continue drafting reply to opposition to motion to dismiss; office conference with R. R. Myers regarding same | 2.5 | $1,075.00 |
| 01/28/14 | Continue drafting reply to opposition to motion to dismiss; further research | 2 | $860.00 |

| | | | |
|---|---|---|---|
| | regarding copyright | | |
| 01/30/14 | Final preparations, proofing for filing; instruct assistant regarding same | 2.5 | $1,075.00 |
| 01/01/14 | Draft introduction to reply; revise and edit reply; final edit and prepare filing | 3 | $1,635.00 |
| 01/30/14 | Review and verify cases facts cited in reply in support of defendant's motion to dismiss first amended complaint. | .8 | $216.00 |
| | TOTAL | 22.2 | $10,050.50 |

The above-listed activities do not sufficiently describe the attorney work performed or contain mixed and block-billed time for its motions. For example, emails regarding the briefing schedule, edits to the "motion," and preparing the motion for filing do not only relate to defending Plaintiff's copyright claim. Importantly, half of the above hour relate to drafting Defendant's Reply brief. Defendant's Reply only contained three pages of argument related to the copyright claim, much of which was taken from Defendant's original motion. (Dkt # 42). The majority of Defendant's Reply relates to Plaintiff's defamation claim and Defendant's Motion to Strike. (*Id*.) Defendant cannot rely on this block-billed time to support an award of fees based on the Copyright claim.

Defendant Indybay has also included 9.6 hours "related to hearing on motion to dismiss." (Dkt #59-1, Exhibit "B") It is unreasonable for an associate with eight years of experience to spend almost ten hours preparing to argue Defendant's motion with essentially no documents to review. There had been no discovery, no depositions, and no documents exchanged in this matter. Furthermore, a substantial amount of this preparation time related to Defendant's Motion to Strike. There is no way for the Court or Plaintiff to determine which fees were incurred in defending the copyright claim or which fees were incurred for other aspects of this litigation. Defendant's records do not demonstrate that the above-listed fees were reasonably necessary to the successful litigation of Plaintiff's Copyright claim.

/ / /

/ / /

### 2. Fees on Fees Are Prohibited

Defendant requests $16,700 in attorney fees for "preparing motion for attorney fees and costs." (Dkt #59-1, Exhibit "C") It is Defendant's burden to establish that the fees it seeks were reasonably necessary to the successful litigation of its claims. *Sealy, Inc. v. Easy Living*, Inc., 743 F.2d 1378, 1385 (9th Cir.1984). While some statutes permit the recovery of "fees upon fees," Defendant has failed to cite to any controlling authority regarding the availability of "fees upon fees" under the Copyright Act. Because these fees were not reasonably necessary to the successful litigation of the Copyright claim, Defendant cannot recover an additional $16,700 in attorneys' fees.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Award of Attorney's Fees Pursuant to 17 U.S.C. §505 in its entirety or, in the alternative, reduce the fee award to that which Defendant can reasonably demonstrate were fees expended on the copyright claim.

Respectfully submitted, this 31st day of July, 2014.

SMITH PATTEN

By: */s/ Dow W. Patten*
SPENCER F. SMITH
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10.<br><br>Defendants. | Case No.: CV-13-01842-JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM**<br><br>Date: September 4, 2014<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |

TABLE OF CONTENTS

**TABLE OF CONTENTS**.....i

**TABLE OF AUTHORITIES**.....ii

**I. INTRODUCTION**.....1

**II. FACTUAL BACKGROUND**.....1

**III. LAW & ARGUMENT**.....4

**A. The Standard for Shifting Attorneys' Fees In Copyright Cases**.....4

**B. Layer42 Is Not A Prevailing Party And Cannot Recover Attorney's Fees**.....5

**C. Assuming *Arguendo* Defendant Is A Prevailing Party The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff**.....7

**D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable**.....11

**1. Rates**.....12

**2. Hours**.....12

**3. Fees on Fees Are Prohibited**.....14

**IV. CONCLUSION**.....15

## TABLE OF AUTHORITIES

**Federal Cases**

*Alyeska Pipeline Co. v. Wilderness Society*
421 U.S. 240 (1975)....5

*Berkla v. Corel Corp.*
302 F.3d 909 (9th Cir. 2002)....5

*Blum v. Stenson*
465 U.S. 886 (1984)....12

*Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*
532 U.S. 598 (2001)....6

*Christopher & Banks Corp. v. Dillard's Inc.*
805 F.Supp.2d 693 (S.D. Iowa 2011)....6, 7, 8

*Davis v. City & Cnty. of S.F.*
976 F.2d 1536 (9th Cir. 1992)....12

*Domingo Cambeiro Prof'l Corp. v. Advent*
2000 U.S. App. LEXIS 3652 (9th Cir. Mar. 7, 2000)....5

*Edwards v. Nat'l Business Factors, Inc.*
897 F. Supp. 458 (D. Nev. 1995)....13

*Fantasy, Inc. v. Fogerty*
94 F.3d 553 (9th Cir. 1996)....8

*Farrar v. Hobby*
506 U.S. 103 (1992)....7

*Fischer v. SJB-P.D. Inc.*
214 F.3d 1115 (9th Cir. 2000)....7

*Fogerty v. Fantasy, Inc.*
510 U.S. 517 (1994)....1, 5, 6, 7, 9, 11

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992)....13

*Halicki Films, LLC v. Sanderson Sales & Mktg.*
547 F.3d 1213 (9th Cir. 2008)....7

*Hensley v. Eckerhart*

461 U.S. 424 (1983).......................................11, 12, 13

*Hosting v. Fiks*
2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010).......................................11

*Identity Arts v. Best Buy Enter.*
2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008).......................................13, 15

*I.T. v. Dep't of Educ.*
2014 U.S. Dist. LEXIS 60127 (D. Haw. Feb. 27, 2014).......................................12

*Jackson v. Axton*
25 F.3d 884 (9th Cir. 1994).......................................7

*Jordan v. Multnomah Cnty.*
815 F.2d 1258 (9th Cir. 1987).......................................12

*Kerr v. Screen Extras Guild, Inc.*
526 F.2d 67 (9th Cir. 1975).......................................12

*Mattel, Inc. v. MGA Entm't, Inc.*
705 F.3d 1108 (9th Cir. 2013).......................................11

*Matthew Bender & Co. v. W. Publ'g Co.*
240 F.3d 116 (2d Cir. 2001).......................................10

*Mitek Holdings, Inc. v. Arce Eng'g Co.*
198 F.3d 840 (11th Cir. 1999).......................................10

*Morales v. City of San Rafael*
96 F.3d 359 (9th Cir. 1996).......................................12

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
483 U.S. 711, 728 (1987).......................................12

*RBC Nice Bearings, Inc. v. SKF USA Inc.*
No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919 (D. Conn. 2011).....7

*Re-Creation v. Ty, Inc.*
1994 U.S. Dist. LEXIS 1312 (D. Or. Jan. 31, 1994).......................................8

*Sealy, Inc. v. Easy Living, Inc.*
743 F.2d 1378 (9th Cir.1984).......................................15

*Skranak v. Castenada*
425 F.3d 1213 (9th Cir. 2005).......................................5

*Sofa Entm't, Inc. v. Dodger Prods.*

709 F.3d 1273 (9th Cir. 2013)....................11

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*
488 F.3d 352 (6th Cir. 2007)....................5

*Traditional Cat Ass'n v. Gilbreath*
340 F.3d 829 (9th Cir. 2003)....................13

*United States v. Texas*
507 U.S. 529 (1993)....................5

*Virgin Records Am., Inc. v. Thompson*
512 F.3d 724 (5th Cir. 2008)....................10

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*
877 F.2d 1120 (2d Cir. 1989)....................5, 6, 9

*Warren v. Colvin*
744 F.3d 841 (2d Cir. 2014)....................6

*Webb v. Ada County*
285 F.3d 829 (9th Cir. 2002)....................12

*Yankee Candle Co. v. Bridgewater Candle Co., LLC*
140 F.Supp.2d 111 (D.Mass. 2001)....................9

**Statutes**

17 U.S.C. § 505....................1, 5

17 U.S.C. § 411(a)....................9

**Federal Rules**

Fed. R. Civ. P 11(b)(1)....................8

Fed. R. Civ. P 11(c)(2)-(3)....................8

**Secondary Sources**

4-14 Melville B. Nimmer & David Nimmer,
NIMMER ON COPYRIGHT § 14.10[B][3] (2011)....................6

Case: 14-17318, 01/20/2015, ID: 9386366, DktEntry: 18-1, Page 42 of 234

Plaintiff Dionne Choyce ("Plaintiff" or "Mr. Choyce"), by and through his undersigned counsel, hereby opposes Defendant Layer42.Net, Inc.'s ("Defendant" or "Layer42") Motion for Recovery of Attorney's Fees Following Dismissal of Plaintiff's Copyright Infringement Claim.

## I. INTRODUCTION

Defendant Layer42 made no attempt herein to argue that the use of Plaintiff's portrait was either lawful or appropriate in any fashion. Instead, Layer42 argued that Plaintiff could not enforce the protections of the Copyright Act. The Court dismissed the copyright claim without leave to amend. 17 U.S.C. § 505 only allows for attorney's fees to be awarded to a prevailing party. Defendant is not a prevailing party, since the copyright claim was dismissed at the pleading stage and there has been no change in the "legal status" of the parties. Furthermore, even if Defendant is considered a prevailing party, the court should not exercise its discretion to award fees based on the controlling factors established in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994).

## II. FACTUAL BACKGROUND

Two things are clear from the factual history of this case: Plaintiff exhausted all available means short of litigation to have defamatory material and his copyrighted portrait removed from the Internet, and Defendants worked in concert to avoid service of process on all parties and triangulate the formal litigation to obtain attorneys' fees[1].

Plaintiff Dionne Choyce has been a practicing attorney since 2001. (Dkt #26, First Amended Complaint ("FAC", ¶ 12). In or around April and May of 2012, defamatory statements were posted on the web site "indbay.org" concerning Plaintiff, along with Plaintiff's portrait, copied directly from his firm's website. ("FAC", ¶ 16-21). Specifically, the author falsely alleged

---

1 This is Layer42's second attempt to obtain attorneys' fees for the same work. (Dkt#31, p. 10)

that Plaintiff "may serve prison time for embezzling from the homeless," and that the "Choyce Law Firm was being evicted from its offices for non-payment." (*Id*.)

Over the next several months, Plaintiff attempted to have the material taken down by directly contacting the site. Plaintiff sent emails to the "site administrator" of indybay.org requesting that the false information be removed. (Dkt # 11, Choyce Decl. ¶ 3). Receiving no response, Plaintiff engaged counsel. An investigation verified the Internet Protocol address of indybay.org domain and its associated connections to the Internet. (Dkt # 10-1, ¶ 2). This investigation revealed that Layer 42.net was at a minimum providing the connectivity and Internet connection related to the "indybay.org" domain. (*Id*.)

Plaintiff discovered that Layer 42.net was the only entity associated with the indybay.org domain with a registered agent for service of takedown notices under the Digital Millennium Copyright Act ("DMCA"). (*Id*. at ¶ 3). On September 20, 2012, October 2, 2012, and February 22, 2013, Plaintiff sent DMCA takedown notices to Layer 42 in an attempt to resolve the matter. (*Id*. at ¶4-5). The notices were faxed to Steven Rubin, President of Layer24.net, the registered DMCA takedown notice agent. (*Id.*) Plaintiff also sent a Notice of Infringing Material to the CEO of Cernio Technology Cooperative, the apparent middle-man between Layer42.net and indybay.org.(*Id.)*

Plaintiff received *no* response to any of these notices. (Dkt # 10-1, ¶ 6-7) Out of options, on April 23, 2013, Plaintiff filed his complaint. (Dkt #1) Plaintiff named Defendant Layer42 as a party to complaint because, based upon the information available to Plaintiff, Layer42 participated in the publishing of the webpage.

The Court is well aware of the difficulty Plaintiff had in serving the complaint in this matter on all Defendants. The first Defendant to be successfully served was Layer42. In order to facilitate a global resolution as to the removal of the offending material—the crux of this

lawsuit—Plaintiff granted an extension of time to Defendant Layer42 to respond to the complaint. (Dkt #7)

On August 15, 2013, Defendant confirmed that it had received the DMCA takedown notices and Plaintiff's complaint. (Declaration of Dow W. Patten, Exhibit "A") On August 20, 2013, counsel for Defendant Layer42, Daniel Casas stated in an email that Layer42 does not control the posting or removing of content. (Patten Decl, Exhibit "B")

On September 5, 2013, Defendant informed Plaintiff that Defendant Indybay had removed the two articles at issue in this action. (Patten Decl, Exhibit "C") Plaintiff requested that all parties come to the table for a global settlement to ensure that the defamatory material and Plaintiff's visage would not be posted in the future. (Patten Decl, Exhibit "D") Plaintiff requested assistance from Layer42 in contacting the other named Defendants so that they could be served, participate in a global settlement, and the issue could be resolved. (*Id.*) Documents filed by Layer42 demonstrate that counsel for Indybay and Layer42 were in communication before the filing of the lawsuit, and were well aware of Plaintiff's claims and did everything they could to avoid service of the complaint on the remaining Defendants. (Dkt # 32, Declaration of David Morse, ¶ 11)

Layer42.net did not respond to Plaintiff's offer of a global resolution of this matter, and did not respond to Plaintiff's request for assistance in bringing the other parties to the table. (Patten Decl., ¶ 5) Instead, Layer42 filed an Anti-SLAPP Motion and a Motion to Dismiss under FRCP 12(b)(6) on September 23, 2013. (Dkt #9)

On October 23, 2013, Plaintiff received confirmation that the image containing his visage, "Dionne Choyce Portrait" was registered with the U.S. Copyright Office. (Dkt #17). On December 2, 2013, the Court issued an order granting Plaintiff leave to amend with respect to

Plaintiff's copyright claim. (Dkt #22) On December 23, 2013, Plaintiff filed his First Amended Complaint. (Dkt # 26)

Plaintiff finally effectuated service on indybay.org on November 14, 2013. (Dkt # 18) On January 6, 2014, Defendant Layer42 filed its second motion to dismiss and another Anti-SLAPP Motion. (Dkt #29) On January 9, 2014, Defendant Indybay.org filed its motion to dismiss and an Anti-SLAPP Motion (Dkt # 31).

The Court ruled on Defendants' 12(b)(6) motions, holding that Plaintiff did not state a claim under the Copyright Act, and denied leave to amend. The Court specifically did not reach the merits of the case, and no discovery was ever conducted into Defendants' respective roles in the publishing, editing, and eventual removal of the offending and infringing material. (Dkt #54, Order of June 2, 2014)

Prior to the filing of the instant motion, counsel for Defendant Layer42 offered, and Plaintiff agreed, to dismiss all remaining state law claims in this matter, and that Layer42 would not seek fees of any kind. (Patten Decl, Exhibit "E") On June 27, 2014, Plaintiff's counsel informed Defendant that he would confer with Plaintiff and respond to him on Monday, June 30, 2014.*(Id.)* Defendant's counsel responded that he would "talk to you on Monday". (*Id.*) After conferring with Plaintiff, Plaintiff's counsel confirmed in email that an agreement had been reached and asked Layer42's counsel to prepare a written agreement memorializing the settlement. (Patten Decl, ¶ 7). Plaintiff's counsel called Layer42's counsel, but had to leave a voicemail message, stating that an agreement had been reached, and requesting a return call. (*Id.*) Layer42's counsel never returned that call, prepared no written settlement agreement, and instead filed the present motion. (*Id.*)

## III. LAW & ARGUMENT

### A. The Standard for Shifting Attorneys' Fees In Copyright Cases.

Unless Congress provides otherwise, parties are to bear their own attorney's fees. *Fogerty,* 510 U.S. at 533, citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-262 (1975) (*superseded* on other grounds by by 42 U.S.C. § 1988). Statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar principals. *Skranak v. Castenada*, 425 F.3d 1213, 1220 (9th Cir. 2005), citing *United States v. Texas,* 507 U.S. 529, 534 (1993).

There is no entitlement to an attorney's fee in copyright claims. 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 505, a district court may—in its discretion—award attorney's fees to *a "prevailing party"* in a copyright infringement case:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.

(emphasis added). "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised." *Domingo Cambeiro Prof'l Corp. v. Advent*, 2000 U.S. App. LEXIS 3652 at *4 (9th Cir. Mar. 7, 2000), (citing *Fogerty,* 510 U.S. at 534).

**B. Layer42 Is Not A Prevailing Party And Cannot Recover Attorney's Fees**

In order to recover attorney's fees, the Defendant must be a "prevailing party." 17 U.S.C. Section 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002), (citing *Fogerty*, 510 U.S. at 534).

"In copyright infringement cases, '[g]enerally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing the suit.'" *Thoroughbred Software Int'l, Inc. v. Dice Corp*., 488 F.3d 352, 362 (6th Cir. 2007) (citing *Warner Bros., Inc. v. Dae Rim Trading, Inc*., 877 F.2d 1120, 1126 (2d Cir. 1989)). "[A] party's success on a claim that is purely technical or de minimis does not qualify him as a

prevailing party." 4-14 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.10[B][3] (2011), (quoting *Warner Bros.*, 877 F.2d at 1126); see *Christopher & Banks Corp. v. Dillard's Inc.,* 805 F.Supp.2d 693, 697 (S.D. Iowa 2011) (holding that defendant was not a "prevailing party" for purposes of Section 505 when the court's dismissal did not mark a clear change in the legal relationship between the parties inuring to defendant's benefit.)

Here, the Court's ruling that Plaintiff failed under FRCP 12(b)(6) to allege facts sufficient to state an infringement claim is nothing more than a *de minimis* victory on a technical point. As such, there is nothing on which to prevail. Indeed, the only relief available to Plaintiff, given the date of registration, was injunctive relief to prohibit future unauthorized use of the portrait. Given Defendants' apparent efforts to remove the portrait after the filing of the lawsuit, even that injunctive relief appears to have been mooted for the present. See, *Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2D 855 (2001) (*abrogated in part by statute* as stated in *Warren v. Colvin*, 744 F.3d 841 (2d Cir. N.Y. 2014)) ("a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change… and is clearly insufficient to alter the clear meaning of 'prevailing party' in the fee-shifting statutes.")

The Court's Order of dismissal and Judgment did not make Defendants Layer42 and Indybay prevailing parties on the copyright claim. In order for a litigant to be a prevailing party for purposes of attorneys' fees, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home*, 532 U.S. 598 at 605. As the Supreme Court has noted, "[n]o material alteration of the legal relationship between the parties occurs until" one of the parties "becomes entitled to enforce a judgment, consent decree, or settlement

against the defendant." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. Cal. 2000) citing *Farrar v. Hobby,* 506 U.S. 103, 113 (1992).

Applying this test, at least one district court has held that a litigant who successfully obtains a dismissal of a claim on preclusion grounds is not a "prevailing party" within the meaning of the fee-shifting statutes, because a *res judicata* dismissal is not judgment on the merits that changes the legal status of the parties. *See, RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 06-cv-1880, 2011 U.S. Dist. LEXIS 141801, 2011 WL 6140919, at *1 (D. Conn. 2011).

In the present matter, the Court made no ruling on the merits of Plaintiff's claims and thus made no change to the legal status of the parties. This is not a significant change in the legal relationship of the parties. *RBC Nice Bearings, Inc.,* 2011 U.S. Dist. LEXIS 141801 at *1; *Christopher & Banks Corp.,* 805 F.Supp.2d 693. Therefore, Defendant was not a prevailing party for purposes of the shifting attorney's fees under the Copyright Act.

**C. Assuming *Arguendo* Defendant Is A Prevailing Party, The Court Should Exercise Discretion and Not Shift Defendants' Attorneys' Fees to Plaintiff.**

"The Copyright Act allows - but does not require - courts to award fees to prevailing parties" *Christopher & Banks Corp.*, 805 F.Supp.2d at 697 (defendants must show "compelling reason" why Court should exercise its discretion to grant them fees). In determining whether to award a prevailing defendant attorneys' fees, the court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir. 1994), (citing *Fogerty,* 510 U.S. at 534); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008). These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act..." *Fogerty,* 510 U.S. at 534; see also *Warner Bros.*, 877 F.2d at 1127 ("[F]ees need not be awarded if the

award would not vindicate [the] underlying statutory policies...") As set forth below, the *Fogerty* factors weigh against a shifting of fees in this case.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See Fantasy, Inc. v. Fogerty,* 94 F.3d 553 (9th Cir. 1996). Defendants should not be awarded fees where Defendants "have not litigated any defenses on its merits; rather, they have simply pointed out a...pleading error." *Christopher & Banks Corp.,* 805 F.Supp.2d at 698 ("Defendants have not pointed to and the Court is not aware of anything in the Copyright Act or in the case law that suggests that Section 505 is meant to punish such errors."). Here, Defendants did not litigate any defense on its merits and only argued that Plaintiff did not plead sufficient facts to establish that he had a valid Copyright registration.

Defendant has not demonstrated that Plaintiff's copyright infringement is "harassing" (Dkt. # 61, 5:23-26) and points to no evidence which would support such characterization. Further, Rule 11 of the Federal Rules of Civil Procedure requires that "a pleading […] is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P 11(b)(1). A party may move for sanctions, or the Court may *sua sponte* order a party or law firm to show cause. Fed. R. Civ. P 11(c)(2)-(3). Despite Layer42's assertion that Mr. Choyce's copyright infringement claim was an attempt at forum shopping, neither Defendant nor the Court ever raised the specter of Rule 11 sanctions. In fact, Defendant's own billing records reveal that Defendant researched sanctions under Rule 11, but apparently decided not to bring such a motion. (Dkt #61-1, Exhibit "A") As such, Plaintiff's ultimately unsuccessful pleading cannot justify attorney's fees on the basis that it was "harassing." See *Re-Creation v. Ty, Inc.*, 1994 U.S. Dist. LEXIS 1312 at *8-9 (D. Or. Jan. 31, 1994) (holding that plaintiff's amended complaint was

neither frivolous nor harassing for purposes of Rule 11 even though it failed to satisfy the deposit and registration requirements of 17 U.S.C. § 411(a)).

Parties are improperly motivated if they do not have "a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into costly litigation." *Yankee Candle Co. v. Bridgewater Candle Co., LLC,* 140 F.Supp.2d 111, 116 (D.Mass. 2001). Neither Layer42 nor Indybay are attorneys engaged in the practice of law. There is no evidence of any intent by Plaintiff to harm a competitor.

Throughout this litigation, Plaintiff's primary concern was that the image and webpage would be taken down and that Plaintiff would be assured that the image and posting would not reoccur. Plaintiff sent three DMCA takedown notices to Layer 42 throughout 2012 and 2013 but never received a response to any of the notices. Months after the Complaint was filed, Defendant Layer42 confirmed that it had received the DMCA takedown notices. (Patten Decl, Exhibit "A"). On August 20, 2013, counsel for Defendant Layer42 asserted that Layer42 did not control the postings or removing of content and that it could not take down the postings. (Patten Decl, Exhibit "B")

While Defendant Layer42 eventually informed Plaintiff that Indybay had removed the two articles at issue, there were no assurances that all copies had been removed or that the use would not reoccur. Because Plaintiff was concerned that the image or posting might appear again, and that there was a threat of future harm, Plaintiff requested that all parties come to the table for a global settlement to ensure that the images were not posted in the future. (Patten Decl Exhibit "D"). Layer 42 did not respond to this offer of negotiation and instead filed its Motion on September 23, 2013. (Dkt #9) During oral arguments for Defendant's motion, counsel for Plaintiff explained to the court that "we were trying just to get all of the Defendants to be parties to [a settlement]. And then we turned around and this motion was filed. (Patten Decl Exhibit "G"

19:19-22) Counsel continued to state “the easiest thing to do is to resolve it, but we need all of the Defendants here to do so.” (*Id*. at 19:24-20:2) At all times, Plaintiff was focused on resolving this matter.

The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 842-43 (11th Cir. 1999). Plaintiff had an objectively reasonable litigation position. Plaintiff asserted that Defendant was involved in the unauthorized use of a copyrighted photograph. Plaintiff had the right to protect a registered copyright. Plaintiff was undoubtedly harmed by the use of this image on a website purportedly made to look like a valid news source. *See Matthew Bender & Co. v. W. Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); *see also Virgin Records Am., Inc. v. Thompson,* 512 F.3d 724 (5th Cir. 2008) (holding it was not an abuse of discretion to deny attorney's fees when case was dismissed at the early stage of litigation. Despite a failure of proof, there were "no particular circumstances [that] agitate[d] in favor of compensation by way of attorney's fees" and claims could not be considered “frivolous, improperly motivated, or objectively unreasonable." The "contentious nature" and "reasonably swift resolution" of the case weighed against a fees award.). Here, the case was dismissed before any Answer was filed on any of the claims in the litigation. No discovery occurred, and the Court dismissed Plaintiff's state law claims without prejudice to the re-filing of such claims in state court.

Layer42's Motion only cursorily addresses two factors in support of an award for attorney's fees: frivolousness and harassment. Ultimately, however, “[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further

the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) citing *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). The "Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Sofa Entm't, Inc.*, 709 F.3d at 1280 (citing *Fogerty*, 510 U.S. at 524) Here, the copyright infringement alleged had not nothing to do with the encouragement of creative expression. Instead, a defamatory story about Mr. Choyce's alleged criminality, "which [was] demonstrably false and readily verifiable as false," was posted on the Internet, along with his portrait lifted from his law firm's website. (Dkt. # 26, ¶¶ 12, 17, 18). Plaintiff is a practicing attorney justifiably concerned with protecting his professional and personal reputation, the antithesis of a vexatious serial litigant. See *Hosting v. Fiks*, 2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010) (finding an award of attorney's fees was unnecessary where, *inter alia*, "[t]here is no evidence that plaintiffs have engaged in similar lawsuits").

**D. Assuming *Arguendo* Defendant is Entitled To Attorney's Fees, The Court Cannot Determine Based On The Records Presented Whether The Attorneys' Fees Requested Are Reasonable.**

Even if the Court finds that Defendant is entitled to attorney's fees, the lodestar amount in Layer42's Motion is unreasonable and unsupported by the necessary documentation.

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2D 40 (1983). The Ninth Circuit considers the following factors in determining a reasonable fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See I.T. v. Dep't of Educ.,* 2014 U.S. Dist. LEXIS 60127 at *10 (D. Haw. Feb. 27, 2014) (citing *Kerr*, 526 F.2d at 70). Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

**1. Rates**

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County,* 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley,* 461 U.S. at 433; see also *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Here, Defendant has presented no evidence that the rates set forth in the Declaration are rates reflect the prevailing market rates of other attorneys. (See, Dkt #61-1, pages 2-4). Therefore, Defendant has not met its burden.

**2. Hours**

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; see also *Jordan*, 815 F.2d at 1263. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same

lawsuit, can only recover attorney's fees incurred in defending against that one claim..." *Traditional Cat Ass'n v. Gilbreath,* 340 F.3d 829, 833 (9th Cir. Cal. 2003) (internal citations omitted). The district court should make an attempt to apportion fees between the copyright claim and non-copyright claims. *Identity Arts v. Best Buy Enter.*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008). In doing so, the court should consider what the case is about and what part of the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations. *Id.* (citing *Traditional Cat Ass'n,* 340 F.3d at 833-34.)

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Id.,* 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.,* 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); see also *Gates v. Deukmejian,* 987 F.2d 1392, 1399 (9th Cir. 1992). In order for the Defendant to meet its burden, Defendant must submit admissible evidence that permits the Court to adequately determine whether the fees claimed are reasonable. *Hensley*, 461 U.S. at 371 fn. 12. The court may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.* at 438, fn. 13. Layer42's submission does not meet this burden.

In this matter, the only fees which could possibly be shifted to Plaintiff if the Court were to exercise its discretion would be those incurred in defending Plaintiff's copyright claim. Defendant's records do not identify the timekeeper by each activity and what rates were charged. Which timekeeper performed which service is not stated. Defendant attributes over 150 hours of attorney work to defending against Plaintiff's copyright claim, totaling $49,778.50 in attorneys' fees. However, as demonstrated by (Patten Decl Exhibit "G"), $42,293.50 of these fees do not

sufficiently describe the attorney work performed or are otherwise unreasonable. For example, Defendant billed one hour on August 13, 2013 to "prepare email to client requesting information" and billed multiple hours on August 14, August 27, August 29, and September 12 for other emails. Defendant's records do not indicate what these emails concern: copyright, defamation, Anti-SLAPP motion or general corporate advice. Reviewing the complaint, conversations regarding service of the complaint, and reviewing court orders cannot be said to relate only to the copyright claim and, instead, also relate to other claims for which Defendant cannot recover. Defendant has made no attempt to segregate non-copyright claims.

Defendant mixed and block-billed time for its motions, listing the activity performed as being"in support of motion to dismiss / special motion to strike." Defendant has failed to sufficiently describe the activities conducted. There is no way for Plaintiff or the Court to determine which fees were incurred for the copyright claim or for the other claims. Defendant's first Motion to Dismiss (Dkt # 9) contains only 5 ½ pages of argument related to dismissal of the copyright claim. The document also contained 5 ½ pages related solely to Plaintiff's state law claim and Defendant's Anti-SLAPP motion. (Dkt #9) Defendant's second Motion to Dismiss (Dkt #29) contains only 2 pages of argument related to dismissal of the copyright claim, half of which was copied verbatim from its first motion. (*Id.* at pg. 3-5.) No new law was cited in Defendant's argument for dismissal of the copyright claim. (*Id.*) It is therefore unreasonable for Defendant to recover its full fees for these activities as it is impossible for the Court to parse out what work was performed for which claim. As demonstrated by Exhibit "H" to the Declaration of Dow W. Patten, $7,576.00 in attorney's fees appear to relate to the Copyright claim and are not block billed. However, as described below, a substantial amount of this work, too, cannot be recovered.

**3. Fees on Fees Are Prohibited.**

Case: 14-17318, 01/20/2015, ID: 9392966, DktEntry: 18-1, Page 56 of 234

It is Defendant's burden to establish that its requested fees were reasonably necessary to the successful litigation of its claims. *Sealy, Inc. v. Easy Living*, Inc., 743 F.2d 1378, 1385 (9th Cir.1984). While some statutes permit the recovery of "fees upon fees," Defendant has failed to cite to any controlling authority regarding the availability of "fees upon fees" under the Copyright Act. *Identity Arts*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008) (declining to award fees on fees under Copyright Act).

Defendant requests an additional $7,500 in attorney fees for "preparing and arguing this Motion for fees." (Dkt 61 at 6:24-26). Additionally, included in Exhibit "A" to Mr. Casas's Declaration are approximately $1,185.75 in fees which were related to bringing this Motion for Fees. (See, Patten Decl Exhibit "H") These hours were all incurred after the Court's order on June 2, 2014 and include "legal research regarding scope of recoverable fees" and "emails with client." Because fees incurred in preparing and arguing this motion were not reasonably necessary to the successful litigation of the Copyright claim, Defendant cannot recover the additional $7,500 it estimates it will bill, nor the $1,185.75 in fees included in Exhibit "A" to Mr. Casas's Declaration.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Recovery of Attorney's Fees Following Dismissal of Copyright Infringement Claim in its entirety or, in the alternative, reduce the fee award to that which Defendant can reasonably demonstrate were fees expended on the copyright claim.

Respectfully submitted, this 31st day of July, 2014. SMITH PATTEN

By: */s/ Dow W. Patten*
SPENCER F. SMITH
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone: (415) 402-0084
Facsimile: (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10.<br><br>Defendants. | Case No.: CV-13-01842-JST<br><br>**DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES**<br><br>Date: September 4, 2014<br>Time: 2:00 PM<br>Judge: Hon. Jon S. Tigar |

I, DOW W. PATTEN, declare and state as follows:

1. I am attorney of record for Plaintiff herein and have personal knowledge of the facts set forth herein; if called as a witness I would testify competently thereto.

2. Attached hereto as Exhibit “A” is a true and correct copy of an e-mail from Anthony Basile of August 15, 2013 at 5:30 p.m. The email concerns Defendant's confirmation of receipt of the DMCA takedown notices and of Plaintiff's complaint.

3. Attached hereto as Exhibit “B” is a true and correct copy of an e-mail from Dan Casas of August 20, 2013 at 9:20 a.m. concerning the posting and/or removing of content by Layer42.

4. Attached hereto as Exhibit "C" is a true and correct copy of an e-mail from Anthony Basile of September 5, 2013 at 10:59 a.m. confirming that Indybay had removed the two articles at issue in this action.

5. Attached hereto as Exhibit "D" is a true and correct copy of an e-mail I sent on September 11, 2013 at 5:17 p.m. asking for all parties to come to the table for a global settlement to ensure that the defamatory material and Plaintiff's visage would not be posted in the future. I never received a response to this email.

6. Attached hereto as Exhibit "E" is a true and correct copy of a chain of emails from June 27, 2014 between myself and Defendant's counsel.

7. Attached hereto as Exhibit "F" is a true and correct copy of a chain of emails from June 30, 2014 regarding the fee agreement between myself and Defendant's counsel. On June 30, 2014 I called Defendant's counsel and left a voice mail to confirm our agreement. I never received a response from Defendant's counsel.

8. Attached hereto as Exhibit "G" is a true and correct copy of portions of the Transcript of Proceedings before the Honorable Jon S. Tigar from November 14, 2013.

9. Attached hereto as Exhibit "H" is a summary of activities from Exhibit A to Mr. Casas's Declaration (Dkt #61-1). These activities contain mixed, block-billed, or insufficient entries which cannot be the basis for Defendant's attorneys' fees.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of July, 2014

*/s/ Dow W. Patten*
Dow W. Patten

# EXHIBIT "A"

**Anthony Basile** <ABasile@legalteam.com> Thu, Aug 15, 2013 at 5:30 PM
To: "dow@smithpatten.com" <dow@smithpatten.com>
Cc: Dan Casas <DCasas@legalteam.com>

Dow,

Thank you for speaking with me this afternoon. Our firm represents Layer42.Net, Inc. (Layer42), and we have received a copy of Dionne Choyce's Complaint against SF Bay Area IMC, Layer42, and Cernio Technology Cooperative.

I write to confirm my request for the following documents:

A copy of the proof of service of the Complaint on Layer42.

All DMCA takedown notices you or your firm served on Layer42 on behalf of Mr. Choyce, and all responses you received to those notices. If you served takedown notices on the other named defendants, I'd appreciate copies of those notices and any responses, as well.

I appreciate your willingness to share your thoughts on the case, and look forward to speaking with you again soon.

Regards,

Anthony

---

ANTHONY F. BASILE

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure. To ensure compliance with Treasury Department regulations, we inform you that any U S tax advice contained in this communication (including any attachments) was not intended or written to be used and cannot be used, for the purpose of avoiding U S tax related penalties or promoting marketing or recommending to another party any tax-related matters addressed herein

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error

# EXHIBIT "B"

Dan Casas <DCasas@legalteam.com> Tue, Aug 20, 2013 at 9:20 AM
To: Dow Patten <dow@smithpatten.com>
Cc: "spencer@smithpatten.com" <spencer@smithpatten.com>, Anthony Basile <ABasile@legalteam.com>

Mr. Patten,

We are glad to cooperate if at all possible. At present, Layer42.net does not control the posting or removing of content. It is a collocation firm which has contracts with its customers. I will speak with Layer42 about whether it can terminate the contracts with these specific customers, under the circumstances.

Regarding an extension to respond to the Complaint, are you saying now that you are not amenable to an extension? If you are, then will you allow us 30 additional days to respond?

Dan

---

DANIEL L. CASAS

CRS The Legalteam

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

From: dow.patten@gmail.com [mailto:dow.patten@gmail.com] On Behalf Of Dow Patten
Sent: Monday, August 19, 2013 6:06 PM
To: Dan Casas
Cc: spencer@smithpatten.com; Anthony Basile
Subject: Re: Choyce v. SF Bay Area IMC, et al.

Mr. Casas

Do you really think I would be asking your help if they had agents for service?

We were amenable to an extension, but we still don't have the content down, or any cooperation from your side.

I find your response very disappointing as your could have been settled pretty quickly if we had some cooperation from your side.

Regards,
Dow W. Patten

On Mon, Aug 19, 2013 at 5:36 PM, Dan Casas <DCasas@legalteam.com> wrote:

I'm not sure that I understand your reply. What are you expecting from us? I understand that our client, Layer42.net was served August 2. For one, I don't know who at Cernio or Indymedia should be served. They must have agents for service of process.

Dan

---

DANIEL L. CASAS

CRS The Legalteam

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or

promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

From: dow.patten@gmail.com [mailto:dow.patten@gmail.com] On Behalf Of Dow Patten
Sent: Monday, August 19, 2013 5:29 PM
To: Dan Casas
Cc: spencer@smithpatten.com; Anthony Basile
Subject: Re: Choyce v. SF Bay Area IMC, et al.

Mr. Casas,

We have had nothing from your side. Will you identify who to serve at the your client's clients Cernio or Indymedia or not?

Thank you,
Dow W. Patten

On Mon, Aug 19, 2013 at 5:25 PM, Dan Casas <DCasas@legalteam.com> wrote:

Mr. Patten,

Anthony is out of the office, and I apparently missed your call.

I understand that Anthony was waiting for a few questions to be answered (e.g., Did your client or your firm serve the other named defendants with DMCA takedown notices (for the photograph file posted without permission) or cease-and-desist letters (for the allegedly defamatory articles)? I also understand that you agreed we could have additional time to respond to the Complaint. Was there an agreed extension? We need to address the issues further with our client before responding to the lawsuit. Are you available later this week to discuss further?

Regards,

Dan

---

DANIEL L. CASAS

CRS The Legalteam

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

From: dow.patten@gmail.com [mailto:dow.patten@gmail.com] On Behalf Of Dow Patten
Sent: Monday, August 19, 2013 5:02 PM
To: Anthony Basile
Cc: Dan Casas; spencer@smithpatten.com
Subject: Re: Choyce v. SF Bay Area IMC, et al.

Anthony,

So far, I have had nothing from your side on this matter.

We provided you with all the takedowns issued to and ignored by your client.

See attached.
Your client was served on 8/2/13. Your answer is due on Friday.

A case management conference is scheduled for 8/28. Please let us know if you would like to meet per Rules 16 and 26 this week.

Regards,
Dow W. Patten

On Fri, Aug 16, 2013 at 2:41 PM, Anthony Basile <ABasile@legalteam.com> wrote:

Dow,

A quick follow-up question: did Mr. Choyce or your firm issue takedown notices or cease-and-desist letters to defendants Cernio Technology Cooperative or SF Bay Area IMC? If so, may we have copies of such notices and any written responses?

Thank you,

Anthony

---

ANTHONY F. BASILE

CRS The Legalteam

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

From: dow.patten@gmail.com [mailto:dow.patten@gmail.com] On Behalf Of Dow Patten
Sent: Thursday, August 15, 2013 6:54 PM
To: Anthony Basile
Cc: dow@smithpatten.com; Dan Casas
Subject: Re: Choyce v. SF Bay Area IMC, et al.

Anthony,

Our records indicate Layer 42 was served on August 5. We do not have the proof back yet from the process server.

Attached are the takedowns issued to Layer 42. Obviously there is a typo in the date of the February 22 takedown. It should be 2013, not 2012 as the fax transmission sheet shows. I do not have a fax transmission sheet for the December, 2012 notice.

I look forward to speaking with you soon.

Regards,

Dow W. Patten

On Thu, Aug 15, 2013 at 5:30 PM, Anthony Basile <ABasile@legalteam.com> wrote:

Dow,

Thank you for speaking with me this afternoon. Our firm represents Layer42.Net, Inc. (Layer42), and we have received a copy of Dionne Choyce's Complaint against SF Bay Area IMC, Layer42, and Cernio Technology Cooperative.

I write to confirm my request for the following documents:

A copy of the proof of service of the Complaint on Layer42.

All DMCA takedown notices you or your firm served on Layer42 on behalf of Mr. Choyce, and all responses you received to those notices. If you served takedown notices on the other named defendants, I'd appreciate copies of those notices and any responses, as well.

I appreciate your willingness to share your thoughts on the case, and look forward to speaking with you again soon.

Regards,

Anthony

---

ANTHONY F. BASILE

CRS The Legalteam

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or

promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

--

--
Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

•••This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.•••

--

--
Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

•••This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.•••

--

--
Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104

dow@smithpatten.com

•••This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.•••

--

--
Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

•••This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.•••

# EXHIBIT "C"

**Anthony Basile** <ABasile@legalteam.com> Thu, Sep 5, 2013 at 10:59 AM
To: Dow Patten <dow@smithpatten.com>
Cc: Dan Casas <DCasas@legalteam.com>, Nicole Svoboda <NSvoboda@legalteam.com>

Mr Patten.

Indybay has now removed the two articles cited in Mr. Choyce's lawsuit. Please confirm your client will dismiss his claims against Layer42.

Thank you,

Anthony

---

ANTHONY F. BASILE

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure To ensure compliance with Treasury Department regulations we inform you that any U S tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U S tax-related penalties or promoting marketing or recommending to another party any tax-related matters addressed herein

This message (including attachments) is privileged and confidential If you are not the intended recipient please delete it without further distribution and reply to the sender that you have received the message in error

# EXHIBIT "D"

From: **Dow Patten** <dow@smithpatten.com>
Date: Wed, Sep 11, 2013 at 5:17 PM
Subject: Re: Choyce v. SF IMC, et al.
To: Anthony Basile <ABasile@legalteam.com>
Cc: Dan Casas <DCasas@legalteam.com>, Nicole Svoboda <NSvoboda@legalteam.com>, "spencer@smithpatten.com" <spencer@smithpatten.com>

Mr. Basile,

I have spoken with our client concerning settlement and dismissal. While we appreciate the fact that defamatory content is no longer available on the Internet concerning our client, we are of the belief that a global resolution to this matter would be best, and that we can resolve all claims and all parties at the same time. Of course, if Layer42.net needs another extension to respond to the complaint we can make sure that happens so that we can exhaust the possibility of informal resolution first to reduce costs for all parties.

In order to do that, we believe it is in everyone's interest to have all parties at the table. As you know, we have had issues locating and serving Cernio and Indymedia. If you could provide us with whatever contact information your client has on these entities so that we can have these entities served appropriately, we can get everyone to the table and have a global resolution. Please let us know if you will share the information your client has concerning these entities as soon as possible.

Regards,
Dow W. Patten

# EXHIBIT "E"

---------- Forwarded message ----------
From: **Dan Casas** <DCasas@legalteam.com>
Date: Fri, Jun 27, 2014 at 4:02 PM
Subject: RE: Choyce v. Layer42, et al.
To: Dow Patten <dow@smithpatten.com>
Cc: Anthony Basile <ABasile@legalteam.com>, Nicole Svoboda <NSvoboda@legalteam.com>

Thanks, Dow. Unfortunately, I cannot wait past today to start drafting the motion which is due July 2. I'll talk with you Monday.

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**
CASAS RILEY & SIMONIAN. LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220
www.legalteam.com

---

Circular 230 Disclosure: To ensure compliance with Treasury Department regulations. we inform you that any U.S tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U S tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Friday, June 27, 2014 3:48 PM
**To:** Dan Casas
**Cc:** Dow Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,
Our meeting with the client is rescheduled to Monday. I will call you as soon as I have an answer.
Regards,
Dow W. Patten

On Fri, Jun 27, 2014 at 8:54 AM, Dan Casas <DCasas@legalteam.com> wrote:
Sounds good. Thanks, Dow.

Dan

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Friday, June 27, 2014 8:54 AM
**To:** Dan Casas
**Cc:** Dow Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,
We are meeting with the client at 3:00 p.m. today, and will get back to you right after that.

Regards,
Dow W. Patten

On Wed, Jun 25, 2014 at 3:38 PM, Dan Casas <DCasas@legalteam.com> wrote:
Thanks, Dow. I'll need to hear quickly because we will have to prepare the motion.

Dan

---

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Wednesday, June 25, 2014 2:42 PM
**To:** Dan Casas
**Cc:** Smith Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

Let me check with the client. I'm not sure whether I can get a response by tomorrow. I would ask you to hold off filing until I have a chance to speak with the client, since we may be able to resolve this quickly once we are able to get with him.

Regards,
Dow W. Patten

On Wed, Jun 25, 2014 at 1:51 PM, Dan Casas <DCasas@legalteam.com> wrote:
Federal law (17 USC § 505) provides that the court **in its discretion** may award attorney fees and costs to the prevailing party in a copyright infringement action. Because Judge Tigar dismissed your client's copyright infringement claim with prejudice, Layer42 is the prevailing parties for purposes of a fee award.

Regards,

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**
CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure. To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Wednesday, June 25, 2014 1:48 PM
**To:** Dan Casas
**Cc:** Smith Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

Happy to consider it. What is the basis of your claim for fees?

Regards
Dow W. Patten

On Wed, Jun 25, 2014 at 1:22 PM, Dan Casas <DCasas@legalteam.com> wrote:
Dow, in case we do not connect by phone. I have instructions to file a fee/cost motion on the copyright claim. If your client will dismiss all claims and release my client, then we can avoid the motion. Let me know by end of tomorrow if that is acceptable.

Inadmissible settlement discussions.

Thanks,

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**
CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220
www.legalteam.com

---

Circular 230 Disclosure. To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

# EXHIBIT "F"

**Dow Patten** <dow@smithpatten com>Mon Jun 30 2014 at 5 05 PM

To: Dan Casas <DCasas@legalteam.com>
Cc: Smith Patten <spencer@smithpatten.com>
Dan,

We have spoken with the client. Plaintiff agrees to your proposal. Please send over a draft agreement.

Regards,
Dow W. Patten

On Fri, Jun 27, 2014 at 4:02 PM, Dan Casas <DCasas@legalteam.com> wrote:

Thanks, Dow. Unfortunately, I cannot wait past today to start drafting the motion which is due July 2. I'll talk with you Monday.

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www legalteam com

---

Circular 230 Disclosure To ensure compliance with Treasury Department regulations we inform you that any U S tax advice contained in this communication (including any attachments) was not intended or written to be used and cannot be used for the purpose of avoiding U S tax-related penalties or promoting marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential If you are not the intended recipient please delete it without further distribution and reply to the sender that you have received the message in error

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Friday, June 27, 2014 3:48 PM
**To:** Dan Casas
**Cc:** Dow Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

Our meeting with the client is rescheduled to Monday. I will call you as soon as I have an answer.

Regards,
Dow W. Patten

On Fri, Jun 27, 2014 at 8:54 AM, Dan Casas <DCasas@legalteam.com> wrote:

Sounds good. Thanks, Dow.

Dan

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Friday, June 27, 2014 8:54 AM
**To:** Dan Casas
**Cc:** Dow Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

We are meeting with the client at 3:00 p.m. today, and will get back to you right after that.

Regards,
Dow W. Patten

On Wed, Jun 25, 2014 at 3:38 PM, Dan Casas <DCasas@legalteam.com> wrote:

Thanks, Dow. I'll need to hear quickly because we will have to prepare the motion.

Dan

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Wednesday, June 25, 2014 2:42 PM
**To:** Dan Casas
**Cc:** Smith Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

Let me check with the client. I'm not sure whether I can get a response by tomorrow. I would ask you to hold off filing until I have a chance to speak with the client, since we may be able to resolve this quickly once we are able to get with him.

Regards,
Dow W. Patten

On Wed, Jun 25, 2014 at 1:51 PM, Dan Casas <DCasas@legalteam.com> wrote:

Federal law (17 USC § 505) provides that the court **in its discretion** may award attorney fees and costs to the prevailing party in a copyright infringement action. Because Judge Tigar dismissed your client's copyright infringement claim with prejudice, Layer42 is the prevailing parties for purposes of a fee award.

Regards,

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure To ensure compliance with Treasury Department regulations we inform you that any U S tax advice contained in this communication (including any attachments) was not intended or written to be used and cannot be used, for the purpose of avoiding U S tax-related penalties or promoting, marketing or recommending to another party any tax related matters addressed herein.

This message (including attachments) is privileged and confidential If you are not the intended recipient please delete it without further distribution and reply to the sender that you have received the message in error

**From:** dow.patten@gmail.com [mailto:dow.patten@gmail.com] **On Behalf Of** Dow Patten
**Sent:** Wednesday, June 25, 2014 1:48 PM
**To:** Dan Casas
**Cc:** Smith Patten
**Subject:** Re: Choyce v. Layer42, et al.

Dan,

Happy to consider it. What is the basis of your claim for fees?

Regards

Dow W. Patten

On Wed, Jun 25, 2014 at 1:22 PM, Dan Casas <DCasas@legalteam.com> wrote:

Dow, in case we do not connect by phone. I have instructions to file a fee/cost motion on the copyright claim. If your client will dismiss all claims and release my client, then we can avoid the motion. Let me know by end of tomorrow if that is acceptable.

Inadmissible settlement discussions.

Thanks,

Dan

---

DANIEL L. CASAS

**CRS The Legalteam**

CASAS RILEY & SIMONIAN, LLP

One First Street, Suite 2
Los Altos, CA 94022
tel 650 . 948 . 7200
fax 650 . 948 . 7220

www.legalteam.com

---

Circular 230 Disclosure To ensure compliance with Treasury Department regulations we inform you that any U S tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used for the purpose of avoiding U S tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error

--

Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco CA 94111
v: 415-402-0084
f: 415-520-0104
dow@smithpatten.com

*** This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer ***

--

--

Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111
v: 415-402-0084
f: 415-520-0104
dow@smithpatten.com

[illegible]

--
Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

*** This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer ***

--

--
Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

*** This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer ***

--

--
Dow W. Patten, Esq.
SMITH PATTEN
353 Sacramento St., Suite 1120
San Francisco, CA 94111
v - 415-402-0084
f - 415-520-0104
dow@smithpatten.com

*** This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are

hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited. If you have received this message in error please immediately notify the sender and delete this e-mail message from your computer ***

# EXHIBIT "G"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

| | |
|---|---|
| DIONNE CHOYCE,<br><br>Plaintiff,<br><br>vs.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, et al.,<br><br>Defendants. | No. C 13-1842 (JST) |

San Francisco, California
Thursday, November 14, 2013

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING

APPEARANCES:

For the Plaintiff:

Smith Patten
353 Sacramento Street
Suite 1120
San Francisco, California 94111
(415) 402-0084
BY: DOW W. PATTEN, Esq.
SPENCER F. SMITH, Esq.

For the Defendant:

Casas, Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, California 94022
(650) 948-7200
BY: DANIEL L. CASAS, Esq.

Transcribed by:

Echo Reporting, Inc.
Contracted Court Reporter/Transcriber
echoreporting@yahoo.com

to get an order out shortly.

MR. SMITH: Your Honor?

THE COURT: Yes.

MR. SMITH: This is Spencer Smith. We had the copyright issue.

THE COURT: Oh, yes.

MR. SMITH: You touched on that.

THE COURT: Oh, yes, I had asked you some questions. You have the floor. I'm curious to know the answers.

MR. SMITH: Your Honor, one of the things you touched on when you were prefacing the copyright claim was whether or not leave to amend would be an exercise of futility in light of the fact there would be no threat of future harm. There is a concern for future harm in that, unconventionally, the Defendants put forward before the Court our settlement negotiations, trying to get this resolved, and one of the issues that came up was the picture being taken down and then resurfacing later on on Layer42's -- on their servers, and it was the picture. Then it was just a reference to the Choyce JPEG. So there is a concern for future harm because we don't have --

THE COURT: It's far for me to imagine ever taking someone's settlement negotiations into account.

MR. SMITH: I'm sorry, your Honor?

THE COURT: I'll give you leave if you want it.

MR. SMITH: Oh.

THE COURT: But I'm just saying it's hard for me to imagine ever taking anybody's settlement negotiations into account, and the fact that somebody -- I don't recall the details of your settlement negotiations, but let me just say this. If I knew -- let's say in a hypothetical situation that I was on the other side of you in a lawsuit and my clients had done something that your client didn't like and my client had already stopped doing it and had no interest in ever doing it again, there would be nothing cheaper or easier for me to offer you in a settlement negotiation than to promise you that they would never do it again because they have no interest in never doing it again.

The fact that the subject came up in a settlement negotiation wouldn't tell someone else as a judge that there were a likelihood of future harm I don't think. Maybe I'm missing the issue.

MR. SMITH: My point is, your Honor, when our settlement negotiations broke off, we were trying just to get all of the Defendants to be parties to it. And then we turned around and this motion was filed.

THE COURT: Yes.

MR. SMITH: Our hope -- our hope was -- you're exactly right. I would agree with you 100-percent that the

easiest thing to do is to resolve it, but we need all of the Defendants here to do so.

THE COURT: I see.

MR. SMITH: And that's -- that's why --

THE COURT: It's their failure to refuse. It's like a declaratory judgment case.

MR. SMITH: Well --

THE COURT: We will -- we will let that play itself out.

MR. SMITH: Yeah. I just think once we have all the Defendants here, it probably will resolve itself, your Honor.

THE COURT: Very good. Mr. Casas, anything on the copyright question?

MR. CASAS: I agree, your Honor, there's no future harm, no future damage. They may be concerned, but that's not enough to establish a copyright claim.

THE COURT: Yeah. I think that a better practice, though, for me as a judge is not to essentially render an advisory opinion as to a complaint that hasn't yet been filed. You all can take my comments under advisement, and we'll probably give the Plaintiff leave to amend, and they can -- we'll leave them to the remedies.

Thank you.

ALL: Thank you, your Honor.

# EXHIBIT "H"

| LAYER 42 ATTORNEY HOURS WHICH ARE INSUFFICIENTLY DESCRIBED | | | |
|---|---|---|---|
| DATE | DESCRIPTION OF ACTIVITY | HOURS | BILLED |
| 8/2/201 3 | Attention to e-mail from client regarding Complaint attention to Complaint; draft e-mail to client regarding indemnification and defense | 0.90 | $283.50 |
| 08/07/13 | Attention to motion to dismiss lawsuit based on federal statutes; draft e-mail to client regarding service of process | 0.30 | $94.50 |
| 08/07/13 | Receive and review civil complaint for copyright infringement and defamation | 0.60 | $177.00 |
| 08/07/13 | Research online case docket and case prosecution history review trial court's order to show cause regarding sanctioning plaintiff for failure to serve complaint | 0.20 | $59.00 |
| 08/07/13 | Online investigation of plaintiff Dionne Choyce, Choyce Law Firm, and allegedly defamatory online postings | 1.00 | $295.00 |
| 08/08/13 | Review online case docket to confirm whether plaintiff has filed a proof of service of summons and complaint | 0.10 | $29.50 |
| 08/12/13 | Attention to lawsuit service status | 0.25 | $103.75 |
| 08/13/13 | Telephone conversations with counsel for SF Bay Area IMC regarding potential service of complaint | 0.20 | $59.00 |
| 08/13/13 | Prepare email to client requesting information | 1.00 | $295.00 |
| 08/13/13 | Review online case docket for proof of service of the complaint on any named defendants | .2 | $59.00 |
| 08/14/14 | Emails with client | .6 | $249.00 |
| 08/14/14 | Attention to e-mails from client regarding Lack of insurance coverage and tender of indemnity; attention to federal defenses to lawsuit; attention to prior correspondence with customer regarding lawsuit and indemnity | .7 | $220.50 |
| 08/14/14 | Receive and review client's email response to questions regarding Choyce litigation; prepare email with follow•up questions regarding same | 1.1 | $324.50 |
| 08/15/13 | Attention to gathering background information related to lawsuit and take-down notices in general; emails with client | .75 | $311.25 |
| 08/15/13 | Conference with Dan Casas regarding potential responses to Choyce complaint | 0.60 | $177.00 |
| 08/15/13 | Telephone conversation with plaintiff counsel regarding service of civil complaint and impressions of case; prepare follow•up email to counsel requesting copies of takedown notices and proof of service | .6 | $177.00 |
| 08/15/13 | Further prepare email to client with questions regarding Choyce lawsuit | .5 | $147.50 |
| 08/15/13 | Receive and review client email responses regarding Choyce lawsuit | .4 | $118.00 |

| | | | |
|---|---|---|---|
| 08/16/13 | Attend to litigation defenses, takedown notices, etc | 1.25 | $518.75 |
| 08/16/13 | Attention to e-mail from Plaintiff's counsel regarding prior take down notices; attention to notice; attention to defenses | .7 | $220.50 |
| 08/19/13 | Attention to emails from Choyce counsel regarding Complain | .5 | $147.50 |
| 08/19/13 | Attention emails with and telephone call from Choyce attorney | .4 | $166.00 |
| 08/22/13 | Telephone conversation with client regarding potential responses to Choyce complaint | .2 | $59.00 |
| 08/22/13 | Conference with Dan Casas and Sam Kiamanesh regarding response to Choyce complaint; prepare email to client summarizing options | .7 | $206.50 |
| 08/22/13 | Prepare stipulation to extend time for Layer42 to respond to Complaint | .4 | $118.00 |
| | Prepare email to opposing counsel regarding stipulation to extend time to respond to Complaint | .1 | $29.50 |
| 08/27/13 | Emails with client | .25 | $103.75 |
| 08/28/13 | Prepare for and attend mandatory case status hearing in District Court | 3 | $1,245.00 |
| 08/28/13 | Review court's order to show cause and rescheduled case management conference order to recommend appearance | .3 | $88.50 |
| 08/28/13 | Conference with Dan Casas regarding outcome of Case Management Conference and discussions with plaintiff counsel | .2 | $59.00 |
| 08/29/13 | Prepare and email status report to client | .75 | $311.25 |
| 08/29/13 | Receive and review Court's Order | .2 | $83.00 |
| 09/11/13 | Receive and review plaintiff counsel's email responding to request for dismissal of claims | .2 | $59.00 |
| 09/12/13 | Work on and email status report and alternatives to client | .5 | $207.50 |
| 09/12/13 | Prepare report to client regarding REDACTED | 1.40 | $413.00 |
| 09/17/13 | Telephone conversation with Steve Rubin regarding declaration in support of motion to dismiss/special motion to strike | .3 | $88.50 |
| 09/17/13 | Review Northern District's local rules regarding timing requirements for hearing motion to dismiss/special motion to strike | .4 | $118.00 |
| 09/17/13 | Prepare memorandum of points and authorities in support of motion to dismiss/special motion to strike | 2.5 | $737.50 |
| 09/18/13 | Prepare email to Steve Rubin re REDACTED | .2 | $59.00 |
| 09/18/13 | Prepare declaration of Dan Casas in support of motion to dismiss/special motion to strike {anti-SLAPP) | 1.5 | $442.50 |
| 09/18/13 | Prepare declaration of Steve Rubin in support of motion to dismiss/special motion to strike | 1 | $295.00 |
| 09/18/13 | Further prepare memorandum of points and authorities in support | 5.50 | $1,622.50 |

| | of motion to dismiss/special motion to strike (anti-SLAPP) | | |
|---|---|---|---|
| 09/19/13 | Work on Motion to Dismiss Choyce's Federal lawsuit | 3.60 | $1,494.00 |
| 09/19/13 | Further prepare motion to dismiss/special motion to strike | 1.5 | $442.50 |
| 09/19/13 | Prepare email to Steve Rubin regarding draft declaration in support of motion to dismiss/special motion to strike | .2 | $59.00 |
| 09/19/13 | Prepare draft proposed order regarding motion to dismiss/special motion to strike | .3 | $88.50 |
| 09/20/13 | Finalize motion to dismiss/special motion to strike; receive and review executed Steve Rubin declaration | .6 | $177.00 |
| 09/24/13 | Receive and review fax from Choyce counsel requesting telephone conference to discuss motion to dismiss/special motion to strike | .2 | $59.00 |
| 09/25/13 | Telephone conference with Choyce counsel regarding motion to dismiss/special motion to strike | .3 | $88.50 |
| 09/25/13 | Prepare report to client regarding motion to dismiss/special motion to strike, conference with Choyce counsel, and possibility of settlement of Choyce's claims | 1.5 | $442.50 |
| 09/26/13 | Telephone conversation with Steve Rubin regarding REDACTED | .6 | $177.00 |
| 10/03/13 | Telephone conversation with opposing counsel regarding motion to dismiss/special mot on to strike; prepare report to client regarding same | .3 | $88.50 |
| 10/04/13 | Attention to status of motion to dismiss, negotiations with Choyce and client's decision to press on | 1.25 | $518.75 |
| 10/08/13 | Receive and review Opposition to Motion to Dismiss | 1.5 | $622.50 |
| 10/08/13 | Work on Reply Brief in support of Motion to Dismiss | .5 | $207.50 |
| 10/08/13 | Receive and review Choyce's motion to strike motion to dismiss; exchange emails with client regarding same | .4 | $118.00 |
| 10/08/13 | Receive and review Choyce's opposition to motion to dismiss/special motion to strike | 1 | $295.00 |
| 10/08/13 | Receive and review corrected declaration of Dionne Choyce | .2 | $59.00 |
| 10/08/13 | Prepare report to client evaluating Choyce's opposition to motion to strike/special motion to dismiss | .4 | $118.00 |
| 10/09/13 | Draft reply brief in support of motion to dismiss/special motion to strike | 2.5 | $737.50 |
| 10/10/13 | Work on draft Reply brief | 1.4 | $581.00 |
| 10/10/13 | Further prepare reply brief in support of motion to dismiss/motion to strike | 1.5 | $442.50 |
| 10/10/13 | Further legal research regarding motion to dismiss procedure | .5 | $147.50 |
| 10/15/13 | Finalize for serving and filing Layer42's Reply Brief | 1.5 | $622.50 |
| 10/15/13 | Finalize reply brief for filing | .4 | $118.00 |

| 10/23/13 | Receive court order; emails with client | .25 | $103.75 |
|---|---|---|---|
| 11/11/13 | Attention to opposition to motion to dismiss | .6 | $249.00 |
| 11/14/13 | Prepare for and attend and argue at hearings on Layer42's motion to dismiss/ anti-slapp and Choyce's motion to dismiss [RESULT: COURT TAKES UNDER SUBMISSION]; emails with client regarding: results | 4.25 | $1,763.75 |
| 11/14/13 | Conference with Dan Casas regarding hearing on motion to strike | .4 | $118.00 |
| 12/01/13 | Attention to Court's minute order following order on motion to dismiss/ motion to strike | .2 | $59.00 |
| 12/02/13 | Receive and study Judge Tigar's ruling on 3 motions; prepare and send detailed emails with client | 1.25 | $518.75 |
| 12/02/13 | Receive and review indybay's motion for extension of time to respond to complaint | .3 | $88.50 |
| 12/09/13 | Prepare response to Steve Rubin's email regarding REDACTED | .6 | $177.00 |
| 01/02/14 | Attention to Choyce's amended complaint; work on draft motion to dismiss copyright claim and SLAPP motion against state law claims | 1.25 | $518.75 |
| 01/02/14 | Research and begin drafting Motion to Dismiss and Anti-SLAPP motion in response to First Amended complaint | 7 | $1,575.00 |
| 01/03/14 | Work on draft motion to dismiss copyright infringement claim and motion to strike state law defamation claim | 2.2 | $913.00 |
| 01/03/14 | Draft and revise Motion to Dismiss and Anti-SLAPP motion in response to First Amended Complaint | 7 | $1,575.00 |
| 01/04/14 | Work on draft motion for dismissal of copyright infringement claim and anti-SLAPP motion to strike state law defamation claim | 2.75 | $1,141.25 |
| 01/05/14 | Work on and finalize draft motions to dismiss and to specially strike claims in FAC | 2.25 | $933.75 |
| 01/06/14 | Finalize and file two motions; email filed court papers to client | 1.25 | $518.75 |
| 01/06/14 | Finalize motion to dismiss/special motion to strike for filing and service | 3.8 | $1,212.00 |
| 01/07/14 | Attention to lndybay's response to complaint and order extending deadline | .25 | $103.75 |
| 01/09/14 | Receive and read lndybay's motion to dismiss/motion to spec!ally strike Choyce's Complaint | 1.4 | $581.00 |
| 01/09/14 | Receive and review indybay's motion to dismiss/special motion to strike | .6 | $177.00 |
| 01/17/14 | Receive and review Choyce's request for transcript of hearing on motion to dismiss/special motion to strike | .1 | $29.50 |
| 01/21/14 | Telephone conversations with counsel for indybay regarding | .3 | $88.50 |

| | stipulation to continue case management | | |
|---|---|---|---|
| 01/22/14 | Attend to continuance of status hearing in Federal Court | .25 | $103.75 |
| 01/22/14 | Receive and review indybay'.s proposed stipulation to continue case management conference; stipulate to same | .3 | $88.50 |
| 01/22/14 | Receive and review plaintiff s opposition to motion to dismiss/motion to strike and proposed Second Amended Complaint (2.0); begin to outline reply (.5) | 2.5 | $737.50 |
| 01/23/14 | Receive and email to Client confirmation of continued status hearing | .25 | $103.75 |
| 01/24/14 | Review Choyce's Opposition to IndyBay's motion to dismiss/motion to strike, with attention to references to Layer42,including statement that Layer42 removed content from IndyBay's website | 1.50 | $622.50 |
| 01/24/14 | Work on draft Reply to Choyce's Opposition to 12b6 Motion/anti•SLAPP Motion | 1.75 | $726.25 |
| 01/24/14 | Draft reply in support of motion to dismiss/motion to strike | 5.50 | $1,622.50 |
| 01/27/14 | Finalize Reply to Choyce's Opposition to Second Motion to Dismiss/anti-SLAPP motion | 2.2 | $913.00 |
| 01/27/14 | Further prepare reply in support of motion to dismiss/ motion to strike | .3 | $88.50 |
| 01/30/14 | Receive and review Indybay's Reply brief | 1 | $415.00 |
| 01/30/14 | Receive and review IndyBay's reply in support of motion to dismiss/special motion to strike | .6 | $177.00 |
| 02/03/14 | Receive and review court's order vacating hearing on motions to dismiss/special motions to strike | .3 | $88.50 |
| 02/05/14 | Attention to Layer42's request for reinstatement of motion hearing | .2 | $59.00 |
| 02/06/14 | Review Court's order resetting hearing on motions to dismiss/strike Choyce's claims; prepare and send detailed email from client; emails with client; telephone call to IndyBay counsel | .7 | $290.50 |
| 03/07/14 | Review email from indybay counsel regarding motion to continue Case management conference; prepare email to counsel confirming stipulation to same | .2 | $59.00 |
| 03/11/14 | Further attention to Choyce's demand to prepare joint case management statement and indybay's motion to continue case management conference | .1 | $29.50 |
| 03/12/14 | Received federal court order moving status hearing to May 7; email with client | .25 | $103.75 |
| 03/12/14 | Receive and review court's orders granting indybay's Motion and continuing case management conference | .2 | $59.00 |
| 03/25/14 | Review moving papers for hearing on motion to dismiss | 1 | $225.00 |

| 03/26/14 | Prepare for hearing on motion to dismiss first amended complaint | 2 | $450.00 |
|---|---|---|---|
| 03/26/14 | Attention to defendant's moving papers to prepare for hearing on motion to dismiss / special motions to strike | .40 | $118.00 |
| 03/27/14 | Prepare for hearing on motion to dismiss | 3 | $675.00 |
| 03/27/14 | Attend hearing on motion to dismiss | 4.5 | $1,012.50 |
| 03/27/14 | Attend hearing on Layer42's and Indybay's motions to dismiss/special motions to strike | 5 | $1,475.00 |
| 04/21/14 | Receive and review proposal from Indybay counsel to stipulate to continued case management conference; prepare emails to counsel confirming same | .2 | $59.00 |
| 04/24/14 | Receive and review court's minute order continuing case management conference | .1 | $29.50 |
| 06/02/14 | Receive and review Court Order [RULING: GRANTS MOTION TO DISMISS FEDERAL COPYRIGHT CLAIM AND REFUSES TO ADDRESS STATE LAW CLAIMS AND SLAPP MOTIONS) | .75 | $311.25 |
| 06/02/14 | Receive and review Judge Tigar's order dismissing with prejudice plaintiffs copyright infringement claim, dismissing without prejudice state law claims, and denying without prejudice defendants' anti-slapp motions; prepare email to client regarding same | 1.2 | $378.00 |
| 06/04/14 | Telephone call with indybay counsel regarding order for judgment review federal statutes for availability of attorney fees and costs to prevailing party on copyright infringement claim | .4 | $126.00 |
| 06/06/14 | Receive and review indybay's proposed order of judgment | .2 | $63.00 |
| 06/12/14 | Follow up with indybay counsel regarding proposed order of judgment | .2 | $63.00 |
| 06/17/14 | Receive and review filed proposed Order of Judgment | .1 | $31.50 |
| 06/19/14 | Receive and review final Order of Judgment; email same to client | .4 | $126.00 |
| 06/24/14 | Email from client; telephone call to Choyce's lawyer (left message to call) | .25 | $103.75 |
| 06/25/14 | Attention to email exchange with client regarding REDACTED | .1 | $31.50 |
| | TOTAL | 130.5 | $40,991.75 |

Case: 14-17318, 01/02/2015, ID: 9369166, DktEntry: 18-1, Page 98 of 234
Case3:13-cv-01842-JST Document66 Filed07/24/14 Page1 of 7

Daniel L. Casas, Esq. (SBN 116528)
*dcasas@legalteam.com*
Anthony F. Basile, Esq. (SBN 247409)
*abasile@legalteam.com*
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>Plaintiff<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>Defendants. | Case No.: CV-13-01842<br><br>**NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM**<br><br>**[17 U.S.C. § 505]**<br>**[Local Rule 54-5]**<br><br>**Date: September 4, 2014**<br>**Time: 2:00pm**<br>**Courtroom: 9, 19th Floor**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

EOR 093

Case3:13-cv-01842-JST Document66 Filed07/02/14 Page2 of 7
Case: 14-17318, 03/20/2015, ID: 9466961, DktEntry: 18-1, Page 99 of 234

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **September 4, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court for recovery of attorney's fees pursuant to 17 U.S.C. § 505 and Local Rules of Court Rule 54-4 after this Court granted LAYER42.NET, INC.'s motion to dismiss plaintiff DIONNE CHOYCE's cause of action for copyright infringement and entered judgment dismissing with prejudice Choyce's cause of action for copyright infringement.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Daniel L. Casas, Esq., filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: July 2, 2014

By ________/s/________________
Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Defendant,
LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2
EOR 094

Case: 14-17318, 12/08/2014, ID: 9340961, DktEntry: 18-1, Page 100 of 234
Case3:13-cv-01842-JST Document66 Filed07/02/14 Page3 of 7

## I. STATEMENT OF ISSUES TO BE DECIDED

LAYER42.NET, INC. (Layer42) moves this Court for an award of attorney's fees pursuant to 17 U.S.C. § 505 and Local Rule 54-5, after the Court granted Layer42's motion to dismiss Plaintiff's copyright infringement claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and after the Court entered Judgment dismissing Plaintiff's copyright infringement claim with prejudice.

## II. RELEVANT FACTS

### A. Procedural History

Choyce filed his Complaint on April 23, 2013, with an initial Case Management Conference set for July 31, 2013. ECF Nos. 1 and 3. By July 29, 2013, when Choyce had not served a single defendant, the Court issued an Order to Show Cause re imposition of sanctions against Choyce for failure to timely file a Case Management Statement, and to show cause why the Complaint should not be dismissed pursuant to Rule 4(m). ECF No. 5. Choyce served Layer42 on August 2, 2013. ECF No. 6.

Layer42 filed its first motion to dismiss and special motion to strike on September 23, 2012. ECF No. 9. Choyce opposed the motions, and filed a motion to strike Layer42's special motion to strike. ECF Nos. 10, 11, 12. Layer42 replied in support of its motions, and opposed Choyce's motion to strike. ECF Nos. 14 and 15. Choyce did not file a reply in support of his motion to strike.

This Court heard argument from counsel on November 14, 2013, and took the matter under submission. ECF No. 19. On December 2, 2013, the Court entered its Order Denying Plaintiff's Motion to Strike; Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Granting Defendant's Motion to Specially Strike. ECF No. 22.

Choyce filed his First Amended Complaint on December 23. ECF No. 26. Defendants Layer42 and SF Bay Area Independent Media Center (IndyBay) filed separate motions to dismiss and special motions to strike. ECF Nos. 29, 31. This Court heard argument on these motions on March 27, 2014. ECF No. 51. On June 2, 2014, this Court

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

EOR 095

Case: 14-17318, 01/28/2015, ID: 9400861, DktEntry: 18-1, Page 101 of 234
Case4:13-cv-01842-JST Document66 Filed07/03/14 Page4 of 7

filed its Order granting in part and denying in part defendants' motions to dismiss and special motions to strike. ECF No. 54. The Court found that plaintiff's copyright infringement claim must be dismissed due to Choyce's failure to allege ownership of the allegedly copyright-protected image, and because further leave to amend would be futile. *Id*. at 05:10-11, 06-16-08:26. Having dismissed the federal copyright infringement cause of action, the Court declined to exercise supplemental jurisdiction over Choyce's state law claims, and denied the motions to dismiss as to those claims. *Id*. at 08:27-09:26. The Court reconsidered its previous order reaching Layer42's special motion to strike, and vacated that portion of its previous order addressing Layer42's Anti-SLAPP motion without prejudice to defendants bringing a similar special motion to strike in any subsequent state-court proceeding. *Id*. at 09:27-16.

## III. LEGAL STANDARDS AND ANALYSIS

### A. Layer42 Is Entitled To Recover Attorney's Fees After Prevailing On Plaintiff's Copyright Infringement Claim

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
> 17 U.S.C. § 505.

Prevailing plaintiffs and prevailing defendants must be treated alike for purposes of awarding attorney's fees under Section 505. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534; see also *Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F. 3d 1213, 1230 (9th Cir. 2008). A trial court considering a motion for an award of attorney's fees may consider factors including (1) frivolousness, (2) motivation, (3) objective unreasonableness, and (4) the need to advance considerations of compensation and deterrence. *Fogerty, Id.* at 535, fn. 19 (1994). "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty, Id*. at 527.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4
EOR 096

**1. Layer42's Motion for Fees is Timely**

A motion for an award of fees must be filed and served within 14 days of the entry of judgment by the District Court. Local Rule 54-5(a). Counsel must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees. *Id*.

This Court entered judgment on June 18, 2014, dismissing with prejudice Choyce's copyright infringement cause of action. ECF No. 58. This motion is therefore timely, as it is brought within 14 days of June 18, 2014.

Layer42 has also satisfied Local Rule 54-5's meet and confer requirement, communicating extensively with plaintiff counsel for the purpose of resolving disputes relating to the claim for attorney's fees. Casas Dec., ¶¶ 13-14.

**2. Layer42 Is The Prevailing Party Because Choyce's Copyright Infringement Claim Was Frivolous and Harassing**

This Court has repeatedly found that Choyce not only failed to state a cause of action against Layer42 for copyright infringement, but that his claim was "futile" because he would be incapable of alleging ownership of the work in question. See, e.g., ECF No. 22 at 05:08-11 (Plaintiff failed to allege registration of his alleged copyright); ECF No. 54 at 05:10-11 (Plaintiff again fails to allege registration of the alleged copyright), 07:04-06 (Plaintiff is not entitled to the statutory presumption of validity in his late-filed copyright registration certificate); 07:08-10 (Plaintiff admitted in a sworn declaration that he did not create the image at issue); 07:24-28 (Plaintiff failed to allege how he acquired rights in the image at issue, notwithstanding the representation on his late-filed registration certificate that he is the "author"). These findings make clear that Choyce never could state a valid claim for copyright infringement, and support the inference that he alleged the copyright claim for the purpose of bringing his state law claims before a federal court and bludgeoning the defendants into removing the online content he found offensive.

Because Plaintiff's cause of action for copyright infringement was futile, Layer42 is the prevailing party as to that claim.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Case: 14-17318, 01/20/2015, ID: 9389866, DktEntry: 18-1, Page 103 of 234
Case3:13-cv-01842-JST Document61 Filed07/02/14 Page6 of 7

**B. The Reasonable Lodestar Amount of Fees Is $57,278.50**

To determine a "reasonable" attorney fee, district courts generally start by calculating the "lodestar" amount, or the number of hours reasonably worked times a reasonable hourly rate. See *Hensley v. Eckherhart*, 461 U.S. 424, 433-437 (1983); *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-553 (2010). There is a "strong presumption" that the lodestar represents the "reasonable" fee. *City of Burlington*, 505 U.S. at 561. A party advocating departure from the lodestar figure bears the burden of of establishing that adjustment is necessary to determine a reasonable fee. *Id*. at 561.

The amount of a reasonable attorney fee is "committed to the sound discretion of the trial judge." *Perdue, supra*, 559 U.S. at 558.

Layer42 has submitted documented billing records showing 152.3 attorney hours related to the successful motions to dismiss, totaling $49,778.50 in attorney's fees. Casas Dec., ¶ 4, Exh. A. These records show that Layer42 employed its resources judiciously. By a ratio of nearly two-to-one, work on the motions was performed by associate attorneys at a lower hourly rate than the supervising partner. To prepare for the motions, defense counsel was required to familiarize itself with the relationship among the three separate defendants to the action, as well as research relevant statutory and case law. Consistent with this Court's February 3 Order Vacating Motion Hearing, a relatively inexperienced attorney presented oral argument to the Court in support of Layer42's motion to dismiss the First Amended Complaint after co-defendant IndyBay requested a hearing. See ECF No. 43. Layer42 brought its motions only after its attempts at informal resolution proved unsuccessful. In short, the fees charged are reasonable.

Counsel estimates that an additional $7,500 in attorney fees will be incurred in preparing and arguing this Motion for fees, bringing the lodestar total to $57,278.50. Casas Dec., ¶ 12.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6
EOR 098

## IV. CONCLUSION

Layer42.Net, Inc. respectfully requests that this Court award attorney's fees of $57,278.50, or any other amount this Court believes to be just, following Layer42's successful motion to dismiss Choyce's cause of action for copyright infringement.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: July 2, 2014

By _________/s/_______________
Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Defendant,
LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
7

EOR 099

Case3:13-cv-01842-JST Document86-1 Filed07/02/14 Page105 of 234

Daniel L. Casas, Esq. (SBN 116528)
*dcasas@legalteam.com*
Anthony F. Basile, Esq. (SBN 247409)
*abasile@legalteam.com*
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

DIONNE CHOYCE, an individual,

Plaintiff

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,

Defendants.

Case No.: CV-13-01842

**DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF LAYER42.NET, INC.'S MOTION FOR RECOVERY OF ATTORNEY'S FEES**

**Date: September 4, 2014**
**Time: 2:00pm**
**Courtroom: 9, 19th Floor**

**Action Filed: April 23, 2013**

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Declaration of Daniel L. Casas, Esq. ISO Motion for Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

EOR 100

Case: 14-17318, 08/20/2014, ID: 9216861, DktEntry: 18-1, Page 106 of 234
Case3:13-cv-01842-JST Document61 Filed07/02/14 Page2 of 49

I, Daniel L. Casas, declare:

1. I am an attorney licensed to practice before all courts of the State of California and before the United States District Court for the Northern District of California. I am a partner with the law firm of Casas Riley & Simonian, LLP (CRS), counsel of record for defendant LAYER42.NET, INC. (Layer42). I have personal knowledge of the matters set forth herein and if called upon, I could and would testify thereto. As to the following matters stated on information and belief, I believe them to be true.

2. Attached as **Exhibit A** is a true and correct redacted copy of the billing records documenting the time through June 25, 2014 that attorneys at CRS spent related to Layer42's successful motions to dismiss Plaintiff's copyright infringement claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

3. CRS uses the computer software program Sage Timeslips to record its billing. As CRS's regular business practice, each attorney enters his or her time into the networked program identifying the client and matter, time spent, and a brief description of the services provided. CRS attorneys bill their time to the nearest one-tenth of an hour. CRS attorneys enter their time into the software program at or near the time that the services were rendered. The partner supervising each client matter reviews the billing statements before they are served on clients for adjustments as warranted under the circumstances. I am the supervising partner in this matter.

4. Four CRS attorneys billed time related to the motions to dismiss as reflected in **Exhibit A** as follows:

| Attorney | Hourly Billing Rate | Hours | Fees |
|---|---|---|---|
| Daniel L. Casas | $415.00 | 54.0 | $22,410.00 |
| Sam K. Kiamanesh | $315.00 | 2.6 | $819.00 |
| Anthony F. Basile | $295.00/$315.00 | 70.7 | $20,924.50 |
| Meggan C. Casas | $225.00 | 25 | $5,625.00 |

5. I am a partner with CRS. I earned my undergraduate degree from the California State University at Fresno in 1981, and my Juris Doctorate degree from the Santa Clara

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Declaration of Daniel L. Casas, Esq. ISO Motion for Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2
EOR 101

Case3:13-cv-01874-JST Document61 Filed07/02/14 Page13 of 49
Case: 14-17318, 08/24/2015, ID: 9656861, DktEntry: 18-1, Page 107 of 234

University School of Law in 1984. I was admitted to the Bar of the State of California in 1984, and have continuously been licensed and have maintained active status in good standing with the California State Bar since that time. I am also admitted to practice before numerous Federal District Courts, including the United States District Court for the Northern District of California. I have worked in the field of civil litigation since the inception of my practice. My hourly billing rate in this matter is $415.00.

6. Sam K. Kiamanesh is an associate with CRS. Mr. Kiamanesh earned his undergraduate degree from the University of Toronto in 1997, and his Juris Doctorate degree from the Santa Clara University School of Law in 2000. Mr. Kiamanesh was admitted to the Bar of the State of California in 2000, and has continuously been licensed and has maintained active status in good standing with the California State Bar since that time. Mr. Kiamanesh's hourly billing rate in this matter is $315.00.

7. Anthony F. Basile is an associate with CRS. Mr. Basile earned his undergraduate degree from Stanford University in 2000, and his Juris Doctorate degree from the Santa Clara University School of Law in 2006. Mr. Basile was admitted to the Bar of the State of California in 2006, and has continuously been licensed and has maintained active status in good standing with the California State Bar since that time. Mr. Basile is admitted to practice before the United States District Court for the Northern District of California. Mr. Basile has worked in the field of civil litigation since 2008. Mr. Basile's hourly billing rate in this matter is $295.

8. Meggan C. Casas is a former associate with CRS. Ms. Casas earned her undergraduate degree from Santa Clara University in 2008, and her Juris Doctorate degree from the Santa Clara University School of Law in 2013. Ms. Casas was admitted to the Bar of the State of California in 2013, and has continuously been licensed and has maintained active status in good standing with the California State Bar since that time. Ms. Casas is admitted to practice before the United States District Court for the Northern District of California. Ms. Casas's hourly billing rate in this matter is $225.

9. The billing rates identified for the attorneys above fall within the range of rates

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Declaration of Daniel L. Casas, Esq. ISO Motion for Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3
EOR 102

Caase:e34-137-61-8,1874/20/3015,IDc:u9662686161, DFktEdn07y/:02/114, PRagage140f8o9f 234

charged in Santa Clara County for attorneys with comparable experience in similar practice areas.

10. The billing records attached as **Exhibit A** capture all time that CRS attorneys billed on behalf of Layer42 in the above-captioned action through June 25, 2014. In that time CRS attorneys billed a total of $106,012.66 in tasks related to Choyce's lawsuit. In calculating fees related to the motion to dismiss, I reviewed the attached exhibit and consulted with the attorneys who recorded time to the account. I have redacted and excluded entries unrelated to the preparation of the motions to dismiss Plaintiff's cause of action for copyright infringement. However, I included work that was necessary both to the motions to dismiss and other activities, such as Layer42's Special Motions to Strike Plaintiff's state law claims, where the work was inextricably intertwined, with the understanding that the ultimate Lodestar amount may be adjusted to limit an award to work performed in preparing the motions to dismiss the federal copyright infringement claim. After reviewing the billing records and consulting with the CRS attorneys involved in the case, I have identified $49,778.50 in attorneys' fees related to the motions to dismiss the federal copyright infringement claim.

11. I have further redacted certain descriptions of service in order to preserve the attorney client privilege and attorney work product doctrine with respect to the work of CRS in this matter and communications with our clients, and in submitting this declaration and other support for the present motion, do not intend to waive such privileges and protections.

12. I anticipate that my office will expend an additional $7,500.00 in fees bringing the current motion, which fees include preparing these moving papers, preparing reply papers, and appearing at the hearing on the present motion.

13. On Wednesday, June 25, 2014, I telephoned and emailed plaintiff counsel Dow Patten to initiate a meet and confer conference pursuant to Local Rule 54-5(a). I asked that Mr. Patten share his availability to discuss the motion.

//

//

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Declaration of Daniel L. Casas, Esq. ISO Motion for Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

EOR 103

Case: 14-17318, 08/20/2015, ID: 9652966, DktEntry: 18-1, Page 109 of 234
Case3:13-cv-01834-JST Document86-1 Filed07/02/14 Page5 of 9

14. Mr. Patten and I exchanged a handful of emails through and including Monday, June 30 concerning the fee motion and Plaintiff's remaining claims.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 2, 2014 in Los Altos CA.

/s/
Daniel L. Casas

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Declaration of Daniel L. Casas, Esq. ISO Motion for Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5
EOR 104

# Exhibit A

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

August 25, 2013

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/2/2013 | Attention to e-mail from client regarding Complaint; attention to Complaint; draft e-mail to client regarding indemnification and defense | 0.90 | 283.50 |
| 8/7/2013 | Attention to motion to dismiss lawsuit based on federal statutes; draft e-mail to client regarding service of process | 0.30 | 94.50 |
| | Receive and review civil complaint for copyright infringement and defamation | 0.60 | 177.00 |
| | Research online case docket and case prosecution history; review trial court's order to show cause regarding sanctioning plaintiff for failure to serve complaint | 0.20 | 59.00 |
| | Online investigation of plaintiff Dionne Choyce, Choyce Law Firm, and allegedly defamatory online postings | 1.00 | 295.00 |

| | | Hours | Amount |
|---|---|---|---|
| 8/7/2013 | Legal research regarding federal Rule 12(b)(6) motion to dismiss complaint for failure to state a cause of action, and applicable legal standard required to sustain motion | 1.00 | 295.00 |
| | Legal research regarding affirmative defenses provided by 17 USC 512 (Online Copyright Liability Limitation Act) and 47 USC 230 (Communications Decency Act's immunity provision for providers of interactive computer services) | 2.00 | 590.00 |
| 8/8/2013 | Review online case docket to confirm whether plaintiff has filed a proof of service of summons and complaint | 0.10 | 29.50 |
| 8/12/2013 | Attention to lawsuit service status | 0.25 | 103.75 |
| | REDACTED | | |
| | Online research for filed 12(b)(6) motions asserting defenses under DMCA safe harbor provisions | 1.00 | 295.00 |
| 8/13/2013 | Legal research regarding procedure to bring motion to dismiss under Federal Rules of Civil Procedure, rule 12(b) | 1.50 | 442.50 |
| | Telephone conversations with counsel for SF Bay Area IMC regarding potential service of complaint | 0.20 | 59.00 |
| | Prepare email to client requesting information ATTORNEY-CLIENT PRIVILEGED COMMUNICATION | 1.00 | 295.00 |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

| | | Hours | Amount |
|---|---|---|---|
| 8/13/2013 | REDACTED | | |
| | Review online case docket for proof of service of the complaint on any named defendants | 0.20 | 59.00 |
| 8/14/2013 | Emails with client | 0.60 | 249.00 |
| | Attention to e-mails from client regarding lack of insurance coverage and tender of indemnity; attention to federal defenses to lawsuit; attention to prior correspondence with customer regarding lawsuit and indemnity | 0.70 | 220.50 |
| | Receive and review client's email response to questions regarding Choyce litigation; prepare email with follow-up questions regarding same | 1.10 | 324.50 |
| 8/15/2013 | Attention to gathering background information related to lawsuit and take-down notices in general; emails with client | 0.75 | 311.25 |
| | REDACTED | | |
| | Further legal research regarding minimum showing necessary to prevail on a FRCP Rule 12 motion to dismiss for failure to state a cause of action | 1.00 | 295.00 |
| | Conference with Dan Casas regarding potential responses to Choyce complaint | 0.60 | 177.00 |
| | Telephone conversation with plaintiff counsel regarding service of civil complaint and impressions of case; prepare follow-up email to counsel requesting copies of takedown notices and proof of service | 0.60 | 177.00 |

| | | Hours | Amount |
|---|---|---|---|
| 8/15/2013 | Further prepare email to client with questions regarding Choyce lawsuit | 0.50 | 147.50 |
| | Receive and review client email responses regarding Choyce lawsuit | 0.40 | 118.00 |
| | REDACTED | | |
| 8/16/2013 | Attend to litigation defenses, takedown notices, etc. | 1.25 | 518.75 |
| | Attention to e-mail from Plaintiff's counsel regarding prior take down notices; attention to notice; attention to defenses | 0.70 | 220.50 |
| | REDACTED | | |
| | Prepare emails to plaintiff counsel requesting additional information about notices allegedly given to defendants | 0.20 | 59.00 |
| | REDACTED | | |

Case: 14-17318, 12/23/2014, ID: 9362664, DktEntry: 18-1, Page 115 of 234

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 5

| Date | Description | Hours | Amount |
|---|---|---|---|
| 8/16/2013 | REDACTED | | |
| 8/19/2013 | Emails with and telephone call from Choyce attorney | 0.40 | 166.00 |
| | Attention to emails from Choyce counsel regarding Complaint | 0.50 | 147.50 |
| 8/20/2013 | REDACTED | | |
| 8/22/2013 | Attention to possible 12b6 motion in Federal Court | 0.75 | 311.25 |
| | REDACTED | | |
| | Telephone conversation with client regarding potential responses to Choyce complaint | 0.20 | 59.00 |

EOR 110

| | | Hours | Amount |
|---|---|---|---|
| 8/22/2013 | Conference with Dan Casas and Sam Kiamanesh regarding response to Choyce complaint; prepare email to client summarizing options | 0.70 | 206.50 |
| | REDACTED | | |
| | Prepare stipulation to extend time for Layer42 to respond to Complaint | 0.40 | 118.00 |
| | REDACTED | | |
| | Prepare email to opposing counsel regarding stipulation to extend time to respond to Complaint | 0.10 | 29.50 |
| | Begin to prepare 12(b)(6) motion to dismiss Complaint | 0.90 | 265.50 |
| 8/23/2013 | REDACTED | | |

REDACTED

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 7

REDACTED

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

September 25, 2013

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 8/27/2013 | Emails with client | 0.25 | 103.75 |
| 8/28/2013 | Prepare for and attend mandatory case status hearing in District Court | 3.00 | 1,245.00 |
| | Review court's order to show cause and rescheduled case management conference order to recommend appearance | 0.30 | 88.50 |
| | Conference with Dan Casas regarding outcome of Case Management Conference and discussions with plaintiff counsel | 0.20 | 59.00 |
| 8/29/2013 | Prepare and email status report to client | 0.75 | 311.25 |

REDACTED

| | | Hours | Amount |
|---|---|---|---|
| 8/29/2013 | Receive and review Court's Order [OSC vacated; next status hearing 912/4/2013; joint case management statement due 2 weeks prioor to status hearing] | 0.20 | 83.00 |
| | Exchange emails with Dan Casas regarding Choyce's takedown notices to Cernio | 0.10 | 29.50 |
| 8/30/2013 | REDACTED | | |
| 9/3/2013 | | | |
| 9/4/2013 | | | |
| 9/5/2013 | | | |
| | Prepare email to Choyce counsel regarding removal of articles and demanding dismissal of action | 0.10 | 29.50 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/5/2013 | REDACTED | | |
| 9/6/2013 | | | |
| 9/9/2013 | Emails regarding: take down of offending content and dismissal demand of Choyce | 0.75 | 311.25 |
| | Prepare email to opposing counsel regarding article takedown | 0.10 | 29.50 |
| | REDACTED | | |
| 9/11/2013 | | | |
| | Receive and review plaintiff counsel's email responding to request for dismissal of claims | 0.20 | 59.00 |
| 9/12/2013 | Work on and email status report and alternatives to client | 0.50 | 207.50 |
| | Attention to information regarding: copyright infringement claim and defenses | 1.25 | 518.75 |
| | REDACTED | | |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/12/2013 | Prepare report to client regarding [ATTORNEY-CLIENT PRIVILEGED COMMUNICATION] | 1.40 | 413.00 |
| | REDACTED | | |
| | Attention to indybay's copyright search for registration of Choyce's image file identified in Complaint | 0.20 | 59.00 |
| 9/16/2013 | REDACTED | | |
| 9/17/2013 | Attention to motion to dismiss; emails with client | 1.20 | 498.00 |
| | Telephone conversation with Steve Rubin regarding declaration in support of motion to dismiss/special motion to strike | 0.30 | 88.50 |
| | Review Northern District's local rules regarding timing requirements for hearing motion to dismiss/special motion to strike | 0.40 | 118.00 |
| | Prepare memorandum of points and authorities in support of motion to dismiss/special motion to strike | 2.50 | 737.50 |
| 9/18/2013 | Consider research and argument regarding: copyright safe harbor against liability for a service provider | 1.25 | 518.75 |
| | Prepare email to Steve Rubin regarding [ATTORNEY-CLIENT PRIVILEGED COMMUNICATION] | 0.20 | 59.00 |
| | Prepare declaration of Dan Casas in support of motion to dismiss/special motion to strike (anti-SLAPP) | 1.50 | 442.50 |

| | | Hours | Amount |
|---|---|---|---|
| 9/18/2013 | Prepare declaration of Steve Rubin in support of motion to dismiss/special motion to strike | 1.00 | 295.00 |
| | Further prepare memorandum of points and authorities in support of motion to dismiss/special motion to strike (anti-SLAPP) | 5.50 | 1,622.50 |
| 9/19/2013 | Work on Motion to Dismiss Choyce's Federal lawsuit | 3.60 | 1,494.00 |
| | Further prepare motion to dismiss/special motion to strike | 1.50 | 442.50 |
| | Prepare email to Steve Rubin regarding draft declaration in support of motion to dismiss/special motion to strike | 0.20 | 59.00 |
| | Prepare draft proposed order regarding motion to dismiss/special motion to strike | 0.30 | 88.50 |
| 9/20/2013 | Finalize motion to dismiss/special motion to strike; receive and review executed Steve Rubin declaration | 0.60 | 177.00 |
| 9/24/2013 | Receive and review fax from Choyce counsel requesting telephone conference to discuss motion to dismiss/special motion to strike | 0.20 | 59.00 |
| 9/25/2013 | REDACTED | | |
| | Telephone conference with Choyce counsel regarding motion to dismiss/special motion to strike | 0.30 | 88.50 |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

| | | Hours | Amount |
|---|---|---|---|
| 9/25/2013 | Prepare report to client regarding motion to dismiss/special motion to strike, conference with Choyce counsel, and possibility of settlement of Choyce's claims | 1.50 | 442.50 |
| 9/25/2013 | REDACTED | | |

REDACTED

Case: 14-17318, 12/23/2014, ID: 9362961, DktEntry: 18-1, Page 124 of 234

Layer42 Networks, Inc. LAYER/CHOYC/DLC

Page 7

Please reference the client matter on your check. Payment is due within 30 days.

EOR 119

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

October 25, 2013

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/26/2013 | Telephone conversation with Steve Rubin regarding ATTORNEY-CLIENT PRIVILEGED COMMUNICATION | 0.60 | 177.00 |
| 9/30/2013 | REDACTED | | |
| 10/1/2013 | | | |
| 10/3/2013 | Telephone conversation with opposing counsel regarding motion to dismiss/special motion to strike; prepare report to client regarding same | 0.30 | 88.50 |
| 10/4/2013 | Attention to status of motion to dismiss, negotiations with Choyce and client's decision to press on | 1.25 | 518.75 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 10/7/2013 | REDACTED | | |
| 10/8/2013 | Receive and review Opposition to Motion to Dismiss | 1.50 | 622.50 |
| | Work on Reply Brief in support of Motion to Dismiss | 0.50 | 207.50 |
| | Receive and review Choyce's motion to strike motion to dismiss; exchange emails with client regarding same | 0.40 | 118.00 |
| | Receive and review Choyce's opposition to motion to dismiss/special motion to strike | 1.00 | 295.00 |
| | Receive and review corrected declaration of Dionne Choyce | 0.20 | 59.00 |
| | Attention to status of Copyright Office during federal government shutdown in light of Choyce's opposition | 0.20 | 59.00 |
| | Prepare report to client evaluating Choyce's opposition to motion to strike/special motion to dismiss | 0.40 | 118.00 |
| 10/9/2013 | REDACTED | | |
| | Draft reply brief in support of motion to dismiss/special motion to strike | 2.50 | 737.50 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 10/10/2013 | REDACTED | | |
| | Work on draft Reply brief | 1.40 | 581.00 |
| | Further prepare reply brief in support of motion to dismiss/motion to strike | 1.50 | 442.50 |
| | Further legal research regarding motion to dismiss procedure | 0.50 | 147.50 |
| 10/15/2013 | Finalize for serving and filing Layer42's Reply Brief | 1.50 | 622.50 |
| | Finalize reply brief for filing | 0.40 | 118.00 |
| 10/17/2013 | REDACTED | | |
| 10/21/2013 | | | |
| 10/23/2013 | Receive court order; emails with client | 0.25 | 103.75 |
| 10/25/2013 | REDACTED | | |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 4

REDACTED

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 5

REDACTED

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

November 25, 2013

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 10/28/2013 | REDACTED | | |
| 10/29/2013 | | | |
| 10/30/2013 | | | |
| 11/6/2013 | | | |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 11/6/2013 | REDACTED | | |
| 11/7/2013 | Receive and review plaintiff counsel's declaration regarding copyright registration | 0.10 | 29.50 |
| 11/11/2013 | Attention to opposition to motion to dismiss | 0.60 | 249.00 |
| 11/14/2013 | Prepare for and attend and argue at hearings on Layer42's motion to dismiss/anti-slapp and Choyce's motion to dismiss [RESULT: COURT TAKES UNDER SUBMISSION]; emails with client regarding: results | 4.25 | 1,763.75 |
| | Conference with Dan Casas regarding hearing on motion to strike | 0.40 | 118.00 |
| 11/25/2013 | REDACTED | | |
| 11/19/2013 | | | |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

REDACTED

Please reference the client matter on your check. Payment is due within 30 days.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

December 18, 2013

In Reference To: Choyce Litigation LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 11/26/2013 | REDACTED | | |
| 11/27/2013 | | | |

Layer42 Networks, Inc.

| Date | Description | Hours | Amount |
|---|---|---|---|
| 12/1/2013 | Attention to Court's minute order following order on motion to dismiss/motion to strike | 0.20 | 59.00 |
| 12/2/2013 | Receive and study Judge Tigar's ruling on 3 motions; prepare and send detailed emails with client | 1.25 | 518.75 |
| | REDACTED | | |
| | Receive and review indybay's motion for extension of time to respond to complaint | 0.30 | 88.50 |
| | REDACTED | | |
| 12/6/2013 | | | |
| 12/9/2013 | | | |

Case3:13-cv-01842-JST Document96-1 Filed07/02/14 Page135 of 234

Layer42 Networks, Inc. LAYER/CHOYC/DLC

Page 3

| | | Hours | Amount |
|---|---|---|---|
| 12/9/2013 | REDACTED | | |
| | Prepare response to Steve Rubin's email regarding [ ] ATTORNEY-CLIENT PRIVILEGED COMMUNICATION | 0.60 | 177.00 |
| 12/10/2013 | REDACTED | | |
| 12/11/2013 | | | |
| 12/12/2013 | | | |
| 12/13/2013 | | | |

EOR 130

Layer42 Networks, Inc. LAYER/CHOYC/DLC

| | | Hours | Amount |
|---|---|---|---|
| 12/13/2013 | REDACTED | | |
| 12/16/2013 | | | |
| 12/18/2013 | | | |

Layer42 Networks, Inc. LAYER/CHOYC/DLC

Amount

REDACTED

12/10/201
12/18/201

Time Summary

REDACTED

Please reference the client matter on your check. Payment is due within 30 days.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

January 25, 2014

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

CURRENT BALANCE DUE $19,897.00

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 12/23/2013 | Receive and brief review of Choyce's amended complaint; email amended complaint to client | 0.75 | 311.25 |
| | Initial receipt and review of First Amended Complaint; prepare email memo to Dan Casas regarding same | 0.40 | 118.00 |
| | Make side-by-side comparison of Complaint and First Amended Complaint | 1.00 | 295.00 |
| | Research procedure and grounds for sanctions under Rule 11 for meritless or harassing pleadings or other filings | 0.20 | 59.00 |
| 12/24/2013 | Legal research regarding time to respond to amended pleading (FRCP Rule 15) and court's discretion in granting leave to further amend subsequent proposed pleadings | 0.20 | 59.00 |
| 12/30/2013 | Attention to First Amended Complaint; emails with client regarding ATTORNEY-CLIENT PRIVILEGED COMMUNICATION | 1.50 | 622.50 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/2/2014 | Attention to Choyce's amended complaint; work on draft motions to dismiss copyright claim and SLAPP motion against state law claims | 1.25 | 518.75 |
| | REDACTED | | 0 |
| | Research and begin drafting Motion to Dismiss and Anti-SLAPP motion in response to First Amended Complaint | 7.00 | 1,575.00 |
| | REDACTED | | |
| 1/3/2014 | Work on draft motion to dismiss copyright infringement claim and motion to strike state law defamation claim | 2.20 | 913.00 |
| | Draft and revise Motion to Dismiss and Anti-SLAPP motion in response to First Amended Complaint | 7.00 | 1,575.00 |
| 1/4/2014 | Work on draft motion for dismissal of copyright infringement claim and anti-SLAPP motion to strike state law defamation claim | 2.75 | 1,141.25 |
| 1/5/2014 | Work on and finalize draft motions to dismiss and to specially strike claims in FAC | 2.25 | 933.75 |
| 1/6/2014 | Finalize and file two motions, email filed court papers to client | 1.25 | 518.75 |
| | Research regarding complaint amendments | 0.50 | 112.50 |
| | Finalize motion to dismiss/special motion to strike for filing and service | 3.80 | 1,121.00 |

Layer42 Networks, Inc. LAYER/CHOYC/DLC

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/6/2014 | Research limits on leave to amend under FRCP Rule 15 | 0.40 | 118.00 |
| 1/7/2014 | Attention to Indybay's response to complaint and order extending deadline | 0.25 | 103.75 |
| | Attention to deadlines to respond to amended complaint (Rule 15) | 0.20 | 59.00 |
| 1/9/2014 | Receive and read Indybay's motion to dismiss/motion to specially strike Choyce's Complaint | 1.40 | 581.00 |
| | Receive and review indybay's motion to dismiss/special motion to strike | 0.60 | 177.00 |
| 1/14/2014 | REDACTED | | |
| 1/17/2014 | Receive Court notice regarding: order for transcript (by Choyce) | 0.20 | NO CHARGE |
| | Receive and review Choyce's request for transcript of hearing on motion to dismiss/special motion to strike | 0.10 | 29.50 |
| 1/21/2014 | REDACTED | | |
| | Telephone conversations with counsel for indybay regarding stipulation to continue case management conference | 0.30 | 88.50 |
| | REDACTED | | |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/22/2014 | Attend to continuance of status hearing in Federal Court | 0.25 | 103.75 |
| | Receive and review indybay's proposed stipulation to continue case management conference; stipulate to same | 0.30 | 88.50 |
| | Receive and review plaintiff's opposition to motion to dismiss/motion to strike and proposed Second Amended Complaint (2.0); begin to outline reply (.5) | 2.50 | 737.50 |
| 1/23/2014 | Receive and email to client confirmation of continued status hearing | 0.25 | 103.75 |
| 1/24/2014 | Review Choyce's Opposition to IndyBay's motion to dismiss/motion to strike, with attention to references to Layer42, including statement that Layer42 removed content from IndyBay's website | 1.50 | 622.50 |
| | Work on draft Reply to Choyce's Opposition to 12b6 Motion/anti-SLAPP Motion | 1.75 | 726.25 |
| | Draft reply in support of motion to dismiss/motion to strike | 5.50 | 1,622.50 |

REDACTED

Case: 14-17318, 08/23/2015, ID: 9629684, DktEntry: 18-1, Page 142 of 234

Layer42 Networks, Inc. LAYER/CHOYC/DLC

Page 5

REDACTED

EOR 137

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

February 25, 2014

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 1/27/2014 | Finalize Reply to Choyce's Opposition to Second Motion to Dismiss/anti-SLAPP motion | 2.20 | 913.00 |
| | Further prepare reply in support of motion to dismiss/motion to strike | 0.30 | 88.50 |
| 1/28/2014 | Email Reply brief to client | 0.20 | NO CHARGE |
| 1/30/2014 | Receive and review Indybay's Reply brief | 1.00 | 415.00 |
| | Receive and review IndyBay's reply in support of motion to dismiss/special motion to strike | 0.60 | 177.00 |
| 2/3/2014 | Receive and review court's order vacating hearing on motions to dismiss/special motions to strike | 0.30 | 88.50 |
| 2/5/2014 | Attention to Layer42's request for reinstatement of motion hearing | 0.20 | 59.00 |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

| | | Hours | Amount |
|---|---|---|---|
| 2/6/2014 | Review Court's order resetting hearing on motions to dismiss/strike Choyce's claims; prepare and send detailed email from client; emails with client; telephone call to IndyBay counsel | 0.70 | 290.50 |

REDACTED

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Amount

REDACTED

Case: 14-17318, 08/21/2015, ID: 9656616, DktEntry: 18-1, Page 146 of 234

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

March 25, 2014

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| Date | Description | Hours | Amount |
|---|---|---|---|
| 3/7/2014 | Review email from indybay counsel regarding motion to continue Case management conference; prepare email to counsel confirming stipulation to same | 0.20 | 59.00 |
| 3/11/2014 | Further attention to Choyce's demand to prepare joint case management statement and indybay's motion to continue case management conference | 0.10 | 29.50 |
| 3/12/2014 | Receive federal court order moving status hearing to May 7; emails with client | 0.25 | 103.75 |
| | REDACTED | | |
| | Receive and review court's orders granting indybay's Motion and continuing case management conference | 0.20 | 59.00 |
| | REDACTED | | |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 2

| | | Hours | Amount |
|---|---|---|---|
| | REDACTED | | |
| 3/12/2014 | | | |
| 3/13/2014 | | | |
| 3/25/2014 | Review moving papers for hearing on motion to dismiss | 1.00 | 225.00 |

REDACTED

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

April 25, 2014

In Reference To: Choyce Litigation LAYER/CHOYC/DLC

REDACTED

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 3/26/2014 | Prepare for hearing on motion to dismiss first amended complaint | 2.00 | 450.00 |
| | Attention to defendants' moving papers to prepare for hearing on motions to dismiss/special motions to strike | 0.40 | 118.00 |
| 3/27/2014 | Prepare for hearing on motion to dismiss | 3.00 | 675.00 |
| | Attend hearing on motion to dismiss | 4.50 | 1,012.50 |
| | Attend hearing on Layer42's and Indybay's motions to dismiss/special motions to strike | 5.00 | 1,475.00 |
| 4/21/2014 | Receive and review proposal from Indybay counsel to stipulate to continued case management conference; prepare emails to counsel confirming same | 0.20 | 59.00 |
| 4/24/2014 | Receive and review court's minute order continuing case management conference | 0.10 | 29.50 |

Case: 14-17318, 08/23/2015, ID: 9626634, DktEntry: 18-1, Page 149 of 234
Case3:13-cv-01842-JST Document86-1 Filed07/02/14 Page45 of 49

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

Page 2

| | Hours | Amount |
|---|---|---|
| REDACTED | | |

EOR 144

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

May 25, 2014

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

REDACTED

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
650.948.7200 FAX 650.948.7220
email: cgraviano@legalteam.com

Tax ID #94-2494577

Layer42 Networks, Inc.
1555 Plymouth Street
Mountain View, CA 94043

June 25, 2014

In Reference To: Choyce Litigation

LAYER/CHOYC/DLC

CURRENT BALANCE DUE $2,482.75

PROFESSIONAL SERVICES

| | | Hours | Amount |
|---|---|---|---|
| 6/2/2014 | Receive and review Court Order [RULING: GRANTS MOTION TO DISMISS FEDERAL COPYRIGHT CLAIM AND REFUSES TO ADDRESS STATE LAW CLAIMS AND SLAPP MOTIONS] | 0.75 | 311.25 |
| | Receive and review Judge Tigar's order dismissing with prejudice plaintiff's copyright infringement claim, dismissing without prejudice state law claims, and denying without prejudice defendants' anti-slapp motions; prepare email to client regarding same | 1.20 | 378.00 |
| 6/4/2014 | Telephone call with indybay counsel regarding order for judgment; review federal statutes for availability of attorney fees and costs to prevailing party on copyright infringement claim | 0.40 | 126.00 |
| 6/6/2014 | Receive and review indybay's proposed order of judgment | 0.20 | 63.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 6/9/2014 | Finish analysis of pursuing fees/costs on copyright defense; detailed email to client | 0.75 | 311.25 |
| | Receive notice from Court regarding substitution of counsel of record | 0.25 | NO CHARGE |
| | Prepare email to client regarding possible motion for recovery of attorney fees in copyright infringement action | 0.40 | 126.00 |
| | Attention to indybay's substitution of attorney filing | 0.20 | 63.00 |
| 6/12/2014 | Follow up with indybay counsel regarding proposed order of judgment | 0.20 | 63.00 |
| 6/16/2014 | REDACTED | | |
| | Attend to client's options for attorney fees and costs motion after Judgment | 0.40 | 166.00 |
| 6/17/2014 | Receive and review filed proposed Order of Judgment | 0.10 | 31.50 |
| 6/19/2014 | Receive and review final Order of Judgment; email same to client | 0.40 | 126.00 |
| | Further legal research regarding scope of recoverable fees after prevailing in copyright infringement action | 0.20 | 63.00 |
| 6/23/2014 | Attend to possible fee/cost motion against Choyce; emails with client | 0.60 | 249.00 |
| 6/24/2014 | Email from client; telephone call to Choyce's lawyer (left message to call) | 0.25 | 103.75 |

Layer42 Networks, Inc.

LAYER/CHOYC/DLC

| | | Hours | Amount |
|---|---|---|---|
| 6/25/2014 | Telephone call and emails to Choyce's lawyer regarding settlement offer; emails with client | 0.50 | 207.50 |
| | Attention to email exchange with client regarding ATTORNEY-CLIENT PRIVILEGED COMMUNICATION | 0.10 | 31.50 |

REDACTED

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

Case No. CV-13-1842-JST

Hearing Date: August 21, 2014
Time: 2 p.m.
Judge: Hon. Jon S. Tigar
Courtroom: 9

Documents Filed Herewith:

(1) Declaration of Leila Knox;
(2) Declaration of Roger Myers;
(3) Proposed Order

**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 21, 2014, at 2 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, Defendant SF Bay Area Independent Media Center ("Indybay") will and hereby does move for an order granting Indybay its attorneys' fees and costs in connection with its successful defense of Plaintiff Dionne Choyce's claim for copyright infringement.

This motion is based on this Notice; on the Memorandum of Points and Authorities that follows; on the Declaration of Leila Knox, Declaration of Roger Myers and [Proposed] Order filed herewith; on the pleadings and records in this action; on such arguments as may be presented at the hearing; and on any other matters as may come before the Court prior to disposition.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

STATEMENT OF FACTS ........ 1

A. Layer42's Motion To Dismiss ........ 2

B. Plaintiff Attempts To Serve Indybay ........ 2

C. Plaintiff's First Amended Complaint ........ 3

D. Court Dismisses Copyright Claim With Prejudice ........ 4

I. INDYBAY SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS INCURRED IN SUCCESSFULLY DEFENDING AGAINST PLAINTIFF'S BASELESS CLAIM AND IN FURTHERANCE OF THE PURPOSES OF THE COPYRIGHT ACT ........ 4

**A.** Indybay Is Undoubtedly The "Prevailing Party" ........ 5

**B.** Plaintiff's Copyright Claim Was Objectively Unreasonable And Frivolous ........ 6

**C.** A Fee Award Will Also Promote Both Compensation And Deterrence ........ 8

II. THE AMOUNT OF ATTORNEYS' FEES BEING SOUGHT IS REASONABLE ........ 9

**A.** Counsel for Indybay Expended A Reasonable Number Of Hours ........ 11

**B.** Counsel Are Skilled Copyright Litigators Who Understood The Nature And Quantity Of Work Necessary To Effectively Defend Against Plaintiff's Claim ........ 12

**C.** Defense Counsel's Rates Are Reasonable ........ 12

**D.** Courts Have Awarded Comparable Fees In Similar Copyright Cases ........ 13

**E.** Indybay Should Also Be Awarded Its "Full Costs" ........ 14

CONCLUSION ........ 14

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

## TABLE OF AUTHORITIES

**Cases**

*Asis Internet Servs. v. Optin Global, Inc.*, 2010 WL 2035327 (N.D. Cal. 2010) .......... 8, 9

*Blum v. Stenson*, 465 U.S. 886 (1984) .......... 11

*Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729 (7th Cir. 1996) .......... 8

*City of Burlington v. Dague*, 505 U.S. 557 (1992) .......... 11

*Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002) .......... 11

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010) .......... 7

*Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980) .......... 12

*Discovery Commn'cs v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282 (C.D. Cal. 2001) .......... 12

*Doran v. Corte Madera Inn Best W.*, 360 F. Supp. 2d 1057 (N.D. Cal. 2005) .......... 12

*DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204 (C.D. Cal. 2013) .......... 10, 16

*Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663 (S.D.N.Y. 2011) .......... 11

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997) .......... 9, 11

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) .......... 1, 5

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) .......... 1, 5, 8, 10

*Gilbert v. New Line Productions, Inc.*, 490 Fed. Appx. 34 (9th Cir. 2012) .......... 6, 7

*Goldberg v.* Cameron, 2011 WL 3515899 (N.D. Cal. 2011) .......... 1, 15

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 5

*Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996) .......... 5

*Identity Arts v. Best Buy Enter. Serv., Inc.*, 2007 U.S. Dist. LEXIS 32060 (N.D. Cal. April 18, 2007) .......... 14

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .......... 12

*In re Nucorp Energy*, 764 F.2d 655 (9th Cir. 1985) .......... 13

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ........ 12

*Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F.3d 1027 (9th Cir. 2009) ........ 6

*Kourtis v. Cameron*, 358 F. App'x 863 (9th Cir. 2009) ........ 7

*Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651 (9th Cir. 2013) ........ 11

*Lexar Homes, Inc. v. Port*, 2013 WL 6498293 (E.D. Wash. 2013) ........ 10, 17

*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (3rd Cir. 1986) ........ 8

*Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010) ........ 9

*Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108 (1st Cir. 2007) ........ 10

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996) ........ 1, 6, 9, 16

*Morgenstein v. ABC, Inc.*, 27 Media L. Rep. 1350, 1998 U.S. Dist. LEXIS 14994 (N.D. Cal. Sept. 11, 1998) ........ 14

*Pyatt v. Raymond*, 2012 WL 1668248 (S.D.N.Y. 2012) ........ 16, 17

*Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362 (E.D. Va. 1995) ........ 10

*Rosenfeld v. United States DOJ*, 904 F.Supp.2d 988 (N.D. Cal. 2012) ........ 15, 16

*Ryan v. Editions Ltd. W., Inc.*, 2012 WL 6599798 (N.D. Cal. 2012) ........ 11

*Salinas v. Wachovia Mortgage*, 2011 WL 5513456 (E.D. Cal. 2011) ........ 6

*Scott v. Meyer*, 2010 WL 2569286 (C.D. Cal. 2010) ........ 10

*Shepard v. Miler*, January 12, 2012 Order, No. Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012) ........ 14

*Silvers v. Sony Pictures Entm't, Inc.*, 402 F.2d 8814 (9th Cir. 2005) ........ 7

*Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273 (9th Cir. 2013) ........ 7

*Stern v. Does*, 978 F. Supp. 2d 1031, 1052 (C.D. Cal. 2011) ........ 9

*Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ........ 17

*Twentieth Century Fox Film Corp. v. Entertainment Distrib.*, 429 F.3d 869 (9th Cir. 2005) ........ 16

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**Statutes**

17 U.S.C. § 411(a) ........ 6
17 U.S.C. § 501(b) ........ 6
28 U.S.C. § 1920 ........ 14
42 U.S.C. § 1988 ........ 10

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), firmly established that a prevailing defendant in a copyright lawsuit is just as entitled to attorneys' fees as a prevailing plaintiff under 17 U.S.C. § 505. Where an award is sought by a successful defendant, and where the plaintiff's lawsuit was, by the four corners of the lawsuit itself, objectively unreasonable, there is a compelling interest in both deterring future lawsuits and compensating a defendant forced to expend time and resources fending off a meritless lawsuit. This is such a case. Plaintiff filed a lawsuit over a photograph that he didn't take asking for relief that he was not entitled to – both of which he could have figured out had he performed basic legal research into the procedural and legal requirements for bringing a lawsuit for copyright infringement. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885 (9th Cir. 1996) (awarding fees to successful defendant where plaintiff did not have standing to sue for copyright infringement). "An award of fees in this case would deter other plaintiffs from bringing meritless, objectively unreasonable claims," *Goldberg v.* Cameron, 2011 WL 3515899, *6 (N.D. Cal. 2011), thereby furthering the purpose of the Copyright Act. *Maljack Prods., Inc.*, 81 F.3d at 890-91. For this and other reasons, as explained in more detail below, Indybay respectfully requests that the Court grants its motion for attorneys' fees and costs in full.

**STATEMENT OF FACTS**

This litigation stems from content posted to Indybay's website, www.indybay.org. Plaintiff alleged in both his original Complaint and his First Amended Complaint ("FAC") that unknown Doe defendants posted two allegedly defamatory articles on the Indybay website that each included a "professional photograph taken of [Plaintiff] for use on [his] website" that was allegedly taken from "[Plaintiff's] law firm's website." Decl. of Dionne Choyce In Opposition to Layer 42's Motion to Dismiss ("Choyce Decl."), ¶ 2, Dkt. 11; Complaint, ¶¶ 15, 17, 20, Dkt. 1; FAC, ¶¶ 15, 17, 20, Dkt. 26.

Plaintiff initially filed suit for copyright infringement and defamation against defendants Layer42.net, Inc. ("Layer42"), Cernio Technology Cooperative ("Cernio") and Indybay on April 23, 2013, Dkt. 1, but waited until August 23, 2013 to file a certificate of service with the court, in

which Plaintiff claims he served Layer42 with the Complaint on August 2, 2013. Dkt. 6. Plaintiff did not, at this time, serve the other two defendants in the case.

**A. Layer42's Motion To Dismiss**

On September 23, 2013, Layer42 filed a motion to dismiss the copyright claim, pointing out that Plaintiff had failed to allege in his complaint that he had registered the copyrighted work – a prerequisite to bringing a lawsuit for infringement. Dec. 2, 2013 Order at 4-5 ("Dec. 2013 Order"), Dkt. 22. While this motion was pending, Plaintiff's attorney filed a supplemental declaration in support of Plaintiff's opposition to Layer42's motion to dismiss, attaching a Certificate of Registration issued by the Copyright Office, with an effective date of registration of October 23, 2013, in which Plaintiff claimed to be the author of "Dionne Choyce Attorney Portrait," and listing as the first date of publication January 1, 2005. Dkt. 17 & Exh. A.

The Court granted Layer42's motion to dismiss the copyright claim, but generously gave Plaintiff leave to amend to allege that he had applied for a copyright registration for the work at issue. Dec. 2013 Order at 5. The Court also ordered that Plaintiff remove any request for statutory damages or attorneys' fees given it was undisputed that "Plaintiff did not possess a registered copyright – and had not even applied for a copyright registration – within three months after the time of the alleged infringement." *Id*. The Court warned that "[f]ailure to comply with this order will result in dismissal with prejudice of the federal claim." *Id.*

**B. Plaintiff Attempts To Serve Indybay**

Shortly before the Court issued its December 2013 Order, counsel for Indybay learned, from a review of the docket, that Plaintiff had attempted to serve Indybay with the complaint at an office located in San Francisco that Indybay uses as a mail drop. Knox Decl., ¶ 3. Although Indybay believed Plaintiff's attempted service was ineffective,[1] it agreed to appear if Plaintiff would agree to a 30-day extension of time to respond. *Id*. When Plaintiff's counsel would not

[1] Service was ineffective because the complaint was served at a location where Indybay does not maintain an office and was given to an individual who is in no way affiliated with Indybay. Knox Decl., ¶ 3.

agree, Indybay was compelled to request this relief from the Court, which the Court granted. Dkt. 23, 24.

**C. <u>Plaintiff's First Amended Complaint</u>**

On December 23, 2014, Plaintiff filed his FAC. Dkt. 26. Contrary to the Court's instructions, Plaintiff repeated verbatim the copyright claim the Court previously dismissed, including a request for statutory damages and attorneys' fees, but excluding any allegation of registration of the work at issue. Compare FAC, ¶¶ 20-25 with Complaint, ¶¶ 20-25. Layer42 and Indybay separately moved to dismiss Plaintiff's copyright claim with prejudice given Plaintiff's disregard for the Court's instructions. Dkt. 29, 31. Indybay also brought to the Court's attention the fact that Plaintiff had not even alleged ownership of the work at issue, and therefore did not have standing to sue. Dkt. 31 at 4-5.

In response to Layer42's motion, Plaintiff made "an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel from adding an allegation to the FAC that Plaintiff had applied for a copyright." June 2, 2014 Order at 5 ("June 2014 Order"), Dkt. 54. In an attempt to salvage his copyright claim, Plaintiff submitted a Proposed Second Amended Complaint ("PSAC") with his opposition to Layer42's motion to dismiss, in which he alleged that he had registered the copyrighted work and removed claims for statutory damages and attorneys' fees. Dkt. 37-1.

In responding to Indybay's motion to dismiss, in particular its argument that Plaintiff had not even alleged he owned the work at issue, Plaintiff made no attempt in his opposition or at oral argument to articulate facts that would give the Court any indication he actually had standing to sue. Rather, he simply recited the Copyright Act, stating "Copyright Registration is prima facie evidence of ownership." Dkt. 40 at 5-6. At oral argument, he told the Court the photograph was a work made for hire, which the Court later noted would require Plaintiff to have a "photographer" as a "regular employee rather than an independent contractor or a specially commissioned photographer" – something that was unlikely for a small law firm. June 2014 Order at 8.

EOR 157

### D. Court Dismisses Copyright Claim With Prejudice

The Court, citing among other things Plaintiff's repeated failure to provide any "explanation of how he owns the rights to the image," dismissed Plaintiff's copyright claim as to both Layer42 and Indybay, this time without leave to amend. *Id.* at 7. As the Court recognized, the FAC had to be dismissed because Plaintiff had again failed to allege he had even applied to register a copyright in the photograph, *id.* at 5, the PSAC also failed to state a claim – both because Plaintiff's registration could not constitute prima facie evidence of the validity of his copyright as a matter of law (since more than five years had elapsed between the date of first publication and registration) and because any allegation that Plaintiff authored the photograph was contradicted by his own sworn statements in the case, *id.* at 6-7 – and Plaintiff had articulated no facts justifying "a ***fourth*** opportunity" to plead his claim. *Id.* (emphasis in original). As the Court observed, the case had been pending for nearly a year and in all that time, "Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable future. Given the numerous opportunities Plaintiff had to state a claim for copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile." *Id.*

## I.

## INDYBAY SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS INCURRED IN SUCCESSFULLY DEFENDING AGAINST PLAINTIFF'S BASELESS CLAIM AND IN FURTHERANCE OF THE PURPOSES OF THE COPYRIGHT ACT

Under the cost-shifting provision of the Copyright Act, courts may award prevailing parties their full costs, including attorneys' fees. 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

Because "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement," courts must not hold a prevailing defendant to a more

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

stringent standard when considering a fee award than that applicable to a prevailing plaintiff. *Fogerty*, 510 U.S. at 527, 534-35. "[D]istrict courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). "'[E]xceptional circumstances' are not a prerequisite for an award of attorney's fees." *Id.*

"'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations [the Court] ha[s] identified.'" *Fogerty*, 510 U.S. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). Consistent with the principles set forth in *Fogerty*, the Ninth Circuit has instructed that such considerations include, but might not be limited to, the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558-59 (9th Cir. 1996). Not all of these factors need to be met for the Court to issue a fee award. Above all, the factors used to guide the Court's discretion in awarding fees in copyright cases must be "faithful to the purposes of the Copyright Act." *Id.*, 510 U.S. at 535 n.19.

Here, all relevant considerations weigh in favor of a fee award for Indybay. From the get-go, Plaintiff acted recklessly and without regard to the requirements of the Copyright Act for bringing a lawsuit for infringement. Plaintiff then neglected to follow the Court's instructions. Even when faced with the reality that he did not have standing to sue for infringement, he continued to press on, offering the argument that the photograph was a work made for hire in a cursory and inadequate fashion, hoping that the Court would allow Plaintiff an opportunity to amend yet again to allege the requisite ownership. As the Court correctly recognized, this simply was something Plaintiff never could do from the start.

**A. <u>Indybay Is Undoubtedly The "Prevailing Party"</u>**

There is no question that Indybay is the prevailing party. *Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F.3d 1027, 1030 (9th Cir. 2009) ("The term 'prevailing party … means 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.")

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

(citations omitted). Indybay successfully defended against Plaintiff's copyright claim, with the Court granting all the relief requested as to that claim and entering judgment in favor of Indybay.

As the prevailing party on a motion to dismiss with prejudice, "Defendant … is entitled to attorneys' fees." *Salinas v. Wachovia Mortgage*, 2011 WL 5513456, *2 (E.D. Cal. 2011); *see also Gilbert v. New Line Productions, Inc.*, 490 Fed. Appx. 34, 37 (9th Cir. 2012) (attorneys' fees appropriate where defendant "achieved complete success on the merits and [Plaintiff's] claims were objectively unreasonable"); *Maljack Prods., Inc.*, 81 F.3d at 890 (affirming award to defendant who "obtained total success in defending against … copyright claims" by winning summary judgment).

**B. Plaintiff's Copyright Claim Was Objectively Unreasonable And Frivolous**

From the beginning, Plaintiff lacked standing to bring a claim for copyright infringement over the work at issue – something Plaintiff, who is an attorney, could have easily figured out had he reviewed horn book copyright law. *See, e.g.*, 17 U.S.C. § 411(a) and *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010) (setting forth procedural requirement of registration); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (citing 17 U.S.C. § 501(b)) (setting forth substantive requirement that plaintiff be the legal or beneficial owner of an exclusive right in order to sue for copyright infringement). Plaintiff knew he did not take the photograph, as he admitted as much in an earlier declaration. *See* Choyce Decl., ¶ 2, Dkt. 11 ("I had a professional photograph taken of me for use on my website"). A quick review of a practice guide would have informed Plaintiff that meant he was not the author of the photograph, but he nonetheless erroneously identified himself as "author" on his copyright registration. Dkt. 17. When the error of that assertion was brought to his attention in Indybay's motion to dismiss, Plaintiff did not attempt to cure the defect but instead first attempted to rely on an argument (*i.e.*, the prima facie validity of his registration) that was untenable because his registration was untimely, and then sought to advance an argument (that the photograph was a work made for hire) for which he offered not a single shred of evidence.

Consequently, Plaintiff's copyright claim was objectively unreasonable because he should have known that his suit was unlikely to succeed. *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d

1273 (9th Cir. 2013) (affirming trial court's award of attorney's fees to defendant where plaintiffs should have known that the chances of their success were slim and legally objectively unreasonable); *Kourtis v. Cameron*, 358 F. App'x 863 (9th Cir. 2009) (finding the district court properly awarded attorneys' fees to defendant because plaintiff pursued a copyright claim for five years that was almost identical to a claim that was previously denied with no new evidentiary basis); *Gilbert*, 490 Fed. Appx. at 37 (district court did not abuse its discretion by awarding attorney fees and costs to defendant in copyright infringement action where plaintiff's legal claims were objectively unreasonable.).

Indeed, while both factual and legal unreasonableness are not required to award a prevailing defendant its fees, another factor favoring an award of fees here is that Plaintiff's copyright claim was objectively unreasonable "'both in the factual and in the legal components of the case.'" *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)). Not only did Plaintiff fail to comply with the threshold standing requirements of the Copyright Act – i.e. applying for a registration before filing suit – he also failed to put forth any evidence showing he had standing to sue, demonstrating both legal and factual objective unreasonableness.

Even giving Plaintiff the benefit of the doubt that he "may not have acted out of bad faith in initiating litigation against [Indybay], [he] at least acted unreasonably. …[Plaintiff] … continued to litigate even as [he] … turned up no evidence in support of [his] claims against [Indybay]." *Asis Internet Servs. v. Optin Global, Inc.*, 2010 WL 2035327, *4 (N.D. Cal. 2010); *accord Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 732 (7th Cir. 1996) (even if the Court finds "little indication of actual bad faith on the part of [Plaintiff], the record demonstrates quite clearly that [Plaintiff's] case against [Indybay] was objectively unreasonable, both factually and legally."). Plaintiff filed his complaint without having alleged registration of his copyright in the photo. June 2014 Order at 3. Even after he did register his copyright, he failed, once again, to make that allegation in his complaint, and in any case, did not have "any ownership interest in [the photo's] copyright." *Budget Cinema, Inc.*, 81 F.3d at 732. Despite numerous opportunities over the course of nearly a year to explain to the Court facts that could

"salvage his claim," Plaintiff failed, in both of his complaints as well as his proposed second amended complaint, to "plead a valid federal cause of action … or explain how he might [do so] at any point in the foreseeable future." June 2014 Order at 8.

Indybay should therefore be awarded its fees for defending against a claim for which Plaintiff had no standing to bring in the first place. *See, e.g.*, *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (awarding fees to defendant "since it was 'objectively unreasonable' for [plaintiff] to have maintained [certain] claims for almost three years without any evidentiary basis").

### C. A Fee Award Will Also Promote Both Compensation And Deterrence

In determining whether to award attorneys' fees, the Court also considers whether an award for defendants would "advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (affirming award of attorneys' fees for successful defense against copyright claim that was "fatally flawed from the outset" because, *inter alia*, plaintiff "did not hold the copyrights at issue"); *Maljack Prods.*, 81 F.3d at 890 ("We consider that an award of fees may deter baseless suits."); *Stern v. Does*, 978 F. Supp. 2d 1031, 1052 (C.D. Cal. 2011) (awarding fees to defendant in order to discourage "frivolous lawsuits," particularly where such award "would not erode the value of copyright protection").

Awarding attorneys' fees to Indybay in this case would "advance[] the interests of compensation to the extent that [it has been] forced to defend itself against groundless claims." *Asis Internet Servs.*, 2010 WL 2035327 at *4. "[A]n award of reasonable attorneys' fees is [also] appropriate and [should be] granted" to deter this Plaintiff, and other would-be plaintiffs, from instituting claims that are unreasonable and not "well-grounded in fact and law" for the purpose of "stifling … criticism." *Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362, 1368 (E.D. Va. 1995). By deterring such lawsuits and compensating defendants who successfully litigate against them, such an award "vindicat[es] the overriding purpose of the Copyright Act" by continuing to encourage the production of original works and the hosting of websites where such works may be posted. *Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 122-24 (1st Cir. 2007) (reversing district court's denial of award of attorneys' fees where plaintiff "must have known early on that

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

its infringement claim was tenuous, yet it managed to prolong the litigation by obscuring the clarity of the underlying facts," because "'[d]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement'") (quoting *Fogerty*, 510 U.S. at 527)) (additional quotations and citations omitted).

In this case, there is the additional factor that "[d]efendants were forced to defend against plaintiff's claims even after pointing out the fatal flaws from which h[is] lawsuit suffered." *Scott v. Meyer*, 2010 WL 2569286, *3 (C.D. Cal. 2010). Not only was "Plaintiff's lawsuit … objectively unreasonable," *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, *4 (C.D. Cal. 2013), but "Plaintiff was a sophisticated party," and thus compensation is necessary for the dual purpose of both "[d]eterring non-meritorious lawsuits … and compensating parties that must defend themselves against meritless claims" both of which are "laudable ends." *Scott*, 2010 WL 2569286, *3. In short, "there is reason for an award of costs and fees so as to deter this Plaintiff, and other similarly situated plaintiffs, from instituting claims void of facts supporting them and litigating without adequate research based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose." *Lexar Homes, Inc. v. Port*, 2013 WL 6498293 (E.D. Wash. 2013) (*citing Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2011)); *accord Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002) ("An award in this case will deter would-be plaintiffs from bringing equally meritless lawsuits against other artists. Awarding attorney fees against a party without an objectively reasonable claim will send a message that such plaintiffs, in the hopes of achieving a settlement, should not force other songwriters to unnecessarily spend hundreds of thousands of dollars to defend themselves.).

## II.

## THE AMOUNT OF ATTORNEYS' FEES BEING SOUGHT IS REASONABLE

All fees reasonably incurred in defending against a copyright claim are recoverable by a party entitled to an attorneys' fees award. *Entertainment Research Group*, 122 F.3d at 1230. The lodestar method – multiplying the number of hours reasonably expended by the reasonable hourly

rate – is the approach used for setting fees under a federal fee-shifting statute such as § 505 of the Copyright Act. *See, e.g.*, *Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir. 2013) (affirming use of lodestar method in copyright cases); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence."). "The resulting figure is presumptively reasonable." *Ryan v. Editions Ltd. W., Inc.*, 2012 WL 6599798 (N.D. Cal. 2012). This formulation applies even where, as here, the attorneys seeking fees charged nothing for their services. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886 (1984) (litigant represented by legal aid society entitled to attorney fee award under 42 U.S.C. § 1988). As the Ninth Circuit has held, "[a]n award of attorneys' fees under the [Copyright Act] is not to be denied because counsel provided its legal representation without charge." *Dennis v. Chang*, 611 F.2d 1302, 1305 n.4 (9th Cir. 1980).

To establish a "presumptively reasonable" lodestar figure, the party seeking fees should provide (1) billing summaries, (2) counsel's hourly rate, and (3) evidence that the rate is reasonable for an attorney of like skill and experience. *Discovery Commn'cs v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001). Once this figure is determined, the lodestar may then be adjusted upward or downward by the court based on relevant factors. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (internal citations omitted).

The relevant factors guiding the Court's award of attorney's fees include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Doran v. Corte Madera Inn Best W.*, 360 F. Supp. 2d 1057, 1060-61 (N.D. Cal. 2005) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)).

In this case, the lodestar figure through judgment on just the copyright claim was $26,002for the following tasks:

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

| TASK | TIMEKEEPER | HOURS | FEES |
|---|---|---|---|
| Motion to Dismiss Copyright Claim | Roger Myers, Partner: | 19.4 | $10,561.00 |
| | Leila Knox, Associate: | 24.0 | $10,320.00 |
| | | 1.7 | $561.00 |
| | Katherine Harrison, Associate: | 1.6 | $432.00 |
| | | | ($21,874) |
| | Joel Rayala, Paralegal: | | |
| Hearing | Leila Knox, Associate: | 9.6 | $4,128.00 |
| **Totals:** | | **Hours: 56.3** | **Fees: $26,002** |

As reflected in the billing records submitted with this motion, none of these fees overlap those expended in connection with the anti-SLAPP motion. Knox Decl., ¶ 5 & Exhs. A & B. Nor do they reflect the full extent of fees to which Indybay is entitled. For example, Indybay does not seek fees relating to the ineffective service of the complaint or tasks related to submitting the proposed order of judgment to the court following the June 2014 Order. Knox Decl., ¶ 10.

Indybay also should be awarded fees for this motion. *In re Nucorp Energy*, 764 F.2d 655, 660 (9th Cir. 1985) ("statutory fee award provisions should be read as authorizing compensation for time spent litigating fee awards"). Through the filing of this motion, Indybay's fees for seeking fees were $16,700. Knox Decl., ¶ 7 & Exh. B.

### A. Counsel for Indybay Expended A Reasonable Number Of Hours

Plaintiff could have cut his losses and avoided attorneys' fees for Indybay's defense of the copyright claim by dropping that cause of action altogether following the Court's December 2013 Order, which was clear in its directive that Plaintiff only return to the Court under certain circumstances. December 2014 Order at 5-6, 16-17. Yet Plaintiff forced Indybay to jump into this case and defend against the unreasonable copyright claim, thereby necessitating attorney time and effort to conduct the appropriate research and prepare Indybay's motion to dismiss. Knox Decl., ¶ 7.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

EOR 165

**B. Counsel Are Skilled Copyright Litigators Who Understood The Nature And Quantity Of Work Necessary To Effectively Defend Against Plaintiff's Claim**

Indybay's counsel regularly defends publications, authors and others that are frequently the target of copyright infringement claims. Mr. Myers has practiced media and copyright law for nearly 25 years, has been named a Super Lawyer and one of the Leading Lawyers in Media Law by Chambers & Partners, has taught media law, and has received awards for his representation of free speech rights. Myers Decl., ¶ 2. Mr. Myers has successfully defended numerous copyright infringement lawsuits against media and other clients, including *Shepard v. Miler*, January 12, 2012 Order, No. Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012) (granting motion for summary judgment for book publisher and author after plaintiff failed to oppose same in connection with copyright claim); *Identity Arts v. Best Buy Enter. Serv., Inc.*, 2007 U.S. Dist. LEXIS 32060 (N.D. Cal. April 18, 2007) (granting motion for judgment on the pleadings for lack of substantial similarity); and *Morgenstein v. ABC, Inc.*, 27 Media L. Rep. 1350, 1998 U.S. Dist. LEXIS 14994 (N.D. Cal. Sept. 11, 1998) (granting motion to dismiss on fair use grounds). Myers Decl., ¶ 3.

Ms. Knox has practiced media and intellectual property law for the past seven years, including working with Mr. Myers on the *Shepard* copyright case, among others. Knox Decl., ¶ 11. Ms. Knox has been named a Rising Star by Super Lawyers magazine in First Amendment law. *Id*. Ms. Mar is a first-year attorney who works with Mr. Myers, Ms. Knox and others in Bryan Cave's IP practice group on various media matters. Knox Decl., ¶ 12. Likewise, Ms. Harrison is a second-year attorney who worked with Mr. Myers and Ms. Knox on various media law and IP matters before departing Bryan Cave in June. *Id.* Based on all of this experience, Indybay's counsel was well-positioned to quickly dispose of the copyright infringement claim, and ultimately succeeded in persuading the Court to do so.

**C. Defense Counsel's Rates Are Reasonable**

The hourly rates of the defense team are reasonable. Namely, Mr. Myers' rate is $545, Ms. Knox's rate is $430;[2] Ms. Mar's rate is $355; Ms. Harrison's rate was $330; paralegal Joel

[2] This was Ms. Knox's standard rate in 2013. Even though it was raised to $480 in 2014, for purposes of this motion, Indybay is only requesting fees at the 2013 rate of $430 per hour.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

Case: 14-17318, 01/30/2015, ID: 9402596, DktEntry: 18-1, Page 172 of 234

Rayala's rate is $270; and paralegal Yvonne Herron's rate is $ 250. Knox Decl., ¶ 13; Myers Decl., ¶ 4. In 2013, Mr. Myers' hourly rate was $525. Myers Decl., ¶ 4. These numbers are comparable to rates charged by attorneys in the San Francisco region. Knox Decl., ¶14; Myers Decl., ¶ 4; *Rosenfeld v. United States DOJ*, 904 F. Supp. 2d 988, 1001-02 (N.D. Cal. 2012) ($550 per hour was reasonable for San Francisco attorney representing plaintiff in successful Freedom of Information Act case; in general, a California attorney with 21 years of experience could command between $495 and $785 per hour, and an attorney with 28 years of experience could command between $640 and $875 per hour); *Goldberg v. Cameron*, 2011 WL 3515899, *7 (N.D. Cal. 2011) (in finding plaintiff's copyright infringement claims objectively unreasonable and awarding fees to prevailing defendants, court found that hourly rates ranging from $275 to $550, including the increases in hourly rates during the course of the case, were reasonable for defense of a copyright infringement action in California; the court also noted that hourly rates in the $600-$900 range were not uncommon in California for attorneys specializing in intellectual property litigation). Also in 2012, first-year associates in California were typically billed at between $225-395 per hour, and an attorney with upwards of ten years of experience could command as much as $600 per hour. *Rosenfeld*, 904 F. Supp. 2d at 1002. Given this authority, it is undisputed that for the San Francisco legal market, counsel's rates are well below market and therefore reasonable.

**D. <u>Courts Have Awarded Comparable Fees In Similar Copyright Cases</u>**

Courts in this circuit have recently awarded fees in similar or greater amounts in copyright infringement cases. *DuckHole, Inc.*, 2013 WL 5797204, *6 (awarding $65,781 in attorneys' fees to defendants for copyright infringement case after court granted motion to dismiss); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (affirming district court's award of $162,175.04 after granting summary judgment). Similarly, a district court in New York recently awarded $84,375 in attorneys' fees plus costs to defendants in a copyright infringement case who prevailed at the motion to dismiss stage. *Pyatt v. Raymond*, 2012 WL 1668248, *8 (S.D.N.Y. 2012) (awarding $84,375 total in attorneys' fees to prevailing defendants prevailing on motion to dismiss copyright claim, $28,125 to each set of three defendants).

### E. Indybay Should Also Be Awarded Its "Full Costs"

The Copyright Act provides courts with discretion to award parties their full costs. 17 U.S.C. § 505. Costs recoverable under the Copyright Act go beyond the categories of taxable costs set forth in 28 U.S.C. § 1920. *Twentieth Century Fox Film Corp. v. Entertainment Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) ("[T]here can be no other import to the phrase 'full costs' within § 505. Construing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word 'full' out of the statute. ... Thus, we hold that district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505."). Reasonable costs and expenses are those that "would normally be charged to a fee paying client." *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).

Indybay respectfully requests $824.11 in costs, which include the cost of photocopies, postage, printing, travel costs, courier charges, PACER charges and Westlaw research. Knox Decl., ¶ 8; Exh. D; *Lexar Homes, Inc.*, 2013 WL 6498293, *8 (awarding $1,447.70 in costs to successful defendants for photocopies, legal research, travel, process service fees, transcript fees, and postage); *Pyatt v. Raymond*, 2012 WL 1668248 (S.D.N.Y. 2012) (awarding a total of $2,785 in costs to three groups of defendants defeating copyright claim at motion to dismiss stage).

## CONCLUSION

For all these reasons, Indybay respectfully requests that the Court grants its motion for attorneys' fees and costs in the amount requested and any additional amount required for a reply brief and/or hearing on this motion.

Dated: July 2, 2014

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/
Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DIONNE CHOYCE

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

CASE NO. CV-13-1842-JST

**DECLARATION OF LEILA KNOX IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505**

I, Leila Knox, declare:

1. I am an attorney duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California and am an associate with the law firm Bryan Cave LLP, attorneys for defendants SF Bay Area Independent Media Center ("Indybay"). I make this declaration of my own personal knowledge, including my knowledge of the firm's files

relating to this action. If called as a witness, I could and would testify competently to the facts stated herein.

**INDYBAY'S EFFORTS TO MEET AND CONFER ON FEES AND COSTS**

2. Prior to filing this motion, as required under Local Rule 54-5(b), I contacted counsel for Plaintiff, Dow Patten, to meet and confer regarding attorneys' fees and costs so as to avoid the necessity of filing this motion. Following two attempts to reach Mr. Patten by phone on Thursday, June 26, and Friday, June 27, 2014, I emailed Mr. Patten the following Monday, June 30, to discuss the possibility of stipulating to attorneys' fees. Mr. Patten at first indicated that his client was willing to stipulate to attorneys' fees, and I therefore prepared a draft stipulation and proposed order, which I emailed to Mr. Patten and his partner, Spencer Smith, first thing on Tuesday, July 1. Mr. Patten thereafter indicated that he had misread my email and requested further information regarding the fees and costs that Indybay was requesting. I told Mr. Patten, by email, that he could come by our offices in San Francisco to review the billing summaries showing the time spent on the copyright portion of this matter. After a request from Mr. Smith that I email the billing summaries, I called opposing counsel to find out if Plaintiff was, in principle at least, willing to stipulate to fees. Even though Mr. Patten was unwilling to give me this assurance, I nonetheless emailed opposing counsel a summary of fees and costs on Tuesday afternoon in an attempt to avoid motion practice. I heard nothing further from Plaintiff's counsel regarding the potential for stipulating to fees and costs, and therefore filed this motion.

**PLAINTIFF'S ATTEMPTED SERVICE OF THE COMPLAINT ON INDYBAY**

3. Indybay appeared in this case following Plaintiff's attempt to serve Indybay late last year. According to the docket in the above-captioned action, the original Complaint was filed in the Northern District on April 23, 2013; however, it was not until nearly seven months later – on November 14, 2013 – that I became aware that Plaintiff Dionne Choyce ("Plaintiff") had attempted to serve Indybay. On that date, I checked the docket and noticed that a proof of service had been filed that same day claiming that Indybay had been served with service of process on October 31, 2013. I believed that this attempted service was ineffective, primarily because the complaint was delivered to an address where Indybay maintains only a mail drop, but no offices, and was left with an individual who was not affiliated with Indybay and was not authorized to

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

accept service on its behalf. But in the spirit of cooperation, I attempted to work with opposing counsel to appear in the case and answer the Complaint. However, after several attempts to come to an agreement with opposing counsel for a 30-day extension of time to answer the complaint, Indybay was forced to seek the same relief from the Court, which it granted.

**INDYBAY'S MOTION TO DISMISS THE COPYRIGHT CLAIM**

4. I filed on behalf of my client a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and a Special Motion to Strike Plaintiff's State Law Causes of Action pursuant to California Code of Civil Procedure § 425.16. On June 2, 2014, the court granted Indybay's motion to dismiss as to the copyright claim, and entered its judgment with respect to the same on June 18, 2014. Dkt. 54, 58.

5. The time my colleagues and I spent defending against Plaintiff's copyright claim and in preparing the instant fee motion through the end of June 2014 is set forth in the spreadsheets attached hereto as Exhibits A, B and C. Indybay is seeking fees for preparation of the motion to dismiss the copyright claim; time spent preparing for and attending the hearing on the motion; and time spent on this fees motion.

6. Because this case was taken on a pro bono basis, invoices were not prepared and sent to the client for payment. However, each timekeeper who worked on this matter recorded his or her time in the firm's timekeeping database, from which the spreadsheet summarizing the reasonable hours spent is extracted. Since Indybay is only seeking fees related to its successful defense of the copyright claim, as well as fees for bringing this motion, Exhibits A and B reflect only time spent on those aspects of the case.

**FEES AND COSTS SUMMARY**

7. The following shows the breakdown of time spent by each timekeeper on each of the three categories for which Indybay is seeking fees, and as described in more detail in Exhibits A, B and C:

///

///

///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

| **TASK** | **TIMEKEEPER** | **HOURS** | **FEES** |
|---|---|---|---|
| Motion to Dismiss Copyright Claim | Roger Myers, Partner: | 19.4 | $10,561.00 |
| | Leila Knox, Associate: | 24.0 | $10,320.00 |
| | Katherine Harrison, Associate: | 1.7 | $561.00 |
| | Joel Rayala, Paralegal: | 1.6 | $432.00 |
| | | | ($21,874) |
| Hearing | Leila Knox, Associate: | 9.6 | $4,128.00 |
| Fees | Roger Myers, Partner: | 5.0 | $1,253.50 |
| | Leila Knox, Associate: | 19.1 | $8,213.00 |
| | Jessica Mar, Associate: | 17.7 | $6,283.50 |
| | Yvonne Herron, Paralegal: | 3.8 | $950.00 |
| | | | ($16,700) |
| **Totals:** | | **Hours: 99.2** | **Fees: $ 42,702** |

8. In addition, Indybay is seeking reimbursement of $824.11 in costs for copies and PDFs, postage, printing, courier services, computerized legal research, PACER fees and travel in connection with defense of the copyright claim, as described in the spreadsheet attached as Exhibit D.

9. For this declaration, I reviewed the time records for accuracy, reasonableness and the exercise of billing judgment. I believe all of the time reflected in these records is accurate and reasonably related to the defense against Plaintiff's copyright claim and establishing Indybay's entitlement to fees and costs under 17 U.S.C. § 505.

10. Indybay is not seeking all fees to which it may be entitled. For example, Indybay is not seeking fees relating to the service dispute described above in Paragraph 2, which consumed at least 10 hours of attorney time and reflects a total of $4,300 in fees that Indybay could seek to recover. Likewise, following the Court's June 2, 2014 Order granting Indybay's motion to dismiss the copyright claim, a total of 5.6 hours of attorney time and $4,325 in fees was spent drafting and circulating the proposed order of judgment to the other parties in this case, as well as

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

performing other tasks related to the issuance of the Court's Order, none of which Indybay seeks fees. Furthermore, Indybay is not requesting fees for time spent by Mr. Myers in connection with preparation for the motion for attorneys' fees.

11.    I have practiced media and intellectual property law since graduating from UC Hastings College of the Law in 2006.  I hold a B.A. in technical journalism, with minors in sociology and political science, from Colorado State University.  I have been named a Rising Star by Super Lawyers magazine in First Amendment law from 2010-2014.  Prior to this case, I worked on several other copyright matters, including successfully defending a book publisher and author against a copyright infringement claim in *Shepard v. Miler*, January 12, 2012 Order, No. Civ. 2:10-1863 WBS JFM (E.D. Cal. 2012), together with Roger Myers.

12.    Jessica Mar is a first-year attorney and graduate of UC Berkeley School of Law who works with me and others in Bryan Cave's IP practice group on various media matters. Katherine Harrison practiced in Bryan Cave's IP group for two years following her graduation from UC Irvine School of Law before she departed the firm earlier this month.

13.    The amounts listed on the chart and records included in Exhibits B, C and D are calculated from rates that are much lower than what attorneys of comparable experience in larger firms charge, especially in intellectual property litigation.  My regular rate is currently $480 per hour, and in 2013 it was $430 per hour.  However, for purposes of this fees motion, Indybay is only requesting an hourly rate of $430 for work done by me in both 2013 and 2014.  Ms. Mar's current hourly rate is $355 (she did not work on this matter in 2013).  Ms. Harrison's hourly rate in 2013 was $330 (Indybay is not requesting fees related to work she did on this matter in 2014, since the bulk of that work was in connection with the defamation claim).  Yvonne Herron, one of the two paralegals who worked on this case, is currently billed at $250 per hour, and the other paralegal, Joel Rayala, is billed at $270 per hour.  Indybay is not seeking fees for either paralegal for any work done on this matter in 2013.

///

///

///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

Case: 14-17318, 01/20/2015, ID: 9389961, DktEntry: 18-1, Page 179 of 234
Case3:13-cv-01842-JST Document96 Filed07/02/14 Page6 of 8

14. Based on my knowledge of hourly rates charged by comparably sized firms in San Francisco, the rates described in Paragraph 13 are reasonable for attorneys with similar skills and experience.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 2, 2014

/s/
Leila Knox

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

6
DECL. OF LEILA KNOX IN SUPPORT OF MOT. FOR AWARD OF ATTY FEES Case No. CV-13-1842-JST
205419.2
EOR 174

# EXHIBIT A

**FEES INCURRED PREPARING MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 12/09/13 | Leila C. Knox | 0.6 | 430 | 258 | Begin drafting motion to dismiss |
| 12/12/13 | Leila C. Knox | 0.2 | 430 | 86 | Email with R.R. Myers regarding briefing scheduling. |
| 12/13/13 | Leila C. Knox | 0.6 | 430 | 258 | Continue drafting motion to dismiss. |
| 12/16/13 | Leila C. Knox | 1 | 430 | 430 | Continue drafting motion to dismiss. |
| 12/17/13 | Leila C. Knox | 0.7 | 430 | 301 | Continue drafting motion to dismiss. |
| 12/18/13 | Leila C. Knox | 2 | 430 | 860 | Continue drafting motion to dismiss plaintiff's complaint; phone call and emails with R.R. Myers regarding same. |
| 12/27/13 | Roger R. Myers | 0.3 | 525 | 157.5 | Review first amended complaint and compare to court ruling on Layer42 motion to dismiss; review L. Knox draft MPA in support of motion to dismiss; analyze and outline issues; telephone conference with L. Knox re same, status and strategy in light of amended complaint. |
| 12/28/13 | Roger R. Myers | 0.3 | 525 | 157.5 | Revising MPA in support of motion to dismiss. |
| 12/30/13 | therine M. Harris | 1.7 | 330 | 561 | Locate cases providing that an individual must be the copyright owner in order to sue for copyright infringement. |
| 12/30/13 | Leila C. Knox | 1.4 | 430 | 602 | Research copyright ownership requirement for filing complaint; incorporate findings into brief. |
| 01/06/14 | Leila C. Knox | 2.10 | 430 | 903.00 | Research copyright, cases relevant to motion to dismiss; review R.R. Meyers' draft of introduction, briefing on motion to dismiss. |
| 01/06/14 | Roger R. Myers | 1.50 | 545 | 817.50 | Research for and revising motions to dismiss; email and conference with L. Knox re same and supporting papers. |
| 01/07/14 | Roger R. Myers | 1.30 | 545 | 708.50 | Research for and revising motions to dismiss; instruct L. Knox re additional research for same; review L. Knox research and conference with L. Knox re same. |

**FEES INCURRED PREPARING MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 01/07/14 | Leila C. Knox | 1.4 | 430 | 602 | Research regarding ownership of copyright and dismissal of claims; emails with R.R. Myers regarding same; further editing of brief in prepration for filing. |
| 01/08/14 | Joel R. Rayala | 0.8 | 270 | 216 | Review and verify cases cited in notice of motions and motions of defendant to dismiss plaintiff's first amended complaint. |
| 01/08/14 | Leila C. Knox | 1.40 | 430 | 602.00 | Office conference and emails with R.R. Myers regarding brief; review and edit MPA, proposed order; review local rules. |
| 01/09/14 | Roger R. Myers | 1.10 | 545 | 599.50 | Revise and edit Motion, MPA; final edits of Motion, MPA, and Proposed Order. |
| 01/09/14 | Leila C. Knox | 1.10 | 430 | 473.00 | Finalize, motion to dismiss and supporting papers for filing; instruct assistant regarding filing of motions; review standing orders, local rules regarding courtesy copies; instruct assistant regarding same. |
| 01/20/14 | Leila C. Knox | 0.5 | 430 | 215 | Review previous statement filed by plaintiff; find and print cases cited in opening brief; instruct assistant regarding same. |
| 01/23/14 | Roger R. Myers | 0.9 | 545 | 490.5 | email exchange with J. Righettini re plaintiff's copyright registration and research re same (.80); review plaintiff's opposition to Indybay motions to dismiss (.10). |
| 01/23/14 | Leila C. Knox | 0.7 | 430 | 301 | Begin drafting reply to opposition to motion to dismiss; review copyright cases pertaining to works for hire, requirements related to same. |
| 01/24/14 | Roger R. Myers | 2 | 545 | 1090 | Research re copyright claim; email exchange with J. Righettini and L. Knox re same; conference with L. Knox re reply for motion to dismiss copyright claim. |
| 01/25/14 | Roger R. Myers | 4 | 545 | 2180 | Review L. Knox draft section for reply re copyright claim; review cited cases and additional research re same; email exchange |

## FEES INCURRED PREPARING MOTION TO DISMISS

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| | | | | | with L. Knox and J. Righettini re same and research. |
| 01/25/14 | Leila C. Knox | 2 | 430 | 860 | Review copyright cases; further drafting of reply to oppsition; phone call with R.R. Myers regarding further briefing, strategy. |
| 01/26/14 | Leila C. Knox | 1.3 | 430 | 559 | Continue drafting reply to opposition to motion to dismiss. |
| 01/27/14 | Leila C. Knox | 2.50 | 430 | 1,075.00 | Continue drafting reply to opposition to motion to dismiss; office conference with R.R. Myers regarding same |
| 01/27/14 | Roger R. Myers | 5 | 545 | 2725 | Legal and factual research re plaintiff's photograph and registration; revise section of reply re copyright claim (5.0). |
| 01/28/14 | Leila C. Knox | 2 | 430 | 860 | Continue drafting reply to opposition to motion to dismiss; further research regarding copyright. |
| 01/30/14 | Leila C. Knox | 2.50 | 430 | 1,075.00 | Final preparations, proofing for filing; instruct assistant regarding same. |
| 01/30/14 | Roger R. Myers | 3.00 | 545 | 1,635.00 | Draft introduction to reply; revise and edit reply; final edit and prepare filing. |
| 01/30/14 | Joel R. Rayala | 0.8 | 270 | 216 | Review and verify cases facts cited in reply in support of defendant's motion to dismiss first amended complaint. |
| | **TOTALS** | **46.7** | | **$21,874.00** | |

# EXHIBIT B

**EXHIBIT B**

**FEES INCURRED RELATED TO HEARING ON MOTION TO DISMISS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 03/04/14 | Leila C. Knox | 1 | 430 | 430 | Review cases in preparation for hearing on motion to dismiss. |
| 03/11/14 | Leila C. Knox | 1.1 | 430 | 473 | Prepare for hearing on motion to dismiss. |
| 03/13/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/19/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss. |
| 03/20/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/21/14 | Leila C. Knox | 0.5 | 430 | 215 | Prepare for hearing on motion to dismiss. |
| 03/23/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss in connection with copyright claim. |
| 03/25/14 | Leila C. Knox | 2 | 430 | 860 | Prepare for hearing on motion to dismiss; moot court with J.E. Mar, R.R. Myers, K.M. Harrison; further preparation for same. |
| | **TOTALS** | **9.6** | | **$4,128.00** | |

# EXHIBIT C

EXHIBIT C

**FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/10/2014 | Jessica E. Mar | 0.50 | 355 | 177.50 | Conference with L.C. Knox regarding research for points and authorities in support of motion for attorneys' fees (.2); research for same (.3). |
| 6/11/2014 | Jessica E. Mar | 2.10 | 355 | 745.50 | Edit memorandum of points and authorities in support of motion for award of attorney's fees; legal research for same. |
| 6/11/2014 | Roger R. Myers | 0.30 | 545 | 163.50 | Review update re attorneys' fees motion, MPA and evidence in support; email to L. Knox re same. |
| 6/16/2014 | Jessica E. Mar | 2.90 | 355 | 1029.50 | Case law research for motion for attorneys' fees; Conference with L.C. Knox regarding same. |
| 6/17/2014 | Jessica E. Mar | 3.70 | 355 | 1313.50 | Revise and edit motion for attorneys' fees; legal research for same. |
| 6/20/2014 | Jessica E. Mar | 0.60 | 355 | 213.00 | Draft declaration of R. Myers in support of motion for attorneys' fees. |
| 6/20/2014 | Leila C. Knox | 2.00 | 430 | 860.00 | Further editing to brief in support of motion for attorneys' fees. |
| 6/23/2014 | Jessica E. Mar | 2.10 | 355 | 745.50 | Draft declarations for R. Myers and L. Knox in support of motion for attorney fees. |
| 6/23/2014 | Jessica E. Mar | 0.70 | 355 | 248.50 | Conference with R.R.Myers and L.C. Knox regarding motion for attorney fees and cots on copyright claim. |
| 6/23/2014 | Leila C. Knox | 5 | 430 | 2,150.00 | Review R.R. Myers edits to draft motion for attorneys' fees; office conference with R.R. Myers regarding same; research regarding declarations, billing records; review L.C. Knox and R.R. Myers' declarations; review and compile billing records; further drafting and editing to MPA. |
| 6/23/2014 | Roger R. Myers | 2 | 545 | 1,090.00 | Review and revise draft MPA in support of fee motion; edit redline and email same to L. Knox and J. Mar; meeting with L. Knox and J. Mar to discuss same; review follow up research from both with L. Knox and J. Mar for MPA. |

EXHIBIT C

**FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/24/2014 | Leila C. Knox | 6 | 430 | 2,580.00 | Continue drafting motion for attorneys' fees; revise declarations; instruct paralegal regarding billing records; office conference with J.E. Mar regarding additional research on fees motions; review local rules regarding motion practice, motions for attorneys' fees; review attorneys' fees totals; emails with R.R. Myers regarding same. |
| 6/24/2014 | Jessica E. Mar | 0.7 | 355 | 248.5 | Prepare fees and time summary for motion for attorney fees motion. |
| 6/24/2014 | Jessica E. Mar | 0.7 | 355 | 248.5 | Legal research for motion for attorneys' fees. |
| 6/24/2014 | Jessica E. Mar | 0.3 | 355 | 106.5 | Legal research for motion for attorney fees. |
| 6/24/2014 | Yvonne C. Herron | 1.9 | 250 | 475 | Prepare spreadsheet of costs, breaking costs down into categories to be used as an exhibit to the Declaration of Leila Knox in support of Motion for Award of Attorney Fee's. |
| 6/25/2014 | Leila C. Knox | 3.8 | 430 | 1,634.00 | Continue drafting and editing memorandum for motion on attorneys' fees; revise and edit declarations in support of same; emails with J.E. Mar, R.R. Myers regarding memorandum, declarations; instruct Y. Herron regarding calculations of costs and fees. |
| 6/26/2014 | Jessica E. Mar | 0.8 | 355 | 284 | Draft proposed order awarding attorneys' fees and costs. |
| 6/26/2014 | Leila C. Knox | 2.3 | 430 | 989.00 | Office conference with J.E. Mar, Y. Herron regarding fees totals; emails with R.R. Myers regarding same; instruct Y. Herron regarding same; continue editing, revising draft MPA and declarations on fees motion; attempt to reach opposing counsel to meet and confer regarding motion for attorneys' fees; further office conference with and instruction to J.E. Mar regarding fees. |
| 6/26/2014 | Yvonne C. Herron | 1.9 | 250 | 475 | Update costs spreadsheet. |
| 6/27/2014 | Jessica E. Mar | 2.4 | 355 | 852 | Review itemized costs records, remove costs not associate with copyright claim to prepare exhibit for memorandum of costs. |

EXHIBIT C

**FEES INCURRED PREPARING MOTION FOR ATTORNEY FEES AND COSTS**

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 6/27/2014 | Jessica E. Mar | 0.2 | 355 | 71 | Conference with L.C. Knox regarding updates to memorandum of costs for exhibit to include for motion for attorney fees. |
| | **TOTALS** | **42.9** | | **$16,700.00** | |

# EXHIBIT D

## EXHIBIT D

## COSTS

| | |
|---|---|
| Courier Fees: | $ 51.98 |
| Pacer Fees: | $ 24.87 |
| Postage Fees: | 2.46 |
| Printing Fees: | $ 65.40 |
| Transcript: | $ 18.90 |
| Travel Fees: | $ 27.00 |
| Westlaw Research: | $ 633.50 |
| **TOTAL:** | **$ 824.11** |

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Jessica Mar (CA State Bar No. 293304)
jessica.mar@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

FILED
JUN 18 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

Case No. CV-13-1842-JST

**~~[PROPOSED]~~ ORDER OF JUDGMENT**

In accordance with this Court's Order entered June 2, 2014, the Court hereby orders, adjudges and decrees as follows:

1. The Court GRANTS with prejudice the motions of Defendants SF Bay Area Independent Media Center ("Indybay") and Layer42.net, Inc. ("Layer42") (collectively, "Defendants") to dismiss Plaintiff Dionne Choyce's copyright infringement claim under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's first cause of action for copyright infringement is hereby DISMISSED with prejudice.

2. In light of the dismissal of Plaintiff's federal copyright claim, the Court will not exercise supplemental jurisdiction over the remaining defamation and libel claims in this action, and on those grounds DISMISSES all state law claims without prejudice to refiling those claims in state court.

3. Given the dismissal of Plaintiff's state law claims, the Court does not reach and therefore DENIES Defendants' Rule 12(b)(6) motions to dismiss Plaintiff's second cause of action for defamation and their motions to strike that claim under the anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. Dismissal of Defendants' motions to dismiss the defamation claim and anti-SLAPP motions to strike that claim is without prejudice to bringing such motions in any state court proceeding.

IT IS SO ORDERED, ADJUDGED AND DECREED

Date: 6/18/14

The Honorable Jon S. Tigar
United States District Judge

**APPROVED AS TO FORM**

Dated: June 17, 2014

**SMITH PATTEN**
Dow Patten

By: /s/
Dow Patten

Attorneys for Plaintiff
DIONNE CHOYCE

Dated: June 17, 2014

**CASAS RILEY & SIMONIAN, LLP**
Daniel L. Casas

By: /s/
Daniel L. Casas

Attorneys for Defendant
LAYER42.NET, INC.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

Case: 14-17318, 12/22/2014, ID: 9359658, DktEntry: 18-1, Page 194 of 234
Case3:13-cv-01842-JST Document66 Filed06/18/14 Page3 of 3

Dated: June 17, 2014

**BRYAN CAVE LLP**
Leila Knox

By: /s/
Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

**ATTESTATION REGARDING AUTHORIZATION**

The undersigned filing party attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 17, 2014

**BRYAN CAVE LLP**
Leila Knox

By: /s/
Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

SF01DOCS\201225.2
3
~~[PROPOSED]~~ ORDER RE MOTIONS TO DISMISS AND MOTIONS TO STRIKE CASE NO. CV-13-1842-JST

EOR 189

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE, Plaintiff, v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al., Defendants. | Case No. 13-cv-01842-JST<br>**ORDER GRANTING IN PART AND DENYING PART MOTIONS TO DISMISS, DENYING ANTI-SLAPP MOTIONS WITHOUT PREJUDICE**<br>Re: ECF Nos. 29, 30 |

## I. INTRODUCTION

Plaintiff Dionne Choyce ("Plaintiff") has brought a cause of action for copyright infringement under the federal Copyright Act, 17 U.S.C. § 101, *et seq*., and state-law causes of action for defamation and libel. First Amended Complaint ("FAC"), ECF No. 26. Before the Court are two separate motions by two Defendants: SF Bay Area Independent Media Center ("Indybay") and Layer42.net, Inc. ("Layer42") (collectively, the "Moving Defendants"). In both motions, the Moving Defendants move the Court to dismiss all claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and separately move the Court to specially strike the state-law claims pursuant to California's Anti-SLAPP ("Strategic Lawsuit Against Political Participation") statute, Cal. Code Civ. Proc. § 425.16. The matter came for hearing on March 27, 2014.

## II. BACKGROUND

### A. Factual Background[1]

Plaintiff Dionne Choyce is a lawyer at The Choyce Law Firm. FAC ¶ 6. Defendant SF Bay Area Independent Media Center ("Indybay") operates an independent media website, indybay.org ("Indybay"), in the County of San Francisco. FAC ¶ 7. Defendant Layer42, a California corporation, provides internet connectivity, hosting, and infrastructure to Indybay "in furtherance of" the Indybay website. FAC ¶ 8. Defendant Cernio Technology Cooperation ("Cernio"), an unincorporated association operating in Santa Rosa, California, provides similar services as co-defendant Layer42 "in furtherance of" the Indybay website. FAC ¶ 9.

Plaintiff alleges that, on or around April 25, 2012, unknown Doe Defendants posted a webpage on Indybay with the title "Attorney Dionne choyce who embezzled from homeless may serve prison time." FAC ¶ 16. Within this webpage, Defendants or persons associated with Defendants included a graphic image of Plaintiff entitled "dionne_choyce.jpg," which was taken from his firm's website. FAC ¶ 17. The postings contained additional content indicting that Plaintiff was being prosecuted by the U.S. Department of Justice. FAC ¶ 18.

On or around May 24, 2012, other Doe Defendants posted another webpage on Indybay with the title "The Choyce Law Firm evicted from building." FAC ¶ 19. This webpage used the same graphic image as used in the prior webpage. FAC ¶ 20. The May 24 content claimed that Plaintiff's firm was being evicted from its office for failure to pay two months of rent, and also indicated that the firm's landlord was acting in part in response to Plaintiff's "embezzlement."

---

[1] On a motion to dismiss, the Court generally considers only the allegations of the complaint, in the light most favorable to the plaintiff. Indybay requests that the Court also take judicial notice of a printout of content that purportedly appears on the indybay website, including the statement that "[o]pinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC." ECF No. 33. Plaintiff opposes this request. The printout is relevant only to the defamation claim, over which the Court will not exercise jurisdiction, and so the Court DENIES the request. The printout's accuracy is also "subject to reasonable dispute." Moreover, even if the Court did take notice of the statement on the website, it would have little effect on the disposition of the state-law claim, since it would demonstrate only what the website *says* about Indybay's editorial policy rather than what that policy actually *is*. Indybay has also submitted a declaration from David Morse, which is relevant only to the Anti-SLAPP Motion. Plaintiff objects to that declaration also. The court need not, and will not, consider the Morse Declaration.

FAC ¶ 21. The content also claimed that the eviction was applauded by many in the "community" whom Choyce had victimized. Id.

Plaintiff asserts that the content on both webpages is false. FAC ¶¶ 18, 21. Plaintiff argues that the use of Plaintiff's firm website photo constitutes copyright infringement, and the content on both webpages constitutes defamation and libel. FAC ¶ 5.

**B. Procedural History**

Plaintiff filed the initial complaint in this action in April 2013. Complaint for Damages and Injunctive Relief ("Initial Compl."), ECF No. 1. In the complaint, he brought causes of action for copyright infringement, defamation, and libel against Defendants Indybay, Layer42, Cernio, and Does 1-10. Id.

Layer42, then the only answering Defendant, moved to dismiss all the claims against it, and brought an anti-SLAPP Motion to strike Plaintiff's defamation and libel claims. ECF No. 9. The Court dismissed Plaintiff's copyright claim without prejudice, since Plaintiff failed to allege that he had registered his copyright in the image or even that he had submitted a completed application that had been received by the Copyright Office. Order Denying Plaintiff's Motion to Strike, Granting in Part and Denying in Part Defendant's Motion to Dismiss and Granting Defendant's Motion to Specially Strike ("Previous Order") 5:1-11, , 2013 WL 6234628, 2013 U.S. Dist. LEXIS 169813 (citing 17 U.S.C. § 411(a)) ("no civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title"). The Court granted "Plaintiff leave to file an amended complaint re-asserting his copyright claim, if he alleges that he has now applied for a copyright," and further ordered that Plaintiff "must in any such complaint restrict his asserted remedies to those which are available for infringement alleged to have occurred before the copyright holder applied for a copyright." Previous Order 18:6-9, 2013 WL 6234628, at *11, 2013 U.S. Dist. LEXIS 169813, 35. The Court warned that "[f]ailure to comply with this order will result in dismissal with prejudice of the federal claim." Id. 18:15, 2013 WL 6234628, at *12, 2013 U.S. Dist. LEXIS 169813, 36.

Since the only potential jurisdiction the Court might exercise over the state law claims was

supplemental jurisdiction, after dismissing the sole federal claim without prejudice, the Court stated that it would "not address Plaintiff's state law claims on a 12(b)(6) motion." Previous Order 7:13, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13. However, the Court stated that it would "reach those claims insofar as Defendant is entitled to consideration of its anti-SLAPP motion." Id. 7:13-15, 2013 WL 6234628, at *11, 2013 U.S. Dist. LEXIS 169813, 13. The Court went on to conclude that, under the Anti-SLAPP statute, Layer42 was entitled to strike the state-law claims insofar as they related to the allegation that Plaintiff had embezzled from clients.

Plaintiff filed the FAC in December 2013. As his first cause of action, he re-asserted his copyright complaint against all Defendants, but again failed to allege that he had applied for a copyright. FAC ¶¶ 20-25. He brought a second cause of action for defamation against Layer42, Cernio, Indybay and Does 1-10, restricting his allegations to relate only to the May 24 posting. FAC ¶¶ 26-58. His third cause of action for defamation is brought against Does 1-10 for both the May 24 and April 25 postings. FAC ¶¶ 59-88. The fourth of cause of action, also only against Does 1-10, is for libel. FAC ¶¶ 89-102.

Indybay has subsequently appeared in this action, filing one of the two instant motions to dismiss and to strike.

**C. Jurisdiction**

The Court has jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. §§ 1331 & 1338(a).

**D. Legal Standard**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Id. at 556.

## III. ANALYSIS

### A. Federal Copyright Claim

The FAC, like its predecessor, fails to allege that Plaintiff applied for a copyright in the allegedly copyrighted image. The FAC must be dismissed again for this reason. In his opposition, Plaintiff has attached a Proposed Second Amended Complaint ("PSAC"), in which he finally alleges that he has applied for a copyright, and limits his asserted remedies to those available for post-infringement registration, as the Court previously ordered. Exh. A to Plaintiff's Opposition to Defendant Layer42.net, Inc.'s Motion to Dismiss ("Opp. to Layer42"), ECF Nos. 37 & 37-1. The question is whether the Court should provide a second opportunity to amend by allowing Plaintiff to file the PSAC.

In deciding whether to grant leave to amend, a court must "consider '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'" Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (quoting Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "[T]he district court's discretion is particularly broad where a plaintiff has previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff makes an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Plaintiff's counsel from adding an allegation to the FAC that Plaintiff had applied for a copyright. Opp. to Layer42 2:21-28. This argument is particularly

unpersuasive given the fact that Layer42's counsel offered a stipulation to Plaintiff's counsel to alter the deadlines to avoid the holiday season, and received no response. Declaration of Daniel L. Casas ¶ 6, and Exh. C thereto, ECF Nos. 41-1. Plaintiff acknowledges that the failure to amend was due to "oversight" on his part. Opp. to Layer42 7:9-10.

Dismissal with prejudice might be justified as a sanction for failing to follow the Court's previous order, since the Court finds that the need to control the pace of its docket and the need for timely resolution of litigation weigh in favor of dismissal, Plaintiff's excuse for failure to follow the Court's order is insubstantial, and the Court put Plaintiff specifically on notice that his failure to follow the Court's order would result in dismissal with prejudice. Cf. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (affirming dismissal with prejudice when plaintiff provided only a "paltry excuse for his default on the judge's order"). Denial of leave to amend might also be justified given the undue delay and the fact that the Court previously granted leave to amend. See Allen, 911 F.2d at 374 (indicating dismissal with prejudice would be justified even in the absence of a 'futility' finding where "the movant presented no new facts . . . and provided no satisfactory explanation for his failure to fully develop his contentions originally").

Denial of leave to amend under Rule 15 is also appropriate here because further leave to amend would be futile. Even if the Court were to consider the PSAC, it would not salvage Plaintiff's copyright claim. A copyright infringement plaintiff "bears the burden of proving copyright ownership." Fleischer Studios, Inc. v. A.V.E.L.A., Inc., 654 F.3d 958, 962 (9th Cir. 2011). The PSAC makes the conclusory legal conclusion that "[a]mong the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public." ¶ 23. But this legal assertion is not a well-pled factual allegation whose truth the Court must accept at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"Under the copyright laws, the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding *commenced within five years of the copyright's first publication*." Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d

United States District Court
Northern District of California

EOR 195

1140, 1144 (9th Cir. 2003) (emphasis added) (quoting Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) (citing 17 U.S.C. § 410(c)). The PSAC alleges that the Copyright Office issued Plaintiff a registered copyright in the image on October 23, 2013, after the first motion to dismiss in this action. PSAC ¶ 24. Since Plaintiff has used the image in his marketing since 2005, Declaration of Dionne Choyce ("Choyce Decl.") ¶ 2, ECF No. 11, he cannot avail himself of this *prima facie* presumption.

The PSAC therefore must contain additional well-pled factual allegations from which it is plausible to conclude that Plaintiff himself owns a valid copyright in the photographic image. But, as Plaintiff's counsel acknowledged at oral argument, and as Plaintiff himself has testified in a sworn declaration, the image was not created *by* Plaintiff; it is an image *of* Plaintiff. Choyce Decl. ¶ 2. It was taken by a professional photographer. Id. Therefore, any copyright in the image "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), which would be the photographer of the image, not Plaintiff. See generally Aalmuhammed v. Lee, 202 F.3d 1227, 1231-32 (9th Cir. 2000). Even if the Court gave Plaintiff leave to file the PSAC, it would still fail to state a claim for copyright infringement, rendering leave to amend futile.

Nonetheless, out of an abundance of caution, the Court has further considered the possibility that Plaintiff might be able to finally plead a viable copyright claim if given a *fourth* opportunity to do so.

Faced with Indybay's arguments that he is not the author of the image, Plaintiff stated in his opposition brief that, if the PSAC also fails to state a claim for copyright infringement, further "leave to amend should be granted" to allege facts that state a claim. Plaintiff's Opposition to Indybay's Motion 5:22-23, ECF No. 40. But in his brief, Plaintiff does not even hint at what facts he would plead in a *Second* Proposed Second Amended Complaint that would salvage his claim. He provides no explanation of how he owns the rights to the image. He does not state that he acquired the rights from the original photographer, and neither does he explain that the work was made for hire. And he does not explain how he could have a valid registration in an image he did not author, since the certificate of registration he obtained in the copyright states that he, himself, is the "author." Exh. A to Supplemental Declaration of Dow Patten, ECF No. 17.

In Salameh v. Tarsadia Hotel, "Plaintiffs' counsel represented to the district court that he knew additional facts that could solve the deficiencies in the complaint, but counsel never proffered these facts to the court." 726 F.3d 1124, 1133 (9th Cir. 2013) cert. denied, 13-763, 2014 WL 684134 (U.S. Feb. 24, 2014). "A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given." Id.

But – again, out of an abundance of caution – at oral argument the Court gave Plaintiff's counsel a second opportunity to explain why the Court should give him a fourth opportunity to re-plead. Plaintiff's counsel explained that the image was, contrary to the certificate of registration Plaintiff obtained, actually a "work made for hire," and that Plaintiff will at some point apply to the Copyright Office to correct his certificate. But a work made for hire is, with exceptions not here relevant, "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. For this category to apply, the photographer must be a regular employee rather than an independent contractor or a specially commissioned photographer. Marco v. Accent Pub. Co., Inc., 969 F.2d 1547, 1550-53 (3d Cir. 1992). It simply is not plausible to infer that when Plaintiff "started [his] own practice as an attorney in or about 2005," and "had a professional photograph taken of [him]," he employed a professional photographer as a member of his regular staff. Choyce Decl. ¶ 2.

This action has been pending for nearly a year, and Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable future. Given the numerous opportunities Plaintiff has had to state a claim of copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile. Since there has been unjustified and undue delay, because the Court previously granted leave to amend, and because the Court needs to control the pace of its docket, further leave to amend will not be provided. The copyright claim is dismissed with prejudice.

**B. Supplemental Jurisdiction Over Defamation Claim**

The only jurisdiction the Court might exercise over the state-law defamation claim is

supplemental jurisdiction, pendent from the sole federal claim that the Court has again dismissed, this time with prejudice. The Court previously explicitly declined to exercise supplemental jurisdiction over the state-law claims, but stated that it would "reach those claims insofar as [Layer42] is entitled to consideration of its Anti-SLAPP Motion. Previous Order 7:6-15, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n.7 (1988) ("Cohill") ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

In this motion, Layer42 continues to urge the Court to reach, and dismiss, the state-law claims, but does not specifically argue that the factors governing supplemental jurisdiction weigh in favor of the Court doing so. Indybay, on the other hand, argues that the Court should exercise supplemental jurisdiction over the defamation claim, since both Moving Defendants are moving to dismiss on the grounds that they are immune from liability under Section 230 of the federal Communications Decency Act ("CDA"). Therefore, Indybay argues that since the parties have already briefed, and the Court has already addressed, Section 230 in the context of the facts alleged, and because the Court's ruling would hinge on application of federal rather than state law, all four Cohill factors weigh in favor of supplemental jurisdiction even in the absence of a federal cause of action.

Indybay made persuasive arguments in its papers and at the hearing. However, the arguments only apply to the extent the Court does, in fact, find that this action may not proceed past the pleading stage for the reason of CDA immunity. If the Court does not reach that conclusion, the Court will be left proceeding with litigation between California parties in which the only causes of action are California defamation and libel law. For that reason, the Court again will not exercise supplemental jurisdiction over the state-law claims in this action. The Motions to Dismiss are denied without prejudice insofar as they are brought against the state-law claims.

**3. Anti-SLAPP Motion**

In its Previous Order, the Court declined to exercise supplemental jurisdiction over the

state-law claims, but then said it would "reach those claims insofar as Defendant is entitled to consideration of its anti-SLAPP motion," and then proceeded to address the merits of Layer42's Anti-SLAPP Motion. Previous Order 7:13-14, 2013 WL 6234628, at *4, 2013 U.S. Dist. LEXIS 169813, 13. The Court has reconsidered that determination. When a court has diversity jurisdiction over a state-law claim, the Anti-SLAPP Motion is recognized as a substantive element of the state law a federal court is bound to apply. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999); see also Batzel v. Smith, 333 F.3d 1018, 1025-26 (9th Cir. 2003) (federal courts sitting in diversity "recognize[] the protection of the anti-SLAPP statute as a substantive immunity from suit"). But where, as here, the Court has declined to exercise jurisdiction over state-law claims, defendants have no presumptive right to have Anti-SLAPP Motions heard by a federal court. Therefore, the Court will deny both Defendants' Anti-SLAPP Motions without prejudice towards Defendants raising them in any future state-court proceeding.

The Court also VACATES the portion of its Previous Order addressing Defendants' Anti-SLAPP Motion. Previous Order 7:16-16:5, 2013 WL 6234628, at *4-10, 2013 U.S. Dist. LEXIS 169813, 13-33.

## IV. CONCLUSION

Defendants' motions are GRANTED IN PART and DENIED IN PART. Plaintiff's copyright cause of action is DISMISSED WITH PREJUDICE. The Court will not exercise jurisdiction over the defamation and libel claims in this action, and so Defendant's motion to dismiss those claims, and to specially strike those claims pursuant to the anti-SLAPP statute, are dismissed without prejudice towards Defendants re-making them in any state-court proceeding.

Defendants shall submit a proposed order of judgment consistent with this order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 2, 2014

JON S. TIGAR
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, et al.,

Defendants.

Case No. 13-cv-01842-JST

**ORDER DENYING MOTION FOR RECOVERY OF ATTORNEY'S FEES WITHOUT PREJUDICE**

Re: ECF No. 25

The Court previously granted in part Defendant Layer42.net, Inc.'s ("Layer42") Anti-SLAPP Special Motion to strike, and dismissed the complaint with leave to amend. Layer42 has now moved for an award of attorney's fees pursuant to the Anti-SLAPP statute. ECF No. 25.

Layer42 has subsequently filed another Anti-SLAPP Special Motion to Strike against Plaintiff's amended complaint, as has Defendant San Francisco Bay Area Independent Media Center, and both motions are currently set for hearing. ECF Nos. 29 & 31. The Court recognizes that Layer42 may have understood itself to be obligated by Civil Local Rule 54-5(a) to bring its motion for fees within 14 days of the Court's previous order. However, the Court will be in a much better position to determine the ultimate amount of "practical benefit [Layer42 derived] from bringing the motion," Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 340 (2006) and the resultant "appropriate amount of fees and costs," ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020 (2001), after further motion practice is complete.

Therefore, the Motion for Attorney's Fees is dismissed without prejudice as premature. Notwithstanding the requirements of Civil Local Rule 54-5(a), Layer42 may file a renewed motion for attorney's fees within 14 days of the date that the Court either (1) enters an order establishing that the pleadings are settled, or (2) enters an order finally dismissing Layer42 as a defendant from this action. In that renewed motion, Layer42 may seek an award of all attorney's fees to which it

United States District Court
Northern District of California

argues it has become entitled up to that point.

**IT IS SO ORDERED.**

Dated: February 7, 2014

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Katherine Harrison (CA State Bar No. 285561)
katherine.harrison@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

Case No. CV-13-1842-JST

**REPLY IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**

Hearing Date: February 13, 2014
Time: 2 p.m.
Judge: Hon. Jon S. Tigar
Courtroom: 9

**INTRODUCTION**

Unable to squarely address the law or the evidence presented by Defendant SF Bay Area Independent Media Center ("Indybay"), Plaintiff obfuscates the former and objects to the latter. But his tactics are not only ill-founded, they cannot obscure the inconvenient truth that Plaintiff has not alleged – and, as his Proposed Second Amended Complaint confirms, cannot allege – two facts essential to maintain his claims: (1) that he owns a copyright in a photograph of himself he admits he did not take, and (2) that Indybay had any involvement in creation of the content posted by third parties to Indybay's website. The Court should therefore grant Indybay's motions to dismiss and strike, and deny Plaintiff's futile request for leave to once again amend his complaint.

**I.**

**PLAINTIFF'S OPPOSITION AND PROPOSED SAC CONFIRM THAT HIS CLAIMS AGAINST INDYBAY ARE BARRED AS A MATTER OF FEDERAL LAW**

In the main, Plaintiff's Opposition to the motion to dismiss rests on his request for leave to try for a third time to state claims for copyright infringement and defamation. But, as Plaintiff's proposed SAC shows, the third time is not a charm. Unable to rely on his belated registration as prima facie evidence of ownership, *Lawrence v. Sony Pictures Entm't*, 534 Fed. Appx. 651, 653 (9th Cir. 2013), Plaintiff alleged no facts showing he owns the copyright in a portrait of himself he admits he did not take. Dkt. 11, ¶ 2. Nor has he alleged facts sufficient to state a "viable legal theory" for defamation that circumvents Section 230. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quotation omitted). Plaintiff thus has not come close to "nudg[ing] [his] claims across the line from conceivable to plausible, [and his] complaint must be dismissed." *Id.* at 570.

**A. Plaintiff Still Identifies No Facts Showing He Owns A Copyright In The Photo**

Failing to state a cognizable copyright claim in his Complaint, and failing to include in his First Amended Complaint the allegations he was ordered to add, Plaintiff's plea for yet another chance to make it past the pleading post should be rejected. Opp. 6. This is true not only because the Court warned that "[f]ailure to comply with this order will result in dismissal with prejudice," Order 18, but also because his proposed SAC contains no facts showing he owns a copyright.

Although his Opposition claims "Plaintiff's Copyright Claim Is Sufficiently Plead[sic]," Opp. 5, his Opposition to Layer42's motions concedes he failed to comply with the Court's Order but contends the error was "harmless" – and that he should be allowed to re-plead – because it turns out he had previously submitted a belatedly obtained registration. Dkt. 37 at 3-4. That registration appears to be the sole basis for his claim that he "alleges absolute ownership," Opp. 5, as he thinks his "registration is prima facie evidence of ownership." *Id.* at 6 (citing 17 U.S.C. § 410(c)).

The fatal flaw in Plaintiff's logic is that the statute he cites says his registration is ***not*** prima facie evidence of anything because it was "not 'made before or within five years after first publication of the work.'" *Lawrence*, 534 Fed. Appx. at 653 (quoting § 410(c)). His registration is dated October 23, 2013, more than eight years after the date of first publication – January 1, 2005 –

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

listed on the registration. Dkt. 17, Exh. A. "Because the registration was obtained more than five years after the [photograph's] first publication, the registration certificate, on its own, does not constitute prima facie evidence of valid copyright ownership." *Art of Living Found. v. Does 1-10*, 102 U.S.P.Q.2d 1820, 2012 U.S. Dist. LEXIS 61582, *25 (N.D. Cal. May 1, 2012).

Absent a timely registration, "Plaintiff bears the burden of proving copyright ownership, which is always a threshold question in copyright infringement actions." *Id.* at *23 (citing, e.g., *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011)). "To prove ownership, Plaintiff must establish either that [he] authored the asserted work, or that there has been a 'transfer of rights or other relationship between the author and the plaintiff so as to constitute the plaintiff as the valid copyright claimant.'" *Id.* at *23-24 (quoting *Nimmer on Copyright* § 13.01). To avoid being rejected as futile, Plaintiff's proposed SAC thus must contain "'direct or inferential allegations'" sufficient to "plausibly plead[]" the "material element[]" of "ownership" through one of these means. *Stevo Design, Inc. v. SBR Mktg.*, 919 F. Supp. 2d 1112, 1119-20 (D. Nev. 2013) (granting motion to dismiss) (quoting *Twombly*, 550 U.S. at 562).

The SAC alleges neither. Plaintiff admits he is not the author because he concedes the image was a "professional photograph taken of me for use on my website." Dkt. 11, ¶ 2; *see also Lawrence*, 534 Fed. Appx. at 653 ("copyright to the Video initially vested in … the author of the Video"); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1232-33 (9th Cir. 2000) ("the photographer was the author").[1] And Plaintiff has not alleged he received a transfer of rights. *Lawrence*, 534 Fed. Appx. at 653. If such a transfer actually happened, it should be easy to allege.[2] Yet Plaintiff has failed to

---

[1] For this reason, Plaintiff's registration "cannot be viewed as valid" – and thus cannot support his cause of action – because it did not include the true "author's name," but instead inaccurately identified Plaintiff as author of a photograph he did not take. *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 712 F. Supp. 2d 84, 95 (S.D.N.Y. 2010). If Plaintiff's theory is that the photograph was a work made for hire, he failed to comply with "the Copyright Act['s] require[ment] that [his] registration[] provide a statement identifying [that] the work[] being registered [was a] work[] made for hire." *Muench Photography; Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 165884, *21-22 (N.D. Cal. Nov. 19, 2013) (citing 17 U.S.C. § 409(4)).

[2] *See Minden Pictures, Inc. v. Pearson Educ., Inc.*, 2012 U.S. Dist. LEXIS 62941, *3-9 (N.D. Cal. May 4, 2012) (plaintiff cured deficiency by alleging "it is co-owner of [some] exclusive rights … [in] the photographs" by virtue of "assignment agreements," which it "appended" to the SAC, showing "the photographers assigned to [plaintiff] co-ownership of the copyrights in the images").

do so in three tries, and has not said anything suggesting he can. Plaintiff therefore "lack[s] standing to bring an action for copyright infringement" and his claim should be dismissed with prejudice. *Silvers v. Sony Pictures Entm't*, 402 F.3d 881, 883 (9th Cir. 2005) (en banc) (reversing denial of motion to dismiss).[3]

**B. Plaintiff Identifies No Facts Showing His Defamation Claim Can Evade Section 230**

Plaintiff does not dispute the factors identified in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), support the Court retaining jurisdiction to decide Indybay's motion to dismiss his defamation claim. *See also Johnson v. Federal Express Corp*., 147 F. Supp. 2d 1268, 1276 (M.D. Ala. 2001) ("Because Johnson's federal claims are due to be dismissed, the court has the discretion to decline ruling on her three state law claims. Johnson alleges defamation, outrageous conduct, and false imprisonment. Because the first claim potentially implicates precious First Amendment liberties, the court will keep this case.") (citing *Carnegie-Mellon*, 484 U.S. at 357).

Instead, Plaintiff contends Indybay's motion should be denied on the theory that he has or can allege facts showing Indybay is "much more than a passive infrastructure provider" and thus, he argues, not shielded from defamation liability by Section 230. Opp. 6. But Plaintiff's theory has been consistently rejected, including by the majority opinion in a case he cites. *Barrett v. Rosenthal*, 40 Cal. 4th 33, 59-62 (2006) ("in cases where [defendant's] role as operator of a Web site raised a question as to whether he was a 'service provider' or a 'user,' the courts found it unnecessary to resolve the issue because the statute confers immunity on both" and provides "no basis for … any operative distinction between 'active' and 'passive' Internet use") (citing, e.g., *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003)); *see also, e.g., Goddard v. Google, Inc*., 2008 U.S. Dist. LEXIS 101890, *7 n.2 & *11 (N.D. Cal. Dec. 17, 2008) ("'Today, the most common interactive computer services are websites,'" and, "for § 230 not to apply, it must be 'very clear

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

---

[3] Plaintiff's efforts to distinguish *Silvers* and *Aalmuhammed* miss the point. In *Silvers*, the plaintiff was assigned a right – to sue for infringement – but the Ninth Circuit held that what the plaintiff had been assigned was insufficient as a matter of law to confer standing. 402 F.3d at 883. In this case, Plaintiff does not allege that he received any sort of assignment or transfer of rights, so the basis for dismissal is even clearer. As for *Aalmuhammed*, Indybay never claimed it says Plaintiff must allege the photograph was a "work for hire," Opp. 5, but instead only that it shows Plaintiff cannot claim to be the author of a photograph that he did not take. 202 F.3d at 1232-33.



that the website directly participates in developing the illegality' at issue.") (quoting *Fair Housing Council v. Roommates.com*, LLC, 521 F.3d 1157, 1162 n.6 & 1174 (9th Cir. 2008) (en banc)).

Moreover, the purported "facts" on which Plaintiff bases his theory have also been found insufficient to overcome Section 230's broad immunity. As this Court has held, the "allegations of conspiracy and concerted action" on which Plaintiff relies, Opp. 7, are "not well-pled factual allegations entitled to the presumption of truth." Order 15 (citing *Twombly*, 550 U.S. at 555, which rejected conclusory allegations of a "conspiracy").[4] And as the Ninth Circuit has held, the presence of ***other*** content on the site posted by members of the Indybay collective, Opp. 7, does not undermine Indybay's Section 230 protection for content about Plaintiff posted by third parties. *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cal. 2003).[5]

Many courts have also rejected Plaintiff's argument that Indybay's alleged "control over the content" on its website, as evidenced by its "contracts" and practices, Proposed SAC, ¶ 38 – such as its ability to edit content and decide what remains "published" or is "removed," *id.* – negates Section 230 protection. *See Goddard*, 2008 U.S. Dist. LEXIS 101890 at *10-11 (citing *Blumenthal v. Drudge*, 992 F. Supp. 44, 52 (D.D.C. 1998), as holding AOL "was immune from defamation liability based on its hosting of a gossip column, even though [it] had contracted with the gossip columnist to provide the column for a monthly compensation of $3000, had retained considerable editorial rights, and affirmatively had promoted the columnist as a new source of unverified instant gossip"); *Levitt v. Yelp! Inc.*, 2011 U.S. Dist. LEXIS 124082, *21 (N.D. Cal. Oct. 26, 2011)

[4] Plaintiff's allegation that Indybay "sponsors" third-party content is not only refuted by the disclaimer on the website – which, contrary to Plaintiff's objection, the Court may judicially notice on a motion to dismiss because, *inter alia*, the website is "referenced in the [First Amended] Complaint," *Kane v. Chobani, Inc.*, 2013 U.S. Dist. LEXIS 134385, *11 n.3 (N.D. Cal. Sept. 19, 2013) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001)) – it is also irrelevant. *See, e.g., Global Royalties v. Xcentric Ventures*, 544 F. Supp. 2d 929, 933 (D. Ariz. 2008) ("It is obvious that a website entitled Ripoff Report encourages the publication of defamatory content. However, there is no authority for the proposition that this makes the website operator responsible, in whole or in part, for the 'creation or development' of every post on the site.").

[5] "[E]ven assuming [defendant] could be considered an information content provider, [Section 230] precludes treatment as a publisher or speaker for 'any information provided by another information content provider'" and "would still bar [plaintiff's] claims unless [defendant] created or developed the particular information at issue." *Carafano*, 339 F.3d at 1125 ("'The critical issue is whether eBay acted as an information content provider with respect to the information that appellants claim is false or misleading.'") (quoting *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 833 n.11 (2002)).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

("'[l]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content – are barred") (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

All that remains is Plaintiff's speculative suggestion that the Does who posted the content about him may have included "one or more" Indybay "collective members." Opp. 6. This sort of conclusory allegation could be made in virtually any Section 230 case. Allowing it to proceed, if not predicated on well-pled facts, would not only violate *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it would also "cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites, fighting off claims that they promoted or encouraged – or [conspired to support] – the illegality of third parties." *Fair Housing Council*, 521 F.3d at 1174.

The response to Plaintiff's suggestion is thus dictated by *Twombly*, *Iqbal* and Section 230. Since "[a] website is liable for the unlawful content of online material only if the website contributes 'materially . . . to its alleged unlawfulness,'" *Gavra v. Google Inc.*, 2013 U.S. Dist. LEXIS 100127, *5 (N.D. Cal. July 17, 2013) (quoting *Fair Housing Council*, 521 F.3d at 1168), Plaintiff must plead facts showing "the website directly participate[d] in developing the alleged illegality." *Fair Housing Council*, 521 F.3d at 1174. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "'that the pleader is entitled to relief."'" *Levitt*, 2011 U.S. Dist. LEXIS 124082 at *18 (quoting *Iqbal*, 556 U.S. at 679) (quoting FRCP 8(a)(2)). In such a case, "section 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Housing Council*, 521 F.3d at 1174-75; *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196 (N.D. Cal. 2009) (dismissing amended complaint that did "not come close to substantiating" plaintiff's conclusory allegations that Google "controlled much of the underlying … activity," and "collaborates in the development of the illegal content").[6]

[6] Plaintiff's misleading contention that he pursued his FAC against Indybay because it would not identify the third parties who posted the content, Opp. 7, misstates the record while confusing and conflating distinct issues. Plaintiff did not need to identify anyone in December to have the content removed because it was removed by Indybay in September. Dkt. 9 at 4; Dkt 9-1, Exhs. B-C. Instead, Plaintiff was trying to use Indybay's request for an extension of time to respond to his complaint to circumvent the rules on obtaining discovery. *See* Patten Decl., Exh. B (Dkt. 40-1).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**II.**

**THE OPPOSITION, WHICH OFFERS NO EVIDENCE AND OVERLOOKS CASES SHOWING THE ANTI-SLAPP STATUTE APPLIES AND INDYBAY'S EVIDENCE MUST BE CONSIDERED, CONFIRMS THE MOTION TO STRIKE SHOULD BE GRANTED**

Even if Plaintiff could plausibly state a viable claim for defamation that is not barred by Section 230 – and, as shown, he cannot – his Opposition utterly failed to carry his "burden" under the anti-SLAPP statute to "'substantiate'" such a claim. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598-99 (9th Cir. 2010) (citation omitted). Although "'[a] plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited,'" *Doe v. Gangland Prods*., 730 F.3d 946, 957 (9th Cir. 2013) (citations and quotations omitted), Plaintiff made no showing of facts. Nor did he seriously dispute that – if Indybay's evidence is considered – the Court "should strike [his] claim [because] 'defendant's evidence supporting the motion establishes as a matter of law that plaintiff cannot show a probability of prevailing.'" *Id.* (same).

Instead, Plaintiff implores the Court to overlook Indybay's evidence that the content came from third parties, and Plaintiff's lack of contrary evidence, for two reasons. *First*, he contends the anti-SLAPP statute does not apply to the May 24 post. Opp. 9-10. *Second*, he contends Indybay's evidence is inadmissible and cannot be considered. Opp. 1-2 n.1, 11. Neither argument has merit.

**A. Plaintiff Cannot Evade The Anti-SLAPP Statute By Splitting His Claim In Two**

Confronted with clear Ninth Circuit law that the May 24 post is protected as long as the "'broad'" or "'general topic'" of the post concerned a matter of public interest, *Doe*, 730 F.3d at 956, Plaintiff tries to Photoshop his pleadings to remove what he had alleged was the gravamen of the post – "that Plaintiff CHOYCE was dishonest and unethical because he had been evicted," FAC, ¶ 30 – so he can contend the "gravamen" of his "cause of action" is only the eviction, Opp. 9, while asserting his claim based on the rest of the May post against the Doe Defendants.

But "plaintiff cannot avoid operation of the anti-SLAPP statute … through artifices of pleading." *Martinez v. Metabolife Int'l*, 113 Cal. App. 4th 181, 187 (2003). By its express terms, the anti-SLAPP statute applies to a cause of action arising out of "any … conduct" of Indybay "***in furtherance of*** the exercise of … constitutional right of free speech ***in connection with*** a public

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

issue or an issue of public interest." Cal Code Civ. Proc. § 425.16(b)(1), (e)(4) (emphasis added). Consequently, "a court must focus on the 'defendant's activity that gives rise to [its] asserted liability,'" *Doe*, 730 F.3d at 953 (citation omitted), and the particular activity at issue need not itself qualify if it "'furthers'" activity that does. *Id.* (same). As the Ninth Circuit recognized, this means a cause of action – like Plaintiff's amended defamation claim against Indybay – can arise out of conduct furthering speech "in connection with … an issue of public interest" even if it sues over a statement in that speech which may not by itself implicate the public interest. *Id.* at 953-56.

Examples illustrating the point abound. In one case cited in *Doe*, where plaintiff sued over several statements in published reports and "other contexts," California's Supreme Court did not ask whether each statement involved a matter of public interest, but found the statute applied because "defendants' general course of conduct from which plaintiff's cause of action arose was clearly activity 'in furtherance of [defendants'] exercise of … free speech … in connection with a public issue' within the meaning of section 425.16." *Taus v. Loftus*, 40 Cal. 4th 683, 712 (2007).[7]

Conversely, in cases where the statute did not apply, courts found the speech activity mentioned in the complaint was "largely unrelated to and entirely distinct from the injury-causing conduct," such as "the manufacture of a defective product." *Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 843, 851-52 (2009) (describing *Martinez*, 113 Cal. App. 4th at 191).

In this case, the communication is not "unrelated to and entirely distinct from the injury-causing conduct," but instead ***is*** the injury-causing conduct. It followed the April article about Plaintiff's alleged misconduct, and says the misconduct alleged in that article motivated the eviction. FAC, ¶ 21. It was "made in the context of an ongoing … discussion" about Plaintiff's conduct as an attorney (also the subject of much of the May post), and, even if the eviction itself

[7] In another, the Court of Appeal – recognizing that "[i]n determining whether a cause of action falls within the scope of subdivision (e), courts must broadly construe the anti-SLAPP statute" – found a letter accusing plaintiff of "domestic violence" and "false accusations of child abuse" was "written 'in connection' with an issue of public interest [second-parent adoptions] that potentially affected a large number of [people] beyond the direct participants." *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1160-61 (2004). In a third, a surgeon's cross-claims over statements alleging malpractice were covered by the anti-SLAPP statute because they appeared on a website about plastic surgery, "a subject of widespread public interest," which "contributed to the general debate" about that topic. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23-24 (2007).

"concerned issues of only limited interest," it "nevertheless ought to be protected … [to] serve 'the anti-SLAPP statute's purpose of encouraging participation in an ongoing controversy, debate or discussion.'" *Cross v. Cooper*, 197 Cal. App. 4th 357, 380 (2011) (citation omitted). .

The letter and intent of the anti-SLAPP statute thus prohibit Plaintiff from doing what he is attempting – *i.e.*, divide a claim based on a single communication (or course of conduct) into two claims, assert the one based on statements the Court held to involve the public interest only against defendants not present to bring an anti-SLAPP motion, and the other against defendants currently before the Court in a transparent ploy "to avoid application of the anti-SLAPP statute." *Trapp v. Naiman*, 218 Cal. App. 4th 113, 120 (2013). Rather, the statute applies because "a fair reading of Plaintiffs' claims … generic to include all defendants being sued" shows "they are centered on" protected activity, *id.* – a post on a general topic of public interest.[8] "Where causes of action allege both protected and unprotected activity, all the causes of action must be stricken." *Id.* at 121.[9]

[8] As the Court of Appeal recently held, "[m]aintaining a forum for discussion [by users] of issues of public interest is a quintessential way to facilitate rights, and the [website host] has no liability for doing so." *Hupp v. Freedom Comm's, Inc.*, 221 Cal. App. 4th 398, 405 (2013) (following *Barrett*, 40 Cal. 4th at 40-41 & n.4). The court thus found the anti-SLAPP statute applied and affirmed an order striking an action for failing to remove another's content under Section 230. *Id.*

[9] In holding that every "UD action [is] a 'written or oral statement or writing made before a … judicial proceeding'" under § 425.16(e)(1), *id.* at 120, *Trapp* also illustrates the error in Plaintiff's theory that a report about an unlawful detainer action would not be a writing in connection with a judicial proceeding under (e)(2). *See also Clark v. Mazgani*, 170 Cal. App. 4th 1281, 1286 (2009) (which Plaintiff misstates by ignoring that it finds "no question that the prosecution of an unlawful detainer action is indisputably protected activity within the meaning of section 425.16"); *Lafayette Morehouse, Inc. v. Chronicle Pub. Co.*, 37 Cal. App. 4th 855, 863 (1995) (which Plaintiff misstates by overlooking that it recognizes writings in connection with other proceedings, not just legislative but also those before a "'judicial body,' … trigger[] the application of the special motion to strike procedure of section 425.16"). While Plaintiff claims self-help evictions occur daily in California, Opp. 10, he cites no authority to support the contention because the law is to the contrary. Code of Civil Procedure § 1161, mandating unlawful detainer actions, "was enacted to obviate the need for self-help by landlords and thereby to avoid breaches of the peace." *Kassan v. Stout*, 9 Cal. 3d 39, 44 (1973); *People v. Little*, 143 Cal. App. 3d Supp. 14, 18 (1983) ("The field of [local] law relating to unlawful detainer and eviction had been preempted, the Supreme Court ruled, by the state in Code of Civil Procedure sections 1161 and 1161a."). It is not surprising, then, that California courts have held ***statements about a threatened*** "***eviction[]***" were in connection with a judicial proceeding under § 425.16(e)(2) because "***[c]learly these statements were*** communications in connection with an ongoing dispute and ***in anticipation of litigation***." *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1474, 1481 (2008) (emphasis added). The same result must follow here, even if only the statement about the eviction is considered.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**B. Plaintiff's Objections Cannot Prevent Consideration Of Indybay's Evidence**

Plaintiff errs in contending David Morse failed to establish the foundation and personal knowledge necessary to testify for Indybay. Opp. 1-2 n.1. Just as an officer of a church "could be expected to know" details relating to the operation of that organization, Morse – as one of a small group overseeing operation of Indybay – set forth "personal knowledge of facts demonstrating" he is competent to testify on behalf of Indybay. *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000); *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position"); *see also* Supp. Morse Decl., ¶¶ 1-6. And his confirmation of Indybay's protection under Section 230 – by attesting that the May 24 post was "not authored or posted … by any member of the Indybay collective," Morse Decl., ¶ 9 – is neither vague nor ambiguous, and the best evidence rule does not apply. *Ogden v. Bumble Bee Foods*, 2014 U.S. Dist. LEXIS 565, *4 n.3 (N.D. Cal. Jan. 2, 2014). Accordingly, the Court "should strike [Plaintiff's] claim [because] 'defendant's evidence supporting the motion' establishes 'as a matter of law' that plaintiff cannot show a probability of prevailing." *Doe*, 730 F.3d at 957 (citation omitted); *accord, e.g., Makaeff v. Trump Univ.*, 736 F.3d 1180, 1183 (9th Cir. 2013) (Wardlaw, J., concurring in denial of rehearing en banc).[10]

**CONCLUSION**

To prevent Indybay from suffering the "special form of 'prejudice' [unique] to defendants who improperly are denied early dismissal of claims falling within the zone of CDA immunity," *Goddard*, 640 F. Supp. 2d at 1202, Indybay respectfully requests that the Court grant its motions to dismiss Plaintiff's claims, and to strike his defamation claim against it, without leave to amend.

Dated: January 30, 2014

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/
Leila Knox
Attorneys for Defendant Indybay

[10] As *Doe* and *Makaeff* show, the district court cases Plaintiff cites, Opp. 11, do not and could not warrant denial of Indybay's motion to allow discovery. Moreover, Plaintiff made no showing that discovery – such as deposing Morse under FRCP 30(b)(6) – will yield evidence that could defeat Indybay's motion. *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1102 (C.D. Cal. 2004).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Katherine Harrison (CA State Bar No. 285561)
katherine.harrison@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

Case No. CV-13-1842-JST

**DECLARATION OF DAVID MORSE IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S SPECIAL MOTION TO STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE OF CIVIL PROCEDURE § 425.16**

I, David Morse, declare as follows:

1. I am a member of a collective known as SF Bay Area Independent Media Center ("Indybay"). I have personal knowledge of the facts set forth in this Declaration.

2. Indybay is an unincorporated association, or collective, of volunteers who operate the www.indybay.org website, an "open-publishing" non-commercial news website supported through donations. The www.indybay.org website resides on a server owned by Indybay, and is

housed in a server storage facility operated by co-defendant Layer42.net, Inc. In order to rent the server space at an affordable monthly rate, Indybay belongs to IO Cooperative, which took over the contract that Cernio Technology Cooperative, also named as a co-defendant in this lawsuit, had with Layer42 in order to lease the server storage space on behalf of the cooperative's members.

3. The purpose of the www.indybay.org website is to give those connected to the San Francisco Bay Area a platform through which to share local, national and international news and stories. As an open-source news website, most of the content on the Indybay website is contributed by third-party users. As stated in a disclaimer that appears on the bottom of every page of the Indybay website, "Opinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC."

4. Any member of the public may post to www.indybay.org by filling out the "Publish to Indybay" form, available on the website, and typing or pasting text into the appropriate box on the form. Other than the actual article text, the only required information that the author of a post must submit is a title for the post, the author's name (although Indybay has no way to verify whether the author is publishing under his or her legal name), and a short summary of the article. An author may also choose, but is not required, to categorize the post according to "Topic" and "Region." Categories under the "Topic" dropdown box range from "Animal Liberation" to "Afghanistan" to "Health, Housing, and Public Services," and categories under the "Region" dropdown box range from "International" to "California" to "East Bay Area."

5. After filling in the required information on the "Publish to Indybay" page and previewing the article, which shows the author how the post will appear on the Indybay website, the author may then publish the article by clicking the appropriate button at the bottom of the "Publish" web page. Posts instantaneously appear on the www.indybay.org home page, typically in the right-hand column under "Other/Breaking News," without any review or editing by any member of the Indybay collective. A true and correct copy of Indybay's "Publish to Indybay" form, available at https://www.indybay.org/publish.php?page_id=12, is attached as Exhibit A.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

6. Indybay does not solicit or encourage any particular type of content, or request that members of the public write or report on a particular topic. Rather, the user-generated content on Indybay's website is diverse. Posts cover topics ranging from homelessness and poverty to conservation and ecology to arts and entertainment. Indybay urges members of the public to "become the media" and "use their own skills and abilities of observation, writing, and creativity in posting" to www.indybay.org, as also explained on the website.

7. Once stories are published to the website, they may be reviewed and classified by Indybay's editorial collective, which currently numbers 13 members. Some posts are left in the "Other/Breaking News" section of the website, although most are reclassified as either "Local News" or "Global News." As a rule of thumb, posts specific to Northern California are reclassified as "Local News," while everything else is reclassified as "Global News."

8. Members of the collective may also edit posts, but only do so for purposes of correcting typographical, spelling and grammatical errors. In practice, very few stories receive any sort of editing. Indybay collective members may also delete posts that are abusive or otherwise violate Indybay's editorial policy and have occasionally done so upon learning there was a problem. But because the website is run entirely by volunteers, the collective lacks the resources to investigate disputes of fact.

9. The April 25, 2012 and May 24, 2012 posts referenced in Plaintiff's First Amended Complaint, which were posted under the titles "Attorney Dionne choice who embezzled from homeless may serve prison time" and "The Choyce Law Firm evicted from building," respectively, were not authored or posted to the website by any member of the Indybay collective.

10. In accordance with the Indybay publishing procedures, the April 25 and May 24 posts were automatically posted to the "Other/Breaking News" section of the Indybay website. However, because the posts concerned people and events from Northern California, they were reclassified to the "Local News" portion of the website. None of the members of the editorial collective made any changes, either in terms of substance, grammar or punctuation, to the April 25 and May 24 posts or their titles.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

EOR 214

11.    In or about March 2013 – approximately 10 and 11 months after the April 25 and May 24 items were posted to the www.indybay.org website, respectively – Indybay was told by Cernio Technology Cooperative that co-defendant Layer42 had received a Digital Millennium Copyright Act take-down demand from Plaintiff, demanding that a photo that was uploaded to the Indybay website along with each of the two posts be removed from the website.  Indybay promptly removed the photo from both posts.

12.    As far as Indybay is aware, Plaintiff did not attempt to serve Indybay with a summons and complaint until November 2013.  Before Plaintiff attempted to serve Indybay, however, the April 25 and May 24 posts were removed from the website.  Indybay removed the posts because of threats by Layer42 – which had been served – that it would disconnect Indybay's servers, thereby causing the entire website to go dark, unless Indybay removed the posts.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 9th day of January, 2014, at San Francisco, California.

David Morse

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

# EXHIBIT A

Media Activism

About | Contact | Subscribe | Calendar | Publish | Print | Donate

**Regions**
- north coast
- central valley
- north bay
- east bay
- south bay
- san francisco
- peninsula
- santa cruz
- california
- us
- international

**Topics**
- animal lib
- anti-war
- arts + action
- drug war
- education
- en español
- environment
- global justice
- government
- health/housing
- immigrant
- media
- labor
- lgbti / queer
- police state
- racial justice
- womyn

**International**
- americas
- haiti
- iraq
- palestine
- afghanistan

**More**
- make media
- get involved
- calendar
- gallery
- archives
- chat
- links

Search

**Donate**

Help support grassroots independent media.

Donate

$0.00 donated in past month

**IMC Network**

# Publish to Indybay

**If this is an event announcement, please instead use our add event form for the calendar.**

**Never published before? Read the publishing instructions!**

## Enter Article Info

**Title** (Required)

Topic: Please Select

Region: Please Select

**Author** (Required)

E-mail — display email?

**Summary** (Required)

The summary should be no longer than 6 lines. Please include duration of audio/video pieces.

Web Address URL

## Enter Article Text

**TEXT/HTML**

For plain text articles, URLs wil be converted to clickable links. You may also use <a href="url">link</a> in plain text articles (other tags will be ignored unless you select "HTML"). When selecting "HTML", you **must** provide <p></p> and <br /> tags for paragraphs and line breaks.

**Is Text HTML?**

## Upload Attachments

**How many files to upload?** 0 **You may attach files after completing the CAPTCHA questions and previewing your post.**

**Please note the allowed file types and file sizes!**

## CAPTCHA

**Anti-spam questions** (Required)

What letter is missing from the alphabet: PQR_TUV?

What is 9 plus 3?

You must preview your post before publishing.

Preview | Publish

© 2000–2014 San Francisco Bay Area Independent Media Center. Unless otherwise stated by the author, all content is free for non-commercial reuse, reprint, and rebroadcast, on the net and elsewhere. Opinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC. Disclaimer | Privacy | Contact

Roger Myers (CA State Bar No. 146164)
roger.myers@bryancave.com
Leila Knox (CA State Bar No. 245999)
leila.knox@bryancave.com
Katherine Harrison (CA State Bar No. 285561)
katherine.harrison@bryancave.com
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DIONNE CHOYCE,

Plaintiff,

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,

Defendants.

Case No. CV-13-1842-JST

**NOTICE OF MOTIONS AND MOTIONS OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE 425.16 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

Hearing Date: February 13, 2014
Time: 2 p.m.
Judge: Hon. Jon S. Tigar
Courtroom: 9

Documents Filed Herewith:

(1) Declaration of David Morse;
(2) Request for Judicial Notice; and
(3) Proposed Order

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**NOTICE OF MOTIONS AND MOTIONS TO DISMISS AND STRIKE**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2014, at 2 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, Defendant SF Bay Area Independent Media Center ("Indybay") will and hereby does move for an order dismissing with prejudice the First Amended Complaint of Plaintiff Dionne Choyce under Federal Rule of Civil Procedure 12(b)(6) on the ground that both causes of action alleged against Indybay fail to state claims upon which relief may be granted.

PLEASE TAKE FURTHER NOTICE that Defendant Indybay also will and herby does specially move to strike Plaintiff's state law cause of action against Indybay – and for an award of attorneys' fees and costs – pursuant to Code of Civil Procedures § 425.16 on the ground that the claim arises out of Indybay's acts in furtherance of its constitutionally protected free speech on a public issue and Plaintiff has not and cannot show a probability of prevailing because the claim is barred by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

These motions are based on this Notice; on the Memorandum of Points and Authorities that follows; on the Declaration of David Morse, Request for Judicial Notice and [Proposed] Order filed herewith; on the pleadings and records in this action; on such arguments as may be presented at the hearing; and on any other matters as may come before the Court prior to disposition.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court dismiss Plaintiff's copyright claim with prejudice because it fails to comply with the Court's instructions to cure the deficiencies identified in the Court's prior Order (and also fails to allege facts showing Plaintiff owns the copyright in the photograph)?

2. Should the Court retain jurisdiction to dismiss Plaintiff's defamation claim against Indybay because it is barred as a matter of federal law by the federal immunity in Section 230 and to protect federal constitutional rights from the chilling effect of further litigation?

3. Should the Court strike Plaintiff's defamation claim under the anti-SLAPP statute because (a) the topic of the post at issue concerns a public issue and/or matter of public interest and (b) Plaintiff cannot show a probability of prevailing since the claim is barred by Section 230?

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994

**MEMORANDUM OF POINTS AND AUTHORITIES**

Although this is Indybay's first substantive pleading, it does not write on a blank slate. This Court previously granted the motions of co-defendant Layer42.net to strike Plaintiff's state law claims under California's anti-SLAPP statute and to dismiss Plaintiff's copyright claim. In allowing leave to amend, the Court told Plaintiff what he "must" allege, and refrain from alleging, in any amended complaint. Order of Dec. 2 at 18 (Dkt. 22) ("Order"). "Failure to comply with this order," the Court warned, "will result in dismissal with prejudice of the federal claim." *Id.*

Plaintiff's First Amended Complaint ("FAC") blatantly fails to comply with the Order. In his federal claim, he did ***not*** allege that "he has now applied for a copyright registration," as the Court required, ***nor*** "restrict[ed] his asserted remedies" to those available for alleged infringement predating a registration. *Id.* at 18. Indeed, Plaintiff again failed to allege one of the most basic of facts required for a copyright claim – *i.e.*, that he even owns the copyright in a photograph he apparently did not take. Plaintiff's copyright claim therefore should be dismissed with prejudice.

His state law claim against Indybay should suffer the same fate. As the FAC alleges, the content at issue was created and posted not by Indybay but by third parties (the Doe Defendants), and thus Plaintiff's claim is barred as a matter of law under Section 230 of the CDA, which provides website hosts like Indybay a federal immunity from state law liability based on content posted by third parties. 47 U.S.C. § 230; Order at 14-15. Plaintiff's defamation claim is also again subject to an anti-SLAPP motion because the general topic of the post concerned alleged "unethical" conduct by an attorney, FAC, ¶ 30 – a clear matter of public interest, Order at 12; *Doe v. Gangland Prods.*, 730 F.3d 946, 955-56 (9th Cir. 2013) (reversing district court ruling that anti-SLAPP statute did not apply where "general topic" of report concerned matter of public interest even if specific reference to plaintiff did not) – and because a post about an eviction is a writing in connection with a judicial proceeding under Code of Civil Procedure § 425.16(e)(2). Accordingly, to prevent "the mere pendency of the action [from] chill[ing] the exercise of First Amendment rights," the defamation claim should be dismissed and stricken. *Barger v. Playboy Enters.*, 564 F. Supp. 1151, 1154 (N.D. Cal. 1983) (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Jt. Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976)).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant SF Bay Area Independent Media Center, also known as Indybay, is a collective, or unincorporated association, of individuals who operate indybay.org, an "open publishing" website where members of the public may post news and items of interest from around the Bay Area and the world. Decl. of D. Morse, ¶ 3.[1] Most of the content on the site is posted by users, and while the collective can edit the posts it rarely does. *Id.*, ¶¶ 3, 8. The collective may delete posts upon notice of a problem, but lacks resources to investigate disputes of fact. *Id.*, ¶ 8.

In March 2013, Indybay received a notice from co-defendant Layer42.net that Plaintiff had submitted a demand under the Digital Millennium Copyright Act to remove a photograph of Plaintiff from two news items posted to Indybay nearly a year earlier, on April 25 and May 24, 2012. *Id.*, ¶ 11. Indybay removed the photo. *Id.*

Nevertheless, Plaintiff filed suit in April 2013. But Indybay was not aware of any attempt to serve it until Plaintiff filed a proof of service in November (Dkt. 18).[2] Although not properly served, Indybay agreed to respond to the complaint (Dkt. 23). That same day, the Court granted Layer42's motion to strike Plaintiff's state law claims and to dismiss his federal claim (Dkt. 22).

On Decembers 23, Plaintiff filed his First Amended Complaint (Dkt. 26). As Plaintiff alleges, both the April 25 and May 24 items about Plaintiff were posted by third-party users. FAC, ¶¶ 16-21; Morse Decl., ¶ 9. Members of Indybay's collective did not participate in creating or posting the items, and did not edit them for content or even grammar. Morse Decl., ¶¶ 9-10.

Plaintiff's FAC contains a copyright claim that repeats verbatim the copyright claim the Court dismissed. It also alleges three state law claims, only one of which – the second cause of action – is against Indybay.[3] That claim alleges the May 24 post defamed Plaintiff by accusing him of being "dishonest and unethical because he had been evicted from his office." FAC, ¶ 30.

---

[1] On a motion to strike, courts consider affidavits as well as pleadings. *Doe*, 730 F.3d at 953.

[2] Even before Plaintiff served Indybay, the two posts had been removed from Indybay's website. Morse Decl., ¶ 12. That removal resulted from threats by Layer42 that it would disconnect Indybay's servers – causing the entire website to go dark – unless Indybay removed the posts. *Id.*

[3] The other two claims are against the Doe Defendants who posted the April 25 and May 24 items.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

I.

**PLAINTIFF'S FAC SHOWS THAT BOTH OF HIS CLAIMS AGAINST INDYBAY ARE BARRED AS A MATTER OF FEDERAL LAW AND THEREFORE BOTH CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). As the Court's prior ruling explained, defendants could not be liable for copyright infringement as the claim was alleged, yet Plaintiff did not correct the fatal flaw identified by the Court nor allege facts required to show standing to sue. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) (en banc). On the facts alleged in the state law claim, the only reasonable inference is that Indybay could not be liable as a matter of federal law under 47 U.S.C. § 230. To protect federal constitutional rights – which Section 230 was enacted to safeguard – from "the potential chilling effect of a baseless defamation suit," Plaintiff's defamation claim should also be dismissed. *Barger*, 564 F. Supp. at 1156 (following *Franchise Realty*, 542 F.2d at 1083).

**A. Plaintiff's Failure To Comply With The Court's Order Requires Dismissal Of His Copyright Claim, As Does His Failure To Allege He Owns A Copyright In The Work**

Beyond infringement, there are two prerequisites to a copyright claim, one procedural and one substantive. Procedurally, the plaintiff must have at least applied to register a copyright in the work. Order at 5 (citing 17 U.S.C. § 411(a) and *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010)). Substantively, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the legal or beneficial owner of an exclusive right under a copyright." *Silvers*, 402 F.3d at 884 (citing 17 U.S.C. § 501(b)); *see Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1165 (C.D. Cal. 2002) ("To prove copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of a protectable expression by the defendant.") (following *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)).

EOR 222

In his original complaint, Plaintiff did not allege that he had even applied for a registration. The Court therefore held that the "complaint must be dismissed," Order at 5, and Plaintiff could amend ***only*** "if he alleges that he has now applied for a copyright." *Id.* at 18. Moreover, because a registration at this point would come too late to qualify for statutory damages or attorney's fees, *id.* at 5 (citing 17 U.S.C. § 412 and *Cosmetic Ideas*, 606 F.3d at 619), the Court also ordered that Plaintiff "must" in any amended complaint refrain from seeking those remedies. *Id.* at 18.

Disregarding these instructions, Plaintiff's amended complaint does ***not*** allege he has applied for a copyright registration and does ***not*** "restrict his asserted remedies to those … available for infringement alleged to have occurred before … registration." *Id.* Rather, the FAC continues to claim "Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) … and attorney's fees and costs pursuant to … § 505." FAC, ¶ 24. Plaintiff's "[f]ailure to comply" with the Court's instructions should "result in dismissal with prejudice" of this claim. Order at 18.

That result is also required by Plaintiff's failure to allege any facts showing he owns a copyright in the photograph. Even where a plaintiff applies for a registration, if he has "no ownership interest" – *i.e.*, does not own one of the exclusive rights granted by 17 U.S.C. § 106 – he has "no standing to sue." *Silvers*, 402 F.3d at 890. The exclusive rights in a photograph are owned by the photographer unless it was a work made for hire. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1232-33 (9th Cir. 2000) ("the photographer [is] the author") (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884)); 17 U.S.C. § 201(a)-(b) ("Copyright in a work protected under this title vests initially in the author or authors of the work .... In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title."). Plaintiff does not allege he took the "graphic image of [himself] … used … on his law firm's website," FAC, ¶¶ 17, nor that it was a work made for hire.

While an exclusive right may be assigned to the plaintiff – which would allow the plaintiff to sue for infringement of that right committed after the assignment, *Silvers*, 402 F.3d at 885 – Plaintiff here does not allege any such assignment. Consequently, his FAC should be dismissed for this additional reason, as well. *See id.* at 883, 890 (reversing district court decision denying motion to dismiss copyright claim where the alleged assignment was legally invalid).

**B. Plaintiff's Own Allegation That Third Parties Created And Posted The Content To Indybay's Website Requires Dismissal Of His Defamation Claim Under Section 230**

After dismissing Plaintiff's original copyright claim, the Court declined to address his state law claims because, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … point toward declining to exercise jurisdiction over the remaining state-law claims.'" Order at 7 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). However, "this statement does not establish a mandatory rule to be applied inflexibly in all cases," *Carnegie-Mellon*, 484 U.S. at 350 n.7, and Plaintiff's lone state law claim against Indybay is an exception because the factors identified by the Supreme Court – "judicial economy, convenience, fairness and comity," *id.* – all support retaining jurisdiction to dismiss Plaintiff's defamation claim since it is barred as a matter of ***federal law*** and "First Amendment interests are seriously implicated." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 461 (E.D. Cal. 1979) (denying motion to remand defamation claim despite attempted joinder of non-diverse defendants), *dismissal on merits aff'd*, 710 F.2d 549 (9th Cir. 1983).

As the Court observed in its prior ruling, "[d]ismissal" under Ruler 12(b)(6) is "proper where the complaint alleges facts that demonstrate that the [claim] is barred as a matter of law." Order at 4 (citing, e.g., *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In this case, Plaintiff's FAC alleges the May 24 post was "posted and/or created" by "Defendants DOES 3 and 4" to a website "managed" by Indybay. FAC, ¶¶ 19-21, 28, 31. Plaintiff's own FAC thus alleges the two prerequisites for a defendant to be shielded from liability by Section 230 of the CDA: (1) that Indybay is a "provider or user of an interactive computer service" protected by Section 230; *see, e.g.*, Order at 15 (noting "the many cases in which courts held that a website host was shielded from liability by Section 230") (citing, e.g., *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003)); and (2) that the May 24 post that forms the basis of Plaintiff's claim was "'provided by another content provider.'" *Id.* at 14 (quoting 47 U.S.C. § 230(c)(1)).[4]

[4] The conclusory allegation that Indybay "sponsors" indybay.org, FAC, ¶ 7, cannot mean Indybay endorses content in light of the website's disclaimer: "Opinions are those of the contributors and are not necessarily endorsed by the SF Bay Area IMC." Req. for Jud. Not., Exh. A; Morse Decl., ¶ 3. Even if it did endorse, that does not mean Indybay "'creat[ed]' or 'develop[ed]'" the content, as required to lose Section 230 immunity. *Batzel v. Smith*, 333 F.3d 1018, 1031 (9th Cir. 2003).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

Consequently, unlike the typical pendant state law claims that remain after dismissal of the federal claim, judicial economy, comity and convenience all favor ruling on the motion to dismiss Plaintiff's defamation claim. The parties have already briefed and the Court has already addressed Section 230 in the context of the facts alleged, while a state court would require new briefing, research and a hearing on these issues. And ruling on this motion turns not on any issue of state law best left to the state courts to address, but rather on application of a federal statutory immunity in Section 230 that the California Supreme Court has recognized presents a "'federal question'" on which state courts should follow federal courts' "'numerous and consistent'" interpretations of the statute. *Barrett v. Rosenthal*, 40 Cal. 4th 33, 58 (2006) (citation omitted).

As for the fairness factor identified in *Carnegie-Mellon*, it also strongly supports retaining jurisdiction to dismiss the defamation claim. Section 230 was enacted to prevent defamation litigation from chilling First Amendment rights on the Internet. *See id.* at 56-57 (citing, e.g., *Carafano*, 339 F.3d at 1123-24). As the Ninth Circuit has recognized, the "expense" and "threat of harassing litigation" poses a "danger that the mere pendency of the action will chill the exercise of First Amendment rights." *Franchise Realty*, 542 F.2d at 1083. That is certainly true of defamation claims. *Barrett*, 40 Cal. 4th at 57 ("Any investigation of a potentially defamatory Internet posting is thus a daunting and expensive challenge. For that reason, we have observed that even when a defamation claim is 'clearly nonmeritorious,' the threat of liability 'ultimately chills the free exercise of expression.'") (quoting *Baker v. Los Angeles Herald Examiner*, 42 Cal. 3d 254, 268 (1986)); *see Barger*, 564 F. Supp. at 1156. Unlike other state law claims that do not implicate federal constitutional rights, First Amendment concerns dictate that, in defamation claims, "the early termination of [the] lawsuit is highly desirable." *Baker*, 42 Cal. 3d at 269 (quotation omitted); *see Franchise Realty*, 542 F.2d at 1083-84; *Barger*, 564 F. Supp. at 1154-56. As federal courts have "a duty to … protect rights arising under the Federal Constitution," and the "Supreme Court has required [courts] to apply 'sensitive tools' in resolving First Amendment questions," *Lewis*, 83 F.R.D. at 462 & n.6 (quoting *Speiser v. Randall*, 357 U.S. 513, 525 (1958)), it would be unfair to Indybay – and the First Amendment rights at stake – if the Court did not retain jurisdiction and dismiss the claim, especially since it is barred as a matter of federal law.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

II.

**AS THE COURT RECOGNIZED, THE ANTI-SLAPP STATUTE IS AN APPROPRIATE VEHICLE FOR EARLY DISPOSAL OF MERITLESS LAWSUITS LIKE THIS ONE, AND PLAINTIFF CANNOT MEET HIS BURDEN OF PROVING A PROBABILITY OF PREVAILING FOR THE REASON IDENTIFIED IN THE COURT'S PRIOR ORDER**

As the Court recognized in granting Layer42's special motion to strike the state law claims in the initial complaint, California's anti-SLAPP statute is an appropriate mechanism for disposing of claims like those in this case. *Kearney v. Foley & Lardner, LLP*, 582 F.3d 896, 907 (9th Cir. 2009) ("The anti-SLAPP statute establishes a procedure to expose and dismiss meritless and harassing claims that seek to chill the exercise of petitioning or free speech rights in connection with a public issue."). Just as the Court struck Plaintiff's libel and defamation claims against Layer42 because, as an internet service provider, it was immune under Section 230 from claims based on content posted by third parties, Order at 14-15, it should strike Plaintiff's defamation claim against Indybay based on content posted by third parties on its website. *See, e.g., Gavra v. Google Inc.*, 2013 U.S. Dist. LEXIS 100127, *4 (N.D. Cal. July 17, 2013) ("[t]he CDA 'provide[s] a robust immunity for internet service providers and websites'") (quoting *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196 (N.D. Cal. 2009) (quoting *Carafano*, 339 F.3d at 1123). As explained below, Plaintiff cannot avoid this result by limiting his claim to the May 24 post.

**A. The Statute Protects A Post On A Topic Of Public Interest Or A Judicial Proceeding**

To be protected by the anti-SLAPP statute, Indybay need only show Plaintiff's defamation claim arose out of activity that falls into one of the categories in § 425.16(e)(1)-(4). Order at 10 n.4. The Court found Plaintiff's initial defamation claim was covered by subsection (e)(3) because it arose out of the April 25 and May 24 postings to a website in connection with an issue of public interest about alleged attorney misconduct. *Id.* at 11-12 & 16 n.7; *see Barrett*, 40 Cal. 4th at 41 nn. 3-4 (hosting "[w]eb sites accessible to the public" is protected activity under the anti-SLAPP statute); *see generally Reno v. ACLU*, 521 U.S. 844 (1997). Limiting the claim to the May 24 post cannot change that result because it falls within (e)(2) as a writing in connection with an issue under review by a judicial body – *i.e.*, an eviction – as well as (e)(3) and (e)(4) as constitutionally protected speech activity "in connection with a public issue or an issue of public interest."

Taking the latter first, the Ninth Circuit has instructed that courts "***must*** construe 'public issue or issue of public interest' in section 425.16(e)(4) broadly in light of the statute's stated purpose to encourage participation in matters of public importance or consequence." *Hilton v. Hallmark Cards*, 599 F.3d 894, 906 (9th Cir. 2010) (emphasis added). Thus only the "broad" or "general topic" of the May 24 post need concern a matter of public interest. *Doe*, 730 F.3d at 955-56 (reversing district court's ruling to the contrary) (quotation omitted). Although the headline of the May 24 post mentions the eviction of Plaintiff's law firm, the broad topic of the post continues to be Plaintiff's alleged unethical conduct, as the Court noted, Order at 13-14 & n.6, and Plaintiff alleges. FAC, ¶ 30 ("These false statements … expressly state Plaintiff CHOYCE was ***dishonest and unethical*** because he had been evicted from his office ….") (emphasis added). Given the "'widespread general recognition … that the conduct of the bar is a matter of general public interest and concern,'" *Lathrop v. Donohue*, 367 U.S. 820, 832 (1961) (citation omitted), the May 24 post clearly concerned a matter of public interest. Order at 12 (noting the "level of public interest in the conduct of an attorney" is "appropriately higher" than many other professions).[5]

Even if the statement about the eviction could be considered alone, however, it falls within subsection (e)(2) because evictions in California can only be achieved through legal proceedings outlined in Code of Civil Procedure §§ 1161-1179; *Childs v. Eltinge*, 29 Cal. App. 3d 843, 853 (1973) ("unlawful detainer statutes" are "in lieu of … common law rights and remedies"). Since unlawful detainer proceedings fall within the scope of subsection (e)(1), *Drawsand v. F.F. Props.*, 866 F. Supp. 2d 1110, 1128 (N.D. Cal. 2011), a news item about an eviction is within (e)(2) and Indybay "need not separately demonstrate the statement also concerns an issue of public significance." *Clark v. Mazgani*, 170 Cal. App. 4th 1281, 1286 (2009); *see Lafayette Morehouse, Inc. v. Chronicle Pub. Co.*, 37 Cal. App. 4th 855, 863 (1995) (article about official proceedings is a "writing[s] made in connection with an issue under consideration or review" in the proceedings).

[5] *See also, e.g.*, *Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1146 (2012) (having "little difficulty" finding "statements posted to [a web site] about [plaintiff's] character and business practices" were "of public interest"); *Integrated Healthcare Holdings, Inc. v. Fitzgibbons*, 140 Cal. App. 4th 515, 519, 523 (2006) (reversing ruling that anti-SLAPP statute did not apply to "e-mail message … questioning the financial condition of plaintiff").

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**B. Plaintiff Has No Probability Of Prevailing Because Indybay Is Immune Under § 230**

As the Court recognized in its earlier Order, immunity under Section 230 is quite robust, shielding from liability "interactive website[s]" that provide online forums on which third-party users may post content. Order at 15; *see, e.g.*, *Carafano*, 339 F.3d at 1123 ("[Section] 230(c) provides broad immunity for publishing content provided primarily by third parties").

Indybay's website is just such a forum, and the only role Indybay played with respect to the post at issue was to provide the online space through which the author could share it. Morse Decl., ¶ 3. Indybay had no involvement in the creation or development of the May 24 post and, as is typical with respect to third-party content posted on its website, did not edit it. *Id.*, ¶¶ 8- 9. All Indybay does, after items are posted, is decide whether they should be reclassified as local or global news. *Id.*, ¶¶ 7, 10. Since "a third party willingly provide[s] the essential published content," Indybay "receives full immunity regardless of the … selection process." *Carafano*, 339 F.3d at 1124. As the Court recognized in granting Layer42's motion to strike, where, as here, a defendant is immune under Section 230, Plaintiff cannot carry his burden under the anti-SLAPP statute of showing a probability of prevailing and his claim must be stricken. Order at 14-15.

**CONCLUSION**

For the foregoing reasons, Defendant Indybay respectfully requests the Court grant its motion to dismiss both claims against it, grant its special motion to strike the state law claim against it and award it attorneys' fees and costs under Code of Civil Procedure § 425.16(c).[6]

Dated: January 9, 2014

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/
Leila Knox

Attorneys for Defendant
SF BAY AREA INDEPENDENT MEDIA CENTER

[6] Granting the motion to dismiss does not moot the motion to strike because of the availability of attorneys' fees and other protections under the anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999); *Robinson v. Alameda County*, 875 F. Supp. 2d 1029, 1050 (N.D. Cal. 2012).

9th Circuit Case Number(s) 14-17318

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
## When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Jul 30, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) s/ Dow W. Patten

*********************************************************************************

## CERTIFICATE OF SERVICE
## When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) ________.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)