No. 14-17318

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

DIONNE CHOYCE
*Plaintiff-Appellant*

v

SF BAY AREA INDEPENDENT MEDIA CENTER, *et. al.*
*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 3:13-cv-01842-JST

EXCERPTS OF RECORD

VOL. II

ADVOCATES FOR APPELLANT

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
221 Main Street, Suite 740
San Francisco, California 94105
Telephone 415-402-0084
Facsimile 415-520-0104

DIONNE CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al., and DOES 1-10

## APPEAL No. 14-17318

## VOLUME I

PLAINTIFF'S NOTICE OF APPEAL, NOVEMBER 21, 2014 (DKT. 73)............1

ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES, NOVEMBER 3, 2014 (DKT. 72)................................................................2

PLAINTIFF'S OPPOSITION TO DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTION FOR AWARD OF ATTORNEY'S FEES, JULY 31, 2014 (DKT. 67)..................................12

PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, EXHIBIT A – E, JULY 31, 2014 (DKT. 66)............................................................32

DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, JULY 31, 2015 (DKT. 66-1)..............................52

EXHIBIT A-H TO THE DECLARATION OF DOW W. PATTEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42'S MOTION FOR RECOVERY OF ATTORNEY'S FEES, JULY 31, 2015 (DKT. 66-2)..................54

NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM, JULY 2, 2014 (DKT. 61)........................................................93

DECLARATION OF DANIEL L. CASAS, ESQ. IN SUPPORT OF LAYER42.NET, INC.'S MOTION FOR RECOVERY OF ATTORNEY'S FEES,

JULY 2, 2014 (DKT. 61-1)..............................................................................100

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, JULY 2, 2014 (DKT. 59)..................................149

DECLARATION OF LEILA KNOX IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505, JULY 2, 2014 (DKT. 59-1)......................................................................................................................169

ORDER OF JUDGMENT, JUNE 18, 2014 (DKT. 58)........................................187

ORDER GRANTING IN PART AND DENYING PART MOTIONS TO DISMISS, DENYING ANTI-SLAPP MOTIONS WITHOUT PREJUDICE, JUNE 2, 2014 (DKT. 54)..........................................................................................190

ORDER DENYING MOTION FOR RECOVERY OF ATTORNEY'S FEES WITHOUT PREJUDICE, FEBRUARY 7, 2014 (DKT. 47)................................200

REPLY IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16, JANUARY 30, 2014 (DKT. 42)................................................................................................................202

DECLARATION OF DAVID MORSE IN SUPPORT OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S SPECIAL MOTION TO STRIKE PLAINTIFF'S STATE LAW CAUSE OF ACTION PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE, CODE OF CIVIL PROCEDURE § 425.16, JANUARY 9, 2014 (DKT. 32)..............................................................212

NOTICE OF MOTIONS AND MOTIONS OF DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND TO SPECIALLY STRIKE PLAINTIFF'S STATE LAW CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL

Appellant's Excerpts of Record: Table of Contents                    Appeal No. 14-17318

PROCEDURE 425.16 AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THE SAME, JANUARY 9, 2014 (DKT.
31)..................................................................................................................218

## VOLUME II

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL
MOTION TO STRIKE (ANTI-SLAPP) PLAINTIFF'S FIRST AMENDED
COMPLAINT, JANUARY 6, 2014 (DKT. 29)......................................................229

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF, DECEMBER 23, 2013 (DKT. 26)..........................................................239

NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S
FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE,
DECEMBER 16, 2013 (DKT. 25)........................................................................260

ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO ANSWER, DECEMBER 4, 2013 (DKT. 24)..................................................267

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN
PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS;
AND GRANTING DEFENDANT'S MOTION TO SPECIALLY STRIKE,
DECEMBER 2, 2013 (DKT. 22)..........................................................................268

CIVIL MINUTES, NOVEMBER 14, 2013 (DKT. 19)......................................286

CERTIFICATE OF SERVICE, NOVEMBER 14, 2013 (DKT. 18)....................287

SUPPLEMENTAL DECLARATION OF DOW W. PATTEN IN OPPOSITION
TO DEFENDANT LAYER42.NET'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE, NOVEMBER 7, 2013 (DKT. 17)..................................291

PLAINTIFF'S NOTICE OF MOTION AND PARTIAL MOTION TO STRIKE
DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS (ANTI-SLAPP
MOTION), OCTOBER 8, 2013 (DKT. 12)..........................................................295

Appellant's Excerpts of Record: Table of Contents                    Appeal No. 14-17318

DECLARATION OF DIONNE CHOYCE IN OPPOSITION TO MOTION TO DISMISS, OCTOBER 8, 2013 (DKT. 11)...........................................................301

PLAINTIFF'S OPPOSITION TO DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS AND DECLARATION OF DOW W. PATTEN IN OPPOSITION TO MOTION TO DISMISS, OCTOBER 7, 2013 (DKT. 10)......305

DECLARATION OF DOW W. PATTEN IN OPPOSITION TO MOTION TO DISMISS, OCTOBER, 7, 2013 (DKT. 10-1).........................................315

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELEIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, SEPTEMBER 23, 2013 (DKT. 9)..319

STIPULATION TO EXTEND TIME FOR FILING RESPONSE TO COMPLAINT, AUGUST 23, 2013 (DKT. 7).......................................................341

CERTIFICATE OF SERVICE TO DEFENDANT LAYER42.NET, INC., COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AUGUST 21, 2013 (DKT. 6)....................................................…..........................................344

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, APRIL 23, 2013 (DKT. 1).......................................................................................348

CIVIL CASE NO. 313-CV-01842-JST DOCKET REPORT..............................364

Appellant's Excerpts of Record: Table of Contents                    Appeal No. 14-17318

1  Daniel L. Casas, Esq. (SBN 116528)
   Anthony F. Basile, Esq. (SBN 247409)
2  CASAS RILEY & SIMONIAN, LLP
   One First Street, Suite 2
3  Los Altos, CA 94022
   (650) 948-7200
4  (650) 948-7220 FAX

5  Attorneys for Defendant
   LAYER42.NET, INC.
6

7              **IN THE UNITED STATES DISTRICT COURT**

8           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN FRANCISCO**

10

11  DIONNE CHOYCE, an individual,              Case No.: CV-13-01842

12              Plaintiff

13          v.                                 **NOTICE OF MOTION AND MOTION TO
                                               DISMISS FOR FAILURE TO STATE A
14  SF BAY AREA INDEPENDENT MEDIA              CLAIM UPON WHICH RELIEF MAY BE
    CENTER, aka IMC, SF BAY AREA, aka SF       GRANTED/SPECIAL MOTION TO
15  BAY AREA IMC, an unincorporated            STRIKE (ANTI-SLAPP) PLAINTIFF'S
    association; LAYER42.NET, INC., a          FIRST AMENDED COMPLAINT
16  California Corporation; CERNIO             [FRCP 12(b)(6)]
    TECHNOLOGY COOPERATIVE, an                 [Cal. Code of Civ. Proc. § 425.16]
17  unincorporated association; and Does 1-10,

18              Defendants.                     **Date: February 13, 2014
                                                Time: 2:00pm
19                                              Courtroom: 9 (19th Floor)**

20
                                               **Action Filed:  April 23, 2013**
21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al

1

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **February 13, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court to dismiss the action pursuant to FRCP 12(b)(6) because plaintiff's first amended complaint fails to state a claim upon which relief can be granted, and because plaintiff is barred from recovering against LAYER42.NET, INC. on his state law defamation claims pursuant to 47 USC 230.

LAYER42.NET, INC. will further move the court to dismiss the action pursuant to California Code of Civil Procedure Section 425.16 et seq.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 6, 2014            By _____/s/_____
                                          Daniel L. Casas, Esq.
                                          Anthony F. Basile, Esq.
                                          Attorneys for Defendant,
                                          LAYER42.NET, INC.

## I.     STATEMENT OF ISSUES TO BE DECIDED

Should the Court dismiss Plaintiff's federal claim for copyright infringement in his First Amended Complaint, pursuant to FRCP Rule 12 (b)(6), because plaintiff DIONNE CHOYCE has failed to state a claim for copyright infringement?

Should the Court strike Plaintiff's state law claim for defamation against Layer42 pursuant to California Code of Civil Procedure Section 425.16, California's statute concerning strategic lawsuits against public participation (anti-SLAPP)?

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

EOR 230

## II.    PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff Choyce filed his Complaint on April 23, 2013.  ECF No. 1.

By order last December, the Court denied Plaintiff's motion to strike, and granted in part Layer42's motion to dismiss and its special motion to strike.  ECF No. 22.   Plaintiff filed his First Amended Complaint on December 23, 2013.  ECF No. 26.  This second motion to dismiss/special motion to strike follows.

As earlier alleged in the original Complaint, Choyce alleges on information and belief that Layer42 is a California corporation which provides Internet connectivity, housing, and infrastructure to co-Defendant SF Bay Area IMC in furtherance of the web site "indybay.org."   ECF No. 26, ¶ 8; cf. ECF No. 1, ¶ 8.  In a word-for-word recreation from his original Complaint, Choyce again accuses Layer42 of copyright infringement, and again seeks statutory damages and attorney's fees.  ECF No. 26, ¶¶ 20-25; cf. ECF No. 1, ¶¶ 20-25.

## III.    LEGAL STANDARDS AND ANALYSIS

### A. Copyright Infringement Claim

#### 1.    Legal Standard For Dismissal Under Rule 12 (b)(6)

Before filing a responsive pleading, a defendant may file a motion asserting certain affirmative defenses, and among them, the failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12 (b)(6).  A Rule 12(b)(6) motion challenges the legal sufficiency of the claims stated in the complaint.  Dismissal pursuant to Rule 12 (b)(6) is proper where the complaint fails to allege <u>either</u> (1) a cognizable legal theory; <u>or</u> (2) absence of sufficient facts alleged under a cognizable legal theory.  *Shroyer v New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (2010).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al
3
EOR 231

of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007) (internal citations omitted). Courts are not bound to accept as true allegations

that are legal conclusions couched as fact. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) ("It

is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful

nature, that disentitles them to the presumption of truth.").

A plaintiff cannot object to dismissal under Rule 12 (b)(6) by citing a lack of

discovery. When a plaintiff cannot state a claim under the lenient pleading standards of

Rule 8, "he is not entitled to discovery, cabined or otherwise." Ashcroft v. Iqbal, 556 U.S. at

686.

### 2. The First Amended Complaint Fails To Allege Registration For The Alleged Copyright And Seeks Statutory Damages And Attorney's Fees In Violation of This Court's Order

Plaintiff disregarded this Court's Order granting leave to amend his Complaint. The

cause of action for copyright infringement in the First Amended Complaint is an exact copy

of that found in the original Complaint, and accordingly includes the same defects and

omissions.

"Except for an action brought for a violation of the rights of the author under section

106A(a), and subject to the provisions of subsection (b), **no civil action for infringement**

**of the copyright in any United States work shall be instituted until preregistration or**

**registration of the copyright claim** has been made in accordance with this title… ." 17

U.S.C. § 411(a) (emphasis added). Registration of a copyright is an element of an

infringement claim. Cosmetic Ideas, Inc. v. IAC/Interactivecorp. 606 F. 3d 612, 615 (9th

Cir. 2010), citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

Plaintiff's First Amended Complaint contains no allegation that Plaintiff applied for or

registered a copyright in the digital file "choyce.jpg." This alone is a fatal defect in Plaintiff's

cause of action for copyright infringement.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 232

Plaintiff's First Amended Complaint **alleges no facts** – on information and belief or otherwise - which suggest that Layer42 in any way contributed to any act of alleged copyright infringement.

This Court noted in its Order granting Layer42's first motion to dismiss that Plaintiff may not claim statutory damages and attorney's fees for infringement of a copyright commenced after first publication of the work and before the effective date of its registration.  ECF No. 22, 05:12-06:01, citing 17 U.S.C. § 412.  This Court ordered that, should Plaintiff amend his Complaint, "Plaintiff may not seek those remedies [statutory damages and attorney's fees] for copyright infringement in any amended complaint.  ECF No. 22, 05:20-06:01.  Plaintiff completely disregarded the Court's order on this issue.  See ECF No. 26, ¶ 24.

The Court should dismiss Plaintiff's defective copyright infringement claim.

**B. Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42**

Section 230 of the Communications Decency Act (CDA) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.  *Id.* at § 230(e)(3).  For purposes of the statute, "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet** and such systems operated or services offered by libraries or educational institutions."  47 U.S.C. § 230 (f)(2) (emphasis added).  See also Zeran v. America Online, Inc., 129 F. 3d 327, 333-334 (4th Cir. 1997) (section 230 forbids imposition of liability on service providers with knowledge of defamatory content on their services); Carafano v. Metrosplash.com, 339 F. 3d 1119 (9th Cir.  2003) (Internet dating service immune from liability arising from third party's submission of a false online dating profile); Batzel v. Smith, 333 F. 3d 1018

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

EOR 233

1    (9th Cir. 2003) (immunity upheld for website operator who distributed an allegedly

2    defamatory email to an online listserv).

3    The only factual allegation concerning Layer42 in the entire First Amended

4    Complaint is Plaintiff's contention that Layer42 provides Internet connectivity, hosting, and

5    infrastructure to co-Defendant SF Bay Area IMC in furtherance of the website

6    "indybay.org." ECF No. 26, ¶ 8. As noted by this Court in its December Order, "That

7    allegation [recreated word-for-word in the First Amended Complaint) does nothing to

8    establish Layer42's liability; in fact, all it does is establish its presumptive immunity." ECF

9    No. 22, 15:16-17.

10    Because Choyce cannot establish that Layer42 is a publisher or speaker of any

11    alleged defamatory content, no liability may be imposed against Layer42 under California

12    law for any allegedly defamatory content formerly posted on indybay.org.

13    This court should dismiss Choyce's second cause of action against Layer42 for

14    defamation.

15

16    **C. This Court Should Specially Strike Plaintiff's State Law Claim Against Layer42 For
      Defamation[1]**

17

18    **1.    Legal Standard For California's Special Motion To Strike**

19    When a plaintiff is granted leave to amend claims stricken under California's anti-

20    SLAPP statute, the newly amended complaint is itself subject to yet another anti-SLAPP

21    motion. See, e.g., <u>Gressett v. Contra Costa Cnty.</u>, No. 12-cv-3798-EMC, 2013 WL

22    2156278 at *35 (N.D. Cal. May 17, 2013); see also ECF No. 22, 17:08-13. Plaintiff's First

23    Amended Complaint once again asserts a defamation claim against Layer42 in violation of

24    California's statute against strategic lawsuits against public participation.

25    A cause of action against a person arising from any act of that
      person in furtherance of the person's right of petition or free speech

26    under the United States Constitution or the California Constitution

27

28    [1]/ Plaintiff chose to exclude Layer42 from its state law claim for libel in the First Amended
      Complaint. ECF No. 26.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

EOR 234

in connection with a public issue shall be subject to a special
motion to strike, unless the court determines that the plaintiff has
established that there is a probability that the plaintiff will prevail on
the claim.

Cal. Code of Civ. Proc. § 425.16(b)(1).

The trial court must engage in a two-party inquiry. "First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech … Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." Vess v. Ciba-Geigy Corp., 317 F. 3d 1097, 1110 (9th Cir. 2010). The plaintiff's burden is "comparable to that used on a motion for judgment as a matter of law." Price v. Stossel, 620 F. 3d 992, 1000 (9th. Cir. 2010). "A defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." Id. at 1000 (citations and internal quotation marks omitted).

A prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. Cal Code of Civ. Proc. § 425.16(c)(1).

### 2. First Prong: A Matter Of Public Interest

For purposes of the special motion to strike, an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." Cal. Code of Civ. Proc. § 425.16(e)(3).

"Defamation suits are a prime target of SLAPP motions." Scott v. Metabolife Internat., Inc., 115 Cal. App. 4th 404, 419 (2004), citing Fox Searchlight Pictures, Inc. v. Paladino, 89 Cal. App. 4th 294, 305 (2001). Defamation is among the "favored causes of action in SLAPP suits." Wilbanks v. Wolk, 121 Cal. App. 4th 883, 890 (2004); accord, Gallimore v. State Farm Fire & Casualty Ins. Co., 102 Cal. App. 4th 1388, 1400, fn. 9 (2002).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al
7

EOR 235

1    The question whether something is an issue of public interest must be construed

2    broadly.  Gilbert v. Sykes, 147 Cal. App. 4th 13, 23, (2007); Rivera v. First DataBank, Inc.,

3    187 Cal. App. 4th 709, 716 (2010).  An " 'issue of public interest' " is " 'any issue in which

4    the public is interested.' "  Id. at 716, quoting Nygard, Inc. v. Uusi-Kerttula, 159 Cal. App.

5    4th 1027, 1042 (2008).  "Under California law, statements warning consumers of fraudulent

6    or deceptive business practices constitute a topic of widespread public interest, so long as

7    they are provided in the context of information helpful to consumers."  Makaeff v. Trump

8    University, LLC, 715 F. 3d 254, 262 (9th Cir. 2013).

9    In this case, the State of California has declared a policy to protect the public from

10   wrongful acts of those licensed to practice law within the State:

11        Protection of the public shall be the highest priority for the State Bar
         of California and the board of trustees in exercising their licensing,
12        regulatory, and disciplinary functions.  Whenever the protection of
         the public is inconsistent with other interests sought to be
13        promoted, the protection of the public shall be paramount.

14   Cal. Bus. & Prof. Code § 6001.1.

15   An act of moral turpitude, regardless whether committed in the commission of

16   professional activities, and whether the accused is ultimately convicted, is grounds in the

17   State of California for professional discipline and disbarment:

18        The commission of any act involving moral turpitude, dishonesty or
         corruption, whether the act is committed in the course of his
19        relations as an attorney or otherwise, and whether the act is a
         felony or misdemeanor or not, constitutes a cause for disbarment or
20        suspension.

21        If the act constitutes a felony or misdemeanor, conviction thereof in
         a criminal proceeding is not a condition precedent to disbarment or
22        suspension from practice therefor.

23   Cal. Bus. & Prof. Code § 6106.

24   Plaintiff's cause of action for defamation against Layer42 in the First Amended

25   Complaint incorporates by reference paragraphs 1 through 25 of that pleading, including

26   paragraphs 16-21, which republish in their entirety the April 25, 2012 indybay.org article

27   accusing Plaintiff of embezzlement, and the May 24, 2012 companion piece alleging that

28   Plaintiff and his law firm had been evicted from their offices, which the landlord "did [ ] for

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
8

EOR 236

the 99% that Mr. Choyce has ripped off."  Plaintiff's defamation claim separately refers to the embezzlement allegation and criminal charges at paragraph 36 (incorrectly numbered, page 9).  Plaintiff alleges that the supposedly false statements about him were "defamatory per se in that they imputed, [sic] reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business."  ECF No. 26, ¶ 38 (incorrectly numbered, page 9).

In evaluating whether the May 24, 2012 publication involved matters of public concern, this Court earlier ruled that the gravamen of Plaintiff's state law claims arise from statements connected to a matter of public interest.  ECF No. 22, 13:13-14:02.  Once again, Plaintiff's defamation claim in the First Amended Complaint incorporates all of the factual statements against Plaintiff which implicate the public's interest in acts of moral turpitude committed by members of the California bar.

Plaintiff's defamation cause of action involves a matter of public concern, and this Court should again specially strike the defamation claim against Layer42.

### 3.    Second Prong: Reasonable Probability Of Success Against Layer42

A defendant can defeat a plaintiff's evidentiary showing on a special motion to strike where he can establish that as a matter of law, the plaintiff cannot prevail.  <u>Digerati Holdings, LLC v. Young Money Entertainment, LLC</u>, 194 Cal. App. 4th 873, 884.

It is immaterial for purposes of Choyce's claims against Layer42 whether the accusations contained in the two articles posted by Does 1-4 are truthful.  CDA Section 230, discussed above, shields Layer42 from liability for Choyce's state law claims.  As this Court noted, the only facts alleged against Layer42 support its presumptive immunity from Plaintiff's claims.  Not only can Choyce not demonstrate a probability of success on the merits; he cannot prevail against Layer42 as a matter of law.

Layer42 respectfully requests that the Court dismiss Choyce's state law claims against Layer42, and award Layer42 attorney's fees and costs of bringing this special motion to strike.

EOR 237

1

## IV.    <u>CONCLUSION</u>

By filing the First Amended Complaint with this Court, Plaintiff Dionne Choyce and his counsel have certified that the pleading is not being offered for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Plaintiff's First Amended Complaint, seeking damages the Court expressly ruled Choyce is not entitled to and effectively republishing previously stricken claims, suggests otherwise.

The Court should dismiss the copyright infringement claim, and specially strike the state law defamation claim against Layer42. Layer42 requests an award of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c).

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: January 6, 2014        By _____/s/_____
                                      Daniel L. Casas, Esq.
                                      Anthony F. Basile, Esq.
                                      Attorneys for Defendant,
                                      LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

<u>Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof</u>
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
10

EOR 238

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual,<br><br>Plaintiff,<br><br>v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10,<br><br>Defendants. | Case No.: 13-cv-01842-JST<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) INFRINGEMENT OF COPYRIGHT**<br><br>**(2) DEFAMATION**<br><br>**(3) DEFAMATION**<br><br>**(4) LIBEL**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff DIONNE CHOYCE ("CHOYCE") to complain against the named Defendants, and each of them, as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.). This Court has

1

EOR 239

jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).  The Court has pendent jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court because the acts complained of occurred in the Northern District of California, the parties are all residents of and within the Northern District of California, and Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

## INTRODUCTION

5.      This is an action for damages and injunctive relief for Copyright Infringement, Defamation, and Libel.  This action arises out of events involving Plaintiff and Defendants.

## THE PARTIES

6.      Plaintiff CHOYCE is an attorney, licensed to practice law in the State of California, and a former prosecutor, and Deputy District Attorney for the County of Alameda.  Plaintiff CHOYCE actively engages in the practice of law,  through his firm, The Choyce Law Firm.

7.      Upon information and belief, Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC is an unincorporated association located and operating in the County of San Francisco,  within the Northern District of California, which sponsors and operates the independent media website "indybay.org".

8.      Upon information and belief, Defendant LAYER42.NET, INC., is a California Corporation,  with its principal place of business in Santa Clara County California within the Northern District of California, which provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in furtherance of the website "indybay.org"

2

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 240

9.      Upon information and belief, Defendant CERNIO TECHNOLOGY COOPERATIVE is an unincorporated association, operating in the Northern District of California in the city of Santa Rosa, California, which, in conjunction with co-Defendant LAYER42.NET, INC., which provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in furtherance of the website "indybay.org".

10.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein, and that Plaintiff's injuries were proximately caused by such aforementioned defendants.

11.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.     Plaintiff CHOYCE was admitted to the State Bar of California in 2001, and has been an active member of the California bar since that time through the date of this complaint, with no record of discipline.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 241

13.     Plaintiff CHOYCE has built a law firm from the ground up, with offices in Oakland, San Mateo, Sacramento, and Fairfield, California.  offers and advertises legal services to the public through his website, "choycelawfirm.com".

14.     Plaintiff CHOYCE has invested substantial time, effort, and money in the building of his on-line reputation, including his website and the domain "choycelawfirm.com", and in promoting and optimizing the site and its links to enhance the website's ranking in searches for legal services.

15.     As part of the offering and advertising of legal services through his website, Plaintiff CHOYCE places original images and graphics on the website, including original images and likenesses of Plaintiff CHOYCE, including digital files named "choyce.jpg" .

16.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", located at the following uniform resource locator:

        http://www.indybay.org/newsitems/2012/04/25/18712101.php

17.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg" (the "Copyrighted Work").

4

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 242

18.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time",  the following text, "The Federal Complaint that was filed against Jubilee Restoration has been stepped up to another level as the alleged Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away. Mr. Choyce had no comment as his offices were contacted in Fairfield, however, if convicted he could face a total of 17 years in prison. Dionne choyce had the complaint served on him by the Department of justice on May 13, 2009,"  all of which is demonstrably false and readily verifiable as false.

19.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "The Choyce Law Firm evicted from building", located at the following uniform resource locator:

        http://www.indybay.org/newsitems/2012/05/24/18714071.php

20.     On or about  May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg".

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 243

21.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building",  the following text, "As consumers get fed up with non-payment, so do Landlords. This time it was a landlord who read an article about Mr. Dionne Choyce an Attorney who embezzled from the Homeless. He went based on principle after Mr. Choyce and the Choyce Law firm failed to pay 2 months of rent. Many in the community applauded the eviction. One concerned citizen stated that Mr. Choyce has been dooping us for years. It is about time he received a dose of his medicine.

The Choyce Law Firm, a firm that preys on lower income DUI cases and chief general counsel for Jubilee Restoration, a Berkeley non profit housing organization who was declared by the department of Justice (see link) to be a organized crime that ripped off homeless people has fell prey to financial hardship leading his firm to be evicted at their current location. Although Mr. Choyce had no comment when we reached his firm, the landlord stated he did it for the 99% that Mr Choyce has ripped off. Many see the Landlord as a hero and actually feel that he has restored dignity to many individuals who were ripped off by Mr. Choyce.  We will be back for a part 2 tomorrow with video coverage at the location which has been given 48 hours. As I caught news cameras driving by, it was shocking to see many protesting in front of the Choyce Law Firm in Fairfield."  all of which is demonstrably false and readily verifiable as false.

## FIRST CLAIM
## INFRINGMENT OF COPYRIGHT

### (Alleged Against All Defendants)

20.     As a first, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a claim alleges:

6

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 244

21.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

22.     Without the permission or consent of Plaintiff, Defendants have used the Copyrighted Work, and distribute the Copyrighted Work to the public, and/or to make the Copyrighted Work available for distribution to others.   In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

23.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24.     As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of the Copyrighted Work. Plaintiff further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright, and ordering Defendants to destroy all copies of the Copyrighted Work made in violation of Plaintiff's exclusive rights.

/ / /

/ / /

/ / /

/ / /

7

EOR 245

**SECOND CLAIM**

**DEFAMATION**

**(Alleged Against DEFENDANTS LAYER42.NET, INC., CERNIO TECHNOLOGY COOPERATIVE, SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC, and DOES1-10)**

26.    As a second, separate and distinct claim, Plaintiff complains of Defendant Layer42.Net Inc., Cernio Technology Cooperative, Indymedia, and Does 1-10s, and each of them, and for a claim alleges:

27.    Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

28.    Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement:  "The Choyce Law Firm evicted from building".

29.    These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE's law firm had been evicted from its offices.

30.    These false statements of fact expressly state that Plaintiff CHOYCE was dishonest and unethical because he had been evicted from his office, all of which were demonstrably false and easily and readily verifiable as false.

31.    While the precise dates of these publications are not known to Plaintiff, except as herein alleged, the posting of the false statement concerning Plaintiff CHOYCE's law firm being evicted from its offices on the Indybay.org website as of May 24, 2012 and continued to be published as of the date of the filing of the original Complaint in this matter.

32.    These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.

8

33.     Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community.

34.     Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

35.     During the above-described time-frame, Defendants, and each of them, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

http://www.indybay.org/newsitems/2012/05/24/18714071.php

from May 24, 2012 through at least the filing of the original Complaint in this matter.

36.     The defamatory publications consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff was charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices.

37.     The foregoing false statements made by Defendants were further libelous and defamatory in that the likeness and image of Plaintiff CHOYCE were unlawfully published in conjunction with the false statements.

38.     The foregoing false statements made by Defendants were further libelous and defamatory per se in that they imputed, reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business.

39.      Plaintiff is informed, believes that these false and defamatory statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their

9

recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

40.     The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced persons and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

41.     Defendants' defamatory publications against Plaintiff referenced above are untrue.

42.     The above defamatory statements on their face are and were understood as assertions of fact, and not as opinion.

43.     Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

44.     The false and defamatory publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause his business to become unprofitable.

45.     Each of these publications by Defendants, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements.

46.     The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 3-cv-01842-JST

EOR 248

need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

47.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his profession, and his law practice. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

48.     As a direct and proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

49.     Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

57.     All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

58.     Defendant's defamatory publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

**THIRD CLAIM**

**DEFAMATION**

**(Alleged Against Defendants DOES 1-10)**

59.     Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "embezzled from the homeless."

61.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "may serve prison time."

62.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that "Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away".

63.     Plaintiff is informed and believes Defendants DOES 1-10, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and

12

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 3-13-cv-01842-JST

EOR 250

defamatory statements included express and implied statement: that Plaintiff, "if convicted he could face a total of 17 years in prison."

64.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had been charged with a crime.

65.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had embezzled money from the homeless.

66.     These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE's law firm had been evicted from its offices.

67.     These false statements of fact expressly state that Plaintiff CHOYCE was dishonest and unethical because he faced criminal charges, embezzled from the homeless and had been evicted from his office, all of which were demonstrably false and easily and readily verifiable as false.

68.     While the precise dates of these publications are not known to Plaintiff, except as herein alleged, the posting of the false statement concerning Plaintiff CHOYCE's law firm being evicted from its offices on the Indybay.org website as of May 24, 2012 and continues to be published as of the date of this Complaint.

69.     These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants DOES 1-10.

70.     Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants DOES 1-10, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community.

71.     Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 251

72.     During the above-described time-frame, Defendants DOES 1-10, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

    http://www.indybay.org/newsitems/2012/04/25/18712101.php

from April 25, 2012 to present.

73.     The defamatory publications consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff was charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices.

74.     The foregoing false statements made by Defendants DOES 1-10 were further libelous and defamatory in that the likeness and image of Plaintiff CHOYCE were unlawfully published in conjunction with the false statements.

75.     The foregoing false statements made by Defendants DOES 1-10 were further libelous and defamatory per se in that they imputed, reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business, and if true, would render Plaintiff unfit to engage in his chose profession, the practice of law.

14

EOR 252

76.     Plaintiff is informed, believes that these false and defamatory per se statements will continue to be published by Defendants DOES 1-10, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

77.     The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced persons and other members of the community who are known to Defendants DOES 1-10, but unknown to Plaintiff at this time.

78.     None of Defendants DOES 1-10's defamatory publications against Plaintiff referenced above are true.

79.     The above defamatory statements on their face are and were understood as assertions of fact, and not as opinion.

80.     Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants DOES 1-10, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

81.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants DOES 1-10, to cause further damage to

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 3-13-cv-01842-JST

EOR 253

Plaintiff's professional and personal reputation, and to cause his business to become unprofitable.

82.     Each of these publications by Defendants DOES 1-10, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements.

83.     The Defendants DOES 1-10 published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants DOES 1-10, to be negligent to such a degree as to be reckless. In fact, not only did Defendants DOES 1-10, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants DOES 1-10, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

84.     The above complained-of publications by Defendants DOES 1-10, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his profession, and his law practice. Defendants DOES 1-10, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

85.     As a direct and proximate result of the publication and republication of these defamatory statements by Defendants DOES 1-10, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-01842-JST

EOR 254

economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

86.     Defendants DOES 1-10, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

87.     All actions of Defendants DOES 1-10, their agents and employees, herein alleged were known, ratified and approved by the Defendants DOES 1-10. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants DOES 1-10, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

88.     Defendants DOES 1-10's defamatory publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

**FOURTH CLAIM**
**LIBEL**

**(Alleged Against Defendants DOES 1-10)**

89.     As a third, separate and distinct claim, Plaintiff complains of Defendants DOES 1-10 and for a claim alleges:

90.     Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 88, inclusive, as though fully set forth herein.

91.     Plaintiff is informed and believes Defendants DOES 1-10 by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused external written publications of libel, and libel per se, of and concerning Plaintiff, to third persons and to the

17

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 3-cv-01842-JST

EOR 255

community. These false and libelous statements were express: the publication on the Indybay.org website identifying Plaintiff CHOYCE by name and by infringing copyrighted image as one being charged with a crime; as one that had embezzled from the homeless; one that had been served with criminal charges as a co-conspirator; and whose law firm had been evicted from its offices.

92.     These and other similar false statements expressly and impliedly conveyed that Plaintiff had actually engaged in criminal conduct, had been charged with criminal conduct, had been served with criminal process, and been evicted from his law office.

93.     The libelous publication consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and libelous statements on its website (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff had been charged with a crime of moral turpitude; Plaintiff had embezzled from the homeless; Plaintiff that had been served with criminal charges as a co-conspirator; and Plaintiff's law firm had been evicted from its offices. These and similar statements published by Defendants DOES 1-10 expressly and impliedly asserted that Plaintiff was dishonest and unethical because he had been charged with a crime of moral turpitude, been served with process as a co-conspirator, had embezzled from the homeless, and had his law firm evicted from its offices.

94.     The libelous meaning of all of the above-described false and libelous statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants DOES 1-10 but unknown to Plaintiff at this time.

95.     None of Defendants' libelous publications against Plaintiff referenced above are true.

96.     The above libelous statements were understood as assertions of fact, and not as opinion.

97.     Each of these false libelous publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-1842-JST

EOR 256

1  with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the

2  illegal and cruel actions of Defendants DOES 1-10 to cause further damage to Plaintiff's

3  professional and personal reputation, and to cause him to be shunned by potential clients, deny

4  the libelous statements to existing clients and colleagues, and to expend substantial sums in

5  regaining his on-line reputation.

6  98.    Each of these publications by Defendants DOES 1-10 were made with knowledge that no

7  investigation supported the unsubstantiated and obviously false statements. The Defendants,

8  published these statements knowing them to be false, unsubstantiated by any reasonable

9  investigation. These acts of publication were known by Defendants DOES 1-10 to be negligent

10  to such a degree as to be reckless. In fact, not only did Defendants DOES 1-10 have no

11  reasonable basis to believe these statements, but they also had no belief in the truth of these

12  statements, and in fact knew the statements to be false.

13  99.    The above complained-of publications by Defendants DOES 1-10 were made with hatred

14  and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name,

15  his reputation, employment and employability. Defendants DOES 1-10 published these

16  statements, not with an intent to protect any interest intended to be protected by any privilege,

17  but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation.

18  Therefore, no privilege existed to protect any of the Defendants from liability for any of these

19  aforementioned publications or republications.

20  100.   As a proximate result of the publication and republication of these defamatory statements

21  by Defendants DOES 1-10 Plaintiff has suffered injury to his personal, business and

22  professional reputation including suffering embarrassment, humiliation, severe emotional

23  distress, shunning, anguish, fear, loss of employment, and employability, and significant

24  economic loss in the form of lost wages and future earnings, all to Plaintiff's economic,

25  emotional, and general damage in an amount according to proof.

26  101.   Defendants DOES 1-10 committed the acts alleged herein recklessly, maliciously,

27  fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper

28  and evil motive amounting to malice (as described above), and which abused and/or prevented

19

the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants DOES 1-10 their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants DOES 1-10 for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

102.    Defendants' libelous publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     For an injunction prohibiting Defendants from continuing the publication of false, defamatory, and libelous content;

2.     For general and special damages for  in amounts according to proof and in no event in an amount less than the jurisdictional limit of this Court;

3.     For punitive damages in an amount sufficient to punish Defendants and deter unlawful conduct in the future;

4.     For attorney's fees as provided by law;

5.     For interest as provided by law;

6.     For costs of suit herein;

7.     For such other and further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all matters so triable.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF   Case No. 3-13-cv-1842-JST

EOR 258

1   Dated: December 23, 2013                    SMITH PATTEN

2

3                                                 _/s/ Dow W. Patten_
                                                DOW W. PATTEN
4                                               Attorneys for Plaintiff
                                                DIONNE CHOYCE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    Case No. 13-cv-1842-JST

EOR 259

1  Daniel L. Casas, Esq. (SBN 116528)
   *dcasas@legalteam.com*
2  Anthony F. Basile, Esq. (SBN 247409)
   *abasile@legalteam.com*
3  CASAS RILEY & SIMONIAN, LLP
   One First Street, Suite 2
4  Los Altos, CA 94022
   (650) 948-7200
5  (650) 948-7220 FAX

6  Attorneys for Defendant
   LAYER42.NET, INC.
7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO**

11

| | |
|---|---|
| 12  DIONNE CHOYCE, an individual, | Case No.: CV-13-01842 |
| 13              Plaintiff | |
| 14        v. | **NOTICE OF MOTION AND MOTION FOR RECOVERY OF ATTORNEY'S FEES FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE** |
| 15  SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10, | **[Cal. Code of Civ. Proc. § 425.16] [Local Rule 54-5]** |
| 16 | |
| 17 | **Date: January 23, 2014 Time: 2:00pm** |
| 18 | **Courtroom: 9 (19th Floor)** |
| 19              Defendants. | **Action Filed: April 23, 2013** |
| 20 | |

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
1

EOR 260

**TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on **January 23, 2014 at 2:00pm**, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC. will move the Court for recovery of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c)(1) after this Court granted LAYER42.NET, INC.'s motion to specially strike and concluded that LAYER42.NET, INC. is entitled to recover fees and costs.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Daniel L. Casas, Esq., filed herewith, and the pleadings and papers filed in this action.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: December 16, 2013          By _____/s/_____

Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Defendant,
LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

EOR 261

# I.   <u>STATEMENT OF ISSUES TO BE DECIDED</u>

LAYER42.NET, INC. (Layer42) moves this Court for an award of attorney's fees pursuant to California Code of Civil Procedure Section 425.16(c)(1) and Local Rule 54-5, after the Court granted Layer42's special motion to strike and declared Layer42 the prevailing party for the purpose of this Motion.

# II.   <u>RELEVANT FACTS</u>

## A. Procedural History

Choyce filed his Complaint on April 23, 2013, with an initial Case Management Conference set for July 31, 2013.  ECF Nos. 1 and 3.  By July 29, 2013, when Choyce had not served a single defendant, the Court issued an Order to Show Cause re imposition of sanctions against Choyce for failure to timely file a Case Management Statement, and to show cause why the Complaint should not be dismissed pursuant to Rule 4(m).  ECF No. 5.  Choyce served Layer42 on August 2, 2013.  ECF No. 6.

Layer42 filed its motion to dismiss and special motion to strike on September 23, 2012.  ECF No. 9.  Choyce opposed the motions, and filed a motion to strike Layer42's special motion to strike.  ECF Nos. 10, 11, 12.  Layer42 replied in support of its motions, and opposed Choyce's motion to strike.  ECF Nos. 14 and 15.  Choyce did not file a reply in support of his motion to strike.

This Court heard argument from counsel on November 14, 2013, and took the matter under submission.  ECF No. 19.  On December 2, 2013, the Court entered its Order Denying Plaintiff's Motion to Strike; Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Granting Defendant's Motion to Specially Strike.  ECF No. 22.  The Court concluded that the gravamen of Plaintiff's state law defamation claims connected to a matter of public interest, and the facts alleged against Layer42 failed to state a claim for defamation or libel.  *Id.* at 13:26-14:02, 15:17-19.  The Court specially struck Choyce's state law defamation and libel claims against Layer42 pursuant to California's anti-SLAPP statute (Code of Civil Procedure § 425.16), and expressly held that Layer42 is entitled to

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 262

1    recover attorney's fees and costs incurred in moving to strike the claims on which it

2    prevailed.  ECF No. 22 at 15:20-16:05.

3

4                    III.    **LEGAL STANDARDS AND ANALYSIS**

5    **A. Recovery of Attorney's Fees To Prevailing Defendant On An Anti-SLAPP Motion**

6            California Code of Civil Procedure Section 425.16(c)(1) states, in relevant part,

7    "Except as provided in paragraph (2) [pertaining to actions brought under California's

8    Government Code, irrelevant here], in any action subject to subdivision (b), a prevailing

9    defendant on a special motion to strike shall be entitled to recover his or her attorney's fees

10   and costs… ."

11           It is well-settled that an award of attorney's fees and costs to a successful anti-

12   SLAPP movant is <u>mandatory</u>.  *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1181

13   (C.D. Cal. 2008), citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

14           "The statute [§425.16] is broadly construed so as to effectuate the legislative

15   purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself

16   from a baseless lawsuit."  *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002).  "If a

17   defendant [in federal court] makes a special motion to strike based on alleged deficiencies

18   in the plaintiff's complaint, the motion must be treated in the same manner as a motion

19   under Rule 12(b)(6) <u>except that the attorney's fee provision of § 425.16(c) applies</u>."  *Rogers*

20   *v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (emphasis added).

21           "[A]bsent circumstances rendering an award unjust, the fee should ordinarily include

22   compensation for all hours reasonably spent, including those relating solely to [obtaining]

23   the fee [award]."  *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982) (applying California Code of

24   Civil Procedure § 1021.5, concerning attorneys' fees for a public interest issue).  A

25   prevailing defendant is entitled to recover attorney's fees and costs incurred in moving to

26   strike the claims on which they prevailed, but not fees and costs incurred in moving to strike

27   the remaining claims.  *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020

28   (2001).  "The reasonableness of attorney fees is within the discretion of the trial court, to be

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

EOR 263

1  determined from a consideration of such factors as the nature of the litigation, the

2  complexity of the issues, the experience and expertise of counsel and the amount of time

3  involved." *Wilkerson*, 99 Cal. App. 4th at 448.

4

5  **B. The Reasonable Lodestar Amount of Fees Is $29,829.50**

6  A trial court assessing attorney fees begins with a touchstone or lodestar figure,

7  based on the careful compilation of time spent and reasonable hourly compensation of

8  each attorney involved in the presentation of the case." *Christian Research Institute v.*

9  *Alnor*, 165 Cal. App. 4th 1315, 1321 (2008).

10  Layer42 has submitted documented billing records showing 67.3 attorney hours

11  related to the successful motion to dismiss and motion to strike, totaling $22,329.50 in

12  attorney's fees. Casas Dec., Exh. A. These records show that Layer42 employed its

13  resources judiciously. Only one attorney attended the hearing on the motion. By a ratio of

14  more than two-to-one, work on the motion was performed by an associate attorney at a

15  lower hourly rate than the supervising partner. To prepare for the motion, defense counsel

16  was required to familiarize itself with the relationship among the three separate defendants

17  to the action, as well as research relevant statutory and case law. Layer42 brought its

18  motion only after its attempts at informal resolution proved unsuccessful. In short, the fees

19  charged are "reasonable" according to the factors articulated in *Wilkerson, supra*.

20  Counsel estimates that an additional $7,500 in attorney fees will be incurred in

21  preparing and arguing this Motion for fees, bringing the lodestar total to $29,829.50. Casas

22  Dec., ¶ 11.

23

24  **C. The Lodestar Amount Should Be Adjusted By No More Than One-Third**

25  After determining the lodestar figure, the Court must next consider whether that

26  figure should be adjusted based on various relevant factors, including a plaintiff's limited

27  success in the litigation. *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328,

28  343 (2006). A prevailing party is generally not entitled to recover fees incurred in moving to

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

EOR 264

strike claims on which it was not successful. *ComputerXpress, Inc. v. Jackson*, 93 Cal.
App. 4th at 1020.

Here, Layer42 prevailed in its request for dismissal of <u>all</u> claims against it. Plaintiff's
copyright infringement claim was dismissed for failure to state a claim under Rule 12(b)(6),
and his state law claims for defamation and libel were specially stricken under Section
425.16. Although the Court granted Choyce leave to amend his Complaint, the Court
placed limits on that grant while noting the practical difficulties Choyce will face in
amending his claims. For instance, since Choyce did not register the copyright in the digital
image file at issue in the Complaint until well after the Complaint was filed, Choyce may not
seek statutory damages or attorney's fees in any amended copyright infringement claim.
[1] ECF No. 22, 5:12-6:01. As to the state law claims, the Court noted that the only facts
alleged as to Layer42 actually supported its presumed immunity, and cautioned that
amended state law claims would be susceptible to yet another anti-SLAPP motion. *Id.*,
15:14-19, 17:08-13.

Though it succeeded in having all claims against it dismissed, Layer42 recognizes
that Choyce's copyright infringement claim was not susceptible to a special motion to strike
under California's anti-SLAPP statute, and that the Court may therefore determine Layer42
cannot recover fees incurred in bringing its motion to dismiss under Rule 12(b)(6).
Therefore, if the Court determines it must adjust the lodestar amount in light of this
limitation, Layer42 respectfully proposes that the lodestar amount be adjusted by no more
than one-third, since the state law claims specially struck under the anti-SLAPP statute
comprise two-thirds of Choyce's claims against Layer42.

The Court noted in its Order that the purportedly defamatory statements alleged in
the Complaint present a combination of matters of public and private concern, only the

---

[1] Since the image file was removed from the online articles months ago, Choyce faces difficulty in stating a claim for actual damages.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al
6

EOR 265

former of which are susceptible to a special motion to strike under California's anti-SLAPP statute. The Court concluded, however, that the gravamen of plaintiff's causes of action referred to matters of public concern, and cited authorities confirming collateral references to unprotected activity should not obviate application of the anti-SLAPP statute to the complaint. See, e.g., *Ramona Unified Sch. Dist. v. Tsiknas*, 13 Cal. App. 4th 510, 519-20 (2005); see also *Club Members For An Honest Election v. Sierra Club*, 45 Cal. 4th 309, 319 (2008) (citing *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 188 (2003)) ("[t]he 'principal thrust or gravamen' test has been used to determine whether an action fits within the scope of the anti-SLAPP protection provided by section 425.16 when a pleading contains allegations referring to both protected and unprotected activity"). The presence of statements of private concern in the alleged defamatory statements did not affect the analysis of the claim for purposes of the special motion to strike.

Because the gravamen of Choyce's defamation and libel causes of action pertain to matters of public concern, Layer42 submits that no adjustment to the lodestar amount is necessary to reflect the inclusion of matters of private concern in one of the two allegedly defamatory articles.

## IV.   CONCLUSION

Layer42.Net, Inc. respectfully requests that this Court award attorney's fees of $29,829.50, or any other amount this Court believes to be just, following Layer42's successful special motion to strike Plaintiff's claims under California's anti-SLAPP statute.

Respectfully submitted,

CASAS RILEY & SIMONIAN, LLP

Dated: December 16, 2013            By _____**/s/**_____
                                        Daniel L. Casas, Esq.
                                        Anthony F. Basile, Esq.
                                        Attorneys for Defendant,
                                        LAYER42.NET, INC.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion for Recovery of Attorney's Fees
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al

7

EOR 266

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## California Northern District

## Notice of Electronic Filing

The following transaction was entered on 12/4/2013 at 5:28 PM PST and filed on 12/4/2013
**Case Name:**         Choyce v. SF Bay Area Independent Media Center et al
**Case Number:**      3:13-cv-01842-JST
**Filer:**
**Document Number:** 24(No document attached)

**Docket Text:**
**ORDER granting [23] Motion for Extension of Time to Answer. Plaintiff having represented to the Court that he will not oppose the motion, the Court hereby waives the requirements of Civil Local Rule 6-3(b), and GRANTS the motion to extend the time to answer. Defendant SF Bay Area Independent Media Center is ordered to file an answer or other responsive pleading no later than January 6, 2014.(jstlc2, COURT STAFF) (Filed on 12/4/2013)**

**3:13-cv-01842-JST Notice has been electronically mailed to:**

Anthony Francis Basile &nbsp &nbsp abasile@legalteam.com

Daniel L. Casas &nbsp &nbsp dcasas@legalteam.com, abasile@legalteam.com, mcantrell@legalteam.com, nsvoboda@legalteam.com

Dow Wakefield Patten &nbsp &nbsp dow@smithpatten.com, kristine@smithpatten.com, melissa@smithpatten.com

Leila Christine Knox &nbsp &nbsp leila.knox@bryancave.com, janette.palaganas@bryancave.com

Spencer Freeman Smith &nbsp &nbsp spencer@smithpatten.com, spencer@smithlawsf.com

**3:13-cv-01842-JST Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIONNE CHOYCE,

            Plaintiff,

     v.

SF BAY AREA INDEPENDENT MEDIA
CENTER, et al.,

            Defendants.

Case No. 13-cv-01842-JST

**ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE; GRANTING IN
PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS;
AND GRANTING DEFENDANT'S
MOTION TO SPECIALLY STRIKE**

Re: ECF Nos. 9 & 12

       Before the Court are three motions in this action for copyright infringement, defamation,

and libel. First, Defendant Layer42.net, Inc. ("Layer42") moves this Court pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Dionne Choyce's Complaint

against it for failure to state a claim ("Motion to Dismiss"). ECF No. 12. Second, Defendant

Layer42 moves to specially strike Plaintiff's state law causes of action pursuant to California's

anti-SLAPP statute (the "Anti-SLAPP Motion"). Id.[1] Third, Plaintiff Choyce moves pursuant to

Rule 12(f) to strike Defendant Layer42's Anti-SLAPP Motion for untimeliness. ECF No. 12. For

the reasons set forth below, Plaintiff's motion to strike the Anti-SLAPP Motion is DENIED,

Defendant Layer42's motion to dismiss is GRANTED IN PART and DENIED IN PART, and

Defendant Layer42's Anti-SLAPP Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Defendant's motion is combined and titled as one: "Notice of Motion and Motion to Dismiss for
Failure to State a Claim Upon Which Relief Can Be Granted / Special Motion to Strike (Anti-
SLAPP)". ECF No. 9. The Court refers to the portion at pages 5:7-11:22 as Defendant's "Motion
to Dismiss," and to the portion at pages 11:24-15:8 as Defendant's "Anti-SLAPP Motion."

United States District Court
Northern District of California

# I.    BACKGROUND

## A.    The Parties and Claims

Plaintiff Dionne Choyce is a lawyer at The Choyce Law Firm.  Compl., ¶ 6, ECF No. 1.  Defendant SF Bay Area Independent Media Center ("SFBAIMC") operates an independent media website, indybay.org ("Indybay"), in the County of San Francisco.  Id. ¶ 7.  Defendant Layer42.net, Inc., a California corporation, provides internet connectivity, hosting, and infrastructure to SFBAIMC "in furtherance of" the Indybay website.  Id. ¶ 8.  Defendant Cernio Technology Cooperation, an unincorporated association operating in Santa Rosa, California, provides similar services to SFBAIMC as co-defendant Layer42 "in furtherance of" the Indybay website.  See id. ¶ 9.

Plaintiff alleges that, on or around April 25, 2012, John Doe Defendants posted a webpage on Indybay with the title "Attorney Dionne choice who embezzled from homeless may serve prison time."  Id. ¶ 16.  Within this webpage, Defendants or persons associated with Defendants included a graphic image of Plaintiff entitled "dionne_choyce.jpg," which was taken from his firm's website.  Id. ¶ 17.  The postings contained additional content indicting that Plaintiff was being prosecuted by the U.S. Department of Justice.  Id. ¶¶ 16-18.

Additionally, on or around May 24, 2012, other John Doe Defendants posted another webpage on Indybay with the title "The Choyce Law Firm evicted from building."  Id. ¶ 19.  This webpage used the same graphic image as used in the prior webpage.  See id. ¶ 20.  The May 24 content claimed that Plaintiff's firm was being evicted from its office for failure to pay two months of rent, and also indicated that the firm's landlord was acting in part in response to Plaintiff's "embezzlement."  Id. ¶ 21.  The content also claimed that the eviction was applauded by many in the "community" whom Choyce had victimized.  Id.

Plaintiff asserts that the content on both webpages is false.  See id. ¶ 18, 21.  Plaintiff argues that the use of Plaintiff's firm website photo constitutes copyright infringement, and the content on both webpages constitutes defamation and libel.  See id. ¶ 5.

The only responding defendant, Layer42, argues that (1) Plaintiff's Complaint should be

2

EOR 269

United States District Court
Northern District of California

dismissed for failure to state a claim; (2) Plaintiff cannot seek statutory damages or attorney's fees for copyright infringement because Plaintiff failed to register his copyright; (3) Layer42 is entitled to immunity for the copyright infringement cause of action because of the Digital Millennium Copyright Act's ("DMCA") safe harbor statute; (4) Plaintiff is barred from recovering against Layer42 pursuant to the Communications Decency Act ("CDA"); and (5) Plaintiff's state law causes of action should be specially stricken pursuant to California's Anti-SLAPP statute.  See Def's Mot, ECF No. 9, at 1.

Plaintiff attempts to strike Defendant Layer42's Anti-SLAPP Motion for untimely notice. ECF No. 12.

**B.      Jurisdiction**

The Court has federal question and pendent jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.  See Part IV.B, infra.

## II.      PLAINTIFF'S MOTION TO STRIKE

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from the pleadings any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Pleadings" include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  "Under the express language of the rule, only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (holding that the district court erred in striking a motion under Rule 12(f)).

Since Defendant Layer42's Anti-SLAPP Motion is not a pleading, the Court DENIES Plaintiff's Rule 12(f) motion without leave to amend.  To the extent that the arguments contained in Plaintiff's motion to strike can be considered an opposition to Defendant's Anti-SLAPP Motion, the Court will consider the merits of such arguments below.  See Part IV.B, infra.

## III.     DEFENDANT'S MOTION TO DISMISS

**A.      Legal Standard**

EOR 270

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Id. at 556. When dismissing a complaint, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

**B.      Analysis**

Defendant moves to dismiss Plaintiff's first cause of action for copyright infringement on two grounds: first, that Plaintiff has failed to allege in his complaint that he has registered the allegedly copyrighted work, and second, because the DMCA's safe harbor provisions shield Layer42 from copyright liability. Defendant also argues that the Court should dismiss Plaintiff's state-law defamation and libel causes of action because Plaintiff is barred from recovering against Layer42 pursuant to the CDA.

The Court addresses each of these arguments in turn.

**1.      Unregistered Copyright**

EOR 271

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). While it is not a jurisdictional prerequisite, "Section 411(a) imposes a precondition to filing a claim." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010). "[R]eceipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010).[2]

In this case, the Complaint fails to allege that Plaintiff has registered his alleged copyright or even submitted a complete application, and from his opposition and a subsequently filed declaration it appears that he did not apply until after the complaint was filed. Accordingly, the complaint must be dismissed.

Plaintiff may amend the complaint to allege that he has applied for a copyright. However, "certain remedies, such as statutory damages and attorney's fees, are available only after registration." Cosmetic Ideas, 606 F.3d at 619 (citing 17 U.S.C. § 412). "[N]o award of statutory damages or of attorney's fees . . . shall be made for . . . *any infringement of copyright commenced after first publication of the work and before the effective date of its registration*, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (emphasis added). Here, it is undisputed that Plaintiff did not possess a registered copyright—and had not even applied for a copyright registration—within three months after the time of alleged infringement, which was April 25, 2012.[3] See ECF Nos. 1, 9, 10. Therefore, Plaintiff may not

---

[2] There is a split among the circuits on this issue; some courts have rejected the "registration approach" in favor of a requirement that a copyright actually be registered before a plaintiff may file suit. See, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1201-02 (10th Cir. 2005) ("[d]espite the [Copyright] Act's seemingly plain language, courts construing these provisions are split into two competing interpretive camps: the 'Registration approach,' which we have adopted, and the 'Application approach'), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010).

[3] The alleged copyright infringement for the image happened approximately in the months of April and May in 2012. See Compl. ¶¶ 17, 20. In his opposition to the motion, Plaintiff concedes that he had not yet registered the image. Pl's Opp'n, ECF No. 10, at 6 ("In light of the closure of the

1  seek those remedies for copyright infringement in any amended complaint.

2        **2.**       **DMCA Safe Harbor**

3        The DMCA provides safe harbors to shield service providers from liability for:

4  (a) transitory digital network communications; (b) system caching; (c) information residing on

5  systems or networks at the direction of users; and (d) information location tools.  17 U.S.C.

6  § 512(a)-(d); see also Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1109 (9th Cir. 2007).  "To

7  be eligible for any of the four safe harbors at §§ 512(a)-(d), a service provider must first meet the

8  threshold conditions set out in § 512(i)."  Perfect 10, 488 F.3d at 1109 (citations omitted).  Section

9  512(i)(1)(A) requires that a service provider:

10         [H]as adopted and reasonably implemented, and informs subscribers
        and account holders of the service provider's system or network of,

11         a policy that provides for the termination in appropriate
        circumstances of subscribers and account holders of the service

12         provider's system or network who are repeat infringers.

13 See Perfect 10, 488 F.3d at 1109.

14       In Ellison v. Robertson, the Ninth Circuit held that the question of whether a defendant

15 functioned as a conduit service provider pursuant to section 512(a) presents questions of law, but

16 that the analysis required to determine the threshold requirements in section 512(i) presents triable

17 issues of material fact.  357 F.3d 1072, 1074, 1081 (9th Cir. 2004) ("There are triable issues of

18 material fact concerning whether AOL meets the threshold requirements, set forth in § 512(i), to

19 assert the safe harbor limitations of liability of §§ 512(a-d).");  but see also id. ("Whether AOL

20 functioned as a conduit service provider in this case presents pure questions of law.").

21

22 United States Office of Copyright on October 1, 2013, Plaintiff cannot proceed with registration of
his copyright until that office is reopened by funding from Congress.")  Therefore, Plaintiff did

23 not have a registered copyright for the image for over a year after the infringement.  There is a
grace period of three months after publication during which registration can be made without loss

24 of remedies, but Plaintiff has not provided facts sufficient to establish that the image from the firm
website had been recently published at the time of infringement.  See 17 U.S.C. § 412.  Moreover,

25 even if that grace period were to apply here, Plaintiff still would have had to register the copyright
within one month after having learned of the infringement, which Plaintiff clearly did not do.  See

26 id.  Plaintiff did finally register his copyright on October 23, 2013.  Supplemental Decl. of Dow

27 W. Patten, ECF No. 17.  However, that is still six months after the filing of his Complaint on April
23, 2013.  See Compl., ECF No. 1.

28

EOR 273

United States District Court
Northern District of California

Defendant argues that it qualifies for section 512(a) safe harbor.  See Def's Mot., 7-10.

However, Defendant fails to address in its motion whether it meets the threshold requirements

provided in section 512(i).  The Court cannot determine on a motion to dismiss that Defendant's

claim to service provider immunity under the DMCA defeats Plaintiff's copyright claim as a

matter of law.

### 3.    State Law Claims

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance

of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n.7 (1988).

Therefore, since the Court will dismiss the only federal claim, and since the only jurisdiction the

Court might exercise over Plaintiff's state-law claims is supplemental jurisdiction, it will not

address Plaintiff's state law claims on a 12(b)(6) motion.  However, the Court does reach those

claims insofar as Defendant is entitled to consideration of its anti-SLAPP motion.  See Part IV,

infra.

## IV.   DEFENDANT'S ANTI-SLAPP MOTION

### A.    Legal Standard

The California anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute

permits defendants to gain early dismissal of claims through a special motion to strike civil actions

"brought primarily to chill the valid exercise of the constitutional rights of freedom of speech."

Cal. Code Civ. Proc. § 425.16(a).  The anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that
> person in furtherance of the person's right of petition or free speech
> under the United States Constitution or the California Constitution
> in connection with a public issue shall be subject to a special motion
> to strike, unless the court determines that there is a probability that
> the plaintiff will prevail on the claim.

Id. § 425.16(b)(1) (emphasis added).  Among others, an act "in furtherance of" these rights include

"any written or oral statement or writing made in a place open to the public or a public forum in

EOR 274

connection with an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(3). "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. § 415.16(c)(1).

California's anti-SLAPP statute is available to litigants in federal court. U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999); see also Batzel v. Smith, 333 F.3d 1018, 1025-26 (9th Cir. 2003) (federal courts sitting in diversity "recognize[] the protection of the anti-SLAPP statute as a substantive immunity from suit"). However, "[p]rocedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 845 (9th Cir. 2001) (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980)). The Ninth Circuit has "accordingly refused to apply certain discovery-limiting provisions of the anti-SLAPP statute because they would conflict with Fed. R. Civ. P. 56," and has also held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004) (citing Metabolife, 264 F.3d at 845). As a result, "the federal court special motion is a far different (and tamer) animal than its state-court cousin." Makaeff v. Trump Univ., LLC, 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, C.J., concurring).

To determine whether a defendant is entitled to specially strike an anti-SLAPP action, state courts engage in a two-part burden-shifting inquiry.

> First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's intentions are ultimately beside the point. Similarly, the defendant bringing a motion to strike need not show that any speech was actually chilled.

> Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. If the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim, the motion to strike must be denied.

EOR 275

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003) (internal citations and quotation marks omitted). However, if the anti-SLAPP statute's discovery-limiting provisions "were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56." Metabolife, 264 F.3d at 846 (quoting Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 980 (C.D.Cal.1999). Therefore, "[i]f a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." Rogers, 57 Supp. 2d at 980.

### B. Timeliness of the Anti-SLAPP Motion

California Code of Civil Procedure section 425.16(f) requires that the moving party schedule an anti-SLAPP motion hearing with the clerk of the court "*not more than 30 days* after the service of the motion *unless docket conditions of the court require a later hearing*." (emphasis added). This Court's Local Rule 7-2(a) states that all motions must be filed, served, and noticed in writing on the motion calendar "for hearing *not less than 35 days* after service of the motion." (emphasis added).

As Plaintiff notes in his motion to strike, Defendant Layer42 properly scheduled a hearing in accordance to Local Rule 7-2(a), but did not schedule within 30 days pursuant to the Section 424.16(f) requirement. See ECF No. 12, at 4-5. However, this scheduling is not untimely because district courts have held that "the local rules that apply in any given district should be considered 'docket conditions' that would justify a later hearing." See, e.g., Rogers, 57 F. Supp. 2d at 981, n.3 (C.D. Cal. 1999) (holding that a motion for summary judgment was properly set because section 425.16(f) does not substantively affect usual procedures pursuant to the Federal Rules). The Court agrees with this conclusion and concludes that the Anti-SLAPP Motion hearing here was properly set.

### C. Merits of the Anti-SLAPP Motion

Plaintiff argues that the two webpages posted on Indybay—the first titled "Attorney

Dionne choice who embezzled from homeless may serve prison time," and the second titled "The Choyce Law Firm evicted from building"—are inflammatory and false, and form the basis of his state-law defamation and libel claims.  Compl. ¶¶ 16-21.

### 1.  An Issue of Public Interest

An anti-SLAPP movant must first make a *prima facie* showing that the plaintiff's cause of action falls within the protection of the anti-SLAPP statute, here specifically that it arises from a written or oral statement or writing that was "made in a place open to the public or a public forum in connection with an issue of public interest."  Cal. Code Civ. Proc. § 425.16(e)(3).[4]

Although California's anti-SLAPP statute provides no definition of what constitutes "an issue of public interest," the California Courts of Appeal have considered some of the five guiding principles for what distinguishes a public interest from a private one:

> First, "public interest" does not equate with mere curiosity.

> Second, a matter of public interest should be something of concern to a substantial number of people.  Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest.

> Third, there should be some degree of closeness between the challenged statements and the asserted public interest; the assertion

---

[4] The anti-SLAPP statute provides that:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

> (3) *any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest*, or

> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e) (emphasis added).

EOR 277

of a broad and amorphous public interest is not sufficient.

Fourth, the focus of the speaker's conduct should be the public interest rather than a mere effort to gather ammunition for another round of [private] controversy.

Finally, those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure. A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

See, e.g., Weinberg v. Feisel, 110 Cal. App. 4th 1122, 1132-33 (2003) (internal citations and quotation marks omitted) ("[T]he [anti-SLAPP] statute requires that there be some attributes of the issue which make it one of public, rather than merely private, interest.").

The parties have not cited, and the court is not aware of, any published authority addressing whether accusations of attorney misconduct are "an issue of public interest" for purposes of applying the first prong of the Anti-SLAPP analysis.[5] However, "courts have broadly construed public interest to include not only governmental matters, but also private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a governmental entity." Cross v. Cooper, 197 Cal. App. 4th 357, 372 (2011), as modified on denial of reh'g (Aug. 4, 2011), review denied (Oct. 12, 2011).

In a recent decision analyzing California precedents, the Ninth Circuit concluded that "[u]nder California law, statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers." Makaeff, 715 F.3d at 262. The Ninth Circuit cited, among other cases, Wilbanks v. Wolk, in which a consumer advocate published negative statements online about a viatical settlement broker, including the allegedly false statements that

---

[5] The Court has located a single unpublished Court of Appeal decision holding that "where there are unrefuted allegations that a defendant in a defamation action made false and unprivileged statements regarding specific attorney misconduct, and the statements are unconnected to a State Bar investigation or any other official proceeding, the action is not subject to an anti-SLAPP motion on the ground attorney misconduct is a public issue or matter of public interest." Harbison v. Norcal Mut. Ins. Co., No. C043769, 2004 WL 1175332, at *7 (Cal. Ct. App. May 27, 2004). For the reasons set forth above, the Court here reaches a different conclusion.

EOR 278

United States District Court
Northern District of California

1    the broker company was "under investigation by the CA dept. of insurance," and that a plaintiff

2    had won a judgment against the company. 121 Cal. App. 4th 883, at 889-890 (2004). The

3    California Court of Appeal held that the statements were "made in connection with an issue in the

4    public interest" under the first prong of the anti-SLAPP analysis. Id. at 901.

5        For similar reasons, statements that an attorney has embezzled from clients, and is being

6    prosecuted for doing so, relate to an issue of public interest. Applying the factors identified in

7    Weinberg, the Court finds that substantial number of people, especially potential clients, would be

8    concerned, for reasons beyond mere curiosity, with whether an attorney was embezzling from

9    clients, and the statements alleged in the complaint are closely connected to that interest.

10       In fact, the level of public interest in the conduct of an attorney is both actually and

11    appropriately higher than the level of interest in the conduct of viatical settlement brokers or

12    online universities. Cf. Wilbanks, 121 Cal.App.4th at 889; Makaeff, 715 F.3d at 260. Lawyering

13    is "a profession imbued with the public interest and trust," Standing Comm. on Discipline of U.S.

14    Dist. Court for S. Dist. of California v. Ross, 735 F.2d 1168, 1170 (9th Cir. 1984), and California

15    law specifically recognizes the public's heightened interest in acts of moral turpitude committed

16    by members of the California bar. Cal. Bus. & Prof. Code §§ 6001.1, 6106.

17       Unlike the statements discussed in Makaeff and Wilbanks, the challenged statements in

18    this case are less obviously targeted at potential consumers of legal services. However, any doubt

19    about whether the challenged statements relate to a matter of public interest must be resolved in

20    favor of favoring freedom of speech, because "the question whether something is an issue of

21    public interest must be 'construed broadly.'" Hecimovich v. Encinal Sch. Parent Teacher Org.,

22    203 Cal. App. 4th 450, 464 (2012), review denied (Apr. 25, 2012) (quoting Gilbert v. Sykes, 147

23    Cal.App.4th 13, 23 (2007) (internal quotation marks omitted)).

24       To be clear, in reaching this conclusion the Court reaches no conclusions about the merits

25    of Plaintiff's defamation and libel claims. Plaintiff alleges that the Doe Defendants stated

26    specifically that the federal government had filed a complaint against Plaintiff for embezzlement.

27    To the extent that that statement is demonstrably false, the speaker of that statement will have

28

United States District Court<br>Northern District of California

EOR 279

difficulty surviving the second prong of the anti-SLAPP analysis.  See, e.g., Wilbank, 121

Cal.App.4th at 901-08 (holding that defendant's anti-SLAPP motion failed on the second prong,

even under the more defendant-friendly version of that analysis which applies in state court).  But

the Court's task in applying the first prong of the anti-SLAPP analysis is only to consider whether

the statements concern a matter of public interest.  Statements that an attorney is embezzling from

clients qualify.

However, unlike the April 25 posting, many of the statements in the May 24 posting do not

directly relate to the claim that Plaintiff was embezzling.  See Compl. ¶¶ 19-21.  The allegation

that the Plaintiff's law firm was being evicted from its office space does not appear to relate to a

matter of public interest, and Layer42.net provides no argument why it does.  Therefore, to the

extent that Plaintiff bases his defamation and libel claims on the statement that Plaintiff's firm was

evicted for nonpayment of rent, those statements are not vulnerable to an anti-SLAPP motion.

On the whole, however, the gravamen of Plaintiff's arises from statements connected to a

matter of public interest.  Courts "examine the principal thrust or gravamen of a plaintiff's cause

of action to determine whether the anti-SLAPP statute applies, and when the allegations referring

to arguably unprotected activity are only incidental to a cause of action based essentially on

protected activity, collateral references to unprotected activity should not obviate application of

the anti-SLAPP statute to the complaint."  Ramona Unified Sch. Dist. v. Tsiknas, 135 Cal. App.

4th 510, 519-20 (2005); see also Club Members For An Honest Election v. Sierra Club, 45 Cal.

4th 309, 319 (2008) (citing Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (2003))

("[t]he 'principal thrust or gravamen' test has been used to determine whether an action fits within

the scope of the anti-SLAPP protection provided by section 425.16 when a pleading contains

allegations referring to both protected and unprotected activity").

Accusations of attorney embezzlement pervade the statements Plaintiff seeks to challenge,

and the statements about the firm's eviction from its office are collateral to those accusations.  See

Compl. ¶¶ 17-21.[6]  Layer42 has met its burden of demonstrating that the statements in the

---

[6] "As consumers get fed up with non-payment, so do Landlords.  This time it was a landlord who

United States District Court
Northern District of California

EOR 280

United States District Court
Northern District of California

1    complaint which relate to Plaintiff having embezzled, and being prosecuted for having embezzled,

2    are connected to a matter of public interest.

3              2.    Probability of Prevailing

4          In his Complaint, Plaintiff alleges that Layer42 "provides Internet connectivity, hosting,

5    and infrastructure." Compl. ¶ 8.  Therefore, according to the complaint, Layer42 is an "interactive

6    computer service" under the CDA.  "The term 'interactive computer service' means any

7    information service, system, or access software provider that provides or enables computer access

8    by multiple users to a computer server, including specifically a service or system that provides

9    access to the Internet and such systems operated or services offered by libraries or educational

10   institutions."  47 U.S.C. § 230(f)(2).  Accordingly, since "[n]o provider or user of an interactive

11   computer service shall be treated as the publisher or speaker of any information provided by

12   another information content provider," the allegations of the complaint establish that Layer42 is

13   presumptively immune from liability for the content that the Doe Defendants posted on the

14   Indybay website.  47 U.S.C. § 230(c)(1); see also Compl. ¶¶ 16-19.

15         In his opposition, Plaintiff does not dispute that Layer42 is the provider of an interactive

16   computer service.  Instead, he argues that the immunity does not apply when the service provider

17   itself is responsible for creating and developing content.  Opp. 6:18-7:21 (citing Fair Housing

18   Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008);

19   Barnes v. Yahoo!, Inc., 570 F.3d 1096, 1100 (9th Cir. 2009)).

20         However, the complaint contains no factual allegations from which it could plausibly be

21   inferred that Layer42 was in any way responsible for putting the material online, except insofar as

22   Layer42 provides Defendant SFBAIMC with internet hosting services.  Plaintiff alleges that

23   SFBAIMC, not Layer42, "sponsors and operates" the website where the challenged statements

24   appeared.  Compl. ¶ 7.  Plaintiff does not allege that Layer42 plays any role developing or creating

25   content on the Indybay website.   As an internet service provider rather than the host of an

26

27   read an article about Mr. Dionne Choyce an Attorney who embezzled from the Homeless . . . .
     Although Mr. Choyce had no comment when we reached his firm, the landlord stated he did it for
28   the 99% that Mr. Choyce has ripped off."  Id. at ¶21.

                                                  14

EOR 281

interactive website, Layer42's connection to the challenged statements is even more attenuated than in the many cases in which courts held that a website host was shielded from liability by Section 230 of the CDA. See Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1125 (9th Cir. 2003) (Matchmaker website not liable for information posted by website user); Levitt v. Yelp! Inc., No. 10-cv-1321-EMC, 2011 WL 5079526, at *6-9 (N.D. Cal. Oct. 26, 2011) (Yelp! immune even where alleged to have manipulated content posted by others).

The closest the complaint comes to alleging Layer42's role in producing the challenged content is by alleging on information and belief that all of the named defendants were "acting as the partner, agents, servants and employees of each other," by alleging that Defendants all "conspired to" publish the material, and then group-pleading all of its claims against all defendants collectively. Compl. ¶¶ 11, 28-32, 41-42, 52-57, 61, 63, 68-69, 71. This "formulaic recitation" of the elements of agency and conspiracy liability are not well-pled factual allegations entitled to a presumption of truth. See Twombly, 550 U.S. at 555.

Indeed, the only factual allegations in the entire complaint that relate specifically to Layer42 is the allegation that it provides internet hosting, connectivity, and infrastructure. Compl. ¶¶ 8-9. That allegation does nothing to establish Layer42's liability; in fact, all it does is establish its presumptive immunity. The facts alleged in the complaint fail to state a claim for defamation or libel against Defendant Layer42.net, and would be subject to dismissal pursuant to Rule 12(b)(6).

### 3. Conclusion

Insofar as the Complaint brings defamation and libel claims against Defendant Layer 42 for the statements that Plaintiff embezzled and was being prosecuted for embezzlement, the Court SPECIALLY STRIKES those claims pursuant to California's anti-SLAPP statute.

"[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 340 (2006). The Court concludes that, in striking the gravamen of Plaintiff's

EOR 282

United States District Court
Northern District of California

defamation and libel claims against it, Layer42 achieved some practical benefit in bringing the

motion. Layer42 consequently . . . [is] entitled to recover attorney fees and costs incurred in

moving to strike the claims on which . . . [it] prevailed, but not fees and costs incurred in moving

to strike the remaining claims." ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020

(2001).[7]

## V.    LEAVE TO AMEND

As discussed supra, the Court will grant Plaintiff leave to amend his complaint to re-allege

---

[7] Users and producers of interactive computer services can prevail on an anti-SLAPP motion by arguing that, under 47 U.S.C. § 230(c)(1), they cannot be treated as the publisher or speaker of third-party content. See Barrett v. Rosenthal, 40 Cal. 4th 33, 40-42 (2006). However, this creates an interesting tension with the text of the anti-SLAPP statute, albeit not one raised by the parties. By invoking Section 230(c)(1) immunity, the provider or user of an interactive computer service is arguing that it is not the publisher or speaker of the challenged statement, and therefore it must prevail on the second prong of the anti-SLAPP analysis. But on the *first* prong of the anti-SLAPP analysis, a cause of action is subject to strike only if it is "a cause of action *against a person* arising from any *act of that person* in furtherance of *the person's* right of petition or free speech . . . in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1) (emphases added). Here, the moving party, Layer42, has demonstrated that the challenged statements were made in furtherance of *the speaker's* right of free speech, but it cannot show that the statements were an exercise of *Layer42's* rights of free speech. After all, Layer42's defense is that it was not the publisher or speaker of the challenged statements. From the text of the anti-SLAPP statute, it would appear that, since the causes of action *against Layer 42* do not arise from any *act of Layer42's* in furtherance of *its* free speech rights, Layer42 is not in a position to move to specially strike the claims against it while simultaneously claiming that it was not the speaker of the statements.

However, such an interpretation would be inconsistent with the result reached in Barrett. While the California Supreme Court did not address this question, it held that the California Court of Appeal erred in vacating an anti-SLAPP order because the website user who brought the motion to strike was immune from liability under Section 230 for posting a copy of an article written by another author. 40 Cal.4th at 41-42, 62-63. The trial court in that case, whose order the Supreme Court effectively reinstated, had determined that the first prong of the anti-SLAPP statute was satisfied because the "lawsuit arises from speech covered by the statute," and did not impose any requirement that the moving party establish that the causes of action she sought to strike arose out of her specifically exercising her right of free speech. Barrett v. Clark, 833021-5, 2001 WL 881259, at *4-6 (Cal. Super. Ct. July 25, 2001). "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." City of Cotati v. Cashman, 29 Cal. 4th 69, 78 (2002). The Court has not identified any authority stating that a defendant may not bring an anti-SLAPP Motion based an act made in furtherance of a *different* defendant's right of free speech.

EOR 283

1     a copyright infringement claim if he alleges that he has now applied for a copyright.

2         In state court, granting an anti-SLAPP motion is the equivalent to dismissal with prejudice.

3     However, the Ninth Circuit has held that "granting a defendant's anti-SLAPP motion to strike a

4     plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide

5     with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." Verizon Delaware, 377 F.3d

6     1091. Strictly speaking, Verizon Delaware was discussing a plaintiff's right under Rule 15(a)(1)

7     to amend once as a matter of course, rather than a plaintiff's general ability, pursuant to under

8     Rule 15(a)(2), to receive leave to amend after dismissal without prejudice. However, other district

9     courts have concluded from Verizon Delaware that, when dismissing a claim pursuant to the anti-

10     SLAPP statute, a plaintiff should be granted leave to amend and re-assert the stricken claims,

11     although with the proviso that the newly amended complaint would then also be subject to yet

12     another anti-SLAPP motion. See, e.g., Gressett v. Contra Costa Cnty., No. 12-cv-3798-EMC,

13     2013 WL 2156278, at *35 (N.D. Cal. May 17, 2013).

14         The Ninth Circuit held after Verizon Delaware that "Oregon's anti-SLAPP statute, which

15     requires entry of a judgment of dismissal without prejudice, does not directly conflict with the

16     Federal Rules'" provisions for liberal amendment. Gardner v. Martino, 563 F.3d 981, 991 (9th

17     Cir. 2009). However, the Court reads Gardner as holding only that an anti-SLAPP statute may

18     entitle a movant to receive an order of dismissal, and that a plaintiff who has already amended

19     once as of right cannot avoid that fate by seeking to amend its order yet again before the order of

20     dismissal is entered. The Court does not understand Gardner to undermine Verizon Delaware's

21     rule that 15(a)'s policy of liberal amendment supersedes any state-law requirements that would

22     otherwise require dismissal with prejudice.

23     **VI.    CONCLUSION**

24         Plaintiff's motion to strike is DENIED.

25         Defendant Layer42's motion to dismiss is GRANTED IN PART and DENIED IN PART.

26     Plaintiff's copyright claim is DISMISSED WITHOUT PREJUDICE. The Court DENIES the

27     motion to dismiss insofar as it seeks dismissal of Plaintiff's second and third causes of action

28

United States District Court
Northern District of California

EOR 284

1 pursuant to Rule 12(b)(6).

2 Defendant Layer42's Anti-SLAPP Motion to specially strike state law claims is

3 GRANTED IN PART and DENIED IN PART. The Court strikes the defamation and libel claims

4 against Defendant Layer42 insofar as the statements about embezzlement and prosecution for

5 embezzlement form the basis of those claims.

6 The Court grants Plaintiff leave to file an amended complaint re-asserting his copyright

7 claim, if he alleges that he has now applied for a copyright. He must in any such complaint

8 restrict his asserted remedies to those which are available for infringement alleged to have

9 occurred before the copyright holder applied for a copyright.

10 In an amended complaint, Plaintiff must either amend the complaint to drop the stricken

11 claims, or may re-assert those claims if he alleges new facts which can overcome the deficiencies

12 addressed at Part IV-C-2, *supra*. Those claims, however, would then be subject to another anti-

13 SLAPP motion.

14 Any amended complaint must be filed within twenty-one days of the date of this order.

15 Failure to comply with this order will result in dismissal with prejudice of the federal claim.

16 **IT IS SO ORDERED.**

17 Dated: December 1, 2013

18 _____
JON S. TIGAR
19 United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

EOR 285

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### Civil Minutes

Date: November 14, 2013                                      Judge:  Jon S. Tigar

Time: 27 minutes

Case No.      **3:13-cv-01842-JST**
Case Name     **Dionne Choyce v. SF Bay Area Independent Media Center, et al.**

Attorneys for Plaintiff:        Spencer F. Smith; Dow W. Patten
Attorney for Defendant:        Daniel L. Casas (for Layer42.net, Inc.)

Deputy Clerk:  William Noble                Court Reporter:  FTR: 2:18-2:45 p.m.

### PROCEEDINGS

- Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted / Special Motion to Strike (Anti-SLAPP) (docket 9)
- Plaintiff's Partial Motion to Strike Defendant Layer42.Net, Inc.'s Motion to Dismiss (docket 12)

### RESULT OF HEARING

Motion hearings held.  Motions taken under submission.  Court will issue an order.

EOR 286

1    Dow W. Patten, Bar No: 135931        (415) 402-0084
     SMITH PATTEN
2    353 Sacramento St., Suite 1120
     San Francisco, CA 94111
3

4    Representing: Plaintiff        File No.Deon Choyce

5

6

7

8             United States District Court, Northern District of California

9            Northern District of California - District - San Francisco

10

11

12    CHOYCE                               Case No: 3:13-cv-01842-JST

13                            )     Proof of Service of:

14       Plaintiff/Petitioner       )        See Attached List    By Fax

15             vs.              )

16    SF Bay Area Independent Media Center, et al.    )

17                         )

18       Defendant/Respondent      )

19                          Service on:

                                 SF Bay Area Independent Media Center, a.k.a. IMC,
20                                  SF Bay Area, a.k.a. SF Bay Area IMC; an
                                 unincorporated association
21

22                                  Hearing Date:

23                                  Hearing Time:

                                 Div/Dept:
24

25

26

27

28

                            PROOF OF SERVICE

OL# 7328424

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Dow W. Patten, 135931<br>SMITH PATTEN<br>353 Sacramento St., Suite 1120<br>San Francisco, CA 94111 | | (415) 402-0084 | |
| ATTORNEY FOR (Name) Plaintiff | Ref. No. or File No.<br>Deon Choyce | | |

Insert name of court, judicial district or branch court, if any:

United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3483

PLAINTIFF:

CHOYCE

DEFENDANT:

SF Bay Area Independent Media Center, et al.

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>3:13-cv-01842-JST |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:

See Attached List    By Fax

2. Party Served:    SF Bay Area Independent Media Center, a.k.a. IMC, SF Bay Area, a.k.a. SF Bay Area IMC; an unincorporated association

3. Person Served:    Ben Terrall - Person authorized to accept service of process

a. Left with:    Ben Terrall- Person in Charge of Office

4. Date & Time of Delivery:    10/31/2013    3:20 PM

5. Address, City and State:    2940 16th Street 216
San Francisco, CA 94103

6. Manner of Service:    By leaving the copies with or in the presence of Ben Terrall, (business) a person at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him/her of the general nature of the papers. I caused the copies to be mailed (if applicable). A declaration of mailing is attached.

Fee for Service: $130.65

Registered California process server.
County: SAN FRANCISCO
Registration No.: 2012-0001180

Nate Freed One Legal - 194-Marin 504 Redwood
Blvd #223 Novato, CA 94947 415-491-0606

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/5/2013 at Los Angeles, California.

Signature: _____
Nate Freed

OL# 7328424

EOR 288

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Dow W. Patten, 135931<br>SMITH PATTEN<br>353 Sacramento St., Suite 1120 | | (415) 402-0084 | |
| ATTORNEY FOR (Name): Plaintiff | | Ref. No. or File No.<br>Deon Choyce | |

Insert name of court, judicial district or branch court, if any:
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3483

PLAINTIFF:
CHOYCE

DEFENDANT:
SF Bay Area Independent Media Center, et al.

| PROOF OF SERVICE BY MAIL | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>3:13-cv-01842-JST |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 11/4/2013, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

See Attached List    By Fax

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

SF Bay Area Independent Media Center, a.k.a. IMC, SF Bay Area, a.k.a. SF Bay Area IMC; an unincorporated association
Ben Terrall
2940 16th Street, 216

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $130.65

| Sarah Jung<br>Nate Freed<br>One Legal - 194-Marin<br>504 Redwood Blvd #223<br>Novato, CA 94947 | I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 11/5/2013 at Los Angeles, California.<br><br>Sarah Jung<br>OL# 7328424 |
|---|---|

EOR 289

Attached List

Summons,

Complaint,

Standing Order for All Civil Cases Before District Judge Jon S. Tigar,

Standing Order for All Judges of the Northern District of California Contents of
Joint Case Management Statement,

ECF Registration Information Handout,

Notice-Welcome to the U.S. District Court,

Notice of Availability of Magistrate Judge to Exercise Jurisdiction,

Notice of Lawsuit and Request for Waiver of Service of Summons,

Waiver of Service of Summons,

EOR 290

1  SMITH PATTEN
   SPENCER F. SMITH, ESQ. (SBN: 236587)
2  DOW W. PATTEN, ESQ., (SBN:135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for Plaintiff
   DIONNE CHOYCE

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 DIONNE CHOYCE , an individual,        )  Case No.: 3:13-cv-01842-JST
                                         )
11                                       )  **SUPPLEMENTAL DECLARATION OF**
                                         )  **DOW W. PATTEN IN OPPOSITION TO**
12           Plaintiff,                   )  **DEFENDANT LAYER42.NET'S**
                                         )  **MOTION TO DISMISS AND SPECIAL**
13       v.                              )  **MOTION TO STRIKE.**
                                         )
14                                       )
                                         )
15 SF BAY AREA INDEPENDENT MEDIA         )
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. )  **Date:  November 14, 2013**
16 SF BAY AREA IMC; an unincorporated    )  **Time: 2:00 p.m.**
   association;  LAYER42.NET, INC., a    )  **Location: Courtroom 9, 19th Floor, 350**
17 California Corporation,  CERNIO       )  **Golden Gate Ave., San Francisco, CA**
   TECHNOLOGY COOPERATIVE, an            )
18 unincorporated association,  and DOES 1-10, )
19                                       )
                                         )
20                                       )
                                         )
21           Defendants.                  )
                                         )
22                                       )

23

24

25 I, DOW W. PATTEN, declare and state as follows:

26 1.      I am attorney of record for Plaintiff herein and have personal knowledge of the facts set

27 forth herein; if called as a witness I would testify competently thereto.

28

                                        1

EOR 291

2. Attached hereto as Exhibit "A" is a true and correct copy of the copyright issued by the United States Copyright Office to Plaintiff Dionne Choyce for the work entitled "Dionne Choyce Portrait". That portrait is the same image as the image referred to in the Complaint herein as "dionne_choyce.jpg" and is the same images referenced in Plaintiff's multiple DMCA takedown notices issued prior to this litigation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this this 7th day of November, 2013

_____/s/ Dow W. Patten_____
Declarant

2

EOR 292

Case 3:13-cv-01842-JST, Document 687, Filed 11/07/13, Page 3 of 150

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-878-066**

**Effective date of registration:**

October 23, 2013

## Title

**Title of Work:** Dionne Choyce Attorney Portrait

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** January 1, 2005     **Nation of 1st Publication:** United States

## Author

■  **Author:** DIONNE CHOYCE

**Author Created:** photograph(s)

**Citizen of:** United States

**Year Born:** 1975

## Copyright claimant

**Copyright Claimant:** DIONNE CHOYCE

711 Jefferson, Suite 204, Fairfield, CA, 94533, United States

## Rights and Permissions

**Organization Name:** SMITH PATTEN

**Name:** DOW PATTEN

**Email:** dow.patten@gmail.com     **Telephone:** 415-402-0084

**Address:** 353 Sacramento St.

Suite 1120

San Francisco, CA 94111  United States

## Certification

**Name:** Dow W. Patten

**Date:** October 23, 2013

EOR 294

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual,<br><br><br>Plaintiff,<br><br>v.<br><br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association;  LAYER42.NET, INC., a California Corporation,  CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association,  and DOES 1-10,<br><br><br>Defendants. | **Case No.: 3:13-cv-01842-JST**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND PARTIAL MOTION TO STRIKE DEFENDANT LAYER42.NET, INC.'S MOTION TO DISMISS (ANTI-SLAPP MOTION)**<br><br><br>**Date:  November 12, 2013**<br>**Time: 2:00 p.m.**<br>**Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA** |

## NOTICE OF MOTION AND MOTION

NOTICE OF MOTION AND MOTION TO DEFENDANT LAYER42.NET, INC. AND TO

THEIR ATTORNEYS OF RECORD,: PLEASE TAKE NOTICE that on November 19, 2013, at

9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of this Court, located

at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, before the Honorable Jon S.

1

Tigar, Plaintiff DIONNE CHOYCE, will and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(f) for an order striking without leave to amend the following portions of Defendant's "Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted/Special Motion to Strike (ANTI-SLAPP)" (Dkt # 9):

(1) Page 2, lines 10 and 11, "LAYER42.NET, INC. with further move the court to strike the action pursuant to California Code of Civil Procedure Section 425.16."

(2) Page 11, line 24 through Page 15, line 8 " E.

(3) Page 15, lines 17 through 22, commencing with the line "Furthermore, this Court should strike Choyce's state law claims against Layer42 pursuant to California's statute against strategic lawsuits against public participation."

The grounds for this motion are that the foregoing portions of Defendant's responsive pleading are impertinent and immaterial to the resolution of this matter as Defendants have failed to adhere to the requirements of Cal. Code. Civ. P. §425.16(f) by noticing the motion for hearing within 30 days.

Respectfully submitted, the 8th day of October, 2013.        SMITH PATTEN


          /s/ Dow W. Patten
        DOW W. PATTEN
        Attorneys for Plaintiff
        DIONNE CHOYCE

2

EOR 296

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff DIONNE CHOYCE, through his counsel of record hereby submits the following Memorandum of Points and Authorities in Support of his Partial Motion to Strike Defendant Layer42.Net's Motion to Dismiss (Anti-SLAPP Motion). For the reasons set forth below, pursuant to Fed. R. Civ. P. 12(f), the Court should strike without leave to amend the portions of Defendant's "Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted/Special Motion to Strike (ANTI-SLAPP)" (Dkt # 9) which refer to California's anti-SLAPP statute as such allegations are impertinent and immaterial as Defendant has failed to adhere to the requirements for filing and noticing the motion for hearing pursuant to Cal. Code. Civ. P. §425.16(f).

## I.    INTRODUCTION

Defendant Layer42.Net, Inc. filed the instant motion on September 26, 2013, within the 60 day requirement of Cal. Code. Civ. P. §425.16(f). However, by noticing the motion for the ordinary 35 day minimum required by this Court's Local Rule 7-2(a), without seeking leave to shorten that time pursuant to L.R. 6-1 or 6-3, Defendant has ensured that its motion is non-compliant with the maximum 30 day notice of hearing required by Cal. Code. Civ. P. §425.16(f). These timelines are important, as the clock is running on the attorneys' fees provisions of the Anti-SLAPP statute in the interim.

## II.    LAW AND ARGUMENT

### A.    The Legal Standard for Motions to Strike

The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," either on its own motion or on motion made by a party prior to responding to

MOTION TO STRIKE                                      Case No.:    13-cv-01842-JST

EOR 297

a pleading. Fed. R. Civ. P. 12(f). Plaintiff moves for an order striking the immaterial and impertinent matter from Defendant's Motion, and the Court is authorized to do so. Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and quotation marks omitted), rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matters include "statements that do not pertain, and are not necessary, to the issues in question." *Id*.

The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fogerty*, 984 F.2d at 1527 (citation and quotations omitted). According to the Ninth Circuit, a district court "could properly grant [a] motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Id*. At 1528. As such, "[i]n the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Brown v. Hain Celestial Grp., Inc.*, 2012 WL 6697670, at *4 (N.D. Cal. Dec. 22, 2012). That is what Plaintiff requests in this matter: streamline the pleading process by striking facially non-compliant requests for relief.

### B. The Anti-SLAPP Allegations Are Impertinent and Immaterial and Should Be Stricken.

Subheading "E" of Defendant's Motion purports to set forth a "Special Motion to Strike" pursuant to California Code of Civil Procedure §425.16. Pursuant to that Code section, the Motion must be set for hearing no more than 30 days after service. (Cal. Code. Civ. P. §425.16(f). Here, Defendant filed its motion on September 26, 2013, yet noticed the motion for hearing on October 31, 2013, 35 days after service. Defendant made no effort to shorten the

MOTION TO STRIKE          Case No.: 13-cv-01842-JST

EOR 298

time for hearing pursuant to Local Rules 6-1 and 6-3.   Defendant made no showing that it

contacted the Court's clerk for *ex parte* availability have the motion heard within the 30 day time

frame.  In short, Defendant did nothing to ensure that its Special Motion to Strike would be

calendared within the time prescribed by Cal. Code. Civ. P. Section 425,16(f)[1].

In that attorneys fees potentially accrued during the pendency of an Anti-SLAPP motion,

the timing of the hearing on the motion is mandatory, not permissive.  Attorneys fees and costs

shall be awarded to the prevailing party in anti-SLAPP motion matters, pursuant to section 128.5,

if the trial court finds that the anti-SLAPP motion is frivolous or is solely intended to cause

unnecessary delay. ( §425.16, subd. (c).) The reference to section 128.5 in section 425.16,

subdivision (c) means a court must use the procedures and apply the substantive standards of

section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute.

[Citation.] (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199, fn. Omitted.)

The special motion to strike must be filed within 60 days of service and noticed for

hearing no more than 30 days from filing.  California Courts have held that the Anti-SLAPP

timelines are strict.  The anti-SLAPP statute provides that a motion "may be filed within 60 days

of the service of the complaint or, in the court's discretion, at any later time upon terms it deems

proper." (Code Civ. Proc., § 425.16, subd. (f).) This 60-day period starts running from the most

recent, amended complaint. (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 283.) Despite the

---

1  The California Legislature amended section 425.16(f) on October 5, 2005, effective
immediately on that date.   (Stats.2005, ch. 535, §§  1, 4.), Subdivision (f), was amended to
focus on the clerk calendaring the motion:  "The special motion may be filed within 60 days
of the service of the complaint or, in the court's discretion, at any later time upon terms it
deems proper.   The motion shall be scheduled by the clerk of the court for a hearing not more
than 30 days after the service of the motion unless the docket conditions of the court require a
later hearing." *Id.*   Defendant made no attempt to ensure that the motion was scheduled for
hearing within 30 days, and the Clerk of Court Northern District of California is under no
obligation to do so.  The only logical conclusion is that a Defendant seeking to comply with
CCP §425.16(f) must at least make an effort to shorten time to make sure its motion is heard
according to the statute.

5

EOR 299

permissive-sounding language of this subsection, the Court of Appeal, in *Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, upheld a trial court's discretion to refuse to hear the merits of an untimely motion. There, the defendants filed their anti-SLAPP motion some 113 days after being served with the complaint by substitute service, without seeking leave from the trial court to file a late motion. (*Id.* at pp. 680-681.) Plaintiff opposed and sought to strike the anti-SLAPP motion as untimely; the trial court agreed, resulting in the denial of the anti-SLAPP motion. (Id. at p. 679.)

### III.    CONCLUSION

In that Defendant's Anti-SLAPP Motion was noticed for hearing on more than 30 days notice, the portion of Defendant's Motion to dismiss is impertinent and immaterial pursuant to Fed. R. Civ. P. Rule 12(f) and should be stricken.

Respectfully submitted, this 8th day of October, 2013

SMITH PATTEN

_/s/ Dow W. Patten_
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE

Case No.: 13-cv-01842-JST

EOR-300

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual, <br><br> Plaintiff, <br><br> v. <br><br> SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association; LAYER42.NET, INC., a California Corporation, CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association, and DOES 1-10, <br><br> Defendants. | Case No.: 3:13-cv-01842-JST <br><br> **DECLARATION OF DIONNE CHOYCE IN OPPOSITION TO MOTION TO DISMISS** <br><br> **Date: October 31, 2013** <br> **Time: 2:00 p.m.** <br> **Location: Courtroom 9, 19th Floor, 350 Golden Gate Ave., San Francisco, CA** |

I, DIONNE CHOYCE, declare and state as follows:

1.    I am Plaintiff in the above-captioned action, and have personal knowledge of the facts set forth herein; if called as a witness I would testify competently thereto.

2.    When I started my own practice as an attorney in or about 2005, I had a professional photograph taken of me for use on my website, a digital version of which is entitled

1

DECLARATION OF DIONNE CHOYCE                                    Case No.: 3:13-cv-01842-JST

EOR 301

"dionne_choyce.jpg". I have used that image in the marketing of my professional services as an attorney since approximately 2005, in advertisements, newspaper ads, telephone book ads, and the like. That image has been used in approximately ninety percent 90% of my marketing materials since 2005.

3. In or about May of 2012, a potential client contacted me for representation, and asked me about information published about me using my image on the indybay.org website. I informed the potential client that the statements made on the indybay.org website were false. Thereafter, I visited the indybay.org website and reviewed the information to which the potential client had referred, and utilized the email address for the site administrator of indybay.org to request that the false information be removed from the website. I never received a response to my request.

4. In or about May of 2012, I noticed that Internet searches on my name were returning the website "indbay.org", where the posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", was located that was using my image ("dionne_choyce.jpg") without my consent or permission.

5. Around the same time I noticed another page on the "indbay.org" website with a page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", which also displayed my image ("dionne_choyce.jpg") without my consent or permission.

6. The "indbay.org" page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", contained the following text, "The Federal Complaint that was filed against Jubilee Restoration has been stepped up to another level as the alleged Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away. Mr. Choyce had no comment as his

2

DECLARATION OF DIONNE CHOYCE

Case No.: 3:13-cv-01842-JST
EOR 302

1 offices were contacted in Fairfield, however, if convicted he could face a total of 17 years in

2 prison. Dionne choyce had the complaint served on him by the Department of justice on May 13,

3 2009."

4 7. I have never had a complaint or indictment served upon me by the Department of Justice

5 or any law enforcement entity in 2009 or at any other time.

6

7 8. In or about May or June, 2012, I became aware of another "indbay.org" page, story, or

8 posting entitled, "The Choyce Law Firm evicted from building", which continued to use my

9 visage ("dionne_choyce.jpg") without my permission or consent.

10 9. Neither I, nor my law firm, have ever been evicted from an office.

11

12 10. I have maintained my office at the same location in Fairfield, California since in or about

13 2007, and have never been evicted from that office nor any other office. I have never been

14 served with a notice pay or quit from any office.

15 11. The statements on the indbay.org website included the statement of fact that I "embezzled

16 from the homeless." That statement is false, as I have never engaged in, nor been charged with

17

18 any crime of misappropriation, embezzlement, or a crime of moral turpitude.

19 12. The statements on indybay.org website included the statement that I "may serve prison

20 time."

21 13. The indybay.org website contained the statement "Criminal Ringleader Dionne Choyce

22 has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce

23

24 passed away".

25 14. I have never had charges filed against me.

26 15. I have never been charged a crime wherein I faced the possibility of prison time.

27

28

3

DECLARATION OF DIONNE CHOYCE

Case No.: 3:13-cv-01842-JST

EOR 303

1  I declare under penalty of perjury of the laws of the United States of America that the foregoing

2  is true and correct.

3  Executed this 8ᵗʰ day of October, 2013 at Fairfield, California

4

5

6  Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF DIONNE CHOYCE                                    Case No.: 3:13-cv-01842-JST

EOR 304

1  SMITH PATTEN
   SPENCER F. SMITH, ESQ. (SBN: 236587)
2  DOW W. PATTEN, ESQ., (SBN:135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for Plaintiff
   DIONNE CHOYCE
6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 DIONNE CHOYCE , an individual,          )   Case No.: 3:13-cv-01842-JST
                                           )
11                                         )   PLAINTIFF'S OPPOSITION TO
                                           )   DEFENDANT LAYER42.NET, INC.'S
12         Plaintiff,                       )   MOTION TO DISMISS
                                           )
13     v.                                  )
                                           )
14                                         )
                                           )   Date:  October 31, 2013
15 SF BAY AREA INDEPENDENT MEDIA           )   Time: 2:00 p.m.
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. )   Location: Courtroom 9, 19th Floor, 350
16 SF BAY AREA IMC; an unincorporated      )   Golden Gate Ave., San Francisco, CA
   association;  LAYER42.NET, INC., a      )
17 California Corporation,  CERNIO         )
   TECHNOLOGY COOPERATIVE, an              )
18 unincorporated association,  and DOES 1-10, )
                                           )
19                                         )
                                           )
20                                         )
                                           )
21         Defendants.                      )
                                           )
22                                         )
   ────────────────────────────────────────
23

24     Plaintiff, DIONNE CHOYCE, through his counsel of record herein, hereby Opposes

25 Defendant Layer42.Net, Inc.'s ("Layer 42") Motion to Dismiss.  This opposition is based on this

26 Opposition and the Declarations of Dionne Choyce and Dow W. Patten in opposition.   For the

27 reasons set forth below, the Court should either (1) stay or deny the Motion pursuant to Fed. R.

28 Civ. P. 56(d),  (2) grant Plaintiff leave to amend and cure the defects alleged in the complaint as

                                    1

EOR-305

well as allege a false light claim; (3) stay the ruling on the present motion until the United States

Office of Copyright re-opens after the current Federal Government shutdown to allow for the

perfection of Plaintiff' copyright claim; and/or (4) dismiss Plaintiff's copyright claim as to

Defendant Layer 42 without prejudice until such time.

## I.    FACTUAL BACKGROUND

Plaintiff brought the instant action against Defendants, SF BAY AREA INDEPENDENT

MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC, ("Indybay")

LAYER42.NET, INC., a.k.a. Layer 42, a.k.a. Layer 42 Network ("Layer 42"), and CERNIO

TECHNOLOGY COOPERATIVE ("Cernio") because based upon the information available to

Plaintiff, each of these defendants participated in the publishing of Plaintiff's visage from his

website (choycelaw.com) on the "indybay.org" domain.   Plaintiff's visage was appropriated from

his law firm website and used in the context of false and defamatory statements about Plaintiff.

(Dkt 1, ¶ ¶ 15-21).

Based upon the information available to Plaintiff at the time, through the use of the

traceroute application, Plaintiff identified Layer 42 as the registered agent for service related to

the to "indybay.org" domain.   To date, Layer 42 is the only entity with a registered agent related

to "indybay.org" for service of takedown notices under the Digital Millennium Copyright Act

("DMCA")(Patten Decl., ¶¶ 2, 3).

Plaintiff served DMCA takedown notices accordingly, commencing in September of 2012

and October 2012 (Patten Decl., ¶ 4).   After repeated failures to have the content removed,

Plaintiff sent a third DMCA takedown notice to Layer 42 on February 23, 2013.   (Patten Decl., ¶

5).   All three notices were sent to the owner of Layer 42, Steve Rubin at the same fax number for

all three pseudonyms of Layer 42 (Patten Decl., ¶6).   Plaintiff received no responses whatsoever

to these notices. *Id.*

Having received no response, Plaintiff filed the instant action.   At the time of the filing of

this action, Plaintiff could not tell who had posted, edited, formatted, or exercised control over

the use of his visage on the indybay.org domain, who had control over the posting, editing, or

formatting of the text associated with it, or who exercised discretion as an Internet content provider with respect to the indybay.org pages.   The only information Plaintiff had with respect to these providers other than confusing website claims was the information provided by the traceroute and whois applications and the registered agents for DMCA takedowns. (Patten Decl, ¶ 7).

To date, based upon the limited information provided by counsel for Defendant, Plaintiff has not been able to determine who amongst the Defendants (and IO Cooperative, a newly disclosed Defendant) created, published, had editorial control over the offending content.  As a result, Plaintiff has no information, other than the self-serving and conclusory Declarations submitted in support of the motion regarding who is the creator of the offending content.  As set forth in the Declaration of Dow W. Patten, Defendants have information, which if obtained through the discovery process, will establish whether Layer 42 has the limited role it asserts, or rather is liable as a content creator and provider, acting in concert with others.  (Patten Decl., ¶¶ 8, 9).

Further, Defendant has chosen not to provide in support of its motion any of the alleged agreements between the revolving door of cooperatives and entities associated with the content on the indybay.org domain.   Defendant alleges in conclusory fashion that its contracts do not allow it control over the content of the sites hosted within its walls[1].  Layer42 has filed the instant motion claiming that as a "service provider" it is immune from Plaintiff's lawsuit.   Going outside the four corners of the Complaint and with no request for Judicial Notice, Defendant seeks summary adjudication of Plaintiff's claims.  As set forth in the Declaration of Dow W. Patten, pursuant to Fed. R. Civ. P. 56(d) there is determinative discovery concerning the

---

[1] Plaintiff objects to the declaration of Steve Rubin in support of the motion as lacking foundation and calling containing inadmissible hearsay.  Rubin Decl., ¶ 11 states "in or about February, 2013" *Best Evidence, Hearsay (* Fed R. Evid. 801, 802) the contract containing the date is the best evidence of when IO assumed the contract.  Rubin, ¶ 12 (Dkt # 9-2  ) *Lacks Foundation* (Fed. R. Evid. 602) The statement does not indicate how the declarant knows who IO's customers are; *Lacks personal knowledge.* (Fed R. Evid. 401, 402) The statement is not based upon personal knowledge nor explanation of how the declarant allegedly became aware of the alleged facts.

3

EOR-307

interrelationship of the parties responsible for creating the offending content, approving it, editing it, and publishing it on the Internet that cannot be resolved by unilateral declaration. (Patten Decl., ¶¶ 8, 9).

Submitted improperly in support of the present motion are email settlement communications between the parties.  Casas Decl. Dkt #9-1, Exh. "E")  Conspicuously absent from this submission is Layer 42's counsel's prior mention of IO Cooperative, Inc. or the identification of that entity as Layer 42's client.  *Id.*  At the time the parties were engaged in settlement negotiations, Plaintiff offered an extension of time to bring all parties to the table for a global resolution.  In light of those negotiations, Plaintiff withheld the processing of his application for registration of copyright on his visage displayed on his website, as to which the entire website is claimed to be copyrighted.  (Patten Decl, ¶ 10).

Defendant filed its Motion to Dismiss on September 23, 2013.  However, in light of the Federal Government shutdown, commencing October 1, 2013, and the attendant closing of the United States Office of Copyright, Plaintiff has been unable to further pursue registration of his copyrighted work.  (Patten Decl., ¶ 11).  As such, Plaintiff requests this motion be stayed until, at a minimum the United States Office of Copyright reopens and the registration of Plaintiff's copyright may proceed.

## II.      LAW AND ARGUMENT

### A.      Standard for Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950, 173 L. Ed. 2D 868 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. *Gagliardi v. Sullivan,*

EOR-308

513 F.3d 301, 305 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Twombly,* 550 U.S. at 559) (internal quotation marks omitted).

Generally, a motion to dismiss should be converted to a motion for summary judgment if a party submits, and the district court considers, materials outside the pleadings. *Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215-16 (10th Cir. 2007). However, when resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Here, Defendant has submitted declarations outside the four corners of the Complaint and not referenced in the Complaint, and has not submitted a Request for Judicial Notice. As such, the motion is properly a Motion for Summary Judgment that must be denied or continued pursuant to Fed. R. Civ. P. 56(d).

### B. Effect of Plaintiff's First Amended Complaint on Layer42's Motion to Dismiss Plaintiff's Copyright Claim.

The Copyright Act specifically provides, in part, that "no civil action for infringement of the copyright in any United States works shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). *See also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim).

Courts are split over the interpretation of the pre-suit "registration" requirement set forth in § 411(a). *Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011). Some courts have taken an "application approach," under which a pending copyright registration application is sufficient to satisfy § 411(a); others have taken a "registration approach," under which a

EOR 309

1   certificate of registration issued by the Copyright Office is a prerequisite to suit. *See Cosmetic*

2   *Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010)  (collecting cases).

3           Here, Plaintiff would have proceeded with the copyright registration, but as a result of

4   settlement negotiations Plaintiff held off on doing so (Patten Decl., ¶¶ 10, 11).    In light of

5   closure of the United States Office of Copyright on October 1, 2013, Plaintiff cannot proceed

6   with registration of his copyright until that office is reopened by funding from Congress. *Id.*

7           The instant motion was filed on September 23, 2013, notifying Plaintiff for the first time

8   the settlement negotiations between the parties had ceased.  With the government closer of the

9   Copyright Office on October 1, 2013, Plaintiff has not had adequate time to register the

10  copyright.

11          Plaintiff will seek leave of Court to amend his complaint to allege registration, once that

12  registration is not impeded by the closure of the Copyright Office.    Furthermore, should the

13  Court find that staying the present motion until the reopening and of the Copyright Office and

14  the processing of the registration of Plaintiff's copyright, Plaintiff seeks leave of Court to amend

15  his complaint to add a false light claim and/or a claim for unjust enrichment.

16

17          **C.      To Determine Immunity Section 230 of the Communications Decency Act**
                **Would Require Impermissible Credibility Determinations.**

18          Section 230(c)(1) of the Communications Decency Act ("CDA") states that "[n]o

19  provider or user of an interactive computer service shall be treated as a publisher or speaker of

20  any information provided by another content provider." 47 U.S.C. § 230(c)(1). The CDA

21  "provide[s] a robust immunity for internet service providers and websites, with courts adopting a

22  relatively expansive definition of 'interactive computer service' and a relatively restrictive

23  definition of 'information content provider.'" *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1196

24  (N.D. Cal. 2009) (internal quotations omitted) (quoting *Carafano v. Metrosplash.com, Inc.*, 339

25  F.3d 1119, 1123 (9th Cir. 2003)).  A website is liable for the unlawful content of online material

26  only if the website contributes "materially . . . to its alleged unlawfulness." *Fair Housing*

27  *Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008)

28  (en banc)  To be more specific, section 230 immunity applies only when the content is not

OPPOSITION TO MOTION TO DISMISS                          Case No.: 3:13-cv-01842-JST

EOR-310

provided by the service entity. This of course is a factual inquiry, which cannot be resolved by

self-serving declarations based upon hearsay and not based upon first-hand knowledge.

        Defamation sometimes imposes an "affirmative duty to remove a publication made by

another" *Barnes v. Yahoo! Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2009). *See City of Chicago v.

StubHub!, Inc.*, 624 F.3d 363, 366 (7th Cir. 2010) (holding that § 230(c)(1) does not create an

immunity); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009) (same). In *Barnes*, a

plaintiff brought a state negligence claim against a website for its failure to remove offensive

postings that one of its employees told the plaintiff the website would remove. In determining

that the negligence action relied on treating the website as a publisher, the Ninth Circuit

explained "that publication involves reviewing, editing, and deciding whether to publish or

withdraw from publication third-party content." *Id.* at 1102 (citation omitted). Because

"removing content is something publishers do, . . . to impose liability on the basis of such

conduct necessarily involves treating the liable party as a publisher of the content it failed to

remove." *Id.* at 1103.[2]

        In *Fair Hous. Council v. Roommates.com*, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) the

Ninth Circuit held that the grant of immunity applies only if the interactive computer service

provider is not also an 'information content provider, which is defined as someone who is

responsible, in whole or in part, for the creation or development of' the offending content. *Id.*

Applied here, discovery will bear out what role Layer 42 played in the creating, reviewing,

editing, or deciding whether to withdraw the offending conduct. (Patten Decl, ¶¶ 8, 9). Without

this foundational information, the motion should be denied.

/ / /

/ / /

---

2   As another court has observed, when examining a plaintiff's claims through the lens of the
CDA, courts must ask whether the alleged conduct "derives from the defendant's status or
conduct as a publisher or speaker. If it does, [§] 230(c)(1) precludes liability." *Barnes v. Yahoo!,
Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009) (internal quotation marks omitted); *see also Zeran v.
America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("[L]awsuits seeking to hold a service
provider liable for its exercise of a publisher's traditional editorial functions . . . are barred.").

7

EOR 311

**D.  California's Anti-Slapp Statute Does Not Apply to Plaintiff's Claims.**

A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions. California's anti-SLAPP statute was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife*, 264 F.3d at 839; *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999) (legislature passed anti-SLAPP statute "in response to [its] concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights").

Specifically, California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "arises from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The California legislature has instructed that the statute should be "construed broadly." *Id.* § 425.16(a). Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court. *See Lockheed Missiles*, 190 F.3d at 970-73 (holding that there is no direct conflict between the Federal Rules and §§ 425.16(b) and (c), and that adopting California procedural rules serves the purposes of the *Erie* doctrine). *But see Metabolife*, 264 F.3d at 846 (because the discovery-limiting aspects of §§ 425.16(f) and (g) "collide with the discovery-allowing aspects of Rule 56, these aspects of subsections 425.16(f) and (g) cannot apply in federal court").

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. First, a defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Globetrotter Software*, 63 F. Supp. 2d at 1129; *see also Wilcox*, 27 Cal. App. 4th at 819-20. The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's "intentions are ultimately beside the point." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67, 52 P.3d 685, 124 Cal. Rptr. 2d 507 (Cal. 2002).

EOR 312

1    In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself

2    was based on an act in furtherance of the defendant's right of petition or free speech."

3    *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.

4    App. 4Th 1228, 1244 (quoting *City of Cotati v. Cashman*, supra, 29 Cal.4th at p. 78.) "The anti-

5    SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the

6    defendant's activity that gives rise to his or her asserted liability and whether that activity

7    constitutes protected speech or petitioning." (*Id*) (*quoting Navellier v. Sletten* (2002) 29 Cal.4th

8    82, 92.)

9    Here, the offending material does not involve matters of public interest or concern; at

10   best, they allege private business transactions that have nothing to do with Defendant's practice

11   of law.   Indeed, the statements are made to embarrass, harass and annoy Plaintiff and are easily

12   verifiable as false statements of fact (Choyce Decl, ¶¶ 4-21).  As such Defendant has not met its

13   burden that it likely to prevail.

14   Furthermore, when raised in Federal Court, the the anti-SLAPP motion must be read in

15   light of the Federal Rules of Civil Procedure.  "Where, as here, the process of discovery is not

16   begun or is incomplete, the rule . . . is . . . : (1) If the motion pursuant to section 425.16

17   challenges the legal sufficiency of the complaint, and does not require the consideration of facts

18   that are produced through the discovery process, then the issue is decided under the standards

19   applicable to a motion to dismiss pursuant to Rule 12(b)(6) . . . [and] (2) If the motion challenges

20   the factual basis of the plaintiff's case, and relies on declarations and affidavits produced through

21   the discovery process, then the application of Rule 56 may require the motion to strike pursuant

22   to section 425.16 be denied as premature." *Aeroplate Corp. v. Arch Ins. Co.*, 2006 U.S. Dist.

23   LEXIS 82180, 2006 WL 3257487, at *5 (E.D. Cal. Nov. 8, 2006) (citing *Rogers v. Home

24   Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999).

25   This is precisely the situation presented by the present motion.  The declarations

26   submitted in support are based upon hearsay:  the declarants testify as to the nature of the written

27   agreements between Layer 42 and the other entities in which it is involved.   The issue of

28   immunity cannot be decided on declarations alone, and the offending information is false and

9

EOR 313

readily verifiable as false. (Choyce Decl. ¶¶ 4-15). Without the benefit of discovery resolving the issue of immunity would be improper.

**III.    CONCLUSION**

     For the reasons set forth above, Plaintiff requests that the Court either (1) stay or deny the Motion pursuant to Fed. R. Civ. P. 56(d),  (2) grant Plaintiff leave to amend and cure the defects alleged in the complaint as well as allege a false light claim; (3) stay the ruling on the present motion until the United States Office of Copyright re-opens after the current Federal Government shutdown to allow for the perfection of Plaintiff' copyright claim; and/or (4) dismiss Plaintiff's copyright claim as to Defendant Layer 42 without prejudice until such time.

Respectfully submitted, this 7th day of October, 2013

                                  SMITH PATTEN

                                  */s/ Dow W. Patten*
                                  DOW W. PATTEN
                                  Attorneys for Plaintiff
                                  DIONNE CHOYCE

EOR 314

1  SMITH PATTEN
   SPENCER F. SMITH, ESQ. (SBN: 236587)
2  DOW W. PATTEN, ESQ., (SBN:135931)
   353 Sacramento St., Suite 1120
3  San Francisco, California 94111
   Telephone (415) 402-0084
4  Facsimile (415) 520-0104

5  Attorneys for Plaintiff
   DIONNE CHOYCE

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 DIONNE CHOYCE , an individual,        )  Case No.: 3:13-cv-01842-JST
                                         )
11                                       )  DECLARATION OF DOW W. PATTEN
                                         )  IN OPPOSITION TO MOTION TO
12          Plaintiff,                    )  DISMISS
                                         )
13    v.                                  )
                                         )
14                                       )  Date: October 31, 2013
                                         )  Time: 2:00 p.m.
15 SF BAY AREA INDEPENDENT MEDIA          )  Location: Courtroom 9, 19th Floor, 350
   CENTER, a.k.a. IMC, SF BAY AREA, a.k.a.)  Golden Gate Ave., San Francisco, CA
16 SF BAY AREA IMC; an unincorporated     )
   association;  LAYER42.NET, INC., a     )
17 California Corporation,  CERNIO         )
   TECHNOLOGY COOPERATIVE, an             )
18 unincorporated association,  and DOES 1-10, )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21          Defendants.                   )
                                         )
22                                       )
   _____

23

24 I, Dow W. Patten, declare and state as follows:

25 1.      I am counsel Plaintiff in the above-captioned action, and have personal knowledge of the

26 facts set forth herein; if called as a witness I would testify competently thereto

27

28

                                1

DECLARATION OF DOW W. PATTEN            Case No.: 13-cv-1842-JST

EOR 315

2. In August and September 2012, I used the traceroute application, to verify the Internet Protocol addresses between my computer and indybay.org domain, and I identified Layer 42 as the registered agent for service related to the to "indybay.org" domain.

3. After reviewing the list of agents for DMCA notices, I discovered that Layer 42 is the only entity with a registered agent related to "indybay.org" for service of takedown notices under the Digital Millenium Copyright Act ("DMCA")

4. On or about September 20 and October 2, 2012 I sent DMCA takedown notices to Steven Rubin of Layer 42 at the fax number listed on the agent for service of DMCA notices form. I received no response to those notices.

5. After multiple attempts to have the information taken down, I sent anther DMCA takedown to Steve Rubin at Layer 42.

6. All three notices were sent to the owner of Layer 42, Steve Rubin at the same fax number for all three pseudonyms of Layer 42. I received.no responses whatsoever to these notices.

7. The only information Plaintiff had at the time of the filing of the lawsuit with respect to these providers aside from confusing information on web pages was the information provided by the traceroute and whois applications and the registered agents for DMCA takedowns..

8. The information Plaintiff seeks through discovery will be directed towards *inter alia* which entities have members in other entities, whether there is common ownership, control, notice, opportunity, and intent with the creation of the content hosted amongst several entities that are involved in publishing and creating the content on the indybay.org site. For example, Plaintiff will seek information concerning the contractual rights, oral or written cooperation agreements, shutoff switches, filtering and editing functionality, technical implementations of notice, cooperation with the NSA in providing access to information, marketing and cooperation

2

EOR-316

agreements, rights of first refusal and prior restraint, membership of the owners of the Layer 42

entities in any ov the various "cooperatives" or "collectives" that comprise Defendants and their

a.k.a.s.; the alleged "assignment" or "assumption" of Cernio's contract by the newly identified

"IO Cooperative, Inc.", the notices given by Layer 42 to such "cooperatives" or "collectives", the

claims of a lack of receipt of DMCA takedown notices, the posting by owners of Layer 42 or its

agents of content on indybay.org domain; the editing or exercising of editorial control over the

content of the indybay.org domain; the financial arrangments amongst the parties, including

incentive payments for content; the knowledge of prior infringing acts, and  the knowledge of the

parties' terms of service and contract rights.

9.      Answers to the foregoing discovery will likely uncover the factual elements necessary to

either prove or disprove Defendant's factual assertions on its claim for immunity under the CDA,

as such facts will demonstrate the degree to which Layer 42 controls the creation of the content

on the indybay.org domain.  Without this information, Plaintiff cannot meaningfully oppose

Defendant's self-serving and conclusory declarations submitted in support of its motion to

dismiss.

10.      At the time the parties were engaged in settlement negotiations, Plaintiff offered an

extension of time to bring all parties to the table for a global resolution.  In light of those

negotiations, Plaintiff withheld the processing of his application for registration of copyright on

his visage displayed on his website, as to which the entire website is claimed to be copyrighted.

11.      In light of the Federal Government shutdown, commencing October 1, 2013, and the

attendant closing of the United States Office of Copyright, Plaintiff has been unable to further

pursue registration of his copyrighted work.

3

DECLARATION OF DOW W. PATTEN                                    Case No.: 13-cv-1842-JST

EOR 317

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2013 at San Francisco, California

      */s/ Dow W. Patten*      

Declarant

EOR 318

Daniel L. Casas, Esq. (SBN 116528)
dcasas@legalteam.com
Anthony F. Basile, Esq. (SBN 247409)
abasile@legalteam.com
CASAS RILEY & SIMONIAN, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200
(650) 948-7220 FAX

Attorneys for Defendant
LAYER42.NET, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| DIONNE CHOYCE, an individual,<br><br>        Plaintiff<br><br>        v.<br><br>SF BAY AREA INDEPENDENT MEDIA CENTER, aka IMC, SF BAY AREA, aka SF BAY AREA IMC, an unincorporated association; LAYER42.NET, INC., a California Corporation; CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association; and Does 1-10,<br><br>        Defendants. | Case No.: CV-13-01842<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED/SPECIAL MOTION TO STRIKE (ANTI-SLAPP); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[FRCP 12(b)(6)]**<br>**[Cal. Code of Civ. Proc. § 425.16]**<br><br>**Date: October 31, 2013**<br>**Time: 2:00pm**<br>**Courtroom: 9 (19th Floor)**<br><br>**Action Filed: April 23, 2013** |

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
i

EOR 319

1   **TO PLAINTIFF DIONNE CHOYCE AND HIS ATTORNEYS OF RECORD**:

2   PLEASE TAKE NOTICE THAT on **October 31, 2013 at 2:00pm**, or as soon

3   thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden

4   Gate Avenue, 19th Floor, San Francisco, California 94102, defendant LAYER42.NET, INC.

5   will move the Court to dismiss the action pursuant to FRCP Rule 12(b)(6) because plaintiff

6   has failed to state a claim for copyright infringement; LAYER42.NET, INC. is entitled to

7   immunity to plaintiff's cause of action for copyright infringement pursuant to 17 U.S.C.

8   Section 512; and because plaintiff is barred from recovering against LAYER42.NET, INC.

9   on his state law defamation claims pursuant to 47 USC Section 230.

10   LAYER42.NET, INC. with further move the court to strike the action pursuant to

11   California Code of Civil Procedure Section 425.16.

12   This motion will be based on this Notice of Motion and Motion, the Memorandum of

13   Points and Authorities, the Declarations of Steve E. Rubin and Daniel L. Casas, Esq., filed

14   herewith, and the pleadings and papers filed in this action.

15

16

17                                             Respectfully submitted,

18                                             CASAS RILEY & SIMONIAN, LLP

19

20   Dated: September 20, 2013            By ____/s/_____
                                             Daniel L. Casas, Esq.
21                                           Anthony F. Basile, Esq.
                                             Attorneys for Defendant,
22                                           LAYER42.NET, INC.

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
ii

EOR 320

1

## Table of Contents

2    I. STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

3    II.     RELEVANT FACTS ...............................................................................................1

4        A.Layer42 And Its Business .....................................................................................1

5        B.SF Bay Area Independent Media Center (www.indybay.org)................................2

6        C.Allegations In Choyce's Complaint .......................................................................3

7        D.Procedural History ...............................................................................................4

8    III. LEGAL STANDARDS AND ANALYSIS......................................................................5

9        A. Legal Standard For Dismissal Under Rule 12(b)(6) ..............................................5

10       B. Choyce's Cause Of Action For Copyright Infringement Must Be Dismissed Since He Has

11       Failed To Register His Alleged Copyright...............................................................6

12       C. Section 512 Of The Digital Millennium Copyright Act Shields Layer42 From Liability For

13       Contributory Copyright Infringement......................................................................6

14           1. Choyce's Infringement Action Against Layer42 Should Be Dismissed Because Layer42 Is

15           Entitled To "Conduit" Safe Harbor Protection Under 17 USC § 512(a) ...................7

16           a. Layer42 Is A "Service Provider" For Purposes Of Section 512(a) Safe Harbor Protection...

17           ..............................................................................................................................8

18           b. Choyce Admits The Allegedly Infringing Material Was Transmitted By Doe Defendants

19           and Not Layer42 (§ 512(a)(1)) ..............................................................................8

20           c. The Transmission Of The Allegedly Infringing Material Was Carried Out Through An

21           Automatic Technical Process (§ 512(a)(2)) ...........................................................9

22           d. Layer42 Does Not Select The Recipients Of Material (§ 512(a)(3)....................9

23           e. No Copy Of The Allegedly Infringing Material Is Maintained On Layer42's Hardware Or

24           Network (§ 512(a)(4))............................................................................................9

25           f. The Allegedly Infringing Material Was Transmitted Without Modification (§ 512(a)(5)) .......9

26           g. .Choyce's Demand For Injunctive Relief Is Moot Because The Allegedly Infringing Content

27           Has Been Removed .............................................................................................10

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.

EOR 321

1  D.Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State

2  Law Defamation Causes Of Action Against Layer42 ............................................................10

3  E.The Court Should Strike Choyce's State Law Claims Against Layer42 Pursuant To

4  California's Anti-SLAPP Statute .......................................................................................11

5  1. California's Anti-SLAPP Statute ............................................................................12

6  2. Layer42 Is A Proper Moving Party For A Special Motion To Strike ...............................13

7  3. Because The Doe Defendants' News Articles Concern An Alleged Act Of Moral Turpitude

8  By An Officer Of The Court, They Concern A Matter Of Public Interest ...............................13

9  4. Choyce Cannot Demonstrate A Reasonable Probability Of Success Against Layer42 ....14

10 IV. Conclusion ..................................................................................................................15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 322

Table of Authorities

**United States Code**

17 U.S.C. § 106A .................................................................................6

17 U.S.C. §  505 ..................................................................................3

17 U.S.C. § 107 ...................................................................................2

17 U.S.C. § 411 ...................................................................................6

17 U.S.C. § 503 ...................................................................................3

17 U.S.C. § 502 ...................................................................................3

17 U.S.C. § 504 ...................................................................................3

17 U.S.C. § 512 ...........................................................1, 6, 7, 8, 9, 10, 15

47 U.S.C. § 230 ..............................................................1, 10, 11, 14

**California Code**

Cal. Bus. & Prof. Code § 6001.1 ......................................................14

Cal. Bus. & Prof. Code § 6106 .........................................................14

Cal. Code of Civ. Proc. § 425.16 ..............................1, 12, 13, 14, 15

**United States Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 .........................................................5

*Batzel v. Smith,* 333 F. 3d 1018 .......................................................11

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ........................5

*Carafano v. Metrosplash.com,* 339 F. 3d 1119 ..............................11

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.* 606 F. 3d 612 .............6

*Lenz v. Universal Music Group,* 572 F. Supp. 2d 1150...................2

*Perfect 10 v. CCBill,* 488 F.3d 1102 ..................................................8

*Piping Rock Partners, Inc. v. David Lerner Associates, Inc.,* 2013 WL 2156279 ...............12

*Price v. Stossel,* 590 F. Supp. 2d 1262 ..........................................12

*Price v. Stossel,* 620 F. 3d 992 .......................................................12

*Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 .................................6

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
v

EOR 323

*Shroyer v New Cingular Wireless Services, Inc.*, 622 F. 3d 1035 ..............................5

*United States v. Lockheed Missiles & Space Co., Inc.* 190 F. 3d 963.............................12

*Vess v. Ciba-Geigy Corp.*, 317 F. 3d 1097 ..............................................................12

*Zeran v. America Online, Inc.*, 129 F. 3d 327 ......................................................11

**California Cases**

*Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873.........14

*Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294 .........................13

*Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102 Cal. App. 4th 1388........................13

*Gilbert v. Sykes*, 147 Cal. App. 4th 13 ..............................................................13

*Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027.........................................14

*Rivera v. First DataBank, Inc.*, 187 Cal. App. 4th 709.........................................13

*Scott v. Metabolife Internat., Inc.* 115 Cal. App. 4th 404 ....................................13

*Wilbanks v. Wolk*, 121 Cal. App. 4th 883 .........................................................13

**Federal Rules of Civil Procedure**

FRCP Rule 12..............................................................................................1, 5

FRCP Rule 4..................................................................................................4

FRCP Rule 8..................................................................................................5

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
vi

EOR 324

1     **I.**  **STATEMENT OF ISSUES TO BE DECIDED**

2    LAYER42.NET, INC. moves this Court to dismiss the action pursuant to FRCP Rule

3 12 (b)(6) because plaintiff DIONNE CHOYCE has failed to state a claim for copyright

4 infringement; Layer42 is entitled to immunity to Choyce's cause of action for copyright

5 infringement pursuant to 17 U.S.C. Section 512; and because Choyce is barred from

6 recovering against LAYER42.NET, INC. on his state law defamation and libel claims

7 pursuant to 47 U.S.C. Section 230.

8    Layer42 further moves this court to strike Choyce's action pursuant to California

9 Code of Civil Procedure Section 425.16, California's statute concerning strategic lawsuits

10 against public participation (anti-SLAPP).

11     **II.**  **RELEVANT FACTS**

12 **A. Layer42 And Its Business**

13    Layer42.net, Inc. was founded in 1999, and incorporated in the State of California in

14 2002.  Rubin Dec., ¶ 2.  Layer42 provides datacenter, colocation, and network services to

15 its commercial customers.  Rubin Dec. ¶ 3.  Layer42 leases physical space to customers in

16 its climate-controlled server rooms, and provides customers with a dedicated power supply

17 and connection to the Internet.  *Id.*  Layer42's customers supply their own server hardware

18 to be maintained in Layer42's facility.  *Id.*  Layer42 has filed with the U.S. Copyright Office

19 an Interim Designation of Agent To Receive Notification of Claimed Infringement.  Rubin

20 Dec. ¶ 8, Exh. A.

21    In March 2011, Layer42 entered a contract to provide cabinet colocation services to

22 Cernio Technology Cooperative.  Rubin Dec., ¶ 9.  Layer42 provided space for Cernio's

23 server hardware, and provided a dedicated power supply and connection to the Internet.

24 *Id.*  In February 2013, IO Cooperative, Inc. assumed responsibility for Layer42's contract

25 with Cernio, and entered a separate contract for colocation services.  Rubin Dec., ¶ 11.

26 Again, IO provided its own server hardware, and Layer42 provided a dedicated power

27 supply and connection to the Internet.  *Id.*

28

EOR 325

1    On or about February 23, 2013, Layer42 received a DMCA Takedown Notice from

2  attorney Dow Patten.[1]  Rubin Dec., ¶ 13, Exh. B.  Although the Notice suggested it was

3  preceded by three earlier notices, the February 23 Notice was the first received by Layer42.

4  Rubin Dec., ¶ 14.  The Notice alleged that two URLs found on the web site indybay.org

5  contained a digital image file named "dionne_choyce.jpg," originally posted to Choyce's

6  web site, choycelawfirm.com, and used on indybay.org without the owner's permission.

7  Rubin Dec., Exh. B.  Upon determining that the alleged infringing activity was being carried

8  out on servers belonging to IO, Layer42 forwarded the Notice to IO for appropriate

9  response.  Rubin Dec., ¶ 15.  The image file was removed from the specified URLs in or

10  around March 2013.  Rubin Dec., ¶ 16.

11

12  **B. SF Bay Area Independent Media Center (www.indybay.org)**

13    Defendant SF Bay Area Independent Media Center operates the web site

14  www.indybay.org.  According to its web site, SF Bay Area IMC is "a non-commercial,

15  democratic collective of bay area independent media makers and media outlets, and

16  serves as the local organizing unit of the global Indymedia network.  Casas Dec., Exh. F.

17  SF Bay Area IMC provides a forum for so-called "citizen journalism," where independent

18  and anonymous users may post content pertaining to issues of local, regional, or global

19  importance:

20    The SF Bay Area IMC newswire operates on the principle of Open
       Publishing, an element essential to the global IMC network. Simply
21     put, Open Publishing is to news and information what open source
       code is to software. In practice, the Open Publishing newswire
22     allows anyone to instantaneously self-publish their work on
       http://bayarea.indymedia.org, a web site accessible from around
23     the world.
24
       People are encouraged to "become the media," to use their own
25     skills and abilities of observation, writing, and creativity in posting

26  _____

27  [1] In certifying that the takedown notice is based on the good-faith belief that the use of the identified material
    Mr. Patten must certify that his analysis necessarily included consideration of the fair use doctrine found at 17
28  U.S.C. § 107 and applicable case law.  *Lenz v. Universal Music Group*, 572 F. Supp. 2d 1150 (CA N.D.
    2008).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 326

text, analysis, videos, audio clips, photos and artwork directly to the website. The post is then viewable at the top of the Breaking newswire, and will move down the list as more people post news.
Casas Dec., Exh. G.

**C. Allegations In Choyce's Complaint**

Plaintiff, California-based attorney Dionne Choyce, filed his Complaint on April 23, 2013. Choyce alleges that named defendants Layer42, Cernio, and SF Bay Area Independent Media Center, and fictitious parties acted in concert as agents of one another in performing the deeds alleged in the Complaint. Complaint, ¶ 11 (Docket No. 1).

Choyce alleges that on or around April 25, 2012, Does 1 and 2 posted to indybay.org an article alleging that Choyce had embezzled from the homeless and may serve prison time. *Id.* at ¶¶ 16-18. Choyce further alleges that the April 25, 2012 article included a digital photo file depicting Mr. Choyce as shown on his law firm's web site. *Id.* at ¶ 17. Choyce did not attach a copy of the April 25, 2012 article as an exhibit to his Complaint, most likely because the digital image file was removed before the Complaint was filed.

Choyce further alleges that on or around May 24, 2012, Does 3 and 4 posted to indybay.org an article alleging that Choyce's law firm was to be evicted from its offices for failure to pay rent, and possibly also on account of the alleged embezzlement from the homeless. *Id.* at ¶¶ 19-21. Choyce alleges that the digital image file from his firm's web site was again used on the May 24, 2012 posting. *Id.* at ¶ 20. Again, Choyce did not attach a copy of the May 24, 2012 article as an exhibit to his Complaint, most likely because the digital image file was removed before the Complaint was filed.

Choyce accused all defendants of copyright infringement, demanding statutory damages, attorneys' fees, and costs under 17 U.S.C. § 504 (c) and 17 U.S.C. § 505, respectively, and injunctive relief under 17 U.S.C. § 502 and 17 U.S.C. § 503. Plaintiff does not allege that he has applied for or secured a certificate of registration in the image file, "dionne_choyce.jpg," cited in his Complaint.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
3

EOR 327

1    Choyce's Complaint goes on to allege state law-based causes of action for

2   defamation and libel, an arguably redundant claim.  Complaint, ¶¶ 26-72 (Docket No. 1).

3   Choyce alleges that defendants, including presumably Layer42, conspired to, and in fact,

4   did negligently, recklessly, and intentionally cause publications of defamation, or libel, or

5   libel per se, of and concerning Plaintiff, to third persons and to the community.  *Id.* at ¶¶ 28-

6   32, 61.  Choyce demands general, special, and punitive damages for these alleged acts of

7   defamation and libel.  *Id.* at ¶¶ 57-58, 70-72, prayer for relief, ¶¶ 2-3.

8

9   **D. Procedural History**

10    Choyce filed his Complaint on April 23, 2013, with an initial Case Management

11   Conference set for July 31, 2013.  Docket Nos. 1 and 3.  By July 29, 2013, when Choyce

12   had not served a single defendant, the Court issued an Order to Show Cause re imposition

13   of sanctions against Choyce for failure to timely file a Case Management Statement, and to

14   show cause why the Complaint should not be dismissed pursuant to Rule 4 (m).  Docket

15   No. 5.  Choyce served Layer42 on August 2, 2013.  Rubin Dec., ¶ 17, Docket No. 6.  On

16   August 22, Layer42's counsel served IO with a Notice of Breach, citing the allegedly

17   defamatory postings described in Choyce's Complaint.  Casas Dec. ¶ 2.  Plaintiff's counsel

18   stipulated to continue Layer42's deadline to respond to the Complaint while Layer42

19   attempted to resolve the matter with IO.  Casas Dec., Exh. A, Docket No. 7.

20    Choyce's attorney Dow Patten and Layer42's attorney Dan Casas appeared at the

21   continued August 28, 2013 Case Management Conference.  Casas Dec., ¶ 4.  The Court

22   vacated its order to show cause, even though Mr. Patten did not describe any specific

23   efforts to serve the remaining named defendants, Cernio and SF Bay Area IMC.  *Id.*,

24   Docket No. 8.  The Court continued the Case Management Conference to December 4,

25   2013, and granted Choyce an additional 90 days to serve the remaining defendants.  *Id.*

26    On September 5, Mr. Casas learned that indybay.org had removed the two articles

27   cited in the Complaint as a result of the Notice of Breach served on IO.  Casas Dec., ¶ 5,

28   Exh. B.  Counsel for Layer42 promptly informed Choyce's counsel, and requested that

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
4

EOR 328

1   Layer42 be dismissed from the action. Casas Dec., ¶ 6, Exh. C. Mr. Patten responded

2   almost a week later. Casas Dec., ¶¶ 7-8, Exh. D and E. Patten reported that Choyce

3   refused to dismiss Layer42, but instead demanded that Layer42 assist Choyce in serving

4   the remaining defendants, ostensibly in pursuit of a "global resolution." Casas Dec., Exh.

5   E. This motion followed.

6

7          **III.**     <u>**LEGAL STANDARDS AND ANALYSIS**</u>

8   **A. Legal Standard For Dismissal Under Rule 12 (b)(6)**

9        Before filing a responsive pleading, a defendant may file a motion asserting certain

10   affirmative defenses, and among them, the failure to state a claim upon which relief may be

11   granted. Fed. R. Civ. P. 12 (b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency

12   of the claims stated in the complaint. Dismissal pursuant to Rule 12 (b)(6) is proper where

13   the complaint fails to allege <u>either</u> (1) a cognizable legal theory; <u>or</u> (2) absence of sufficient

14   facts alleged under a cognizable legal theory. *Shroyer v New Cingular Wireless Services,*

15   *Inc.*, 622 F. 3d 1035, 1041 (2010).

16        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

17   detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

18   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

19   of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S.

20   544 (2007) (internal citations omitted). Courts are not bound to accept as true allegations

21   that are legal conclusions couched as fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It

22   is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful

23   nature, that disentitles them to the presumption of truth.").

24        A plaintiff cannot object to dismissal under Rule 12 (b)(6) by citing a lack of

25   discovery. When a plaintiff cannot state a claim under the lenient pleading standards of

26   Rule 8, "he is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. at

27   686.

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
5

EOR 329

**B. Choyce's Cause Of Action For Copyright Infringement Must Be Dismissed Since He Has Failed To Register His Alleged Copyright**

"Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim** has been made in accordance with this title… ."  17 U.S.C. § 411(a) (emphasis added).  Registration of a copyright is an element of an infringement claim.  *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.* 606 F. 3d 612, 615 (9th Cir. 2010), *citing Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

Nowhere in his Complaint does Choyce allege that he has applied to the U.S. Copyright Office to register his alleged copyright, or that a registration certificate has issued.  A June 2013 search of works registered with the U.S. Copyright Office turned up no hits for a visual work with Choyce's name, such as the file "dionne_choyce.jpg" identified as the "Copyrighted Work" in Paragraph 17 of the Complaint.  Casas Dec., ¶ 9.

Choyce has not alleged a cause of action for relief pursuant to 17 U.S.C. § 106A.  17 U.S.C. § 411(b), addressing the sufficiency of copyright registration certificates containing inaccurate information, is inapplicable here, since Choyce has not alleged the application for or issuance of any registration certificate, inaccurate or otherwise.

Because Choyce has not alleged and cannot prove an essential element of his copyright infringement claim, the Court should dismiss Choyce's cause of action for copyright infringement.

**C. Section 512 Of The Digital Millennium Copyright Act Shields Layer42 From Liability For Contributory Copyright Infringement**

Section 512 of the Digital Millennium Copyright Act provides four possible "safe harbor" defenses to a claim of copyright infringement: "Conduit" safe harbor (§ 512 (a));

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
6

EOR 330

1    "Caching" safe harbor (§ 512 (b)); "Hosting" safe harbor (§ 512 (c)); and "Information

2    Location Tools" safe harbor (§ 512 (d)).

3        Of these, Layer42 is entitled to "conduit" safe harbor protection, the broadest

4    protection available under Section 512, because Layer42 merely provides its customers

5    with access to the Internet to conduct their own activities online.

6

7        **1.**      **Choyce's Infringement Action Against Layer42 Should Be Dismissed**

8                  **Because Layer42 Is Entitled To "Conduit" Safe Harbor Protection Under 17 USC § 512 (a)**

9        A service provider shall not be liable for monetary relief, or, except

10        as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider's

11        transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service

12        provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing

13        connections, if--

14        (1) the transmission of the material was initiated by or at the

15        direction of a person other than the service provider;

16        (2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without

17        selection of the material by the service provider;

18        (3) the service provider does not select the recipients of the material except as an automatic response to the request of another

19        person;

20        (4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on

21        the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained

22        on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably

23        necessary for the transmission, routing, or provision of connections; and

24        (5) the material is transmitted through the system or network

25        without modification of its content.

26        17 U.S.C. § 512 (a).

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 331

"Section 512(a) provides a broad grant of immunity to service providers whose connection with the material is transient." *Perfect 10 v. CCBill*, 488 F.3d 1102, 1116 (9th Cir. 2007).

For purposes of subsection (a), a "service provider" is "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received." 17 U.S.C. § 512 (k)(1).

### a. Layer42 Is A "Service Provider" For Purposes Of Section 512(a) Safe Harbor Protection

Layer42 provides datacenter, colocation, and network services to its customers. Rubin Dec., ¶ 3. Layer42 leases physical space to customers, to store their computer servers in a climate-controlled environment with a dedicated power supply and connection to the Internet. *Id*. Customers provide their own servers, and Layer42 ensures that the servers remain powered and connected to the Internet. *Id*.

Layer42 provided or provides colocation services to named defendant Cernio and its successor, IO. Rubin Dec., ¶¶ 9, 11. Cernio and IO provided their own servers for colocation at Layer42's facility. *Id*. Layer42 provides an Internet connection to its customers, and does not modify the content of the material sent or received. Rubin Dec., ¶ 4.

Layer42 is a "service provider" as defined in 17 U.S.C. § 512 (k)(1) for purposes of the "conduit" safe harbor from liability found at 17 U.S.C. § 512 (a).

### b. Choyce Admits The Allegedly Infringing Material Was Transmitted By Doe Defendants and Not Layer42 (§ 512 (a)(1))

Choyce accurately alleges at Paragraphs 16-21 that anonymous defendants Does 1-4 posted to indybay.org the articles purportedly containing an unauthorized copy of Choyce's copyright protected work and allegedly defamatory content. Layer42 did not

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
8

EOR 332

create or develop any information content that was posted to the Internet by Cernio, IO, or their customers, such as SF Bay Area IMC.  Rubin Dec., ¶¶ 10, 12.

> ### c. The Transmission Of The Allegedly Infringing Material Was Carried Out Through An Automatic Technical Process (§ 512 (a)(2))

Layer42 provides its customers with a connection to the Internet, and passively transmits Internet traffic by automatic processes.  Rubin Dec., ¶¶ 4, 5.  Layer42 does not select or control the content that its customers or their users transmit over the Internet connection provided by Layer42.  Rubin Dec., ¶ 5.

> ### d. Layer42 Does Not Select The Recipients Of Material (§ 512 (a)(3)

Layer42 provides its customers with unfettered access to the Internet as part of its colocation services.  Rubin Dec., ¶¶ 4, 9, 11.  Traffic is routed to recipients by an automatic process at the request of other users.  Rubin Dec., ¶ 5.

> ### e. No Copy Of The Allegedly Infringing Material Is Maintained On Layer42's Hardware Or Network (§ 512 (a)(4)

Layer42 did not and has not maintained on its network any copy of the image file, "dionne_choyce.jpg," identified in Choyce's Complaint.  Rubin Dec., ¶ 12.  Therefore, there is no copy accessible to anyone, anticipated recipients or otherwise

> ### f. The Allegedly Infringing Material Was Transmitted Without Modification (§ 512 (a)(5))

Layer42 did not and does not modify content transmitted through its customers' servers via the Internet connection provided by Layer42.  Rubin Dec., ¶ 4.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

---

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
9

EOR 333

**g.    Choyce's Demand For Injunctive Relief Is Moot Because The Allegedly Infringing Content Has Been Removed**

Choyce demands a court order prohibiting the defendants from "further infringing Plaintiff's copyright," and ordering the defendants to destroy all copies of the allegedly copyright –protected work made in violation of Plaintiff's rights.  Complaint, ¶ 25 (Docket No. 1).

Choyce's demand for injunctive relief as to Layer42 fails for three reasons.  First, as discussed, Choyce fails to state a cause of action for copyright infringement because he has not registered or attempted to register a copyright in the identified work.  Second, the allegedly copyright-protected work was removed from the URLs specified in Choyce's Complaint before said pleading was filed, rendering Choyce's demand moot.  See Rubin Dec., ¶ 16.  Finally, Layer42 has never maintained on its system copies of the allegedly copyright-protected work.  Rubin Dec., ¶ 12.

Because Layer42 qualifies for "conduit" safe harbor protection under 17 U.S.C. § 512 (a), and because Choyce's demand for injunctive relief is moot under the circumstances, this Court should dismiss Choyce's cause of action for copyright infringement against Layer42.

**D. Section 230 Of The Communications Decency Act Is A Complete Defense To Choyce's State Law Defamation Causes Of Action Against Layer42**

Section 230 of the Communications Decency Act (CDA) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.  *Id.* at § 230(e)(3).  For purposes of the statute, "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet** and

EOR 334

1  such systems operated or services offered by libraries or educational institutions."  47

2  U.S.C. § 230 (f)(2) (emphasis added).  *See also Zeran v. America Online, Inc.*, 129 F. 3d

3  327, 333-334 (4th Cir. 1997) (section 230 forbids imposition of liability on service providers

4  with knowledge of defamatory content on their services); *Carafano v. Metrosplash.com*,

5  339 F. 3d 1119 (9th Cir.  2003) (Internet dating service immune from liability arising from

6  third party's submission of a false online dating profile); *Batzel v. Smith*, 333 F. 3d 1018

7  (9th Cir. 2003) (immunity upheld for website operator who distributed an allegedly

8  defamatory email to an online listserv).

9       Layer42 is a datacenter and colocation services company.  Rubin Dec., ¶ 2.  Its

10  customers contract with Layer42 to lease space for their networked servers in a climate-

11  controlled setting, a dedicated power supply with backup systems, and a connection to the

12  Internet.  *Id.*  Here, Layer42 provided colocation services to Cernio Technology

13  Cooperative beginning in March 2011, and later provided colocation services to Cernio's

14  successor, IO Cooperative, Inc.  *Id.* at ¶¶ 9, 11.  At no time did Layer42 create or develop

15  information posted to indybay.org.  *Id.* at ¶¶ 10, 12.  In short, Layer42 is an "interactive

16  computer service" for purposes of Section 230 of the CDA, and not a publisher or speaker

17  of any information under Section 230 (c)(1).

18       Because Choyce cannot establish that Layer42 is a publisher or speaker of any

19  alleged defamatory content, no liability may be imposed against Layer42 under California

20  law for any allegedly defamatory or libelous content formerly posted on indybay.org.

21       This court should dismiss Choyce's second and third causes of action against

22  Layer42 for defamation and libel.

23

24  **E. The Court Should Strike Choyce's State Law Claims Against Layer42 Pursuant To**
    **California's Anti-SLAPP Statute**

25

26       By refusing to dismiss his claims against Layer42 in favor of a "global resolution"

27  including defendants he has yet to serve, Choyce has revealed his lawsuit for what it is: an

28  effort to coerce immune service providers like Layer42 to suppress the free speech rights of

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
11

EOR 335

1    anonymous third persons.  California's special motion to strike strategic lawsuits against

2    public participation (anti-SLAPP) has been applied to state law causes of action in federal

3    courts.  *United States v. Lockheed Missiles & Space Co., Inc.* 190 F. 3d 963, 970-973 (9th

4    Cir. 1999); *see also Price v. Stossel*, 590 F. Supp. 2d 1262, 1266 (CA C.D. 2008), and

5    *Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, 2013 WL 2156279 (CA N.D.

6    2013).  The statute has also been applied to actions against allegedly defamatory

7    statements, such as Choyce's Complaint.  See *Piping Rock Partners, Inc.*, supra.

8         The Court should strike Choyce's defamation and libel causes of action against

9    Layer42 pursuant to California's anti-SLAPP statute, and award Layer42 reasonable

10   attorney's fees and costs to compensate for the cost of bringing this motion.

11        **1.    California's Anti-SLAPP Statute**

12        "A cause of action against a person arising from any act of that person in furtherance

13   of the person's right of petition or free speech under the United States Constitution or the

14   California Constitution in connection with a public issue shall be subject to a special motion

15   to strike, unless the court determines that the plaintiff has established that there is a

16   probability that the plaintiff will prevail on the claim."  Cal. Code of Civ. Proc. § 425.16(b)(1).

17        The trial court must engage in a two-party inquiry.  "First, a defendant must make an

18   initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the

19   defendant's rights of petition or free speech … Second, once the defendant has made a

20   prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of

21   prevailing on the challenged claims."  *Vess v. Ciba-Geigy Corp.*, 317 F. 3d 1097, 1110 (9th

22   Cir. 2010).  The plaintiff's burden is "comparable to that used on a motion for judgment as a

23   matter of law."  *Price v. Stossel*, 620 F. 3d 992, 1000 (9th. Cir. 2010).  "A defendant's anti-

24   SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the

25   claims or when no evidence of sufficient substantiality exists to support a judgment for the

26   plaintiff."  *Id.* at 1000 (citations and internal quotation marks omitted).

27        A prevailing defendant on a special motion to strike shall be entitled to recover his or

28   her attorney's fees and costs.  Cal Code of Civ. Proc. § 425.16(c)(1).

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

EOR 336

### 2. Layer42 Is A Proper Moving Party For A Special Motion To Strike

Choyce alleges in conclusory fashion that Layer42 "conspired" with the other defendants to make and publish allegedly defamatory and libelous statements about Choyce. See Complaint at ¶¶ 28-32, 61 (Docket No. 1). Because Layer42 is exposed to liability for the alleged acts of others, including Does 1-4, whom Choyce alleges posted the allegedly defamatory and libelous statements online, Layer42 is entitled to present all defenses that may be asserted by the other defendants, including the absent Does 1-4.

### 3. Because The Doe Defendants' News Articles Concern An Alleged Act Of Moral Turpitude By An Officer Of The Court, They Concern A Matter Of Public Interest

For purposes of the special motion to strike, an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." Cal. Code of Civ. Proc. § 425.16(e)(3).

"Defamation suits are a prime target of SLAPP motions." *Scott v. Metabolife Internat., Inc.* 115 Cal. App. 4th 404, 419 (2004), citing *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 305 (2001). Defamation is among the "favored causes of action in SLAPP suits." *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 890 (2004); accord, *Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102 Cal. App. 4th 1388, 1400, fn. 9 (2002).

The question whether something is an issue of public interest must be construed broadly. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23, (2007); *Rivera v. First DataBank, Inc.*, 187 Cal. App. 4th 709, 716 (2010). An " 'issue of public interest' " is " 'any issue in which the public is interested.' " *Id.* at 716, quoting *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App.

EOR 337

4th 1027, 1042 (2008).  In this case, the State of California has declared a policy to protect the public from wrongful acts of those licensed to practice law within the State:

> Protection of the public shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions.  Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.

Cal. Bus. & Prof. Code § 6001.1.

An act of moral turpitude, regardless whether committed in the commission of professional activities, and whether the accused is ultimately convicted, is grounds in the State of California for professional discipline and disbarment:

> The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.
>
> If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor.

Cal. Bus. & Prof. Code § 6106.

Choyce has alleged that the supposedly defamatory statements posted by Does 1-4 alleged that Choyce had been charged with committing a crime of moral turpitude.  *See* Complaint at ¶ 63 (Docket No. 1).  Because an alleged act of moral turpitude committed by members of the State Bar of California is an issue of public concern, Choyce's state law defamation and libel causes of action are susceptible to a special motion to strike pursuant to § 425.16.

**4. Choyce Cannot Demonstrate A Reasonable Probability Of Success Against Layer42**

A defendant can defeat a plaintiff's evidentiary showing on a special motion to strike where he can establish that as a matter of law, the plaintiff cannot prevail.  *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873, 884.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
14

EOR 338

1         It is immaterial for purposes of Choyce's claims against Layer42 whether the

2    accusations contained in the two articles posted by Does 1-4 are truthful.  CDA Section

3    230, discussed above, shields Layer42 from liability for Choyce's state law claims.  Not only

4    can Choyce not demonstrate a probability of success on the merits; he cannot prevail

5    against Layer42 as a matter of law.

6         Layer42 respectfully requests that the Court dismiss Choyce's state law claims

7    against Layer42, and award Layer42 attorney's fees and costs of bringing this special

8    motion to strike.

9

10              **IV.**   **CONCLUSION**

11         Plaintiff Dionne Choyce has failed to state a claim for copyright infringement as to

12    Layer42, because he has failed to registered his alleged copyright, and because Section

13    512 (a) of the DMCA provides Layer42 a complete defense to Choyce's copyright

14    infringement claim.

15         Choyce has failed to state a claim for state law defamation and libel against Layer42

16    because Section 230 of the Communications Decency Act provides Layer42 a complete

17    defense to Choyce's state law claims.  Furthermore, this Court should strike Choyce's state

18    law claims against Layer42 pursuant to California's statute against strategic lawsuits

19    against public participation.

20         Layer42 respectfully requests that this Court dismiss all claims against Layer42, and

21    award attorney's fees and costs pursuant to California Code of Civil Procedure Section

22    425.16(c).

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
15

EOR 339

1

Respectfully submitted,

2

CASAS RILEY & SIMONIAN, LLP

3

4   Dated: September 20, 2013

By _____/s/_____
Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Defendant,
LAYER42.NET, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Layer42.Net, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum In Support Thereof
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
16

EOR 340

1   Daniel L. Casas, Esq. (SBN 116528)
    Anthony F. Basile, Esq. (SBN 247409)
2   CASAS RILEY & SIMONIAN, LLP
    One First Street, Suite 2
3   Los Altos, CA 94022
    (650) 948-7200
4   (650) 948-7220 FAX

5   Attorneys for Defendant
    LAYER42.NET, INC.
6

7                **IN THE UNITED STATES DISTRICT COURT**

8             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  DIONNE CHOYCE, an individual,          Case No.: CV-13-01842

11              Plaintiff

12         v.                              **STIPULATION TO EXTEND TIME FOR
                                           FILING RESPONSE TO COMPLAINT**
13  SF BAY AREA INDEPENDENT MEDIA
    CENTER, aka IMC, SF BAY AREA, aka SF
14  BAY AREA IMC, an unincorporated
    association; LAYER42.NET, INC., a
15  California Corporation; CERNIO
    TECHNOLOGY COOPERATIVE, an
16  unincorporated association; and Does 1-10,
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1    IT IS HEREBY STIPULATED by and between the parties hereto through their

2  respective attorneys of record that plaintiff DIONNE CHOYCE grants an additional thirty

3  (30) days for defendant LAYER42.NET, INC. to file its response to the Complaint.

4

5                                         SMITH PATTEN

6

7  Dated: August 23, 2013                 By _____/s/_____
                                             Spencer F. Smith, Esq.
8                                            Dow W. Patten, Esq.
                                             Attorneys for Plaintiff,
9                                            DIONNE CHOYCE

10                                         CASAS RILEY & SIMONIAN, LLP

11

12  Dated: August 23, 2013                By _____/s/_____
                                             Daniel L. Casas, Esq.
13                                           Anthony F. Basile, Esq.
                                             Attorneys for Defendant,
14                                           LAYER42.NET, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Stipulation to Extend Time for Filing Response to Complaint
CHOYCE v. SF BAY AREA INDEPENDENT MEDIA CENTER, et al.
2

EOR 342

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 23rd day of August, 2013. I declare under penalty of perjury that the foregoing is true and correct.

*Attorneys for Plaintiff, Dionne Choyce*

Dow W. Patten, Esq.
SMITH PATTEN
355 Sacramento St., Suite 1120
San Francisco, CA 94111
dow@smithpatten.com

Dated: August 23, 2013

_____/s/ Nicole Svoboda_____

EOR 343

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE CHOYCE , an individual, | **Case No.: 3:13-cv-01842-JST** |
| | **PROOF OF SERVICE** |
| Plaintiff, | |
| v. | |
| SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC; an unincorporated association;  LAYER42.NET, INC., a California Corporation,  CERNIO TECHNOLOGY COOPERATIVE, an unincorporated association,  and DOES 1-10, | |
| Defendants. | |

Attached hereto as Exhibit "A" is a true and correct copy of the Certificate of Service

upon Defendant Layer42.net, Inc.

Dated: August 21, 2013

SMITH PATTEN
  _/s/ Dow W. Patten_
DOW W. PATTEN
Attorneys for Plaintiff
DIONNE CHOYCE

1

EOR 344

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

PROOF OF SERVICE
Case No.: 3:13-cv-01842-JST

EOR 345

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dow W. Patten, 135931<br>SMITH PATTEN<br>353 Sacramento St., Suite 1120<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 402-0084<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3483

| PLAINTIFF/PETITIONER: DEON CHOYCE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SF Bay Area Independent Media Center et al. | 3:13-cv-01842-JST |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Deon Choyce |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Report on the Filing or Determination of An Action of Appeal Regarding a Copyright, ECF Registration Information Handout, Order Setting Initial Case Mgt. Conference & ADR Deadlines

3. a. Party served: LAYER42.NET, INC., a California Corporation

   BY FAX

   b. Person Served: Steven E. Rubin - Person authorized to accept service of process

4. Address where the party was served: 1555 Plymouth Street
   Mountain View, CA 94043

5. I served the party
   b. **by substituted service.** On (date): 8/2/2013     at (time): 10:52 AM I left the documents listed in item 2 with or in the presence of: Dave Silva

   **(1) (business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   **(4)** A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   LAYER42.NET, INC., a California Corporation

   under:

7. **Person who served papers**
   a. Name:     Thomas J. Bowman, Jr
   b. Address:     One Legal - 194-Marin
          504 Redwood Blvd #223
          Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 82.90
   e. I am:
        (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No. SCC #25
          (iii) County SANTA CLARA

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 8/19/2013

Thomas J. Bowman, Jr
(NAME OF PERSON WHO SERVED PAPERS)                 (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 7319235

EOR 346

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| Dow W. Patten, 135931<br>SMITH PATTEN<br>353 Sacramento St., Suite 1120<br>San Francisco, CA 94111 | | | | (415) 402-0084 | |
| | | | | Ref. No. or File No. | |
| ATTORNEY FOR *(Name)*: Plaintiff | | | | Deon Choyce | |
| Insert name of court, judicial district or branch court, if any: | | | | | |
| United States District Court, Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3483 | | | | | |
| PLAINTIFF: | | | | | |
| DEON CHOYCE | | | | | |
| DEFENDANT: | | | | | |
| SF Bay Area Independent Media Center et al. | | | | | |
| **PROOF OF SERVICE BY MAIL** | | | | | CASE NUMBER:<br>3:13-cv-01842-JST |

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 8/10/2013, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

Complaint, Summons, Report on the Filing or Determination of An Action of Appeal Regarding a Copyright, ECF Registration Information Handout, Order Setting Initial Case Mgt. Conference & ADR Deadlines

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

LAYER42.NET, INC., a California Corporation
Steven E. Rubin
1555 Plymouth Street
Mountain View, CA 94043

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 82.90

Solomon Rodriguez
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 8/19/2013 at Los Angeles, California.

Solomon Rodriguez

OL# 7319235

EOR 347

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ., (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
DIONNE CHOYCE



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**JST**

DIONNE CHOYCE , an individual,

             Plaintiff,

    v.

SF BAY AREA INDEPENDENT MEDIA
CENTER, a.k.a. IMC, SF BAY AREA, a.k.a.
SF BAY AREA IMC; an unincorporated
association; LAYER42.NET, INC., a
California Corporation,  CERNIO
TECHNOLOGY COOPERATIVE, an
unincorporated association,  and DOES 1-10,

             Defendants.

Case No.: **CV 13 1842**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

**(1) INFRINGEMENT OF COPYRIGHT**

**(2) DEFAMATION**

**(3) LIBEL**

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff DIONNE CHOYCE ("CHOYCE") to complain against the

named Defendants, and each of them, as follows:

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement

under the copyright laws of the United States (17 U.S.C. § 101 et seq.). This Court has

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EOR 348**

jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). The Court has pendent jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367 .

4.     Venue is proper in this Court because the acts complained of occurred in the Northern District of California, the parties are all residents of and within the Northern District of California, and Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

## INTRODUCTION

5.     This is an action for damages and injunctive relief for Copyright Infringement, Defamation, and Libel. This action arises out of events involving Plaintiff and Defendants.

## THE PARTIES

6.     Plaintiff CHOYCE is an attorney, licensed to practice law in the State of California, and a former prosecutor, and Deputy District Attorney for the County of Alameda. Plaintiff CHOYCE actively engages in the practice of law, through his firm, The Choyce Law Firm.

7.     Upon information and belief, Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC is an unincorporated association located and operating in the County of San Francisco, within the Northern District of California, which sponsors and operates the independent media website "indybay.org".

8.     Upon information and belief, Defendant LAYER42.NET, INC., is a California Corporation, with its principal place of business in Santa Clara County California within the Northern District of California, which provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in furtherance of the website "indybay.org"

2

EOR 349

9.      Upon information and belief, Defendant CERNIO TECHNOLOGY COOPERATIVE is

an unincorporated association, operating in the Northern District of California in the city of

Santa Rosa, California, which, in conjunction with co-Defendant LAYER42.NET, INC., which

provides Internet connectivity, hosting, and infrastructure to co-Defendant  SF BAY AREA

INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC in

furtherance of the website "indybay.org".

10.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES

1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will

amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

informed and believes and thereon alleges that each of these fictitiously named defendants is

responsible in some manner for the occurrences, acts and omissions alleged herein, and that

Plaintiff's injuries were proximately caused by such aforementioned defendants.

11.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein,

each of the defendants was acting as the partner, agent, servant, and employee of each remaining

defendants, and in doing the things alleged herein was acting within the course and scope of such

agency and with the knowledge of the remaining defendants, and that each defendant is

responsible for the occurrences, acts and omissions of each other defendant complained of

herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.      Plaintiff CHOYCE was admitted to the State Bar of California in 2001, and has been an

active member of the California bar since that time through the date of this complaint, with no

record of discipline.

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 350

13.     Plaintiff CHOYCE has built a law firm from the ground up, with offices in Oakland, San Mateo, Sacramento, and Fairfield, California. offers and advertises legal services to the public through his website, "choycelawfirm.com".

14.     Plaintiff CHOYCE has invested substantial time, effort, and money in the building of his on-line reputation, including his website and the domain "choycelawfirm.com", and in promoting and optimizing the site and its links to enhance the website's ranking in searches for legal services.

15.     As part of the offering and advertising of legal services through his website, Plaintiff CHOYCE places original images and graphics on the website, including original images and likenesses of Plaintiff CHOYCE, including digital files named "choyce.jpg" .

16.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", located at the following uniform resource locator:

        http://www.indybay.org/newsitems/2012/04/25/18712101.php

17.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg" (the "Copyrighted Work").

4

EOR 351

18.     On or about April 25, 2012, Defendants DOES 1 and 2 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "Attorney Dionne choyce who embezzled from homeless may serve prison time", the following text, "The Federal Complaint that was filed against Jubilee Restoration has been stepped up to another level as the alleged Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away. Mr. Choyce had no comment as his offices were contacted in Fairfield, however, if convicted he could face a total of 17 years in prison. Dionne choyce had the complaint served on him by the Department of justice on May 13, 2009," all of which is demonstrably false and readily verifiable as false.

19.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page to and/or on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" a page, story, or posting entitled, "The Choyce Law Firm evicted from building", located at the following uniform resource locator:

        http://www.indybay.org/newsitems/2012/05/24/18714071.php

20.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building", the a graphic image of Plaintiff CHOYCE used by Plaintiff CHOYCE on his law firm's website, entitled "dionne_choyce.jpg".

5

EOR 352

21.     On or about May 24, 2012, Defendants DOES 3 and 4 posted and/or created a web page content on Defendant SF BAY AREA INDEPENDENT MEDIA CENTER, a.k.a. IMC, SF BAY AREA, a.k.a. SF BAY AREA IMC's managed website "indbay.org" within the page, story, or posting entitled, "The Choyce Law Firm evicted from building",  the following text, "As consumers get fed up with non-payment, so do Landlords. This time it was a landlord who read an article about Mr. Dionne Choyce an Attorney who embezzled from the Homeless. He went based on principle after Mr. Choyce and the Choyce Law firm failed to pay 2 months of rent. Many in the community applauded the eviction. One concerned citizen stated that Mr. Choyce has been dooping us for years. It is about time he received a dose of his medicine.

The Choyce Law Firm, a firm that preys on lower income DUI cases and chief general counsel for Jubilee Restoration, a Berkeley non profit housing organization who was declared by the department of Justice (see link) to be a organized crime that ripped off homeless people has fell prey to financial hardship leading his firm to be evicted at their current location. Although Mr. Choyce had no comment when we reached his firm, the landlord stated he did it for the 99% that Mr Choyce has ripped off. Many see the Landlord as a hero and actually feel that he has restored dignity to many individuals who were ripped off by Mr. Choyce.  We will be back for a part 2 tomorrow with video coverage at the location which has been given 48 hours. As I caught news cameras driving by, it was shocking to see many protesting in front of the Choyce Law Firm in Fairfield."  all of which is demonstrably false and readily verifiable as false.

### FIRST CLAIM
### INFRINGMENT OF COPYRIGHT

20.     As a first, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a claim alleges:

6

EOR 353

21.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

22.     Without the permission or consent of Plaintiff, Defendants have used the Copyrighted Work, and distribute the Copyrighted Work to the public, and/or to make the Copyrighted Work available for distribution to others.   In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

23.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24.     As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of the Copyrighted Work. Plaintiff further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright, and ordering Defendants to destroy all copies of the Copyrighted Work made in violation of Plaintiff's exclusive rights.

**SECOND CLAIM**
**DEFAMATION**

26.     As a second, separate and distinct claim, Plaintiff complains of Defendants, and each of them, and for a claim alleges:

7

EOR 354

27. Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

28. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "embezzled from the homeless."

29. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff "may serve prison time."

30. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that "Criminal Ringleader Dionne Choyce has had charges filed against him as a conspirator after his brother Reverend Gordon Choyce passed away".

31. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that Plaintiff, "if convicted he could face a total of 17 years in prison."

32. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statement: that "The Choyce Law Firm evicted from building".

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 355

33.    These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had been charged with a crime.

34.    These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE had embezzled money from the homeless.

35.    These and other similar false statements expressly and impliedly stated that Plaintiff CHOYCE's law firm had been evicted from its offices.

36.    These false statements of fact expressly state that Plaintiff CHOYCE was dishonest and unethical because he faced criminal charges, embezzled from the homeless and had been evicted from his office, all of which were demonstrably false and easily and readily verifiable as false.

37.    While the precise dates of these publications are not known to Plaintiff, except as herein alleged, the posting of the false statement concerning Plaintiff CHOYCE's law firm being evicted from its offices on the Indybay.org website as of May 24, 2012 and continues to be published as of the date of this Complaint.

38.    These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.

39.    Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community.

40.    Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

41.    During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

http://www.indybay.org/newsitems/2012/05/24/18714071.php

from May 24, 2012 to present.

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 356

42.     During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, members of the general public who used browsers to visit the following uniform resource locator

http://www.indybay.org/newsitems/2012/04/25/18712101.php

from April 25, 2012 to present.

43.     The defamatory publications consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff was charged with a crime; that Plaintiff had embezzled from the homeless; that Plaintiff had been served with criminal charges as a co-conspirator; that Plaintiff's law firm had been evicted from its offices.

44.     The foregoing false statements made by Defendants were further libelous and defamatory in that the likeness and image of Plaintiff CHOYCE were unlawfully published in conjunction with the false statements.

45.     The foregoing false statements made by Defendants were further libelous and defamatory per se in that they imputed, reference to Plaintiff's profession that have a natural tendency to lessen the profits of Plaintiff's business, and if true, would render Plaintiff unfit to engage in his chose profession, the practice of law.

46.     Plaintiff is informed, believes that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

10

47.    The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced persons and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

48.    None of Defendants' defamatory publications against Plaintiff referenced above are true.

49.    The above defamatory statements on their face are and were understood as assertions of fact, and not as opinion.

50.    Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

51.    Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause his business to become unprofitable.

52.    Each of these publications by Defendants, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements.

53.    The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

EOR 358

54. The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, his profession, and his law practice. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

55. As a direct and proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

56. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.

57. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

58. Defendant's defamatory publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 359

## THIRD CLAIM
## LIBEL

59.    As a third, separate and distinct claim, Plaintiff complains of Defendants, and each of them, and for a claim alleges:

60.    Plaintiff incorporates by reference herein each and every factual allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

61.    Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused external written publications of libel, and libel per se, of and concerning Plaintiff, to third persons and to the community. These false and libelous statements were express: the publication on the Indybay.org website identifying Plaintiff CHOYCE by name and by infringing copyrighted image as one being charged with a crime; as one that had embezzled from the homeless; one that had been served with criminal charges as a co-conspirator; and whose law firm had been evicted from its offices.

62.    These and other similar false statements expressly and impliedly conveyed that Plaintiff had actually engaged in criminal conduct, had been charged with criminal conduct, had been served with criminal process, and been evicted from his law office.

63.    The libelous publication consisted of written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and libelous statements on its website (in violation of Civil Code §§ 45, 45a and 46(3)(5)) with the meaning and/or substance: that Plaintiff had been charged with a crime of moral turpitude; Plaintiff had embezzled from the homeless; Plaintiff that had been served with criminal charges as a co-conspirator; and Plaintiff's law firm had been evicted from its offices. These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was dishonest and unethical because he had been charged with a crime of moral turpitude, been served with process as a co-conspirator, had embezzled from the homeless, and had his law firm evicted from its offices.

13

EOR 360

64.     The libelous meaning of all of the above-described false and libelous statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

65.     None of Defendants' libelous publications against Plaintiff referenced above are true.

66.     The above libelous statements were understood as assertions of fact, and not as opinion.

67.     Each of these false libelous publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause him to be shunned by potential clients, deny the libelous statements to existing clients and colleagues, and to expend substantial sums in regaining his on-line reputation.

68.     Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.

69.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

14

EOR 361

70.     As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

71.     Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

72.     Defendants' libelous publications were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.      For an injunction prohibiting Defendants from continuing the publication of false, defamatory, and libelous content;

2.      For general and special damages for  in amounts according to proof and in no event in an amount less than the jurisdictional limit of this Court;

3.      For punitive damages in an amount sufficient to punish Defendants and deter unlawful conduct in the future;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 362

4.      For attorney's fees as provided by law;

5.      For interest as provided by law;

6.      For costs of suit herein;

7.      For such other and further relief as the Court deems fair and just.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all matters so triable.

Dated: April 23, 2013                         SMITH PATTEN

                                              DOW W. PATTEN
                                              Attorneys for Plaintiff
                                              DIONNE CHOYCE

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EOR 363

ADRMOP,AO279,APPEAL,CLOSED,E−Filing

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:13−cv−01842−JST

Choyce v. SF Bay Area Independent Media Center et al
Assigned to: Hon. Jon S. Tigar
Demand: $0
 Case in other court:  USCA 14−17318
Cause: 28:1338 Copyright Infringement

Date Filed: 04/23/2013
Date Terminated: 06/02/2014
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Dionne Choyce**
*an individual*

represented by **Dow Wakefield Patten**
Smith Patten
353 Sacramento Street, Suite 1120
San Francisco, CA 94111
415−402−0084
Fax: 415−520−0104
Email: dow@smithpatten.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Spencer Freeman Smith**
Smith Patten
221 Main Street
Suite 740
San Francisco, CA 94105
415−402−0084
Fax: 415−520−0104
Email: spencer@smithpatten.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SF Bay Area Independent Media
Center**
*an unincorporated association*
*also known as*
IMC, SF Bay Area
*also known as*
SF Bay Area IMC

represented by **Leila Christine Knox**
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105−2994
415−675−3400
Fax: 415−675−3434
Email: leila.knox@bryancave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Elizabeth Mar**
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105−2994
415−675−3400
Fax: 415−675−3434
Email: jessica.mar@bryancave.com
*ATTORNEY TO BE NOTICED*

**Katherine Mae Harrison**
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
949−223−7219
Email: katherine.harrison@bryancave.com
*TERMINATED: 06/09/2014*

Roger Rex Myers
Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105–2994
415–675–3400
Fax: 415–675–3434
Email: roger.myers@bryancave.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Layer42.net, Inc.**                 represented by  **Daniel L. Casas**
*a California Corporation*                        Casas Riley & Simonian, LLP
                                                  55 North 3rd Street
                                                  Campbell, CA 95008
                                                  650–948–7200
                                                  Fax: 650–948–7220
                                                  Email: dcasas@legalteam.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Anthony Francis Basile**
                                                  Casas Riley & Simonian, LLP
                                                  55 North 3rd Street
                                                  Campbell, CA 95008
                                                  650–948–7200
                                                  Fax: 650–948–7220
                                                  Email: abasile@legalteam.com
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Cernio Technology Cooperative**
*an unincorporated association*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2013 | 1 | COMPLAINT for Damages & Injunctive Relief: (1) Infringement of Copyright, (2) Defamation, and (3) Libel, and Jury Trial Demanded – [Summons Issued]against Cernio Technology Cooperative, Layer42.net, Inc. & SF Bay Area Independent Media Center, [Filing Fee: $350.00, receipt number 34611085371]Filed by Dionne Choyce. (Attachments: #(1) Civil Cover Sheet) (tn, COURT STAFF) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 | 2 | Summons Issued as to Defendants Cernio Technology Cooperative, Layer42.net, Inc. & SF Bay Area Independent Media Center. (tn, COURT STAFF) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 | 3 | **ADR SCHEDULING ORDER: Joint Case Management Statement due 7/24/2013 & Initial Case Management Conference set for 7/31/2013 at 2:00 PM.. (tn, COURT STAFF) (Filed on 4/23/2013) (Entered: 04/23/2013)** |
| 04/23/2013 | 4 | REPORT on the filing or determination of an action regarding Copyright Infringement. (cc: form mailed to register). (tn, COURT STAFF) (Filed on 4/23/2013) (Entered: 04/23/2013) |
| 04/23/2013 |  | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 04/23/2013) |
| 07/29/2013 | 5 | **ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED FOR FAILING TO FOLLOW COURT'S PRETRIAL ORDER; CONTINUING CASE MANAGEMENT CONFERENCE. Order to Show Cause Hearing set for 8/28/2013 at 2:00 PM. Case Management Statement due by 8/14/2013. Proof of Service due by 8/23/2013. Initial Case Management Conference set for 8/28/2013 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. Signed by Judge Jon S. Tigar on July 29, 2013. (wsn, COURT STAFF)** |

| | | (Filed on 7/29/2013) (Entered: 07/30/2013) |
|---|---|---|
| 08/21/2013 | 6 | CERTIFICATE OF SERVICE by Dionne Choyce re 1 Complaint, *on Defendant Layer42.net, Inc.* (Patten, Dow) (Filed on 8/21/2013) (Entered: 08/21/2013) |
| 08/23/2013 | 7 | STIPULATION *TO EXTEND TIME FOR FILING RESPONSE TO COMPLAINT* filed by Layer42.net, Inc.. (Casas, Daniel) (Filed on 8/23/2013) (Entered: 08/23/2013) |
| 08/28/2013 | 8 | Minute Entry: Show Cause Hearing – Non Evidentiary held on 8/28/2013 before Judge Jon S. Tigar (Date Filed: 8/28/2013), Initial Case Management Conference held on 8/28/2013 before Judge Jon S. Tigar (Date Filed: 8/28/2013). (Court Reporter: Joan Columbini.) (wsn, COURT STAFF) (Date Filed: 8/28/2013) (Entered: 08/28/2013) |
| 08/28/2013 | | Set Deadlines/Hearings: Case Management Statement due by 11/27/2013. Further Case Management Conference set for 12/4/2013 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. (wsn, COURT STAFF) (Filed on 8/28/2013) (Entered: 08/28/2013) |
| 09/23/2013 | 9 | MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted* filed by Layer42.net, Inc.. Motion Hearing set for 10/31/2013 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 10/7/2013. Replies due by 10/15/2013. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Proposed Order, # 4 Certificate/Proof of Service)(Casas, Daniel) (Filed on 9/23/2013) (Entered: 09/23/2013) |
| 10/07/2013 | 10 | RESPONSE to (re 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted* ) filed byDionne Choyce. (Attachments: #(1) Declaration Dow W. Patten, #(2) Declaration Dionne Choyce)(Patten, Dow) (Filed on 10/7/2013) (Entered: 10/07/2013) |
| 10/08/2013 | 11 | DECLARATION of Dionne Choyce in Support of re 10 Opposition to re 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted –(Corrected)–* filed by Dionne Choyce. (Related document(s) 9 ) (Patten, Dow) (Filed on 10/8/2013) (Entered: 10/08/2013) |
| 10/08/2013 | 12 | NOTICE OF PARTIAL MOTION to Strike re 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted (Partial)* filed by Dionne Choyce. Motion Hearing set for 11/12/2013 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 10/22/2013. Replies due by 10/29/2013. (Attachments: #(1) Declaration Dow W. Patten, #(2) [Proposed] Order)(Patten, Dow) (Filed on 10/8/2013) (Entered: 10/08/2013) |
| 10/10/2013 | 13 | CLERK'S NOTICE Continuing Motion Hearing as to 12 MOTION to Strike. The Motion hearing having been noticed for a day when Judge Tigar does not hear civil law in motion is CONTINUED to 11/14/2013 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. All briefing deadlines remain the same. *This is a text only entry. There is no document associated with this notice.* (wsn, COURT STAFF) (Filed on 10/10/2013) (Entered: 10/10/2013) |
| 10/15/2013 | 14 | REPLY (re 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted* ) filed byLayer42.net, Inc.. (Casas, Daniel) (Filed on 10/15/2013) (Entered: 10/15/2013) |
| 10/22/2013 | 15 | RESPONSE to (re 12 MOTION to Strike 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted (Partial)*) filed by Layer42.net, Inc.. (Casas, Daniel) (Filed on 10/22/2013) (Entered: 10/22/2013) |
| 10/23/2013 | 16 | CLERK'S NOTICE CONTINUING MOTION HEARING. The hearing on Layer42.net, Inc.'s 9 MOTION to Dismiss for failure to State a Claim Upon which relief may be granted is CONTINUED to **11/14/2013 at 2:00 PM** in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar and will be heard at the same time as Plaintiff's 12 MOTION to Strike. *This is a text only entry. There is no document associated with this notice.* (wsn, COURT STAFF) (Filed on 10/23/2013) (Entered: 10/23/2013) |
| 11/07/2013 | 17 | SUPPLEMENTAL DECLARATION of Dow W. Patten in Opposition to 9 MOTION to Dismiss *for failure to State a Claim Upon which relief may be granted (Supplemental)* filed by Dionne Choyce. (Related document(s) 9 ) (Patten, Dow) (Filed |

EOR 366

| | | |
|---|---|---|
| | | on 11/7/2013) (Entered: 11/07/2013) |
| 11/14/2013 | 18 | CERTIFICATE OF SERVICE filed by Dionne Choyce of re 1 Complaint, re 2 Summons Issued *on Defendant SF Bay Area Independent Media Center, a.k.a. IMC SF Bay Area, a.k.a. SF Bay Area IMC* (Patten, Dow) (Filed on 11/14/2013) (Entered: 11/14/2013) |
| 11/14/2013 | 19 | Minute Entry: Motion Hearings held on 11/14/2013 before Judge Jon S. Tigar (Date Filed: 11/14/2013) re 9 MOTION to Dismiss for failure to State a Claim Upon which relief may be granted filed by Layer42.net, Inc.; 12 MOTION to Strike 9 MOTION to Dismiss(Partial) filed by Dionne Choyce. (Court Reporter: FTR Recording: 2:18–2:45 p.m.) (wsn, COURT STAFF) (Date Filed: 11/14/2013) (Entered: 11/14/2013) |
| 11/27/2013 | 20 | CASE MANAGEMENT STATEMENT *(Joint)* filed by Dionne Choyce. (Patten, Dow) (Filed on 11/27/2013) (Entered: 11/27/2013) |
| 12/01/2013 | 21 | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE** On the Court's own motion, the Case Management Conference scheduled for Wednesday, December 4, 2013 is CONTINUED to Wednesday, February 5, 2014, at 2:00 p.m. A Joint Case Management Statement is due at least ten court days before the conference. The additional time will allow Plaintiff to (1) file an amended complaint in conformity with the order issued today on Defendant Layer42.net, Inc.'s Motion to Dismiss and (2) serve Defendant Cernio Technology Cooperative. If Plaintiff has not served Cernio within the next 45 days, the Court will issue an Order to Show Cause why that defendant should not be dismissed. The additional time will also allow Defendant SF Bay Area Independent Media Center to appear in the litigation. (Entered by Judge Jon S. Tigar)(Filed on 12/1/2013) (Entered: 12/01/2013) |
| 12/02/2013 | | Set Deadlines/Hearings: Further Case Management Conference set for 2/5/2014 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. (wsn, COURT STAFF) (Filed on 12/2/2013) (Entered: 12/02/2013) |
| 12/02/2013 | 22 | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND GRANTING DEFENDANT'S MOTION TO SPECIALLY STRIKE by Judge Jon S. Tigar, granting in part and denying in part 9 Motion to Dismiss; denying 12 Motion to Strike. (wsn, COURT STAFF) (Filed on 12/2/2013) (Entered: 12/02/2013)** |
| 12/02/2013 | 23 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* filed by SF Bay Area Independent Media Center. (Attachments: # 1 Declaration, # 2 Proposed Order)(Knox, Leila) (Filed on 12/2/2013) (Entered: 12/02/2013) |
| 12/04/2013 | 24 | **ORDER granting 23 Motion for Extension of Time to Answer. Plaintiff having represented to the Court that he will not oppose the motion, the Court hereby waives the requirements of Civil Local Rule 6–3(b), and GRANTS the motion to extend the time to answer. Defendant SF Bay Area Independent Media Center is ordered to file an answer or other responsive pleading no later than January 6, 2014.(jstlc2, COURT STAFF) (Filed on 12/4/2013) (Entered: 12/04/2013)** |
| 12/16/2013 | 25 | MOTION for Attorney Fees *FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE* filed by Layer42.net, Inc.. Motion Hearing set for 1/23/2014 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 12/30/2013. Replies due by 1/6/2014. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Casas, Daniel) (Filed on 12/16/2013) (Entered: 12/16/2013) |
| 12/23/2013 | 26 | AMENDED COMPLAINT *(FIRST)* against All Defendants. Filed byDionne Choyce. (Patten, Dow) (Filed on 12/23/2013) (Entered: 12/23/2013) |
| 12/30/2013 | 27 | RESPONSE (re 25 MOTION for Attorney Fees *FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE* ) filed byDionne Choyce. (Patten, Dow) (Filed on 12/30/2013) (Entered: 12/30/2013) |
| 01/06/2014 | 28 | REPLY (re 25 MOTION for Attorney Fees *FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE* ) filed byLayer42.net, Inc.. (Casas, Daniel) (Filed on 1/6/2014) (Entered: 01/06/2014) |

EOR 367

| 01/06/2014 | 29 | NOTICE OF MOTION & MOTION to Dismiss *for Failure to State a Claim to Plaintiff's First Amended Complaint* filed by Layer42.net, Inc.. Motion Hearing set for 2/13/2014 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 1/21/2014. Replies due by 1/28/2014. (Attachments: #(1) [Proposed] Order, #(2) Certificate/Proof of Service)(Casas, Daniel) (Filed on 1/6/2014) (Entered: 01/06/2014) |
|---|---|---|
| 01/07/2014 | 30 | REPORT on the filing of First Amended Complaint regarding Copyrights Infringement. (cc: form mailed to register). (tnS) (Filed on 1/7/2014) (Entered: 01/07/2014) |
| 01/09/2014 | 31 | MOTION to Dismiss; *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B) (6) and*, MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same* filed by SF Bay Area Independent Media Center. Motion Hearing set for 2/13/2014 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 1/23/2014. Replies due by 1/30/2014. (Knox, Leila) (Filed on 1/9/2014) (Entered: 01/09/2014) |
| 01/09/2014 | 32 | Declaration of David Morse in Support of re 31 MOTION to Dismiss; *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same* filed by SF Bay Area Independent Media Center. (Related document(s) 31 ) (Knox, Leila) (Filed on 1/9/2014) (Entered: 01/09/2014) |
| 01/09/2014 | 33 | Request for Judicial Notice in Support of re 31 MOTION to Dismiss; *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same* filed by SF Bay Area Independent Media Center. (Related document(s) 31 ) (Knox, Leila) (Filed on 1/9/2014) (Entered: 01/09/2014) |
| 01/09/2014 | 34 | [Proposed] Order Granting re 31 MOTION to Dismiss; *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same* filed by SF Bay Area Independent Media Center. (Knox, Leila) (Filed on 1/9/2014) (Entered: 01/09/2014) |
| 01/14/2014 | 35 | **ORDER VACATING MOTION HEARING re 25 MOTION for Attorney Fees FOLLOWING ORDER ON SPECIAL MOTION TO STRIKE filed by Layer42.net, Inc. Signed by Judge Jon S. Tigar on January 14, 2014. (wsn, COURT STAFF) (Filed on 1/14/2014) (Entered: 01/14/2014)** |
| 01/17/2014 | 36 | (Daily delivery request for 11/14/13 hearing before JST, FTR 2:18–2:45=27 minutes; Tara Bauer transcribing.) TRANSCRIPT ORDER by Dionne Choyce for Court Reporter FTR – San Francisco. (Smith, Spencer) (Filed on 1/17/2014) Modified on 1/17/2014 (djc, COURT STAFF). (Entered: 01/17/2014) |
| 01/21/2014 | 37 | RESPONSE (re 29 MOTION to Dismiss *for Failure to State a Claim to Plaintiff's First Amended Complaint* ) filed byDionne Choyce. (Attachments: # 1 Exhibit A – Proposed Second Amended Complaint)(Patten, Dow) (Filed on 1/21/2014) (Entered: 01/21/2014) |
| 01/22/2014 | 38 | STIPULATION WITH [PROPOSED] ORDER; *JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE* filed by SF Bay Area Independent Media Center. (Attachments: #(1) Declaration, #(2) Proposed Order)(Knox, Leila) (Filed on 1/22/2014) (Entered: 01/22/2014) |

| 01/23/2014 | 39 | **STIPULATION AND ORDER re 38 STIPULATION WITH PROPOSED ORDER** *JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE* **filed by SF Bay Area Independent Media Center. Case Management Statement due by 3/12/2014. Further Case Management Conference set for 3/26/2014 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. Signed by Judge Jon S. Tigar on January 23, 2014. (wsn, COURT STAFF) (Filed on 1/23/2014) (Entered: 01/23/2014)** |
|---|---|---|
| 01/23/2014 | 40 | RESPONSE to (re 31 MOTION to Dismiss *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same*) filed by Dionne Choyce. (Attachments: # 1 Declaration Dow W. Patten, # 2 Objections to Request for Judicial Notice)(Patten, Dow) (Filed on 1/23/2014) (Entered: 01/23/2014) |
| 01/28/2014 | 41 | REPLY (re 29 MOTION to Dismiss *for Failure to State a Claim to Plaintiff's First Amended Complaint* ) filed byLayer42.net, Inc.. (Attachments: # 1 Declaration, # 2 Certificate/Proof of Service)(Casas, Daniel) (Filed on 1/28/2014) (Entered: 01/28/2014) |
| 01/30/2014 | 42 | REPLY (re 31 MOTION to Dismiss *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same*) filed by SF Bay Area Independent Media Center. (Attachments: #(1) Supplemental Declaration of David Morse)(Knox, Leila) (Filed on 1/30/2014) (Entered: 01/30/2014) |
| 02/03/2014 | 43 | **ORDER VACATING MOTION HEARING re 29 MOTION to Dismiss** *for Failure to State a Claim to Plaintiff's First Amended Complaint* **filed by Layer42.net, Inc., 31 MOTION to Dismiss** *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* **MOTION to Strike 26 Amended Complaint** *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16 and Memorandum of Authorities in Support of Same* **filed by SF Bay Area Independent Media Center. Signed by Judge Jon S. Tigar on February 3, 2014. (wsn, COURT STAFF) (Filed on 2/3/2014) (Entered: 02/03/2014)** |
| 02/05/2014 | 44 | MOTION to Continue *Hearing on Motion to Dismiss and Special Motion to Strike* filed by SF Bay Area Independent Media Center. (Harrison, Katherine) (Filed on 2/5/2014) (Entered: 02/05/2014) |
| 02/05/2014 | 45 | CLERK'S NOTICE SETTING MOTION HEARINGS as to 31 MOTION to Dismiss and MOTION to Strike; 29 MOTION to Dismiss. The Motion Hearings, previously vacated, are reset for 3/27/2014 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. *This is a text only entry. There is no document associated with this notice.* (wsn, COURT STAFF) (Filed on 2/5/2014) (Entered: 02/05/2014) |
| 02/07/2014 | 46 | TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUNDRECORDING held on 11/14/13, before Judge Jon S. Tigar. Court Reporter/Transcriber Tara Bauer, Echo Reporting, Inc., Telephone number (853)453−7590, Email echoreporting@yahoo.com. Tape Number: FTR 2:18−2:45. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 4/18/2014. (Related documents(s) 36 ) (Bryce, Kelly) (Filed on 2/7/2014) (Entered: 02/07/2014) |
| 02/07/2014 | 47 | **ORDER DENYING MOTION FOR RECOVERY OF ATTORNEY'S FEES WITHOUT PREJUDICE by Judge Jon S. Tigar, denying 25 Motion for Attorney Fees. (wsn, COURT STAFF) (Filed on 2/7/2014) (Entered: 02/07/2014)** |

| 02/11/2014 | 48 | TRANSCRIPT ORDER by SF Bay Area Independent Media Center for Court Reporter FTR – San Francisco. (Knox, Leila) (Filed on 2/11/2014) (Entered: 02/11/2014) |
|---|---|---|
| 03/07/2014 | 49 | MOTION to Continue *Case Management Conference* filed by SF Bay Area Independent Media Center. (Attachments: # 1 Declaration of Leila Knox in Support of Motion to Continue Case Management Conference, # 2 Proposed Order)(Knox, Leila) (Filed on 3/7/2014) (Entered: 03/07/2014) |
| 03/12/2014 | 50 | **ORDER GRANTING MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE by Judge Jon S. Tigar, granting 49 Motion to Continue. (wsn, COURT STAFF) (Filed on 3/12/2014) (Entered: 03/12/2014)** |
| 03/12/2014 | | Set Deadlines/Hearings: Case Management Statement due by 4/23/2014. Further Case Management Conference set for 5/7/2014 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. (wsn, COURT STAFF) (Filed on 3/12/2014) (Entered: 03/12/2014) |
| 03/27/2014 | 51 | Minute Entry: Motion Hearing held on 3/27/2014 before Judge Jon S. Tigar (Date Filed: 3/27/2014) re 29 MOTION to Dismiss *for Failure to State a Claim to Plaintiff's First Amended Complaint* filed by Layer42.net, Inc.; 31 MOTION to Dismiss *Notice of Motions and Motions of Defendant SF Bay Area Independent Media Center to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and* MOTION to Strike 26 Amended Complaint *Plaintiff's State Law Causes of Action Pursuant to California Code of Civil Procedure 425.16* filed by SF Bay Area Independent Media Center. (Court Reporter: James Pence.) (wsn, COURT STAFF) (Date Filed: 3/27/2014) (Entered: 03/27/2014) |
| 04/22/2014 | 52 | STIPULATION WITH [PROPOSED] ORDER; *JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE* filed by SF Bay Area Independent Media Center. (Attachments: # 1 Declaration, # 2 Proposed Order)(Knox, Leila) (Filed on 4/22/2014) (Entered: 04/22/2014) |
| 04/24/2014 | 53 | CLERK'S NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. The Further Case Management Conference previously set for 5/7/2014 is CONTINUED to **6/25/2014 at 2:00 PM** in Courtroom 9, 19th Floor, San Francisco. The Joint Case Management Statement is due by 6/11/2014. The stipulation at Docket 52 is terminated as moot. *This is a text only entry. There is no document associated with this notice.* (wsn, COURT STAFF) (Filed on 4/24/2014) (Entered: 04/24/2014) |
| 06/02/2014 | 54 | **ORDER GRANTING IN PART AND DENYING PART MOTIONS TO DISMISS, DENYING ANTI–SLAPP MOTIONS WITHOUT PREJUDICE by Judge Jon S. Tigar, granting in part and denying in part 29 Motion to Dismiss; granting in part and denying in part 31 Motion to Dismiss, Motion to Strike. (wsnS, COURT STAFF) (Filed on 6/2/2014) (Entered: 06/02/2014)** |
| 06/03/2014 | 55 | REPORT on the termination of the action regarding copyright inringement. (cc: form mailed to register). (tnS) (Filed on 6/3/2014) (Entered: 06/03/2014) |
| 06/09/2014 | 56 | NOTICE of Substitution of Counsel by Jessica Elizabeth Mar; *DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTER'S NOTICE OF SUBSTITUTION OF COUNSEL* (Mar, Jessica) (Filed on 6/9/2014) (Entered: 06/09/2014) |
| 06/17/2014 | 57 | [Proposed] Order *of Judgment* filed by SF Bay Area Independent Media Center. (Knox, Leila) (Filed on 6/17/2014) (Entered: 06/17/2014) |
| 06/18/2014 | 58 | **JUDGMENT. Signed by Judge Jon S. Tigar on June 18, 2014. (wsn, COURT STAFF) (Filed on 6/18/2014) (Entered: 06/19/2014)** |
| 07/02/2014 | 59 | MOTION for Attorney's Fees; –*Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505 and Memorandum of Points and Authorities in Support* filed by SF Bay Area Independent Media Center. Motion Hearing set for 8/21/2014 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 7/16/2014. Replies due by 7/23/2014. (Attachments: # 1 Declaration of Leila Knox, # 2 Declaration of Roger Myers, # 3 Proposed Order)(Knox, Leila) (Filed on 7/2/2014) (Entered: 07/02/2014) |
| 07/02/2014 | 60 | CLERK'S NOTICE Continuing Motion Hearing as to re 59 MOTION for Award of Attorney's Fees. This motion has been noticed for a hearing date that is closed to |

EOR 370

| | | |
|---|---|---|
| | | further settings. The hearing is CONTINUED to **9/4/2014 at 2:00 PM** in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. All other deadlines remain the same. *This is a text only entry. There is no document associated with this notice.* (wsn, COURT STAFF) (Filed on 7/2/2014) (Entered: 07/02/2014) |
| 07/02/2014 | 61 | NOTICE OF MOTION & MOTION for Recovery of Attorney's Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM* filed by Layer42.net, Inc.. Motion Hearing set for 9/4/2014 02:00 PM in Courtroom 9, 19th Floor, San Francisco before Hon. Jon S. Tigar. Responses due by 7/16/2014. Replies due by 7/23/2014. (Attachments: # 1 Declaration of Daniel L. Casas, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Casas, Daniel) (Filed on 7/2/2014) (Entered: 07/02/2014) |
| 07/14/2014 | 62 | STIPULATION WITH [PROPOSED] ORDER re 61 MOTION for Attorney Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM*, re 59 MOTION for Attorney Fees; –*Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505 and Memorandum of Points and Authorities in Support*; ––*STIPULATION TO EXTEND BRIEFING SCHEDULE FOR DEFENDANTS' ATTORNEY'S FEES MOTIONS* filed by Dionne Choyce. (Patten, Dow) (Filed on 7/14/2014) (Entered: 07/14/2014) |
| 07/16/2014 | 63 | **STIPULATION AND ORDER re 62 STIPULATION WITH PROPOSED ORDER re 61 MOTION for Attorney Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM*, 59 MOTION for Attorney Fees *Notice of Motion and Motion for Award of Attorney's Fees* filed by Dionne Choyce. Signed by Judge Jon S. Tigar on July 16, 2014. (wsn, COURT STAFF) (Filed on 7/16/2014). (Entered: 07/16/2014)** |
| 07/17/2014 | 64 | NOTICE of Change of Address by Daniel L. Casas (Casas, Daniel) (Filed on 7/17/2014) (Entered: 07/17/2014) |
| 07/30/2014 | 65 | TRANSCRIPT ORDER by Dionne Choyce for Court Reporter James Pence. (Smith, Spencer) (Filed on 7/30/2014) (Entered: 07/30/2014) |
| 07/31/2014 | 66 | RESPONSE to (re 61 MOTION for Attorney's Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM*) filed by Dionne Choyce. (Attachments: #(1) Declaration Dow W. Patten, # 2 Exhibit)(Patten, Dow) (Filed on 7/31/2014) (Entered: 07/31/2014) |
| 07/31/2014 | 67 | RESPONSE to (re 59 MOTION for Attorney's Fees; –*Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505 and Memorandum of Points and Authorities in Support*) filed by Dionne Choyce. (Attachments: #(1) Declaration Dow W. Patten, #(2) Exhibit)(Patten, Dow) (Filed on 7/31/2014) (Entered: 07/31/2014) |
| 08/08/2014 | 68 | REPLY (re 59 MOTION for Attorney's Fees; –*Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505 and Memorandum of Points and Authorities in Support*) filed by SF Bay Area Independent Media Center. (Attachments: #(1) Declaration of Leila Knox, #(2) Proposed Order)(Knox, Leila) (Filed on 8/8/2014) (Entered: 08/08/2014) |
| 08/08/2014 | 69 | REPLY (re 61 MOTION for Attorney's Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM* filed by Layer42.net, Inc.. (Casas, Daniel) (Filed on 8/8/2014) (Entered: 08/08/2014) |
| 08/26/2014 | 70 | ERRATA re 59 MOTION for Attorney Fees *Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505 and Memorandum of Points and Authorities in Support NOTICE OF ERRATA AND CORRECTION TO DEFENDANT SF BAY AREA INDEPENDENT MEDIA CENTERS TABLE OF AUTHORITIES FOR MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505* by SF Bay Area Independent Media Center. (Mar, Jessica) (Filed on 8/26/2014) (Entered: 08/26/2014) |
| 09/04/2014 | 71 | Minute Entry: Motion Hearing held on 9/4/2014 before Judge Jon S. Tigar (Date Filed: 9/4/2014) re 61 MOTION for Attorney Fees *FOLLOWING DISMISSAL OF COPYRIGHT INFRINGEMENT CLAIM* filed by Layer42.net, Inc., 59 MOTION for Attorney Fees *Notice of Motion and Motion for Award of Attorney's Fees Pursuant to 17 U.S.C.§ 505* filed by SF Bay Area Independent Media Center. (Court Reporter: |

| | | Rhonda Aquilina.) (wsn, COURT STAFF) (Date Filed: 9/4/2014) (Entered: 09/04/2014) |
|---|---|---|
| 11/03/2014 | 72 | **ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES by Judge Jon S. Tigar; granting in part 59 Motion for Attorney Fees; granting in part 61 Motion for Attorney Fees. (wsn, COURT STAFF) (Filed on 11/3/2014) (Entered: 11/03/2014)** |
| 11/21/2014 | 73 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Dionne Choyce. Appeal of Order on Motion for Attorney Fees, 72 – (Appeal Fee of $505.00, receipt number 0971–9091983 paid) (Patten, Dow) (Filed on 11/21/2014) (Entered: 11/21/2014) |
| 11/26/2014 | 74 | USCA Case Number 14–17318 for re 73 Notice of Appeal filed by Dionne Choyce. (tnS) (Filed on 11/26/2014) (Entered: 11/26/2014) |
| 05/12/2015 | 75 | **ABSTRACT of Judgment Issued in the amount of $42,958.00. (tnS) (Filed on 5/12/2015) (Entered: 05/12/2015)** |
| 07/22/2015 | 76 | NOTICE by SF Bay Area Independent Media Center re *ABSTRACT OF JUDGMENT – CIVIL AND SMALL CLAIMS* (Mar, Jessica) (Filed on 7/22/2015) (Entered: 07/22/2015) |
| 07/23/2015 | 77 | **ABSTRACT of Judgment ISSUED in the amount of $44,877.00. (tnS) (Filed on 7/23/2015) (Entered: 07/23/2015)** |

EOR 372

9th Circuit Case Number(s) 14-17318

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the
United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system
on (date)      Jul 30, 2015      .

I certify that all participants in the case are registered CM/ECF users and that service will be
accomplished by the appellate CM/ECF system.

Signature (use "s/" format)      s/ Dow W. Patten

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the
United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system
on (date)                          .

Participants in the case who are registered CM/ECF users will be served by the appellate
CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I
have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it
to a third party commercial carrier for delivery within 3 calendar days to the following
non-CM/ECF participants:

Signature (use "s/" format)