No. 14-17318

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

DIONNE CHOYCE
*Plaintiff-Appellant*

v

SF BAY AREA INDEPENDENT MEDIA CENTER, *et. al.*
*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 3:13-cv-01842-JST

---

APPELLANT'S OPENING BRIEF

---

ADVOCATES FOR APPELLANT

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
221 Main Street, Suite 740
San Francisco, California 94105
Telephone 415-402-0084
Facsimile 415-520-0104

## **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES........................................................................iii

I.     INTRODUCTION................................................................................1

II.    STATEMENT OF JURISDICTION................................................1

III.   STATEMENT OF ISSUES...............................................................2

IV.   STATEMENT OF THE CASE...........................................................2

      A.    STATEMENT OF FACTS.....................................................2

            1.    Choyce, His Law Firm's Website, and the Parties.....................2

            2.    Anonymous Entities Defame Choyce on IndyBay's Managed Website on April 25, 2012.......................................................3

            3.    Anonymous Entities Defame Choyce on IndyBay's Managed Website on May 24, 2012.........................................................4

            4.    Choyce Attempts to Seek Informal Resolution.........................5

            5.    Layer 42 Rejects Choyce's Offer of Informal Resolution...........6

            6.    Choyce Registers a Copyright of His Visage.............................7

      B.    RELEVANT PROCEDURAL HISTORY............................................8

V.    SUMMARY OF THE ARGUMENT............................................10

VI.   LAW & ARGUMENT.......................................................................11

      A.    STANDARD OF REVIEW....................................................11

i

B.     LEGAL STANDARD...........................................................................11

C.     THE DISTRICT COURT ERRED IN DETERMINING THAT FEE AWARDS WERE APPROPRIATE...........................................12

    1.     Degree of Success Obtained.....................................................13

    2.     Objective Reasonableness.........................................................15

    3.     Motivation................................................................................18

    4.     Compensation and Deterrence..................................................19

D.     THE DISTRICT COURT ERRED IN DETERMINING THE REASONABLENESS OF APPELLEES' ATTORNEY FEES..........20

    1.     Rates........................................................................................22

    2.     Hours ......................................................................................23

        a.     Layer 42........................................................................24

        b.     IndyBay.........................................................................26

    3.     Fees on Fees Are Prohibited....................................................29

VII.     CONCLUSION...............................................................................30

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Alyeska Pipeline Co. v. Wilderness Society,*
    421 U.S. 240 (1975)............................................................................11

*Blum v. Stenson,*
    465 U.S. 886 (1984)...........................................................................22

*Fogerty v. Fantasy, Inc.,*
    510 U.S. 517 (1994)........................................................11, 12, 13, 19

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983).......................................................21, 22, 23, 24

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,*
    483 U.S. 711 (1987)...........................................................................22

*Reed Elsevier, Inc. v. Muchnick,*
    559 U.S. 154 (2010)...........................................................................16

*United States v. Texas,*
    507 U.S. 529 (1993)...........................................................................12

## COURT OF APPEALS CASES

*Cadkin v. Loose,*
    569 F.3d 1142 (9th Cir. 2009).........................................................12

*Cosmetic Ideas, Inc. v. IAC/InteractiveCorp,*
    606 F.3d 612 (9th Cir. 2010)......................................................15-16

*Davis v. City & Cnty. of S.F.,*
    976 F.2d 1536 (9th Cir. 1992)....................................................21-22

*Davis v. City & Cnty. of S.F.,*
    984 F.2d 345 (9th Cir. 1993)......................................................21-22

iii

*Domingo Cambeiro Prof'l Corp. v. Advent,*
    2000 U.S. App. LEXIS 3652 (9th Cir. Mar. 7, 2000)...................................12

*Entm't Research Grp. v. Genesis Creative Grp.,*
    122 F.3d 1211 (9th Cir. 1997)..................................................................11

*Fantasy, Inc. v. Fogerty,*
    94 F.3d 553 (9th Cir. 1996).................................................................11, 13

*Gates v. Deukmejian,*
    987 F.2d 1392 (9th Cir. 1992)..................................................................24

*Halicki Films, LLC v. Sanderson Sales & Mktg.,*
    547 F.3d 1213 (9th Cir. 2008)..................................................................13

*Hall v. Bolger,*
    768 F.2d 1148 (9th Cir. 1985)..................................................................11

*Jackson v. Axton,*
    25 F.3d 884 (9th Cir. 1994)......................................................................13

*Jordan v. Multnomah Cnty.,*
    815 F.2d 1258 (9th Cir. 1987)............................................................22, 23

*JustMed, Inc. v. Byce,*
    600 F.3d 1118 (9th Cir. 2010)..................................................................16

*Kerr v. Screen Extras Guild, Inc.,*
    526 F.2d 67 (9th Cir. 1975)......................................................................21

*Lin-Brook Builders Hardware v. Gertler,*
    352 F.2d 298 (9th Cir. 1965)....................................................................17

*Maljack Prods. v. Goodtimes Home Video Corp.,*
    81 F.3d 881 (9th Cir. 1996)......................................................................14

*Mattel, Inc. v. MGA Entm't, Inc.,*
    705 F.3d 1108 (9th Cir. 2013)....................................................................19

*Matthew Bender & Co. v. W. Publ'g Co.,*
    240 F.3d 116 (2d Cir. 2001)......................................................................17

*Mitek Holdings, Inc. v. Arce Eng'g Co.,*
    198 F.3d 840 (11th Cir. 1999)...................................................................19

*Morales v. City of San Rafael,*
    96 F.3d 359 (9th Cir. 1996)......................................................................21

*Perfect 10, Inc. v. Amazon.com, Inc.,*
    508 F.3d 1146 (9th Cir. 2007)...................................................................15

*Ryan v. Editions Ltd. W.,*
    786 F.3d 754 (9th Cir. 2015)....................................................................11

*Sealy, Inc. v. Easy Living, Inc.,*
    743 F.2d 1378 (9th Cir.1984)...................................................................29

*Skranak v. Castenada,*
    425 F.3d 1213 (9th Cir. 2005)...................................................................12

*Sofa Entm't, Inc. v. Dodger Prods.,*
    709 F.3d 1273 (9th Cir. 2013)...................................................................19

*Traditional Cat Ass'n v. Gilbreath,*
    340 F.3d 829 (9th Cir. 2003)....................................................................23

*Twentieth Century Fox Film Corp. v. Entm't Distrib.,*
    429 F.3d 869 (9th Cir. 2005)....................................................................17

*Virgin Records Am., Inc. v. Thompson,*
    512 F.3d 724 (5th Cir. 2008)................................................................17-18

*Warner Bros. v. Dae Rim Trading, Inc.*,
   877 F.2d 1120 (2d Cir. 1989)......................................................................13

*Webb v. Ada County*,
   285 F.3d 829 (9th Cir. 2002).....................................................................22

## DISTRICT COURT CASES

*Christopher & Banks Corp. v. Dillard's, Inc.,*
   805 F. Supp. 2D 693 (S.D. Iowa 2011)..................................................12, 14

*Edwards v. Nat'l Business Factors, Inc.,*
   897 F. Supp. 458 (D. Nev. 1995)................................................................24

*Hosting v. Fiks,*
   2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010)................................20

*Identity Arts v. Best Buy Enter.,*
   2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008)...................23, 29

*I.T. v. Dep't of Educ.,*
   2014 U.S. Dist. LEXIS 60127 (D. Haw. Feb. 27, 2014).............................21

*Maximized Living, Inc. v. Google, Inc.,*
   2012 U.S. Dist. LEXIS 58020 (N.D. Cal. Mar. 29, 2012)..........................19

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
   2014 U.S. Dist. LEXIS 60901 (N.D. Cal. Apr. 29, 2014).....................13-14

*Nat'l Photo Group, LLC v. Allvoices, Inc.*,
   2014 U.S. Dist. LEXIS 9190 (N.D. Cal. Jan. 24, 2014)..............................16

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   2005 U.S. Dist. LEXIS 48013 (N.D. Cal. Aug. 12, 2005)..........................15

*Redd Group v. Glass Guru Franchise Sys.*,
   2013 U.S. Dist. LEXIS 95651, (N.D. Cal. July 8, 2013)............................15

*Yankee Candle Co. v. Bridgewater Candle Co., LLC,*
    140 F.Supp.2d 111 (D. Mass. 2001)............................................................18

## UNITED STATES CODE

17 U.S.C. § 411................................................................................................15

17 U.S.C. § 411(a)...........................................................................................15

17 U.S.C. § 502(a)...........................................................................................15

17 U.S.C. § 505.................................................................................1, 2, 12, 14

28 U.S.C. § 1291................................................................................................1

28 U.S.C. §1331.................................................................................................1

28 U.S.C. § 1338(a)............................................................................................1

28 U.S.C. § 1367................................................................................................1

42 U.S.C. § 1988..............................................................................................11

## FEDERAL RULES

Fed. R. App. P. 4(a)(1)(A)..................................................................................2

Fed. R. Civ. P. 11............................................................................................19

Fed. R. Civ. P. 12(b)(6)......................................................................7, 9, 10, 14

Fed. R. Civ. P. 56............................................................................................14

## CALIFORNIA RULES

Cal. Code Civ. Proc. § 425.16.......................................................................7, 9, 10

## I.    INTRODUCTION

Dionne Choyce ("Appellant" or "Choyce") was an anonymously defamed attorney who attempted to exhaust every available method of informal resolution to have offensive content and his copyrighted portrait removed from a demonstrably false news article on the Internet.  After his operative First Amended Complaint ("FAC") was dismissed, the District Court granted attorney fees motions under 17 U.S.C. § 505 to Appellees[1] SF Bay Area Independent Media Center ("IndyBay") and Layer42.net, Inc. ("Layer 42") (collectively, "Appellees").  Choyce appeals based upon the District Court's error in interpreting the Copyright Act, as discussed below.

## II.    STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) because Choyce brought, *inter alia,* a copyright infringement claim under federal law.  The District Court had subject matter jurisdiction over Choyce's remaining state law claims pursuant to 28 U.S.C. §1367. This Court has jurisdiction pursuant to 28 U.S.C. §1291.

On June 2, 2014, the District Court dismissed Choyce's copyright

---

1  Choyce also initially filed suit against the Cernio Technology Cooperative ("CTC").  (*See* EOR 241, ¶ 9).  However, he was never successful in serving summons on CTC.  Accordingly, CTC is not a party to this appeal.

1

infringement claim with prejudice (EOR 190), and thereon entered judgment.

(EOR 187).  On November 3, 2014, the District Court granted Appellees Layer

42's and IndyBay's motions for attorney fees.  (EOR 2).  Choyce timely filed a

Notice of Appeal on November 21, 2014.  *See* Fed. R. App. P. 4(a)(1)(A).

## III.   STATEMENT OF ISSUES

1.      Whether the District Court abused its discretion by ruling that Appellees

        Layer 42 and IndyBay were entitled to awards of attorney fees pursuant to

        17 U.S.C. § 505?

2.      Whether the District Court  abused its discretion by determining that

        $42,958.00 and $44,877.00 constituted reasonable awards of attorney fees to

        Appellees Layer 42 and IndyBay, respectively?

## IV.   STATEMENT OF THE CASE

### A.   STATEMENT OF FACTS

#### 1.     Choyce, His Law Firm's Website, and the Parties

Choyce is an attorney actively licensed to practice law in the State of

California, and a former prosecutor for the County of Alameda.  (EOR 240, 241,

¶¶ 6, 12).  He currently operates his own law practice, the Choyce Law Firm, with

offices in Oakland, San Mateo, Sacramento, and Fairfield, California.  (EOR 240,

242, ¶¶ 6, 13).  Choyce offers and advertises legal services to the public through

2

his website: choycelawfirm.com.  (EOR 242, ¶ 13).  He has invested substantial

time, effort, and money in the building of his online reputation, including his

website and the domain "choycelawfirm.com," and in promoting and optimizing

the site and its links to enhance the website's ranking in searches for legal services.

(*Id.*, ¶ 14).  As part of the offering and advertising of legal services through his

website, Choyce places original images and graphics on the website, including

original images and likenesses of himself, including digital files named

"choyce.jpg."  (*Id.*, ¶ 15).

Based on information and belief, IndyBay is an unincorporated association,

located and operating within the Northern District of California, that sponsors and

operates the independent media website "IndyBay.org."  (EOR 240, ¶ 7).  Based on

information and belief, Layer 42 is a California Corporation, with its principal

place of business within the Northern District of California, that provides Internet

connectivity, hosting, and infrastructure to IndyBay in furtherance of the website

"IndyBay.org."  (*Id.*, ¶ 8).

### 2.    Anonymous Entities Defame Choyce on IndyBay's Managed Website on April 25, 2012.

On or about April 25, 2012, "Doe" Defendants posted and/or created a web

page to and/or on IndyBay's managed website "IndyBay.org" a page, story, or

posting entitled, "Attorney Dionne Choyce who embezzled from homeless may

3

serve prison time,"[2] accompanied by a graphic image of Choyce used by him on

his law firm's website, entitled "dionne_choyce.jpg" (the "Copyrighted Work").

(EOR 242, ¶¶ 16-17). Additionally, the posting contained the following text:

> The Federal Complaint that was filed against Jubilee Restoration has been
> stepped up to another level as the alleged Criminal Ringleader Dionne
> Choyce has had charges filed against him as a conspirator after his brother
> Reverend Gordon Choyce passed away. Mr. Choyce had no comment as his
> offices were contacted in Fairfield, however, if convicted he could face a
> total of 17 years in prison. Dionne choyce had the complaint served on him
> by the Department of justice on May 13, 2009.

(EOR 243, ¶ 18). All of this information is demonstrably false. (*Id.*).

### 3. Anonymous Entities Defame Choyce on IndyBay's Managed Website on May 24, 2012.

On or about May 24, 2012, "Doe" Defendants posted and/or created a web

page to and/or on IndyBay's managed website "IndyBay.org" a page, story, or

posting entitled, "The Choyce Law Firm evicted from building,"[3] accompanied by

the Copyrighted Work. (EOR 243, ¶¶ 19-20). This posting also contained

information that is demonstrably and verifiably false:

> As consumers get fed up with non-payment, so do Landlords. This time it
> was a landlord who read an article about Mr. Dionne Choyce an Attorney
> who embezzled from the Homeless. He went based on principle after Mr.
> Choyce and the Choyce Law firm failed to pay 2 months of rent. Many in

---

2 Located at the following uniform resource locator ("URL"):
http://www.IndyBay.org/newsitems/2012/04/25/18712101.php. (EOR 242, ¶ 16).
3 Located at the following uniform resource locator:
http://www.IndyBay.org/newsitems/2012/05/24/18714071.php. (EOR 243, ¶ 19).

the community applauded the eviction. One concerned citizen stated that Mr. Choyce has been dooping us for years. It is about time he received a dose of his medicine.

The Choyce Law Firm, a firm that preys on lower income DUI cases and chief general counsel for Jubilee Restoration, a Berkeley non profit housing organization who was declared by the department of Justice (see link) to be a organized crime that ripped off homeless people has fell prey to financial hardship leading his firm to be evicted at their current location. Although Mr. Choyce had no comment when we reached his firm, the landlord stated he did it for the 99% that Mr Choyce has ripped off. Many see the Landlord as a hero and actually feel that he has restored dignity to many individuals who were ripped off by Mr. Choyce. We will be back for a part 2 tomorrow with video coverage at the location which has been given 48 hours. As I caught news cameras driving by, it was shocking to see many protesting in front of the Choyce Law Firm in Fairfield.

(EOR 244, ¶ 21). These postings formed the basis of Choyce's lawsuit for Copyright Infringement, Defamation, and Libel. (EOR 239, 240, ¶¶ 1, 5).

### 4. Choyce Attempts to Seek Informal Resolution.

In the months following May 2012, Choyce attempted to have the offensive material taken down by directly contacting the "site administrator" of IndyBay.org via e-mail and requesting that the false information be removed. (EOR 302, ¶ 3). Choyce engaged counsel after he received no response. An investigation verified the Internet Protocol address of IndyBay.org domain and its associated connections to the Internet. (EOR 316, ¶ 2). This investigation revealed that Layer 42 was, at a minimum, involved in providing the connectivity and Internet connection related to the "IndyBay.org" domain. (*Id*.).

5

Choyce discovered that Layer 42 was the only entity associated with the IndyBay.org domain with a registered agent for service of takedown notices under the Digital Millennium Copyright Act ("DMCA"). (*Id*., ¶ 3). On September 20, 2012, October 2, 2012, and February 22, 2013, Choyce sent DMCA takedown notices to Layer 42 in an attempt to resolve the matter. (*Id*., ¶¶ 4-5). The notices were faxed to Steven Rubin, Layer 42's President and registered DMCA takedown notice agent. (*Id.*). Choyce also sent a Notice of Infringing Material to the CEO of CTC, the apparent middle-man between Layer 42 and IndyBay.org. (*Id.*).

Choyce received no response to any of these notices. (*Id.*, ¶¶ 6-7). Out of options, on April 23, 2013, Choyce filed suit. (EOR 348). He named Appellee Layer 42 as a party to complaint because, based upon the information available to him, Layer 42 participated in the publishing of the webpage.

### 5. Layer 42 Rejects Choyce's Offer of Informal Resolution.

On August 15, 2013, Layer 42 confirmed that it had received the DMCA takedown notices and Choyce's complaint. (EOR 54-55). On August 20, 2013, Layer 42's counsel stated in an e-mail that his client does not control the posting or removing of content. (EOR 56-64).

On September 5, 2013, Layer 42 informed Choyce that IndyBay had removed the two articles at issue in this action. (EOR 65-66). Choyce requested

6

that all parties come to the table for a global settlement to ensure that the defamatory material and his visage would not be posted in the future. (EOR 67-68). Choyce requested assistance from Layer 42 in contacting the other named Defendants in the Complaint so that they could be served, participate in a global settlement, and the issue could be resolved. (*Id*.). Documents filed by Layer 42 demonstrate that counsel for IndyBay and Layer 42 communicated before the filing of the lawsuit, and were well aware of Choyce's claims and did everything they could to avoid service of the complaint on the remaining Defendants. (EOR 215, ¶ 11).

Layer 42 responded neither to Choyce's offer of a global resolution, nor to his request for assistance in bringing the other parties to the table. (EOR 53, ¶ 5). Instead, Layer 42 filed an anti-SLAPP[4] Motion and a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 23, 2013. (EOR 319).

### 6. Choyce Registers a Copyright of His Visage.

On October 23, 2013, Choyce received confirmation that the image containing his visage, "Dionne Choyce Portrait," was registered with the United States Copyright Office. (EOR 291). On December 2, 2013, the District Court dismissed Choyce's complaint and granted him leave to amend with respect to his

---

4 The acronym "SLAPP" refers to "Strategic Lawsuit Against Public Participation." *See* Cal. Code Civ. Proc. ("CCP") § 425.16.

copyright claim. (EOR 268). On December 23, 2013, Choyce filed his FAC. (EOR 239).

Prior to the filing of Layer 42's motion for attorney fees, counsel for Layer 42 offered, and Choyce agreed, to dismiss all remaining state law claims in this matter, and that Layer 42 would not seek fees of any kind. (EOR 69-73). On June 27, 2014, Choyce's counsel informed Layer 42 that he would confer with his client and reply on Monday, June 30, 2014. (*Id.*). Defendant's counsel responded that he would "talk to you on Monday." (*Id.*). After conferring with his client, Choyce's counsel confirmed in e-mail that an agreement had been reached and asked Layer 42's counsel to prepare a written agreement memorializing the settlement. (EOR 53, ¶ 7). Choyce's counsel called Layer 42's counsel, but had to leave a voicemail message, stating that an agreement had been reached, and requesting a return call. (*Id.*). Layer 42's counsel never returned that call, prepared no written settlement agreement, and instead filed the relevant motion for attorney fees. (*Id.*).

## B.    RELEVANT PROCEDURAL HISTORY

On April 23, 2013, Choyce initially filed suit for damages and injunctive relief, alleging (1) Infringement of Copyright; (2) Defamation; and (3) Libel. (EOR 348). Choyce duly informed the District Court of the difficulty he had in serving the complaint in this matter on all Appellees. Layer 42 was the first to be

8

successfully served.  (EOR 344).  In order to facilitate a global resolution as to the removal of the offending material—the crux of the lawsuit—Choyce granted an extension of time to Appellee Layer 42 to file a responsive pleading.  (EOR 341).

On September 23, 2013, Layer 42 filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion to strike the action pursuant to Cal. Code Civ. Proc. § 425.16.  (EOR 319).  Choyce opposed the motion to dismiss on October 7, 2013 (EOR 305), and filed a responsive "anti-SLAPP" October 8, 2013.  (EOR 301).  On November 14, 2013, the District Court held a hearing on both motions (EOR 286), and issued an Order on December 2, 2013, granting the motion with leave to amend, including his assertion of copyright registration.  (EOR 268).  Thereafter, on December 16, 2013, Layer 42 filed a motion for attorney fees (EOR 260), which the District Court denied without prejudice on February 7, 2014.  (EOR 200).

Choyce effectuated service on IndyBay on November 14, 2013.  (EOR 287).  Upon Choyce's non-opposition, the District Court permitted IndyBay to file a responsive pleading.  (EOR 267).

On December 23, 2013, Choyce filed his FAC, adding a separate Defamation claim against the "Doe" Defendants.  (EOR 239).  Layer 42 filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) on January 6, 2014.

9

(EOR 229).  Three days later, IndyBay filed its motion to dismiss the FAC

pursuant to Fed. R. Civ. P. 12(b)(6) and a motion to strike the action pursuant to

CCP § 425.16.  (EOR 218).  The hearing was held on March 27, 2014, after which

the District Court ruled on June 2, 2014 that Choyce did not state a claim under the

Copyright Act, and denied leave to amend.  (EOR 190).  The Court specifically did

not reach the merits of the case, and no discovery was ever conducted into

Defendants' respective roles in the publishing, editing, and eventual removal of the

offending and infringing material.  (*Id*.).  The District Court thereon entered

judgment on June 18, 2014.  (EOR 187).

On July 2, 2014, IndyBay and Layer 42 separately filed motions for attorney

fees.  (EOR 93, 149).  Following a stipulated extension, Choyce opposed both

motions on July 31, 2014.  (EOR 12, 32).  The District Court granted IndyBay's

and Layer 42's motions on November 3, 2014, ordering fees in the amounts of

$44,877.00 and $42,958.00, respectively.  (EOR 2).  Choyce filed a timely appeal

on November 21, 2014.  (EOR 1).

## V.    SUMMARY OF THE ARGUMENT

The District Court erred in two respects.  First, the District Court

erroneously found that Appellees Layer 42 and IndyBay were entitled to awards of

attorney fees.  Finally, the District Court erroneously found that the awards of

10

attorney fees to Appellees Layer 42 and IndyBay were reasonable.

## VI.  LAW & ARGUMENT

### A.  STANDARD OF REVIEW

The Ninth Circuit reviews a district court's award of attorney fees for abuse of discretion. *Ryan v. Editions Ltd. W.*, 786 F.3d 754 (9th Cir. 2015) (citation omitted).  "A district court's award of attorney's fees 'does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact.'" *Entm't Research Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1216-17 (9th Cir. 1997) (quoting *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) ("*Fogerty II*").  However, "any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*." *Fogerty II*, 94 F.3d at 556 (quoting *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir. 1985)).

### B.  LEGAL STANDARD

Unless Congress provides otherwise, parties are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("*Fogerty I*") (citing *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-62 (1975) (*superseded* on other grounds by 42 U.S.C. § 1988).  Statutes which invade the common law are to be read with a presumption favoring the retention of long-

11

established and familiar principals.  *Skranak v. Castenada*, 425 F.3d 1213, 1220

(9th Cir. 2005) (citing *United States v. Texas,* 507 U.S. 529, 534 (1993)).

There is no entitlement to attorney fees in copyright claims.  17 U.S.C.

§ 505.  Instead, a district court may in its discretion award attorney's fees to a

"prevailing party"[5] in a copyright infringement case:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.

*Id.*  (emphasis added).  "There is no precise rule or formula for making these

determinations, but instead equitable discretion should be exercised."  *Domingo*

*Cambeiro Prof'l Corp. v. Advent*, 2000 U.S. App. LEXIS 3652 at *4 (9th Cir. Mar.

7, 2000) (citing *Fogerty I,* 510 U.S. at 534).

## C.    THE DISTRICT COURT ERRED IN DETERMINING THAT FEE AWARDS WERE APPROPRIATE.

"The Copyright Act allows - but does not require - courts to award fees to

prevailing parties." *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d

693, 697 (S.D. Iowa 2011) (defendants must show "compelling reason" why a

district court should exercise its discretion to grant them fees).  In determining

---

5  Choyce concedes that Layer 42 and IndyBay were "prevailing parties" under § 505.  *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).

12

whether to award attorney fees to a prevailing defendant, a district court should consider the following factors: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994) (citing *Fogerty I*, 510 U.S. at 534); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008).

These factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act…" *Fogerty I*, 510 U.S. at 534; *see also Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1127 (2d Cir. 1989) ("[F]ees need not be awarded if the award would not vindicate [the] underlying statutory policies…").

## 1. Degree of Success Obtained

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. It weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See Fogerty II*, 94 F.3d 553. "[T]he degree of success is mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 60901, *20 (N.D. Cal. Apr.

13

29, 2014) (denying fees under § 505 to defendant who prevailed at summary judgment on standing).

The District Court committed reversible error by finding that Layer 42 and IndyBay had achieved "total success" (EOR 8:5) sufficient to weight this factor in favor of fee-shifting, even without any adjudication of the actual merits. *See Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (affirming an award of attorney fees under § 505 to the prevailing defendant who achieved "total success" in defending against copyright claims at summary judgment).

Layer 42 and IndyBay should not have been awarded fees because they "have not litigated any defenses on its merits; rather, they have simply pointed out a … pleading error." *Christopher & Banks Corp.*, 805 F.Supp.2d at 698 ("Defendants have not pointed to and the Court is not aware of anything in the Copyright Act or in the case law that suggests that Section 505 is meant to punish such errors."). Ultimately, neither of them had to litigate any defense on its merits and only argued that Choyce did not plead sufficient facts to establish that he had a valid copyright registration. Accordingly, the District Court committed reversible error by inaccurately conflating the "total success" to be had from Fed. R. Civ. 12(b)(6) with that from Fed. R. Civ. P. 56.

14

## 2.    Objective Reasonableness

"[T]he fact that Plaintiff's complaint was dismissed twice is not dispositive on the 'objectively unreasonable' prong." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 2005 U.S. Dist. LEXIS 48013, *10 (N.D. Cal. Aug. 12, 2005).  Though Choyce admittedly had not registered his visage prior to filing suit, he sought injunctive relief on his copyright claim in FAC.  (EOR 245, ¶ 25).  Ninth Circuit precedent has countenanced equitable relief for unregistered works:

> Registration is generally a jurisdictional prerequisite to a suit for copyright infringement.  *See* 17 U.S.C. § 411.  But section 411 does not limit the remedies a court can grant.  Rather, the Copyright Act gives courts broad authority to issue injunctive relief.  *See* 17 U.S.C. § 502(a). Once a court has jurisdiction over an action for copyright infringement under section 411, the court may grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered. [Citations.]

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 n.1 (9th Cir. 2007).

Further, leave to amend has been granted by the District Court to correct registration pleading deficiencies.  *Redd Group v. Glass Guru Franchise Sys.*, 2013 U.S. Dist. LEXIS 95651, *15 (N.D. Cal. July 8, 2013) (Tigar, J.) (granting dismissal of complaint with leave to amend where the plaintiff's copyright infringement claim did not allege pre-registration or registration of the copyrighted works at issue as required by 17 U.S.C. § 411(a)).

"[A]lthough '[s]ection 411(a)'s registration requirement is a pre-condition to

15

filing a claim,' it 'does not restrict a federal court's subject-matter jurisdiction.'"
*Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 615 (9th Cir. 2010)
(quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237 (2010)).
("[P]ost-*Reed Elsevier*, registration is an element of an infringement claim, rather
than a jurisdictional bar.").[6]

Based on these statements of law, the District Court's ruling of Choyce's
copyright claim as "objectively baseless" (EOR 8:8) was legally inaccurate.
Further, the District Court contended that Choyce's argument as to the application
of the "work for hire" doctrine was "implausible, unsupported by any evidence,
and did nothing to salvage the validity of the registration he had actually obtained."
(EOR 8:16-17). To the contrary, "[a]lthough a complaint may not state a
Copyright Act claim on its face, federal jurisdiction may be appropriate if
resolution requires application of the work-for-hire doctrine of the Copyright Act."
*JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). Case law dating back

_____

6  In *Nat'l Photo Group, LLC v. Allvoices, Inc.*, 2014 U.S. Dist. LEXIS 9190
(N.D. Cal. Jan. 24, 2014), the District Court granted a motion to dismiss with leave
to amend regarding unregistered works, noting that "[w]hile [*Reed Elsevier*] does
not displace *Perfect 10*'s holding that any injunction order could cover unregistered
as well as registered works, [*Reed Elsevier*] does preclude claims based on the
infringement of unregistered works." *Id*. at *15-16. The District Court noted that
"Plaintiff represented at the hearing that it is in the process of registering the
unregistered works and would include facts alleging as much in an amended
complaint." *Id*. at *16, n. 2.

fifty (50) years elucidates and supports Choyce's invocation of the "work for hire" doctrine as applied to his authorship of his copyrighted visage:

> When one person engages another, whether as employee or as an independent contractor, to produce a work of an artistic nature, that in the absence of an express contractual reservation of the copyright in the artist, the presumption arises that the mutual intent of the parties is that the title to the copyright shall be in the person at whose instance and expense the work is done.

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 877 (9th Cir. 2005) (quoting *Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298, 300 (9th Cir. 1965)).

In light of the foregoing, the District Court inaccurately applied the law, as Choyce had an objectively reasonable litigation position: he asserted that Layer 42 and IndyBay were involved in the unauthorized use of a copyrighted photograph. He had the right to protect his registered copyright, and was undoubtedly harmed by the use of the Copyrighted Work on a website purportedly made to look like a valid news source. See *Matthew Bender & Co. v. W. Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001) ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."); see also *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724 (5th Cir. 2008) (holding it was not an abuse of discretion to deny attorney fees when the case was dismissed at the early stage of litigation. Despite a

17

failure of proof, there were "no particular circumstances [that] agitate[d] in favor of compensation by way of attorney's fees" and claims could not be considered "frivolous, improperly motivated, or objectively unreasonable." The "contentious nature" and "reasonably swift resolution" of the case weighed against a fees award.). Here, the case was dismissed before either Appellee filed an Answer as to any of the claims in the litigation. No discovery occurred, and the Court dismissed Choyce's state law claims *without* prejudice to the re-filing of such claims in state court.

### 3.    Motivation

At the pleading stage, Choyce's primary concern was that the image and webpage would be taken down and that he would be assured that the image and posting would not reoccur. He does not appeal the District Court's ruling as to this factor *per se*, but notes that for the reasons provided above, it was not "improper to use a cause of action under copyright law," even though "he did not have a copyright claim to the image" prior to the filing of the initial complaint. (EOR 9:4-6). Parties are improperly motivated if they do not have "a good faith intent to protect a valid interest, but rather a desire to discourage and financially damage a competitor by forcing it into costly litigation." *Yankee Candle Co. v. Bridgewater Candle Co.*, LLC, 140 F.Supp.2d 111, 116 (D. Mass. 2001). Neither Layer 42 nor

18

IndyBay are attorneys engaged in the practice of law. There is no evidence of any intent by Choyce to harm a competitor.[7] Finally, in the proceedings below, Layer 42 and IndyBay did not avail themselves of sanctions pursuant to Fed. R. Civ. P. 11.[8] Indeed, neither Defendant asserted a right to use the copyrighted work.

### 4.   Compensation and Deterrence

The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will not promote the purposes of the Copyright Act. *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842-43 (11th Cir. 1999). "The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Sofa Entm't, Inc. v. Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013). The "Act's 'primary objective' is to 'encourage the production of original literary, artistic, and musical expression for the good of the public.'" *Sofa Entm't, Inc.*, 709 F.3d at 1280 (citing *Fogerty I*, 510 U.S. at 524). Here, the copyright infringement alleged had not

---

7 *See also Maximized Living, Inc. v. Google, Inc.*, 2012 U.S. Dist. LEXIS 58020, *7 (N.D. Cal. Mar. 29, 2012) ("there is no evidence that [the plaintiff] acted in bad faith or that its motivation for obtaining the subpoenas was anything other than a genuine attempt to obtain the identity of an alleged infringer").

8 Layer 42's own billing records reveal that its counsel researched sanctions under Fed. R. Civ. P. 11, but apparently decided not to bring such a motion. (EOR 105).

nothing to do with the encouragement of creative expression. Instead, a

defamatory story about Choyce's falsely alleged criminality, "which [was]

demonstrably false and readily verifiable as false," was posted on the Internet,

along with his portrait lifted from his law firm's website. (EOR 241, 242-43, ¶¶

12, 17, 18). He is a practicing attorney justifiably concerned with protecting his

professional and personal reputation, the antithesis of a vexatious serial litigant.

See *Hosting v. Fiks*, 2010 U.S. Dist. LEXIS 5644 (N.D. Cal. Jan. 4, 2010) (finding

an award of attorney's fees was unnecessary where, *inter alia*, "[t]here is no

evidence that plaintiffs have engaged in similar lawsuits").

### D. THE DISTRICT COURT ERRED IN DETERMINING THE REASONABLENESS OF APPELLEES' ATTORNEY FEES.

The District Court claimed that Appellees' attempts to separate their state

law claims from the copyright right was not "conservative enough," and that "a

significant downward deviation" from the requested fee award was warranted.

(EOR 10:14, 11:5-6). However, based on the arguments below, this amount

should have been discounted much further, given that "[a]t oral argument at both

motions to dismiss, relatively little time and attention was devoted to the copyright

claim. (EOR 10:15-16).

According to the District Court, "[a]ll Layer42 needed to do to obtain the

first dismissal without prejudice was to point out that Plaintiff had failed to allege

20

that he had applied for a copyright. Plaintiff's first amended complaint failed to

remedy that defect, and so all both parties needed to do to obtain the second

dismissal was to point the same fact out to the Court again." (EOR 10:16-19).

The District Court erred because each Appellees' lodestar amounts are

unreasonable and unsupported by the necessary documentation. Reasonable

attorney's fees are based on the "lodestar" calculation set forth in *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Ninth

Circuit considers the following factors in determining a reasonable fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the
> case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7)
> time limitations imposed by the client or the circumstances, (8) the amount
> involved and the results obtained, (9) the experience, reputation, and ability
> of the attorneys, (10) the "undesirability" of the case, (11) the nature and
> length of the professional relationship with the client, and (12) awards in
> similar cases.

*See I.T. v. Dep't of Educ.*, 2014 U.S. Dist. LEXIS 60127, *10 (D. Haw. Feb. 27,

2014) (*citing Kerr v. Screen Extras Guild*, 526 F.2d 62, 70 (9th Cir. 1975). The

first five factors are subsumed in the lodestar calculation. *See Morales v. City of*

*San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the sixth factor,

whether the fee is fixed or contingent, may not be considered in the lodestar

calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir.

21

1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987).

### 1. Rates

The District Court below found that "both Defendants have provided evidence establishing that their attorney's rates are reasonable rates charged by similarly situated attorneys in the area." (EOR 10:6-8). Courts in the Ninth Circuit are to consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley*, 461 U.S. at 433; *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Here, Layer 42 presented no evidence that the rates of its counsel reflect the prevailing market rates of other attorneys. (EOR 101-103). Therefore,

22

the District Court erroneously found that Layer 42 had met its burden.

## 2.     Hours

"The party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim..." *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003) (internal citations omitted).  District courts should make an attempt to apportion fees between the copyright claim and non-copyright claims.  *Identity Arts v. Best Buy Enter.*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008).  In doing so, the court should consider what the case is about and what part of the copyright claims played in the overall makeup of the case, although there is no precise formula for making such determinations.  *Id*. (*citing Traditional Cat Ass'n*, 340 F.3d at 833-34.)

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Id*. at 433-34 (citation omitted).  "In other words, the court has

23

discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In order to meet their burdens, Appellees were required to submit admissible evidence that permits the Court to adequately determine whether the fees claimed are reasonable. *Hensle*y, 461 U.S. at 371 fn. 12. The court may properly reduce compensation on account of any failure to maintain appropriate time records. *Id*. at 438, fn. 13. The District Court erroneously failed to find that neither submission met this burden, thus necessitating further reduction of the fee awards. Moreover, in this matter, the only fees which could possibly be shifted to Choyce if the District Court were to exercise its discretion would be those incurred in defending his copyright claim.

### a.    Layer 42

Layer 42's records do not identify the timekeeper by each activity and what rates were charged. Which timekeeper performed which service is not stated. Layer 42 attributes over 150 hours of attorney work to defending against Choyce's copyright claim, totaling $49,778.50 in attorney fees. However, $42,293.50 of these fees do not sufficiently describe the attorney work performed or are otherwise unreasonable. (EOR 86). For example, Layer 42 billed one hour on

24

August 13, 2013 to "prepare email to client requesting information" and billed multiple hours on August 14, August 27, August 29, and September 12 for other emails. Layer 42's records do not indicate what these emails concern: copyright, defamation, anti-SLAPP motion, or general corporate advice. Reviewing the complaint, conversations regarding service of the complaint, and reviewing court orders cannot be said to relate only to the copyright claim and, instead, also relate to other claims for which Layer 42 cannot recover. Layer 42 simply made no attempt to segregate non-copyright claims.

Layer 42 mixed and block-billed time for its motions, listing the activity performed as being "in support of motion to dismiss / special motion to strike." It failed to sufficiently describe the activities conducted. There is no way for Choyce or the District Court to determine which fees were incurred for the copyright claim or for the other claims. Layer 42's first Motion to Dismiss (EOR 319) contains only five pages of argument related to dismissal of the copyright claim. The document also contained 5 pages related solely to Plaintiff's state law claim and Layer 42's anti-SLAPP motion. (*Id.*). Layer 42's second Motion to Dismiss (EOR 229) contains only two pages of argument related to dismissal of the copyright claim, half of which was copied verbatim from its first motion. (EOR 327-29). No new law was cited in Layer 42's argument for dismissal of the copyright claim.

25

(EOR 319).  It is therefore unreasonable for it to recover its full fees for these activities as it is impossible for the District Court to parse out what work was performed for which claim.  As demonstrated, $7,576.00 in attorney fees appear to relate to the Copyright claim and are not block billed.  (EOR 86).  However, as described below, a substantial amount of this work also cannot be recovered.

### b.    IndyBay

IndyBay attributes 56.3 hours of attorney work to defending against Plaintiff's copyright claim, totaling $26,002 in attorney's fees.  (EOR 175).  However, $10,050.50, or 22.2 hours, of this total are not sufficiently described to support a reasonable fee on the Copyright claim as shown in the table below:

| DATE | DESCRIPTION OF ACTIVITY | HOURS | BILLED |
|---|---|---|---|
| 12/12/13 | Email with R.R. Myers regarding briefing scheduling | .2 | $86.00 |
| 12/18/13 | Continue drafting motion to dismiss plaintiff's complaint; phone call and emails with R.R. Myers regarding same | 2 | $860.00 |
| 01/06/14 | Research copyright, cases relevant to motion to dismiss; review R.R. Meyers' draft of introduction, briefing on motion to dismiss | 2.1 | $903.00 |
| 01/07/14 | Research for and revising motions to dismiss; instruct L. Knox re additional research for same; review L. Knox research and conference with L. Knox re same | 1.3 | $708.50 |

| | | | |
|---|---|---|---|
| 01/07/14 | Research regarding ownership of copyright and dismissal of claims; emails with R. R. Myers regarding same; further editing of brief in preparation for filing | 1.4 | $602.00 |
| 01/08/14 | Office conference and emails with R.R. Myers regarding brief; review and edit MPA, proposed order; review local rules | 1.4 | $602.00 |
| 01/09/14 | Revise and edit Motion, MPA; final edits of Motion, MPA, and proposed order | 1.1 | $599.50 |
| 01/20/14 | Review previous statement filed by plaintiff; find and print cases cited in opening brief; instruct assistant regarding same | .5 | $215.00 |
| 01/23/14 | Review plaintiff's opposition to IndyBay motions to dismiss | .1 | $54.50 |
| 01/26/14 | Continue drafting reply to opposition to motion to dismiss | 1.3 | $559.00 |
| 01/27/14 | Continue drafting reply to opposition to motion to dismiss; office conference with R. R. Myers regarding same | 2.5 | $1,075.00 |
| 01/28/14 | Continue drafting reply to opposition to motion to dismiss; further research regarding copyright | 2 | $860.00 |
| 01/30/14 | Final preparations, proofing for filing; instruct assistant regarding same | 2.5 | $1,075.00 |
| 01/01/14 | Draft introduction to reply; revise and edit reply; final edit and prepare filing | 3 | $1,635.00 |
| 01/30/14 | Review and verify cases facts cited in reply in support of defendant's motion to dismiss first amended complaint. | .8 | $216.00 |
| | TOTAL | 22.2 | $10,050.50 |

27

The above-listed activities do not sufficiently describe the attorney work performed or contain mixed and block-billed time for its motions. For example, emails regarding the briefing schedule, edits to the "motion," and preparing the motion for filing do not exclusively relate to defending Choyce's copyright claim. Importantly, half of the above hours relate to drafting IndyBay's Reply brief. IndyBay's Reply brief only contained three pages of argument related to the copyright claim, much of which was taken from Defendant's original motion. (EOR 202). The majority of Defendant's Reply brief relates to Choyce's defamation claim and its Motion to Strike. (*Id.*). The District Court committed error by permitting IndyBay to rely on this block-billed time to support an award of fees based on the Copyright claim.

Defendant IndyBay also included 9.6 hours "related to hearing on motion to dismiss." (EOR 179). It is unreasonable for an associate attorney with eight years of experience to spend almost 10 hours preparing to argue IndyBay's motion with essentially no documents to review. There had been no discovery, no depositions, and no documents exchanged in this matter. Furthermore, a substantial amount of this preparation time related to IndyBay's Motion to Strike. The result is that there is no way for the District Court or Choyce to determine which fees were incurred

28

in defending the copyright claim or which fees were incurred for other aspects of this litigation. IndyBay's records do not demonstrate that the above-listed fees were reasonably necessary to the successful litigation of Choyce's Copyright claim. Thus, the District Court made an erroneous finding by only reducing the fee award approximately 25%.

### 3. Fees on Fees Are Prohibited.

It is the prevailing party's burden to establish that its requested fees were reasonably necessary to the successful litigation of its claims. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). While some statutes permit the recovery of "fees upon fees," Layer 42 cited to no controlling authority regarding the availability of "fees upon fees" under the Copyright Act. *Identity Arts*, 2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008) (declining to award fees on fees under the Copyright Act).

Layer 42 requested an additional $7,500 in attorney fees for "preparing and arguing this Motion for fees." (EOR 98:24-26). Additionally, included in Exhibit "A" to Mr. Casas's Declaration are approximately $1,185.75 in fees which were related to bringing this Motion for Fees. (EOR 86). These hours were all incurred after the District Court's order on June 2, 2014 and include "legal research regarding scope of recoverable fees" and "emails with client." Because fees

29

incurred in preparing and arguing this motion were not reasonably necessary to the successful litigation of a Copyright claim, the District Court erred in permitting Layer 42 to recover the additional $7,500 it estimated it would bill, nor the $1,185.75 in fees included in Exhibit "A" to Mr. Casas's Declaration.

Likewise, IndyBay requested $16,700 in attorney fees for "preparing motion for attorney fees and costs." (EOR 181). Because these fees were not reasonably necessary to the successful litigation of the Copyright claim, the District Court erred in holding that IndyBay could recover an additional $16,700 in attorneys' fees.

## VII. CONCLUSION

Based on the foregoing, Choyce respectfully requests that this Court reverse the awards of attorney fees against conferred to Layer 42 and IndyBay.

Respectfully submitted on July 30, 2015    SMITH PATTEN

*/s/ Dow W. Patten*
SPENCER F. SMITH, ESQ.
DOW W. PATTEN, ESQ.
Attorneys for Plaintiff-Appellant
DIONNE CHOYCE

30

**Statement of Related Cases for Appeal No. 14-17318**

Pursuant to Circuit Rule 28-2.6 of the Rules of the United States Court of Appeals for the Ninth Circuit, Appellants states that he is unaware of any related cases pending in this Circuit.


Respectfully submitted this 30th day of July, 2015.

SMITH PATTEN

_    s/ Dow W. Patten    _

Spencer F. Smith, Esq.
Dow W. Patten, Esq.
Attorneys for Appellant

**Form 6.** **Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   ☒ this brief contains 6931 _____ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* OpenOffice 4.1.1 *(state font size and name of type style)* Times New Roman 14 pt. _____ *, or*

   ☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____.

   Signature | /s/ Dow W. Patten

   Attorney for | Appellant Dionne Choyce

   Date | Jul 30, 2015

9th Circuit Case Number(s) | 14-17318

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Jul 30, 2015 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Dow W. Patten

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)