U.S. Court of Appeals Docket No. 14-17318

_____

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

_____

DIONNE CHOYCE,

*Plaintiff-Appellant*,

vs.

SF BAY AREA INDEPENDENT MEDIA CENTER, *et al.*,

*Defendant-Appellee.*

_____

On Appeal from a Decision of the United States District Court
for the Northern District of California
Case No. 3:13-cv-01842-JST
The Honorable Jon S. Tigar

_____

## ANSWERING BRIEF OF
## APPELLEE SF BAY AREA INDEPENDENT MEDIA CENTER

_____

Roger Myers, Esq.
Leila Knox, Esq.
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Tel: 415-268-2000
leila.knox@bryancave.com

*Attorneys for Defendant-Appellee*
SF BAY AREA INDEPENDENT MEDIA CENTER

261789.1

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................1

STATEMENT OF THE CASE...............................................2

    A.   Appellant's Lawsuit Is Filed, And One Party Is Served ......................3

    B.   Appellant's Copyright Claim Is Dismissed For The First Time..........4

    C.   Appellant Attempts To Serve Indybay..................................5

    D.   Appellant Amends But Ignores The District Court's Directive...........5

    E.   More Than One Year After Appellant's Lawsuit Was Filed, The Court Dismisses Appellant's Copyright Claim With Prejudice ..........7

    F.   District Court Grants Both Appellees' Motions For Attorneys' Fees.........................................................................8

SUMMARY OF THE ARGUMENT ....................................................10

I.   UNDER THE APPLICABLE STANDARD OF REVIEW, APPELLANT HAS NOT AND CANNOT SHOW THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING FEES OR IN SETTING THE AMOUNT .........................................................11

II.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING INDYBAY WAS ENTITLED TO ATTORNEYS' FEES ..........13

    A.   Indybay Obtained Dismissal, The Highest Degree of Success Possible.................................................................15

    B.   Litigating Without Owning The Copyright Is Objectively Unreasonable ............................................................17

    C.   The Court Could Award Fees Without Finding Appellant Blameworthy ...........................................................20

    D.   Compensation And Deterrence Also Favored An Award Of Fees .....22

i

III.  THE DISTRICT COURT DID NOT ABUSE ITS BROAD
      DISCRETION IN DETERMINING REASONABLENESS OF FEES
      AWARD ............................................................................................. 24

      A.    Appellant Offers No Basis For Finding The Court Abused Its
            Discretion ............................................................................... 26

      B.    Contrary To Appellant's Argument, Fees on Fees Are Not
            Prohibited ............................................................................... 29

IV.   APPELLEE REQUESTS ATTORNEYS' FEES PURSUANT TO 17
      USC § 505 FOR ITS EFFORT DEFENDING AGAINST THIS
      APPEAL ............................................................................................ 30

CONCLUSION ...................................................................................................... 30

ii

261789.1

# TABLE OF AUTHORITIES

## Cases

*Aalmuhammed v. Lee*,
    202 F.3d 1227 (9th Cir. 2000)...............................................................19

*AF Holdings LLC v. Navasca*,
    2013 WL 3815677 (N.D. Cal. July 22, 2013)......................................17

*Asis Internet Servs. v. Optin Global, Inc.*,
    2010 WL 2035327 (N.D. Cal. May 19, 2010) .......................................23

*Budget Cinema, Inc. v. Watertower Assoc.*,
    81 F.3d 729 (7th Cir. 1996)....................................................................19

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008)..................................................................29

*Christopher & Banks Corp. v. Dillard's, Inc.*,
    805 F. Supp. 2d 693 (S.D. Iowa 2011) .................................................15

*City of Burlington v. Dague*,
    505 U.S. 557 (1992) ...............................................................................24

*Coles v. Wonder*,
    283 F.3d 798 (6th Cir. 2002)..................................................................23

*Discovery Commn'cs v. Animal Planet, Inc.*,
    172 F. Supp. 2d 1282 (C.D. Cal. 2001) ................................................25

*Earth Flag Ltd. v. Alamo Flag Co.*,
    154 F. Supp. 2d 663 (S.D.N.Y. 2011)...................................................23

*Entm't Research Group v. Genesis Creative Group*,
    122 F.3d 1211 (9th Cir. 1997)................................................. 11, 12, 24

*Fantasy Inc. v. Fogerty*,
    1995 WL 261504 (N.D. Cal. May 2, 1995) ..........................................29

*Fantasy, Inc. v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996).......................................................... passim

261789.1

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ............................................................................16

*Fischel v. Equitable Life Assur. Soc'y*,
307 F.3d 997 (9th Cir. 2002) ............................................................25

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ..................................................................... passim

*Gilbert v. New Line Prods., Inc.*,
490 Fed. App'x 34 (9th Cir. 2012) ....................................................16

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .................................................... 12, 14, 28

*Historical Research v. Cabral*,
80 F.3d 377 (9th Cir. 1996) ...............................................................13

*In re Nucorp Energy, Inc.*,
764 F.2d 655 (9th Cir. 1985) .............................................................29

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
755 F.3d 1038 (9th Cir. 2014) ............................................ 1, 12, 30

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975) ........................................................ 25, 26

*Kourtis v. Cameron*,
358 Fed. App'x 863 (9th Cir. 2009) ..................................................11

*Lawrence v. Sony Pictures Entm't, Inc.*,
534 Fed. App'x 651 (9th Cir. 2013) ..................................................24

*Lexar Homes, Inc. v. Port*,
2013 WL 6498293 (E.D. Wash. Dec. 11, 2013) ...............................22

*Lieb v. Topstone Indus., Inc.*,
788 F.2d 151 (3d Cir. 1986) ..............................................................18

*Maljack Prods. v. Goodtimes Home Video Corp.*,
81 F.3d 881 (9th Cir. 1996) ................................................ 11, 16, 22

iv

*Mattel, Inc. v. MGA Entm't, Inc.,*
705 F.3d 1108 (9th Cir. 2013)...............................................................23

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008)...............................................................27

*Omega S.A. v. Costco Wholesale Corp.*,
776 F.3d 692 (9th Cir. 2015)..................................................................24

*Ory v. McDonald*,
141 F. App'x 581 (9th Cir. 2005) .........................................................11

*Pythagoras Intellectual Holdings, LLC v. Stegall*,
2009 WL 3245000 (C.D. Cal. Oct. 5, 2009).........................................22

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003)...............................................................16

*Rodriguez v. Disner*,
688 F.3d 645 (9th Cir. 2012).................................................................27

*Rosemont Enters. v. Random House, Inc.*,
366 F.2d 303 (2d Cir. N.Y. 1966).........................................................21

*Ryan v. Editions Ltd. West*,
786 F.3d 754 (9th Cir. 2015)................................................... 16, 27, 28

*Salinas v. Wachovia Mortgage*,
2011 WL 5513456 (E.D. Cal. Nov. 10, 2011)......................................15

*Schwarz v. Sec'y of Health & Human Servs.*,
73 F.3d 895 (9th Cir. 1995)...................................................................28

*Sierra Club v. Johnson*,
2010 WL 147951 (N.D. Cal. Jan. 12, 2010).........................................29

*Silvers v. Sony Pictures Entm't*,
402 F.3d 881 (9th Cir. 2005).................................................................16

*Sofa Entm't, Inc. v. Dodger Prods.*,
709 F.3d 1273 (9th Cir. 2013)..................................................... 11, 17

v

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*,
    429 F.3d 869 (9th Cir. 2005)............................................................ 18, 19, 27, 28

*Van Gerwen v. Guarantee Mut. Life Co.*,
    214 F.3d 1041 (9th Cir. 2000)................................................................ 12, 14, 29

**Statutes**

17 U.S.C. § 101 ...........................................................................................19

17 U.S.C. § 201(a) .......................................................................................19

17 U.S.C. § 501(b) .......................................................................................16

17 U.S.C. § 505............................................................................................9, 13

U.S. Copyright Act § 505 ........................................................................ passim

**Rules**

Circuit Rule 10-3.1.......................................................................................8

Fed. R. Civ. Proc. 11(c) .............................................................................21

261789.1

## INTRODUCTION

In this case, Appellant Dionne Choyce sought to censor an item posted to a volunteer non-commercial local news portal by, among other things, asserting a copyright claim – over a photograph in the item to which he knew he did not own the copyright – against the portal, Appellee SF Bay Area Independent Media Center ("Indybay"), and its internet connection provider, Appellee Layer42.net.

After allowing Appellant three chances to allege facts showing he had standing to assert a copyright claim over the photograph, the district court dismissed the copyright claim with prejudice. Not surprisingly, the district court found Appellant's repeated attempts to assert a copyright claim under these circumstances were "objectively unreasonable," and exercised its discretion to award attorneys' fees to Indybay and Layer42.

Appellant appeals only the award of fees, not the dismissal of his claim. But as "'the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act'" – including the objective unreasonableness of Appellant's claim – the "district court did not abuse its discretion" because a "successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco, Inc*., 755 F.3d 1038, 1043 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("*Fogerty II*").

1

## <u>STATEMENT OF THE CASE</u>

There is no doubt that copyright law, and the ability to protect one's rights under the Copyright Act, serves an important purpose for the holders of those rights. But this is also a means to the "primary objective of the Copyright Act," which "is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994) ("*Fogerty I*"). In achieving that goal, encouraging defendants "to advance … meritorious copyright defenses" through fee awards is equally important. *Id.* at 527. That is because meritless claims undermine this "primary objective" by suppressing production of original works no less than does infringement itself. *Id.*

As demonstrated by the facts surrounding the origins of this lawsuit, as well as the procedural history from the district court, this is a classic example of a case where an award of attorneys' fees to the defendant is warranted and appropriate. The district court gave Appellant no fewer than three opportunities over the course of nearly a year in which to demonstrate he could plead a viable cause of action for copyright infringement. Appellant could not plead a viable claim because – despite his false assertion under oath to the Copyright Office – he did not "author" the work in question and did not own a copyright in it. The facts and procedural history of this case thus paint a clear picture of a copyright claim that never should have been brought, and an award of fees that should be affirmed.

2

### A.    <u>Appellant's Lawsuit Is Filed, And One Party Is Served</u>

Appellant initially filed suit for copyright infringement and defamation against Indybay and co-Appellee Layer42 on April 23, 2013. Indybay is an unincorporated association of volunteers that operates an independent, non-commercial news website, www.indybay.org, to which any member of the public may post articles. ER 191, 212-213. Layer42 is "a California corporation" that "provides internet connectivity, hosting, and infrastructure to Indybay," and owns the facility where Indybay's server was housed. ER 191.[1] Appellant waited several months to actually serve any of the parties with the complaint, starting with Layer42, per the certificate of service Appellant filed with the district court on August 21, 2013. ER 346-47. Appellant did not, at this time, serve Indybay.[2]

Appellant's two causes of action – one for defamation, one for copyright infringement – against these defendants related to two articles about Appellant and his Choyce Law Firm, each of which included a photograph of Appellant, that were posted to the Indybay website. Appellant alleged that unknown Does posted

---

[1] A third party, Cernio Technology Cooperative, was also named in the lawsuit, but was never served with the complaint. *See*, *e.g.*, ER 191-92.

[2] Appellant's opening brief includes an assertion unsupported by the record – namely, that lawyers for Indybay and Layer42 were in communication prior to the filing of Appellant's lawsuit and "did everything they could to avoid the service of the complaint" on defendants. AOB 7. Not only is there nothing in the record that supports this assertion, it is demonstrably false, as shown by sworn declarations from Indybay and its attorneys. ER 170-71, 215.

two allegedly defamatory articles on Indybay, that each included a "professional photograph taken of [Choyce] for use on [his] website," and that this photograph was allegedly copied from his "law firm's website." ER 302, 351-52. Appellant did not allege in his initial complaint registration of the work with the Copyright Office, nor did he claim that he was the author of the work. ER 350-54.

**B.** **Appellant's Copyright Claim Is Dismissed For The First Time**

On September 23, 2013, Layer42 filed a motion to dismiss the copyright claim, pointing out that Appellant had failed to allege in his complaint that he had registered the copyrighted work – a prerequisite to bringing a lawsuit for infringement. ER 330. While this motion was pending, Appellant's attorney filed a supplemental declaration in support of Appellant's opposition to Layer42's motion to dismiss, attaching a Certificate of Registration issued by the Copyright Office, with an effective date of registration of October 23, 2013, in which Appellant claimed to be the author of "Dionne Choyce Attorney Portrait," and listing as the first date of publication January 1, 2005. ER 291-94.

The district court on December 2, 2013 granted Layer42's motion to dismiss the copyright claim, but gave Appellant leave to amend to allege that he had applied for a copyright registration for the work at issue. ER 272-73, 283-85. In its order, the district court required, at the risk of dismissal, that Appellant remove any request for statutory damages or attorneys' fees given it was undisputed that

4

"Plaintiff did not possess a registered copyright – and had not even applied for a copyright registration – within three months after the time of the alleged infringement."  ER 272.  The court warned that "[f]ailure to comply with this order will result in dismissal with prejudice of the federal claim."  ER 285.

## C.  Appellant Attempts To Serve Indybay

Shortly before the first dismissal, Indybay's counsel learned, from a review of the docket, that Appellant had attempted to serve Indybay at an office Indybay used as a mail drop.  ER 170-71; SER 109, 112.  Although it believed Choyce's attempted service was ineffective, Indybay agreed to appear if Choyce would agree to a 30-day extension of time to respond.  SER 112-13.  When Choyce's counsel would not agree, Indybay was compelled to request this relief directly from the district court, which granted the request.  ER 367 (Dkt. 24); SER 108-13.

## D.  Appellant Amends But Ignores The District Court's Directive

On December 23, 2013, Appellant filed his First Amended Complaint, and – contrary to the district court's explicit instructions – not only repeated verbatim the copyright claim the court previously dismissed, including his request for statutory damages and attorneys' fees, but also failed to allege registration of the work at issue.  *Compare* ER 353-54 *with* ER 244-45.  Indybay and Layer42 separately moved to dismiss Appellant's copyright claim with prejudice given Appellant's disregard for the court's instructions.  ER 222-23, 323-33.  Indybay also brought to

5

the district court's attention the fact that Appellant had not alleged ownership of the work at issue, and therefore did not have standing to sue. ER 222-23.

In response to Layer42's motion, Appellant made "an unconvincing attempt to blame his adversary for his failure to amend, arguing that Layer42 filed a request for attorney's fees which required opposition over the holiday season, and this task apparently distracted Choyce's counsel from adding an allegation to the FAC that Choyce had applied for a copyright." ER 194. In an attempt to salvage his copyright claim, Appellant submitted a Proposed Second Amended Complaint ("PSAC") with his opposition to Layer42's motion to dismiss, in which he alleged that he had registered the copyrighted work and removed claims for statutory damages and attorneys' fees. ER 194; SER 92-94, 107.

In responding to Indybay's motion to dismiss, in particular its argument that Appellant had not even alleged he owned the work at issue, Appellant made no attempt in his opposition or at oral argument to articulate facts that would give the district court any indication he actually had standing to sue. SER 61-62, 78-79. Rather, he simply recited the Copyright Act, stating "Copyright Registration is prima facie evidence of ownership," SER 78-79, an argument that, taken to its logical conclusion, meant a court must accept assertions in a registration even if they amount to fraud on the Copyright Office. At oral argument, he told the district court the photograph was a work made for hire, SER 61, which the court

6

later noted would require Choyce to have a "photographer" as a "regular employee rather than an independent contractor or a specially commissioned photographer" – something that was highly unlikely for a small law firm.  ER 197.

**E.    More Than One Year After Appellant's Lawsuit Was Filed, The Court Dismisses Appellant's Copyright Claim With Prejudice**

The district court, citing among other things Appellant's repeated failure to provide any "explanation of how he owns the rights to the image," dismissed the copyright claim as to both Layer42 and Indybay, this time without leave to amend. ER 197, 199.  As the court recognized, the FAC had to be dismissed because Appellant had again failed to allege he had even applied to register a copyright in the photograph.  ER 194.  The PSAC also failed to state a claim, both because Appellant's registration could not constitute prima facie evidence of the validity of his copyright as a matter of law (since more than five years had elapsed between the date of first publication and registration) and because any allegation that Appellant authored the photograph was contradicted by his own sworn statements in the case. ER 195-96.  And Appellant had articulated no facts justifying "a ***fourth*** opportunity" to plead his copyright claim.  ER 197 (emphasis added).

As the district court observed, the case had been pending for nearly a year and in all that time, "Plaintiff has yet to plead a valid federal cause of action in any of his proposed complaints, or explain how he might at any point in the foreseeable

7

future. Given the numerous opportunities Plaintiff had to state a claim for copyright infringement, and Plaintiff's failure to explain to the Court how the copyright claim might be rendered plausible on further amendment, the Court concludes that further leave to amend would be futile." *Id.*[3]

## F.   District Court Grants Both Appellees' Motions For Attorneys' Fees

Both Indybay and Layer42 moved for attorneys' fees. At the hearing on those motions, Appellant's attorney spent much of his time arguing Indybay and Layer42 had not prevailed on the merits, despite the fact his copyright claim had been dismissed precisely because he had not met one of the two essential requirements for proving a claim of infringement – namely, ownership of the copyright. SER 10-28.[4] Appellant then contended the copyright claim should have been allowed to proceed on the theory he could have produced evidence that the photograph was a work-for-hire sufficient to give Appellant copyright

---

[3] As it had previously, *see* ER 274, 284-85, the district court declined to retain jurisdiction over the defamation claims and thus dismissed them. ER 199. In doing so, the district court vacated that portion of its prior decision granting Layer42's anti-SLAPP motion with leave to amend. *Id.* Appellant was thus free, in theory, to refile his defamation claims in state court. Aware he would face another anti-SLAPP motion, Appellant never made the attempt.

[4] Appellant failed to order the transcript from the hearing on the motion for attorneys' fees or provide notice to Appellees that he did not intend to do so, as required under Circuit Rule 10-3.1 and the Court's November 24, 2014 scheduling order. Indybay has therefore included the transcript from that hearing in its Supplemental Excerpts of Record. SER 1-35.

8

ownership of the work. SER 25-26. But as the court noted, Appellant never would have been able to identify evidence showing this. SER 17, 25. Counsel also suggested Appellant was not on notice as to the copyright issue because oral argument had focused on the anti-SLAPP motion – a contention the court rejected. SER 27 ("The issue of copyright was not presented in the first round of motions? … I didn't have to read briefs on that subject, the other side didn't have to write them, you didn't have to respond to them? That didn't happen?").

On November 3, 2014, the district court issued its order on both Indybay and Layer42's motions for attorneys' fees, finding that fees were warranted under § 505 of the Copyright Act, and awarding fees in the amount of $42,958 and $44,877, respectively. ER 11. In Indybay's case, this number represents $20,119.50 in fees and costs for the motion to dismiss, and $24,757.50 for work done on the motion for attorneys' fees, which applies the 25 percent discount the district court determined was appropriate out of an abundance of caution to ensure that only fees spent on the copyright claim were granted. ER 11, 172; SER 49. On November 21, 2014, Choyce filed this appeal. ER 1.

9

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion either in awarding attorneys'
fees to Indybay or in setting the amount of the award. The district court was
thorough in its analysis of the facts and its application of the law, finding, among
other things, that fees were warranted in light of Appellant's lack of standing to sue
for copyright infringement and Indybay's success on the merits in defeating
Appellant's copyright claim. Further, the district court found Appellant's lawsuit
was "objectively baseless," and fees were warranted given the strong need to both
deter future would-be plaintiffs from bringing similar lawsuits for copyright
infringement and to compensate those forced to defend such meritless actions.

As for the amount of the fee award, it was reasonable and well within the
court's broad discretion. The district court was in the best position to evaluate the
appropriate amount of fees for obtaining dismissal of the copyright claim, it took a
conservative and thorough approach in determining the appropriate amount of fees
that should be awarded – ensuring that only those fees incurred in defense of the
copyright claim were awarded (by, among other things, cutting the fees by 25
percent even after Indybay had segregated out fees for other tasks) – and Indybay
submitted extensive documentation in support of its fees motion. Consequently,
the amount should also be affirmed, and this matter should be remanded to the
district court for a determination of fees spent defending this appeal.

10

261789.1

# I.

## UNDER THE APPLICABLE STANDARD OF REVIEW, APPELLANT HAS NOT AND CANNOT SHOW THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING FEES OR IN SETTING THE AMOUNT

This Court "review[s] the district court's decision to grant attorneys' fees under the Copyright Act, and the amount of fees awarded, for an abuse of discretion." *Maljack Prods. v. Goodtimes Home Video Corp*., 81 F.3d 881, 889 (9th Cir. 1996). Trial courts have "broad discretion" both to award attorneys' fees to defendants in copyright cases, *Ory v. McDonald*, 141 F. App'x 581, 584 (9th Cir. 2005) – as illustrated by decisions repeatedly upholding fee awards where, as here, plaintiff's copyright claim was "objectively unreasonable," *see, e.g., Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1228-29 (9th Cir. 1997); *Sofa Entm't, Inc. v. Dodger Prods*., 709 F.3d 1273, 1280 (9th Cir. 2013) ("While no longer a prerequisite to a fee award, the 'objective unreasonableness …' of a losing party's claim can be a relevant indicator of whether the Act's primary objective is being served by the litigation.") (quoting *Fogerty I*, 510 U.S. at 534 n.19) – and to set the amount of the fee award. *Kourtis v. Cameron*, 358 Fed. App'x 863, 867-68 (9th Cir. 2009).

As Appellant concedes, "'[a] district court's award of attorney's fees "does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact."'" AOB 11 (quoting *Entm't Research*

11

*Group*, 122 F.3d at 1216-17 (quoting *Fogerty II*, 94 F.3d at 556)).[5] But try as he might, Appellant cannot show that either occurred here.

As for setting the amount, district courts are "accord[ed] considerable deference" in light of their "'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). So long as the district court provides a concise and clear explanation of its reasons for the fee award, it will be upheld on review. *Id.* Even a cursory review of the district court's order illustrates that it accurately analyzed the law relating to its discretionary power to award attorneys' fees in copyright cases; correctly and thoroughly applied that law to the facts of this case; and gave a clear and concise summary of its reasons for awarding fees.

---

[5] While Appellant notes "'elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable *de novo*,'" AOB 11 (quoting *Fogerty II*, 94 F.3d at 556) (further quotation omitted), his appeal does not rest on either ground but instead merely disputes the district court's application of the *Fogerty* factors to award fees to defendants, AOB 17 (arguing district court "inaccurately applied" *Fogerty* factors), and "the reasonableness" of the amount. *Id.* at 20 (quoting heading D). Both are classic examples of decisions frequently affirmed as "not [an] abuse [of] discretion" where, as here, "'the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act.'" *Inhale, Inc.*, 755 F.3d at 1043 (quoting *Fogerty II*, 94 F.3d at 556).

## II.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING INDYBAY WAS ENTITLED TO ATTORNEYS' FEES

The Copyright Act permits courts to award prevailing parties their full costs, including attorneys' fees. 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). Under the "evenhanded" approach announced by the Supreme Court in *Fogerty*, courts must not hold a prevailing defendant to a more stringent standard when considering a fee award than that applicable to a prevailing plaintiff. *Fogerty I*, 510 U.S. at 527, 534-35 ("defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement"). "[D]istrict courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). "'[E]xceptional circumstances,'" such as a finding of bad faith or frivolous or vexatious conduct, is no longer required to award attorneys' fees to a defendant. *Id.*

13

Pursuant to the Supreme Court's decision in *Fogerty*, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations [the Court] ha[s] identified.'" 510 U.S. at 534 (quoting *Hensley*, 461 U.S. at 436-37). Consistent with this, the Ninth Circuit has instructed that such considerations may include, but are not limited to, the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty II*, 94 F.3d at 558-59. Not all of these factors need to be met for the court to issue a fee award. Above all, the factors used to guide the court's discretion in awarding fees in copyright cases must be "faithful to the purposes of the Copyright Act." *Fogerty I*, 510 U.S. at 535 n.19.

In considering these non-exclusive factors, the district court relied on the degree of success obtained by Indybay in this litigation; Appellant's objective unreasonableness in both his legal and factual arguments; and considerations of compensation and deterrence in preventing similarly unreasonably lawsuits. ER 7-9. The only factor the court found "weigh[ed] lightly against awarding fees" was the motivation factor. ER 8-9. As detailed below, the district court carefully went through the relevant factors and, in the end, in its "concise but clear" opinion, *Van Gerwen*, 214 F.3d at 1047, determined that attorneys' fees were proper in this case

14

– which is something the district court had the discretion to decide.

**A.**  **<u>Indybay Obtained Dismissal, The Highest Degree of Success Possible</u>**

In arguing that the district court improperly analyzed the degree of success obtained by Indybay, Appellant seems to ignore the undeniable truth that Indybay, in successfully moving the district court to dismiss the copyright claim, achieved "total success" such that it should be awarded its attorneys' fees.  AOB 13-14. Appellant continues to press his false narrative that not having standing to sue for copyright infringement somehow constitutes a  "pleading error" and means Indybay got off on a mere "technical defense."  AOB 13.

Unlike the "pleading error" in the Southern District of Iowa case cited by Appellant, AOB 14 – in which three related corporate entities with similar names were plaintiffs, and two of the three were dismissed because they were found not to be the copyright owners, *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 697 (S.D. Iowa 2011) – Appellant's "error" here was substantive, and one that he repeatedly failed to cure (because he could not) despite numerous opportunities to do so from the court.  ER 196-97.  Indeed, as Appellant concedes, AOB 12 n.5, Indybay is a "prevailing party" under § 505.  *Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009).  It follows that as the prevailing party on a motion to dismiss with prejudice, "Defendant … is entitled to attorneys' fees." *Salinas v. Wachovia Mortgage*, 2011 WL 5513456, *2 (E.D. Cal. Nov. 10, 2011);

15

*see also Gilbert v. New Line Prods., Inc.*, 490 Fed. App'x 34, 37 (9th Cir. 2012) (attorneys' fees appropriate where defendant "achieved complete success on the merits and [Plaintiff's] claims were objectively unreasonable"); *Maljack Prods., Inc.*, 81 F.3d at 890 (affirming award to defendant who "obtained total success in defending against … copyright claims" by winning summary judgment).

Further, Appellant's view that the parties never litigated the merits of the copyright claim, AOB 13-14, is inaccurate, and Appellant's mischaracterization of Indybay's success as a mere technicality rests on a misunderstanding of the importance of the standing requirement under the Copyright Act, which Congress took great care to limit to the owners of a copyright in order to protect arts and letters from lawsuits by those claiming some interest in a work. *Silvers v. Sony Pictures Entm't*, 402 F.3d 881, 886-87 (9th Cir. 2005) ("only owners of an exclusive right in a copyright may sue"). Copyright ownership is a substantive – and not a procedural – requirement necessary to bring suit for infringement. *Id.* at 884 (citing 17 U.S.C. § 501(b)). Indeed, it is one of two essential elements necessary to state such a claim. "In order '[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). The district court recognized this, and as

16

such, found this factor weighed in favor of an award of attorneys' fees. ER 7-8. In light of all of this, the district court did not err in finding this factor weighed in favor of awarding attorneys' fees to Indybay.

**B.      Litigating Without Owning The Copyright Is Objectively Unreasonable**

There is nothing more unreasonable than filing a lawsuit in which the plaintiff does not actually have standing to sue, and maintaining that lawsuit even after the district court has granted numerous opportunities to cure any defects in connection with standing. *Sofa Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (upholding award of attorneys' fees where plaintiff from the outset should have known "that its chances of success in this case were slim to none"). As the district court recognized, even before Appellant filed his lawsuit, he should have "consulted even the basic authority regarding copyright law," which would have clued him to the fact his copyright claim was doomed since he "had no basis to bring a copyright action even against the Doe Defendants who had used the image." ER 8. "[Choyce's] case was … objectively unreasonable in that [he] never presented any evidence (although [he] had the opportunity to do so) to support [his] claim that [he] has standing to assert a claim for copyright infringement." *AF Holdings LLC v. Navasca*, 2013 WL 3815677, *1 (N.D. Cal. July 22, 2013).

17

Even if the district court could have found his failure to investigate before the filing of the lawsuit did not amount to unreasonableness on Appellant's part, the fact that he continued to press his claim, despite never being able to correct the fatal flaw of not having standing, demonstrates an unreasonable litigation position – "'both in the factual and in the legal components'" of this mandatory threshold issue – on his part. *Fogerty I*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). The fact that Appellant was granted leave to amend per the district court's first dismissal is immaterial, AOB 15, particularly since Appellant's bigger pleading deficiency – ownership of copyright, *i.e.*, standing – had not yet been brought to the court's attention. ER 192. After Indybay first pointed out the lack of ownership in its motion to dismiss, ER 222-23, it quickly became clear that Appellant's copyright claim had no legs. ER 196-97.

Just as important as the registration requirement is the fact that Appellant could not, with a straight face, allege he was the holder of the copyright in the photograph, given he did not take the photograph, ER 301, nor could he present any evidence showing ownership had somehow been transferred to him, despite multiple opportunities to do so. ER 196-97. He repeatedly failed to allege – either in his complaint, First Amended Complaint or Proposed Second Amended

18

Complaint; in his opposition to Indybay's motion to dismiss; and at oral argument

at the invitation of the district court, *id.*, SER 61-63 – that he had an "ownership

interest in [the photo's] copyright." *Budget Cinema, Inc. v. Watertower Assoc.*, 81

F.3d 729, 732 (7th Cir. 1996). As the district court concisely notes in its fees

order, the first dismissal for failure to register the work should have "given

[Appellant] an opportunity to assess the strength of his claims, and take whatever

steps were necessary to ensure that he had a valid claim to assert." ER 8. He then

falsely listed himself on the copyright registration as the work's "author," which

clearly he was not (and which he knew he was not, per his declaration). ER 8, 294.

"And then, when faced with the argument that he still had no valid ownership

interest in any copyright, he resorted to additional meritless arguments" – namely,

that this was a work for hire, which the district court recognized as "implausible,

unsupported by any evidence, and did nothing to salvage the validity of the

registration he had actually obtained." ER 8.[6] The court was more than patient

---

[6] As the district court explained, "the image was not created *by* Plaintiff; it is an image *of* Plaintiff" that was "taken by a professional photographer," and thus, "any copyright in the image 'vests initially in the author or authors of the work,' 17 U.S.C. § 201(a)," which, per Appellant's own admission, was not him. ER 196, 301; *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-32 (9th Cir. 2000) ("the [photographer] is the author"). Further, the district court recognized Appellant's suggestion that the photograph was a "work for hire" under 17 U.S.C. § 101 was implausible, given it was unlikely that he hired a photographer as part of his regular staff when he started his own law firm in 2005. ER 197.

19

with Appellant, offering him no fewer than three opportunities to demonstrate he had a viable copyright claim, which he simply could not do.  ER 197.

In short, the district court gave Appellant numerous opportunities over the course of nearly a year to "salvage [his] claim," ER 195, and Appellant repeatedly failed, in both of his complaints as well as his Proposed Second Amended Complaint, and at oral argument, to "plead a valid federal cause of action … or explain how he might [do so] at any point in the foreseeable future."  ER 197.  This was more than enough for the district court, in ruling on Indybay's motion for attorneys' fees, to conclude that Appellant's "copyright claim was, to put it bluntly, objectively baseless."  ER 8. [7]

## C.    The Court Could Award Fees Without Finding Appellant Blameworthy

Appellant points to the district court's lack of a finding of improper motivation as a negating factor with respect to the award of attorneys' fees.  AOB 18-19.  However, the four factors that guide a court's discretion in determining whether fees are proper are "not exclusive and need not all be met."  *Fogerty II*, 94

---

[7] Appellant seems to argue the merits of his second dismissal as well, suggesting the district court erred in not giving him the opportunity to undo the damage he did to himself by registering the copyright in his name, as author, and sustaining the lawsuit for as long as he did without any evidence he had standing to sue.  AOB 16-17.  To the contrary, following Appellant's shift from claiming he was author of the work, to claiming the photograph was a work for hire, the district court recognized that granting Appellant a "fourth opportunity" to plead a valid cause of action would be, to put in bluntly, fruitless.  ER 197.

20

F.3d at 558.  The fact that the district court found the motivation prong "weighs lightly against awarding fees," ER 9, is nowhere near enough to reverse the award of fees.  Appellant's theory amounts to arguing that the district court was required to find he was "blameworthy" in order to award fees,[8] but under *Fogerty II*, "a plaintiff's culpability is no longer required," and this Court should not "fault the district court for awarding fees to [Indybay] as a prevailing defendant without first finding that [Appellant] as the plaintiff was blameworthy."  94 F.3d at 558.[9]

---

[8] That Appellant is arguing that the court had to find him blameworthy is illustrated by his suggestion that Indybay's failure to file for sanctions under Fed. R. Civ. Proc. 11(c) also negates a finding by the district court that fees were appropriate, AOB 19, a suggestion completely unsupported by the law.

[9] Moreover, it is worth noting that Plaintiff was hardly blameless.  As the district court recognized, Plaintiff's motivation was to censor negative reporting about him.  ER 8-9 ("Plaintiff was motivated to stop the publication of defamatory content on the Indybay website.").  An Appellant who brings a copyright claim based on a portrait that he did not take of himself and thus did not own the copyright in – as a way to suppress negative editorial content about him – "does not come [to court] with clean hands."  *Rosemont Enters. v. Random House, Inc.*, 366 F.2d 303, 311 (2d Cir. N.Y. 1966) ("The district court should have denied any preliminary injunction to this plaintiff as there was good reason to believe that it was the instrument of Howard Hughes, created principally for the purpose of suppressing the biography of Hughes which Random House had published. We cannot approve an injunction under such circumstances as the plaintiff does not come here with clean hands.  It has never been the purpose of the copyright laws to restrict the dissemination of information about persons in the public eye even though those concerned may not welcome the resulting publicity.") (Lumbard, C.J., concurring in reversal of preliminary injunction).

21

**D.**    **Compensation And Deterrence Also Favored An Award Of Fees**

In arguing the compensation and deterrence factor also weighs against the imposition of fees against him, Appellant continues in his fantasy that he had an objectively reasonable litigation position in the first place and that such an award is unnecessary because he is not a "vexatious serial litigant." AOB 19-20. However, this particular factor not only takes into consideration the deterrence factor as to this particular plaintiff – *i.e.*, Appellant – but also deterrence as to future would-be plaintiffs who might contemplate filing similarly baseless lawsuits for copyright infringement. *Maljack Prods.,* 81 F.3d at 890 ("We consider that an award of fees may deter baseless suits."); *Pythagoras Intellectual Holdings, LLC v. Stegall*, 2009 WL 3245000, *2 (C.D. Cal. Oct. 5, 2009) ("An award of fees … will deter Plaintiffs from filing and arguing frivolous and baseless claims in the future. An award of fees will also encourage Plaintiffs to withdraw future claims when Plaintiffs discover that the claims are no longer viable."); *Lexar Homes, Inc. v. Port*, 2013 WL 6498293 (E.D. Wash. Dec. 11, 2013) ("there is reason for an award of costs and fees so as to deter this Plaintiff, and other similarly situated plaintiffs, from instituting claims void of facts supporting them and litigating without adequate research based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose") (citing *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668

22

(S.D.N.Y. 2011)); *accord*, *e.g.*, *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002)

("An award in this case will deter would-be plaintiffs from bringing equally

meritless lawsuits against other artists.").

Appellant also fails to recognize that this factor considers not only

deterrence, but also compensation.  Here, an award of fees to Indybay "advances

the interests of compensation to the extent that [Indybay has been] forced to defend

itself against [] groundless claims," *Asis Internet Servs. v. Optin Global, Inc.*, 2010

WL 2035327, *4 (N.D. Cal. May 19, 2010), which, here, resulted in more than one

year of litigation between the time the complaint was filed and the court's order

dismissing the copyright claim with prejudice, as well as tens of thousands of

dollars in attorneys' fees.  ER 11, 172, 197; SER 49.

Most importantly, as the district court recognized, an award of fees advances

the purposes of the Copyright Act, in that defendants here "'advance[d] a variety

of meritorious copyright defenses' … [that] further[ed] '[t]he Act's ultimate aim

… to stimulate artistic creativity for the general public good.'"  ER 9 (quoting

*Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111(9th Cir. 2013)).  The

district court acknowledged that "while the Indybay website may not be 'artistic

creativity' *per se*, it is a forum for public expression.  The Copyright Act's fee-

shifting provision is designed to ensure that such forums for expression are not

[]hindered by asserted intellectual property claims that have no basis in the law."

23

ER 9. The district court therefore clearly did not abuse its discretion in determining this particular factor justified a fee award in favor of Indybay. Nor did the district court come close to exceeding its "great latitude to exercise 'equitable discretion' in the attorney's fees context," *Omega S.A. v. Costco Wholesale Corp*., 776 F.3d 692, 695 (9th Cir. 2015) (affirming nearly $400,000 fee award to defendant who defeated copyright claim on summary judgment), in determining, "[a]fter weighing the relevant factors, … that a fee award is justified."

## III.

### THE DISTRICT COURT DID NOT ABUSE ITS BROAD DISCRETION IN DETERMINING REASONABLENESS OF FEES AWARD

All fees reasonably incurred in defending against a copyright claim are recoverable by a party entitled to an attorneys' fees award. *Entm't Research Group*, 122 F.3d at 1230. The lodestar method – multiplying the number of hours reasonably expended by the reasonable hourly rate – is the approach used for setting fees under a federal fee-shifting statute such as § 505 of the Copyright Act. *See*, *e.g.*, *Lawrence v. Sony Pictures Entm't, Inc.*, 534 Fed. App'x 651, 654 (9th Cir. 2013 (affirming use of lodestar method in copyright cases); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence."). The resulting figure is presumptively reasonable. *Fischel v. Equitable Life Assur.*

24

*Soc'y*, 307 F.3d 997, 1007 (9th Cir. 2002) ("There is a 'strong presumption' that the lodestar figure represents a reasonable fee.") (citation omitted).

To establish a presumptively reasonable lodestar figure, the party seeking fees should provide the court with (1) billing summaries, (2) counsel's hourly rate, and (3) evidence that the rate is reasonable for an attorney of like skill and experience. *Discovery Commn'cs v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001). "[A]lthough a court can adjust the lodestar upward or downward based on certain factors, adjustments are the exception rather than the rule." *Fischel*, 307 F.3d at 1007.

The relevant factors guiding a court's award of attorney's fees include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1007 n.7 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)).

25

Here, the district court "carefully reviewed the documents, billing records, and declarations submitted in support of [Indybay's] fee request[]" and, while finding the rates were reasonable, further determined that a reduction in Indybay's fee request was warranted. ER 10. The court started with Indybay's lodestar calculation, which was supported by "documents, billing records and declarations," ER 10, 169-86; SER 47-52, and then, per its discretion, reduced that figure by 25 percent out of an abundance of caution to ensure that only fees attributable to the copyright claim, and not the defamation claim, were awarded. ER 11.

This conservative approach was not enough for Appellant, and he asks this Court to overturn the district court's determination. AOB 20-22. Appellant does not dispute Indybay's evidence documenting that its hourly rates were reasonable. *Id*. Instead, he contends a handful of time entries were "not sufficiently described," *Id.*at 26, and that "fees on fees are prohibited," *Id.* at 29. But Appellant cites no authority suggesting the district court abused its broad discretion in setting the amount awarded – which is amply supported by the record – and his argument that it abused its discretion in awarding of "fees on fees" has been rejected.

## A. <u>Appellant Offers No Basis For Finding The Court Abused Its Discretion</u>

Appellant's request that this Court flyspeck the documentation presented by Indybay in support of its fee motion mistakenly treats this Court as if it was the

26

district court. As this Court has recognized, its role is much more limited in light of the multiple layers of discretion to be afforded the amount of a fee award.

To begin with, "'[b]y and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case.'" *Ryan v. Editions Ltd. West*, 786 F.3d 754, 763 (9th Cir. 2015) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Once the district court decides the amount, this Court "generally give[s] broad deference to the district court's determinations on fee awards because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (quoting *Hensley*, 461 U.S. at 437). Consequently, "[r]emand is required only where the record does not support the district court's fee award." *Twentieth Century Fox*, 429 F.3d at 883.

The record here clearly supports the amount of the award. As the district court recognized, Indybay "made reasonable attempts to segregate the time and attention devoted to the federal claim," ER 10, which is thoroughly documented in the Knox declarations and exhibits. ER 171-73, 176-80; SER 48-49. The district court nonetheless took the extra step of lowering the fees by 25 percent – a reduction that applied not only to the fees attributable to the motion to dismiss itself, but also to fees for Indybay's fee motion. ER 11. The district court did so, it

27

explained, because it found an award of 75 percent of the fees requested was "a reasonable approximation of the fees attributable to obtaining dismissal of the federal [copyright] claim." *Id.* This was "within the district court's discretion" since the court "provided [an] explanation for the determination that twenty[-five] percent was the appropriate amount to deduct." *Ryan*, 786 F.3d at 765; *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895 (9th Cir. 1995).

Appellant nevertheless complains that 15 entries are not sufficiently descriptive in terms of the work performed, and therefore may contained mixed and block-billed time for the motions. AOB 26-27. However, as the Supreme Court recognized in *Hensley*, "counsel … is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." 461 U.S. at 437 n.12, The time entries Appellant challenges clearly met that criteria. *See* AOB 26-27. The district court correctly recognized Indybay's attempts to segregate the federal and state-law claims, ER 10, and Indybay's declarations further attest to this effort. ER 172, 176-80; SER 47-49. Moreover, Appellant fails to address the district court's 25 percent reduction to account for exactly the issue Appellant attempts to raise. Given the district court's familiarity with the underlying motions, and its "understanding of the litigation," it should be "accord[ed] considerable deference

28

to [its] [] findings regarding whether hours claimed by prevailing counsel are excessive, redundant or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1047.

## B. Contrary To Appellant's Argument, Fees on Fees Are Not Prohibited

Choyce's assertion that fees on fees are prohibited by the Copyright Act is simply false. As this Circuit has held, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985)); *see Sierra Club v. Johnson*, 2010 WL 147951 *5 n.3, 8-9 (N.D. Cal. Jan. 12, 2010) (recognizing that *Camacho* and *Nucorp* supported awarding "fees-on-fees" in CERCLA case and noting "[t]he Copyright Act contains almost identical fee-shifting language as CERCLA").

This Court has authorized fee awards for time spent on fee motions in statutory fee cases "because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho*, 523 F.3d at 981. Consequently, courts award "fees-on-fees" under Section 505 of the Copyright Act where "the fees-on-fees application is proportional to [defendant]'s success on the merits." *Fantasy Inc. v. Fogerty*, 1995 WL 261504, *7-8 (N.D. Cal. May 2, 1995), *aff'd* 94 F.3d at 561. Here, the district court's fee award for time spent on the fee motion was

29

proportional to Indybay's success on the merits as it was reduced by the same percentage as the award on the merits.  As such, the district court did not abuse its discretion in awarding Indybay its fees spent on its fee motion.

## IV.

### APPELLEE REQUESTS ATTORNEYS' FEES PURSUANT TO 17 USC § 505 FOR ITS EFFORT DEFENDING AGAINST THIS APPEAL

Indybay respectfully requests that this Court award its attorneys' fees in defending against this appeal, since it will "serve[] the purposes of the Copyright Act for [Indybay] to defend an appeal so that the district court's fee award would not be taken away from [it]." *Fogerty II*, 94 F.3d 553 at 561; *see also Inhale, Inc.*, 755 F.3d at 1043 ("We award attorneys' fees incurred in the defense of this appeal to Starbuzz in an amount to be determined by the district court.").

## CONCLUSION

For all the foregoing reasons, Defendant-Appellee SF Bay Area Independent Media Center respectfully requests that the Court affirm the district court's fee award and award Indybay its attorneys' fees defending this appeal.

DATED:  September 30, 2015        BRYAN CAVE LLP
                                      ROGER MYERS
                                      LEILA KNOX

By: /s/ Leila Knox
Attorneys for Defendant-Appellee
SF Bay Area Independent Media Center

30

261789.1

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, there are no known related cases pending in this Court.

DATED:  September 30, 2015     BRYAN CAVE LLP
ROGER MYERS
LEILA KNOX

By:  /s/ Leila Knox
    Attorneys for Defendant-Appellee
    SF Bay Area Independent Media Center

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.  This brief uses 14 point proportional type and contains 6,748 words, excluding the portions exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

DATED:  September 30, 2015     BRYAN CAVE LLP
ROGER MYERS
LEILA KNOX

By:  /s/ Leila Knox
    Attorneys for Defendant-Appellee
    SF Bay Area Independent Media Center

31

261789.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| Spencer F. Smith | Anthony Francis Basile |
| spencer@smithpatten.com | abasile@legalteam.com |
| Dow. W. Patten | Daniel L. Casas |
| dow.patten@gmail.com | dcasas@legalteam.com |
| SMITH PATTEN | CASAS RILEY & SIMONIAN, LLP |
| 221 Main Street, Suite 740 | 55 North 3rd Street |
| San Francisco, CA 94105 | Campbell, CA 95008 |
| Telephone:  (415) 402-0084 | Telephone:  (650) 948-7200 |
| Facsimile: (415) 520-0104 | Facsimile: (650) 948-7220 |
| *Attorneys for Plaintiff-Appellant Dionne Choyce* | *Attorneys for Defendant-Appellee Layer42.net, Inc.* |

/s/ Leila Knox

32