**No. 14-17318**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

DIONNE CHOYCE
*Plaintiff-Appellant*

v.

SF BAY AREA INDEPENDENT MEDIA CENTER, *et al*.
*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 3:13-cv-01842-JST

---

**APPELLEE LAYER42.NET, INC.'S ANSWERING BRIEF**

---

ADVOCATES FOR APPELLEE

CASAS RILEY SIMONIAN LLP
Daniel L. Casas (SBN 116528)
Anthony F. Basile (SBN 247409)
55 North 3rd Street
Campbell, CA  95008
Tel: (650) 948-7200
Fax: (650) 948-7220
Email: dcasas@legalteam.com

## CORPORATE DISCLOSURE STATEMENT:

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Appellee Layer42.Net, Inc. make the following disclosures:

1) Parent corporations: Not Applicable

2) Publicly held companies holding 10% or more of the party's stock: None

On June 17, 2015, Layer42.net, Inc. filed an Amendment to Articles of Incorporation with the California Secretary of State which, *inter alia*, changed the name of the corporation to SRDF, Inc. For ease of reference, the name "Layer42" is used for purposes of this appeal.

Dated: September 30, 2015        Submitted,

CASAS RILEY SIMONIAN LLP

/s/ Daniel L. Casas
Daniel L. Casas, Esq.
Anthony F. Basile, Esq.
Attorneys for Appellee
Layer42.Net, Inc.

## TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................1

II.  STATEMENT OF JURISDICTION ..................................................2

III. STATEMENT OF ISSUES .................................................................2

IV.  CONCISE STATEMENT OF THE CASE .......................................2

   A. STATEMENT OF FACTS..............................................................2

      1. District Court Judge Tigar Granted Layer42's Motion To Dismiss/Special Motion To Strike Choyce's Complaint................................................2

      2. District Court Judge Tigar Granted Layer42's Motion To Dismiss Choyce's First Amended Complaint..................................................4

      3. Judge Tigar Found Layer42 And IndyBay Were Prevailing Parties And Awarded Adjusted Attorney Fees....................................................6

V.   SUMMARY OF ARGUMENT .........................................................7

VI.  LAW AND ARGUMENT ..................................................................7

   A. STANDARD OF REVIEW.............................................................7

   B. LEGAL STANDARD ....................................................................9

   C. DISTRICT COURT JUDGE TIGAR PROPERLY EXERCISED HIS DISCRETION TO CONCLUDE DEFENDANT LAYER42 WAS A

PREVAILING PARTY ENTITLED TO AN AWARD OF FEES UNDER 17 U.S.C. § 505 ........................................................................................10

  1. Judge Tigar Reasonably Concluded That Layer42 Achieved A "Complete Victory" Over Choyce's Copyright Infringement Claim ...............................10

  2. Judge Tigar Reasonably Concluded That Choyce's Copyright Infringement Claim Was "Objectively Baseless"...................................................................11

  3. Judge Tigar Did Not Abuse Discretion In Finding That Choyce Was Not Motivated By Bad Faith....................................................................................13

  4. Judge Tigar Reasonably Concluded That The Purposes Of The Copyright Act Were Served By An Award Of Attorney's Fees.......................................14

D. DISTRICT COURT JUDGE TIGAR PROPERLY EXERCISED HIS DISCRETION IN DETERMINING THE AMOUNT OF FEES AWARDED TO LAYER42 ................................................................................................15

  1. Judge Tigar Reasonably Concluded That The Hourly Rates Charged By Layer42's Attorneys Were Reasonable ...........................................................15

  2. Judge Tigar Exercised Appropriate Discretion In Reducing Layer42's Lodestar Amount When Awarding Fees .........................................................16

E. THE COURT SHOULD FIND THAT LAYER42 IS ENTITLED TO AN AWARD OF FEES AND COSTS ON APPEAL.................................................16

VII. CONCLUSION....................................................................................17

VIII.  STATEMENT OF RELATED CASES .........................................................18

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Blum v. Stenson*, 465 U.S. 886 (1984) ....................................................................15

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ...................................................16

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ................................................. 10, 14

*Hensley v. Eckerhart* 461 U.S. 424 (1983) ..............................................................7

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) ...........................................16

## COURT OF APPEALS CASES

*Corder v. Gates* 947 F.2d 374 (9th Cir. 1991)..........................................................8

*Disenos Artisticos E. Industriales, S.A. v. Costco Wholesale Corp.* 97 F.3d 377 (9th
Cir. 1996) ...........................................................................................17

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211 (9th Cir.
1997) ............................................................................................8, 13

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th cir. 1996)................................................7

*Hall v. Bolger* 768 F.2d 1148 (9th Cir. 1985)...........................................................7

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038 (9th Cir. 2014) ..............9, 17

*Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298 (9th Cir. 1965) ...............12

*Mattel, Inc. v. MGA Entm't, Inc.,* 705 F.3d 1108 (9th Cir. 2013) ..........................14

*Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692 (9th Cir. 2015) ...................9

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)....................11

*Schwarz v. Secretary of Health & Human Services* 73 F. 3d 895 (9th Cir. 1995) ...7, 8, 15

*Seltzer v. Green Day, Inc.*, 725 F.3d 1170 (9th. Cir. 2013) .................... 8, 10, 11, 13

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) .........................................................8

*SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273 (9th Cir. 2013) ......................................................................................................9

*The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829 (9th Cir. 2003) .............9

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869 (9th Cir. 2005) ...............................................................................................................12

*U.S. v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) .......................................................8

## DISTRICT COURT CASES

*Christopher & Banks Corp.*, 805 F. Supp. 2d 693 (S.D. Iowa 2011) ......................10

## UNITED STATES CODE

17 U.S.C. § 101 .......................................................................................................12

17 U.S.C. § 505 .......................................................................................... 1, 6, 9, 17

17 U.S.C. § 512 .........................................................................................................3

17 U.S.C. § 501 .........................................................................................................2

17 U.S.C. § 410 .......................................................................................................11

47 U.S.C. § 230 .........................................................................................................3

## FEDERAL RULES

Fed. R. App. P. Rule 28 ........................................................................2

Fed. R. App. P. Rule 4(a)(1)(A).............................................................6

Fed. R. Civ. P. Rule Rule 12(b)(6) ........................................................3

## LOCAL RULES OF COURT

Circuit Rule 28-2.2..............................................................................2

Circuit Rule 28-2.6.............................................................................18

## CALIFORNIA STATUTES

California's Code of Civil Procedure Section 425.16 ..............................3

## I.   <u>INTRODUCTION</u>

After giving plaintiff-appellant DIONNE CHOYCE (Choyce) numerous opportunities to rehabilitate a facially defective copyright infringement claim against defendant-appellee LAYER42.NET, INC. (Layer42), District Court Judge Jon S. Tigar dismissed with prejudice Choyce's federal claim and entered judgment in favor of Layer42 and co-defendant SF BAY INDEPENDENT MEDIA CENTER (IndyBay).  Choyce did not appeal that judgment, but instead appeals from Judge Tigar's subsequent order finding Layer42 a prevailing party and awarding attorney fees under 17 U.S.C. § 505.

In a ten page Order, Judge Tigar summarized the history of the case and methodically applied the appropriate factors in evaluating the defendants' fee applications.  Judge Tigar appropriately exercised his discretion to conclude the defendants prevailing parties, and even exercised that discretion in Choyce's favor by reducing the lodestar amounts claimed by defendants.

Though Choyce understandably disagrees with Judge Tigar's award of fees, he identifies no abuse of discretion that would compel this Court to overturn the district court ruling.  Layer42 asks the Court to uphold Judge Tigar's award of attorney fees and requests a further award of fees and costs incurred on appeal under 17 U.S.C. § 505.

## II.   STATEMENT OF JURISDICTION

Layer42 does not dispute the jurisdictional statement in Choyce's opening

brief.  See F.R.A.P. Rule 28(b)(1) and Circuit Rule 28-2.2.

## III.   STATEMENT OF ISSUES

Layer42 does not dispute Choyce's statement of issues.  See F.R.A.P. Rule

28(b)(2).

## IV.   CONCISE STATEMENT OF THE CASE

### A.   STATEMENT OF FACTS

#### 1.   District Court Judge Tigar Granted Layer42's Motion To Dismiss/Special Motion To Strike Choyce's Complaint

Choyce initiated the underlying Action on April 23, 2013 with the filing of

his Complaint in the United States District Court for the Northern District of

California.  (Appellant's Excerpt of Record (EOR) 348).  Choyce alleged that

unidentified third parties published false and defamatory information about him on

a Web site operated by IndyBay, including a photograph of Choyce allegedly

obtained from the Web site Choyce published for his law firm.  (EOR 350-353, ¶¶

12-21).  Choyce asserted causes of action against Layer42 and IndyBay for

copyright infringement under 17 U.S.C. §§ 501 et seq., and California state

common law claims for defamation and libel.  (EOR 353-362, ¶¶ 20-72).

2

Layer42's alleged liability was premised upon its hosting the IndyBay Web site containing the allegedly infringing and defamatory content. (EOR 349, ¶ 8).

Layer42 responded to Choyce's original Complaint with a Motion to Dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) and a Special Motion to Strike a Strategic Lawsuit Against Public Participation (anti-SLAPP motion) under California's Code of Civil Procedure Section 425.16. (EOR 319). Layer42 argued Choyce failed to state a claim for copyright infringement because he failed to allege registration of the copyrighted work at issue, and that Layer42 was entitled to safe harbor protection under the Digital Millennium Copyright Act, 17 U.S.C. § 512. (EOR 330-333). As to Choyce's state law claims, Layer42 argued that the allegedly defamatory publications involved matters of public concern, and that the federal Communications Decency Act (47 U.S.C. § 230) provided a complete defense to Choyce's defamation claims. (EOR 334-339).

Choyce opposed Layer42's Motion to Dismiss/Special Motion to Strike. (EOR 305). In opposing the Motion, Choyce filed a declaration in which he admitted that he hired a professional photographer to take the photograph of Choyce used on his law firm's Web site, which was allegedly misappropriated and republished by the Doe defendants. (EOR 301-302, ¶ 2).

While Layer42's Motion was pending, and before oral argument was had on the Motion, Choyce obtained a copyright registration certificate from the U.S.

Copyright Office for a photograph, naming Choyce the author of the photograph for registration purposes. (EOR 294). The purported registration discloses no work-for-hire arrangement with respect to registration or ownership of the photograph. *Id.*

The Honorable Jon S. Tigar on December 2, 2013 granted in part and denied in part Layer42's Motion and Special Motion to Strike. (EOR 268). Judge Tigar granted Layer42's Rule 12(b)(6) Motion with leave for Choyce to file an amended complaint. (EOR 272-273). Judge Tigar expressly ordered that any amended claim for copyright infringement be limited based on the facts alleged in Choyce's original Complaint and his subsequent opposition to Layer42's Motion. *Id.* Judge Tigar went on to grant Layer42's Special Motion to Strike, and declared Layer42 the prevailing party entitled to an award of attorney fees under California's anti-SLAPP statute. (EOR 274-284). Judge Tigar applied Ninth Circuit precedent to grant Choyce leave to amend his state law claims. (EOR 284).

## 2. District Court Judge Tigar Granted Layer42's Motion To Dismiss Choyce's First Amended Complaint

Choyce filed his First Amended Complaint on December 23, 2013, again asserting a federal claim for copyright infringement and California state law claims for defamation. (EOR 239). Despite Judge Tigar's clear order that Choyce limit an amended claim for copyright infringement to the relief available on the facts

alleged, Choyce's copyright infringement cause of action was a virtual word-for-word copy of his original cause of action. (EOR 244-245, ¶¶ 20-25; cf. EOR 353-354, ¶¶ 20-25). Layer42 again responded by Motion to Dismiss and Special Motion to Strike, as did IndyBay. (EOR 229 (Layer42), 218 (IndyBay)). In opposing defendants' Motions, Choyce offered a proposed Second Amended Complaint, ostensibly to cure the deficiencies earlier identified by Judge Tigar. (EOR 194).

On June 2, 2014, Judge Tigar granted in part defendants' Motions to Dismiss the First Amended Complaint. (EOR 190). The Court's ten-page order detailed how dismissing Choyce's copyright infringement claim without leave to amend was an appropriate sanction for Choyce's disregard of the Court's prior order. (EOR 195). The Court went on to conclude that notwithstanding the appropriateness of such a sanction, leave to amend would be futile, because Choyce had alleged facts in the preceding year of litigation that made clear he was neither the author of the work at issue nor lawful owner of the rights to that photograph image. (EOR 194-197). Having found that the Court was without supplemental jurisdiction over Choyce's state law defamation claims following dismissal with prejudice of the copyright infringement claim, Judge Tigar vacated his earlier determination as to Layer42's Special Motion to Strike (anti-SLAPP) Choyce's original Complaint, and dismissed Choyce's state law claims without

prejudice. (EOR 197-199). The Court entered Judgment consistent with this Order on June 18, 2014. (EOR 187). The time to appeal from that Judgment has now passed. See Fed. R. App. P. Rule 4(a)(1)(A).

### 3. Judge Tigar Found Layer42 And IndyBay Were Prevailing Parties And Awarded Adjusted Attorney Fees

Both Layer42 and IndyBay timely moved the Court for an award of attorney fees under 17 U.S.C. § 505. (EOR 93 (Layer42), 149 (IndyBay)). Choyce separately opposed each motion, making many of the same arguments raised on appeal. (EOR 12 (Opposition to IndyBay's motion), 32 (Opposition to Layer42's motion).

Judge Tigar granted in part Layer42's and IndyBay's fee applications. (EOR 002). The ten page Order methodically summarized the history of the case, including Choyce's many missed opportunities to state a claim for copyright infringement. (EOR 003-004). The Order correctly stated the five-part test applied in the Ninth Circuit to evaluate fee requests, and went on to apply the facts of the case to each of those five factors. (EOR 005-009). Although Judge Tigar concluded that fee awards were justified under the circumstances, he exercised his discretion to reduce the award to 75% of the amounts requested by both Layer42 and IndyBay. (EOR 010-011). Judge Tigar ultimately awarded $42,958 in fees to Layer42, and $44,877 to IndyBay. (EOR 011).

Choyce appealed the District Court's Order awarding fees on November 21, 2014. (EOR 001).

## V.     SUMMARY OF ARGUMENT

A District Court's award of attorney fees is reviewed for abuse of discretion, and will not be disturbed unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact. Although Choyce here repeats many arguments made opposing the underlying motions for fees, he does not identify how Judge Tigar had an inaccurate view of the law or based the fee award on clearly erroneous findings of fact. The award to Layer42 should be upheld, and this Court should make a further award of attorney fees incurred on appeal.

## VI.     LAW AND ARGUMENT

### A.     STANDARD OF REVIEW

The Ninth Circuit reviews a district court's award of attorney's fees and costs for an abuse of discretion. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th cir. 1996); *Schwarz v. Secretary of Health & Human Services,* 73 F. 3d 895, 900 (9th Cir. 1995), citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Any elements of the legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo. *Schwarz*, 73 F. 3d at 900, citing *Hall v. Bolger* 768 F.2d 1148, 1150 (9th Cir. 1985). <u>A fee award is not an abuse of discretion unless it "is based on an inaccurate view of the law or a clearly</u>

erroneous finding of fact." *Schwarz*, 73 F. 3d at 900, citing *Corder v. Gates,* 947 F.2d 374, 377 (9th Cir. 1991) (emphasis added). "Reversal for abuse of discretion is not appropriate unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (internal citation omitted). "Under the abuse of discretion standard, the district court's findings of fact or its application of the legal standard to those findings of fact must be 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180 (9th. Cir. 2013), citing *U.S. v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

"[A]n award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts. Moreover, [s]uch discretion is not cabined by a requirement of culpability on the part of the losing party." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228-29 (9th Cir. 1997) (internal quotation marks and citations omitted). District courts are given "wide latitude" to exercise "equitable discretion" in awarding attorney's fees to prevailing parties in cases arising under the Copyright Act. *Id*. at 1129.

This Court has regularly upheld district court attorney's fees awards to prevailing defendants in copyright cases. See, e.g., *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692 (9th Cir. 2015) (three-judge panel finds district court did not abuse its discretion in awarding attorney's fees to prevailing defendant); *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038 (9th Cir. 2014) (district court's attorney's fees award of $111,993 to prevailing defendant did not constitute an abuse of discretion); *SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273 (9th Cir. 2013) (district court's attorney's fees award of $155,000 to prevailing defendant was "justified" and upheld).

## B.    LEGAL STANDARD

In any civil action arising under the Copyright Act, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. 17 U.S.C. § 505. The court may also award a reasonable attorney's fee to the prevailing party as part of the costs. *Id*. A district court evaluating a fee request under Section 505 must first determine whether an award is appropriate, and if so, calculate the amount of fees to be rewarded. *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 832-833 (9th Cir. 2003).

A district court considering a fee request can consider five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective reasonableness of the losing party's factual and legal arguments; and

(5) the need to advance considerations of compensation and deterrence. *Seltzer*, 725 F.3d at 1180-1181 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n. 19 (1994)).

"Prevailing plaintiffs and prevailing defendants are to be treated alike [under Section 505], but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.,* 510 U.S. at 534.

**C.    DISTRICT COURT JUDGE TIGAR PROPERLY EXERCISED HIS DISCRETION TO CONCLUDE DEFENDANT LAYER42 WAS A PREVAILING PARTY ENTITLED TO AN AWARD OF FEES UNDER 17 U.S.C. § 505**

**1.    Judge Tigar Reasonably Concluded That Layer42 Achieved A "Complete Victory" Over Choyce's Copyright Infringement Claim**

Choyce attempts to resurrect his failed argument that Layer42 and IndyBay achieved only modest success in the district court by "point[ing] out … a pleading error." Appellant's Opening Brief at 14, citing *Christopher & Banks Corp.*, 805 F. Supp. 2d 693, 698 (S.D. Iowa 2011); cf. (EOR 023 at line 22 through EOR 024 line 03 (Choyce's brief opposing IndyBay's motion for fees), (EOR 044, lines 03-12 (Choyce's brief opposing Layer42's motion for fees).  In doing so, Choyce completely ignores Judge Tigar's reasons for rejecting that argument: Layer42 achieved a "complete victory" because the copyright infringement claim was dismissed with prejudice.  (EOR 007, lines 08-23, EOR 007 line 26 – EOR 008

line 006). Choyce did not appeal the order and judgment dismissing his defective copyright claim, and he fails to demonstrate how Judge Tigar's finding Layer42 to be the prevailing party for the purpose of a fee motion is "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *Seltzer*, 725 F.3d at 1180 (internal citations and quotations omitted).

### 2. Judge Tigar Reasonably Concluded That Choyce's Copyright Infringement Claim Was "Objectively Baseless"

Choyce's reliance on *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) is misplaced. Choyce did not merely fail to timely register the copyrighted work at issue. Over the course of the underlying litigation, Choyce admitted that he was not the author of the photograph, filed a late registration falsely attributing authorship to himself, was not the owner of the photograph pursuant to a written work for hire agreement, and therefore never had the right to bring a copyright infringement lawsuit. (EOR 294 (U.S. Copyright Office registration certificate falsely designating Choyce "author" of the registered photograph), EOR 302 (Choyce's sworn declaration that he used the photograph since approximately 2005, stripping the 2013 registration of the presumption of validity conferred on works registered within five years of first publication, 17 USC § 410(c)); EOR 301-302 (Choyce's declaration that he hired a photographer

to take the photograph at issue, with no mention of any written agreement that copyright in the image be transferred to Choyce)).

Choyce's reliance on *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869 (9th Cir. 2005) and *Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298 (9th Cir. 1965) is similarly misplaced, because those cases involve works of authorship created prior to 1976 (a manuscript prepared by then-General Dwight Eisenhower[1] in *Twentieth Century Fox Film Corp.*, and illustrated hardware store catalogs in *Lin-Brook Builders Hardware*), and were therefore governed by case law interpreting the work-for-hire doctrine under the 1909 Copyright Act. The 1976 Copyright Act clearly defines a work made for hire as a work prepared by an employee within the course of his or her employment, or a specially commissioned work if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." See 17 U.S.C. § 101. This statutory definition was briefed by Layer42 in support of its motion to dismiss Choyce's First Amended Complaint, and discussed by Judge Tigar in both the order dismissing Choyce's copyright infringement claim with prejudice as well as the order awarding fees. (EOR 003 at lines 14-26, 008 at lines 13-17 (order

---

[1] President Eisenhower passed away on March 28, 1969, several years before enactment of the 1976 Copyright Act which governs the 21st century photograph at issue on appeal.
https://www.whitehouse.gov/1600/presidents/dwightdeisenhower (accessed September 17, 2015).

awarding fees); EOR 196 line 24 – 197 line 18 (order granting in part motion to dismiss)). Choyce makes no mention of the applicable statutory definition of "work made for hire" in his opening appellate brief, much less an attempt to argue that Judge Tigar's application of that black-letter law to the facts of Choyce's case was "illogical, implausible, or without support in inferences that may be drawn from facts in the record." See *Seltzer,* 725 F.3d at 1180 (internal quotations and citations omitted).

Choyce's resort to these inapplicable cases affirms Judge Tigar's finding that Choyce's copyright claim "was to put it bluntly, objectively baseless," and only underscores Choyce's fundamental misunderstanding of basic copyright law.

### 3. Judge Tigar Did Not Abuse Discretion In Finding That Choyce Was Not Motivated By Bad Faith

Judge Tigar concluded from his review of the record that Choyce was not motivated to harass Layer42, or pursued his lawsuit for anticompetitive reasons. (EOR 008). Judge Tigar noted that this factor weighed "lightly" against an award of fees. (EOR 009). Of course, Judge Tigar was not required to find culpability on Choyce's part in order to award fees to Layer42. *Entm't Research Grp., Inc.*, 122 F.3d at 1229.

These determinations were within Judge Tigar's sound discretion, and Layer42 does not challenge them for purposes of this appeal.

### 4. Judge Tigar Reasonably Concluded That The Purposes Of The Copyright Act Were Served By An Award Of Attorney's Fees

Choyce's opening brief offers an incomplete summary of the purposes of the Copyright Act. "[S]uccessful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty*, 510 U.S. at 527. "When defendants advance a variety of meritorious copyright defenses," they further "[t]he Act's ultimate aim … to stimulate artistic creativity for the general public good." *Mattel, Inc. v. MGA Entm't, Inc.,* 705 F.3d 1108, 1111 (9th Cir. 2013) (internal citation omitted). . (See EOR 009).

Rather than address his "objectively meritless" copyright infringement claim, Choyce pivots to an argument about his alleged state law defamation claims. Choyce's argument proves why attorney fees under Section 505 were warranted: rather than litigate his alleged defamation claims in state court, he instead chose to append those claims to an "objectively meritless" copyright infringement claim in order to haul the defendants into federal court. This is an abuse of the Copyright Act, and Judge Tigar's fee award makes clear that would-be plaintiffs who would assert a baseless copyright claim do so at their peril.

14

### D. DISTRICT COURT JUDGE TIGAR PROPERLY EXERCISED HIS DISCRETION IN DETERMINING THE AMOUNT OF FEES AWARDED TO LAYER42

#### 1. Judge Tigar Reasonably Concluded That The Hourly Rates Charged By Layer42's Attorneys Were Reasonable

Layer42's fee motion was supported by the sworn declaration of attorney Daniel L. Casas, which sets forth the hourly rates charged by the attorneys who worked on the case, the education background and professional experience of those attorneys, as well as a statement affirming that the rates (ranging from $225 to $415 per hour) were within the range charged by attorneys in Santa Clara County by attorneys with comparable experience. (EOR 101-103). These disclosures are consistent with those cited by the U.S. Supreme Court for evaluating the reasonableness of a requested hourly rate. See *Blum v. Stenson*, 465 U.S. 886, 895, fn. 11 (1984).

It is worth noting that these disclosures are similar to those made by IndyBay's attorneys in support of that co-defendant's motion for fees. (EOR 171-174). For reasons unexplained, Choyce has not challenged either the hourly rates charged by IndyBay's attorneys or the evidence offered in support of those rates.

There is no indication in the record that Judge Tigar's conclusion as to the reasonableness of the hourly rates charged by Layer42's attorneys was "a clearly erroneous finding of fact." See *Schwarz*, 73 F.3d at 900.

## 2. Judge Tigar Exercised Appropriate Discretion In Reducing Layer42's Lodestar Amount When Awarding Fees

Choyce fails to demonstrate how Judge Tigar might have abused his broad discretion to set the amount of fees awarded to Layer42. Instead, Choyce attempts to relitigate his opposition to Layer42's fee motion and fails to acknowledge that Judge Tigar lawfully exercised discretion in Choyce's favor by reducing the amount of fees awarded to Layer42 from its requested lodestar amount.

While there is a "strong presumption" that the lodestar amount represents the "reasonable" fee (*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)), the ultimate amount of the fee awarded is "committed to the sound discretion of the trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

Judge Tigar acknowledged Layer42's lodestar amount in his order awarding fees, but also pointed out that his fee award was limited to fees incurred in defense of the copyright claim.

## E. THE COURT SHOULD FIND THAT LAYER42 IS ENTITLED TO AN AWARD OF FEES AND COSTS ON APPEAL

Judge Tigar's fee award to Layer42 should not be diluted by Choyce's meritless appeal. After years of litigation and related expense for Layer42, Choyce refuses to acknowledge the obvious: by filing a copyright infringement claim against Layer42 premised upon a work he did not author, had not registered, and

16

did not own pursuant to written agreement with the photographer, he demanded relief to which he was never entitled.  (EOR 008: "Plaintiff's copyright claim was, to put it bluntly, objectively baseless.").  Choyce did not appeal Judge Tigar's order dismissing his copyright infringement claim or the resulting Judgment, impliedly conceding this was the correct result.  In spite of this, and despite Judge Tigar's 25% reduction of the co-defendants' requested fees, Choyce persists in this appeal, wasting additional time and money.

A Court of Appeals has the same discretion as a district court to award fees under 17 U.S.C. § 505.  *Inhale, Inc.,* 755 F.3d at 1043, citing *Disenos Artisticos E. Industriales, S.A. v. Costco Wholesale Corp.* 97 F.3d 377, 382 (9th Cir. 1996).

Choyce did not appeal Judge Tigar's judgment dismissing his copyright infringement claim, and does not satisfy his burden to show that Judge Tigar abused discretion in awarding fees.  Instead, Choyce needlessly multiplies the parties' costs of litigation with this appeal.  An award of fees on appeal will send an unmistakable message to would-be plaintiffs: meritless copyright claims and appeals are costly abuses of the Copyright Act, and defendants asserting meritorious defenses will be awarded fees as provided by the Act.

## VII.  <u>CONCLUSION</u>

This Court must not disturb the District Court's award of attorney fees absent a finding that the trial court committed an illogical or implausible abuse of

17

discretion.  The record does not support such a finding.  Instead, the record makes clear that Choyce has wasted the parties' time and resources with an objectively meritless copyright claim.  Judge Tigar was well within his discretion in awarding attorney fees to Layer42 and IndyBay under the circumstances.

The award to Layer42 should be upheld, and this Court should make a further award of attorney fees incurred on appeal.

## VIII.  <u>STATEMENT OF RELATED CASES</u>

Layer42 does not dispute Choyce's statement of no related cases.  See Circuit Rule 28-2.6.


Dated: September 30,  2015     Submitted,

             CASAS RILEY SIMONIAN LLP


             <u>/s/ Daniel L. Casas</u>
             Daniel L. Casas, Esq.
             Anthony F. Basile, Esq.
             Attorneys for Appellee
             Layer42.Net, Inc.

**Form 6.     Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains <u>3,863</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* <u>Microsoft Word 2007</u> *(state font size and name of type style)* <u>Time New Roman, 14pt.</u>, *or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____.

Signature | /s/ Daniel L. Casas, Esq.

Attorney for | Appellee Layer42.Net, Inc.

Date | September 30, 2015

9th Circuit Case Number(s)  14-17318

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  September 30, 2015 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   /s/ Daniel L. Casas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)