No. 14-17318

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

DIONNE CHOYCE
*Plaintiff-Appellant*

v

SF BAY AREA INDEPENDENT MEDIA CENTER, LAYER42.NET, INC., and
CERNIO TECHNOLOGY COOPERATIVE
*Defendants-Appellees*

ON APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL CASE NO. 3:13-cv-01842-JST

APPELLANT'S REPLY BRIEF

ADVOCATES FOR APPELLANT

SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
221 Main Street, Suite 740
San Francisco, California 94105
Telephone 415-402-0084
Facsimile 415-520-0104

## **TABLE OF CONTENTS**

Table of Contents.................................................................................i

Table of Authorities.........................................................................iii

I.      INTRODUCTION....................................................................1

II.     LAW & ARGUMENT................................................................2

        A.      It Was Objectively Reasonable for Choyce to Request Only
                Injunctive Relief for a Copyright After Filing His Initial
                Complaint...................................................................3

                1.      Choyce Did Not Act in Bad Faith................................3

                2.      Choyce's Legal and Factual Positions Were Not
                        Objectively Unreasonable...................................3

        B.      The Ninth Circuit Still Applies the Motivation Factor.......................11

        C.      Considerations of Deterrence and Compensation...............................12

        D.      Other Relevant Factors...........................................................18

        E.      The District Court's Lodestar Analysis Contravenes Established
                Authority................................................................18

                1.      The District Court Erroneously Concluded that Appellees
                        Had Established the Reasonableness of Its Rates and Hours
                        With Insufficient or Unclear "Evidence."..................18

                2.      The District Court Erred by Concluding that Layer 42 Had
                        Established the Reasonableness of Its Rates Without
                        Providing any "Evidence."...............................19

3.    The District Court Erred by Concluding that Appellees Had Established the Reasonableness of Their Hours With Unclear Evidence......................................................................22

F.    Fees on Fees Are Not Appropriate.......................................................26

G.    Appellant Requests His Costs on Appeal............................................27

III.    CONCLUSION..............................................................................................27

# <u>TABLE OF AUTHORITIES</u>

## UNITED STATES SUPREME COURT CASES

*Blum v. Stenson*,
    465 U.S. 886 (1984)..................................................................19

*Cmty. for Creative Non-Violence v. Reid*,
    490 U.S. 730 (1989).................................................................6

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994)..................................2, 9, 12-13, 16, 17

*Fox v. Vice*,
    131 S. Ct. 2205 (2011)..........................................................2

*Hensley* v. *Eckerhart*,
    461 U.S. 424 (1983)................................2, 17, 19, 22, 24, 25

*Pa. v. Del. Valley Citizens' Council for Clean Air*,
    483 U.S. 711 (1987)...............................................................18

*Spence v. Wash.*,
    418 U.S. 405 (1974)...............................................................14

## COURT OF APPEALS CASES

*Airframe Sys. v. L-3 Communs. Corp.*,
    658 F.3d 100 (1st Cir. 2011).................................................17

*Berkla v. Corel Corp.*,
    302 F.3d 909 (9th Cir. 2002)...........................................11-12

*Bridgeport Music, Inc. v. Dimension Films*,
    410 F.3d 792 (6th Cir. 2005).................................................14

*Budget Cinema, Inc. v. Watertower Assocs.*,
    81 F.3d 729 (7th Cir. 1996)....................................................9

iii

*Camacho v. Bridgeport Fin., Inc.*,
 523 F.3d 973 (9th Cir. 2008)..........................................................26

*Chaudhry v. City of L.A.*,
 751 F.3d 1096 (9th Cir. 2014).........................................................25

*Cunningham v. Cty. of L.A.*,
 879 F.2d 481 (9th Cir. 1988)..........................................................24

*Diamond Star Bldg. Corp. v. Freed*,
 30 F.3d 503 (4th Cir. 1994)........................................2-3, 4, 13

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
 122 F.3d 1211 (9th Cir. 1997)...................................................16, 22

*Fantasy, Inc. v. Fogerty*,
 94 F.3d 553 (9th Cir. 1996)...............................................3, 6, 11, 13

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
 886 F.2d 1545 (9th Cir. 1989).........................................................25

*Gates v. Deukmejian*,
 987 F.2d 1392 (9th Cir. 1992)...................................................23-24, 25

*Gilbert v. New Line Prods.*,
 490 F. App'x 34 (9th Cir. 2012)......................................................11

*Graham-Sult v. Clainos*,
 738 F.3d 1131 (9th Cir. 2013).........................................................27

*Hall v. Bolger*,
 768 F.2d 1148 (9th Cir. 1985).........................................................6

*Harris Custom Builders, Inc. v. Hoffmeyer*,
 140 F.3d 728 (7th Cir. 1998)..........................................................17

*In re Nucorp Energy*,
 764 F.2d 655 (9th Cir. 1985)..........................................................26

iv

*Ingram v. Oroudjian*,
    647 F.3d 925 (9th Cir. 2011)........................................................22

*Jackson v. Axton*,
    25 F.3d 884 (9th Cir. 1994)........................................................17

*Jordan v. Multnomah County*,
    815 F.2d 1258 (9th Cir. 1987).............................................19, 20

*JustMed, Inc. v. Byce*,
    600 F.3d 1118 (9th Cir. 2010)......................................................7

*Lawrence v. Sony Pictures Entm't, Inc.*,
    534 F. App'x 651 (9th Cir. 2013)...............................................22

*Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*,
    1997 U.S. App. LEXIS 13194 (9th Cir. Or. June 4, 1997)..........17

*M. Kramer Mfg. Co. v. Andrews*,
    783 F.2d 421 (4th Cir. 1986)................................................14-15

*Maljack Prods. v. Goodtimes Home Video Corp.*,
    81 F.3d 881 (9th Cir. 1996)........................................................11

*Marco v. Accent Publ'g Co.*,
    969 F.2d 1547 (3d Cir. 1992)....................................................6-7

*Mattel, Inc. v. MGA Entm't, Inc.*,
    705 F.3d 1108 (9th Cir. 2013)............................12, 13-14, 15

*Omega S.A. v. Costco Wholesale Corp.*,
    776 F.3d 692 (9th Cir. 2015)......................................................12

*Resorts Int'l v. Lowenschuss (in Re Lowenschuss)*,
    67 F.3d 1394 (9th Cir. 1995).............................5, 16, 19, 26

*Rodriguez v. Disner*,
    688 F.3d 645 (9th Cir. 2012)......................................................24

*Ryan v. Editions Ltd. W.*,
786 F.3d 754 (9th Cir. 2015)..........................................................24, 25, 27

*Schwarz v. Sec'y of Health & Human Servs.*,
73 F.3d 895 (9th Cir. 1995)...................................................................25

*Seltzer v. Green Day, Inc.*,
725 F.3d 1170 (9th Cir. 2013)................................................................17

*SER Solutions, Inc. v. Masco Corp.*,
103 Fed. Appx. 483 (4th Cir. 2004)........................................................3-4

*Sofa Entm't, Inc. v. Dodger Prods.*,
709 F.3d 1273 (9th Cir. 2013)...................................................7-8, 11-12

*Sorenson v. Mink*,
239 F.3d 1140 (9th Cir. 2001).........................................................22, 24

*Traditional Cat Ass'n v. Gilbreath*,
340 F.3d 829 (9th Cir. 2003)........................................................22, 25-26

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*,
429 F.3d 869 (9th Cir. 2005)..................................................................25

*U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*,
692 F.3d 1009 (9th Cir. 2012)..............................................................6-7

*Van Gerwen v. Guarantee Mut. Life Co.*,
214 F.3d 1041 (9th Cir. 2000)................................................................24

## DISTRICT COURT CASES

*AF Holdings LLC v. Navasca*,
2013 U.S. Dist. LEXIS 102249 (N.D. Cal. July 22, 2013)...........................8

*Asis Internet Servs. v. Optin Global, Inc.*,
2010 U.S. Dist. LEXIS 57825 (N.D. Cal. May 19, 2010)......................15-16

*Bernal v. Paradigm Talent & Literary Agency*,
    2010 U.S. Dist. LEXIS 142572 (C.D. Cal. June 1, 2010)............................21

*Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*,
    2014 U.S. Dist. LEXIS 151263 (S.D. Cal. Oct. 24, 2014).....................19, 21

*Christopher & Banks Corp. v. Dillard's, Inc.*,
    805 F. Supp. 2d 693 (S.D. Iowa 2011).........................................................10

*Earth Flag Ltd. v. Alamo Flag Co.*,
    154 F. Supp. 2d 663 (S.D.N.Y. 2001)............................................................4

*Fantasy Inc. v. Fogerty*,
    1995 U.S. Dist. LEXIS 6197 (N.D. Cal. May 2, 1995)................................26

*Identity Arts v. Best Buy Enter.*,
    2008 U.S. Dist. LEXIS 119865 (N.D. Cal. Mar. 26, 2008).........................21

*Kilopass Tech., Inc. v. Sidense Corp.*,
    82 F. Supp. 3d 1154 (N.D. Cal. 2015).........................................................21

*Lexar Homes, Inc. v. Port*,
    2013 U.S. Dist. LEXIS 173506 (E.D. Wash. Dec. 11, 2013)..................14-15

*Livingston v. Art.com, Inc.*,
    2015 U.S. Dist. LEXIS 92211 (N.D. Cal. Apr. 17, 2015)............................21

*Penpower Tech., Ltd. v. S.P.C. Tech.*,
    627 F. Supp. 2d 1083 (N.D. Cal. 2008).......................................................20

*Pythagoras Intellectual Holdings, LLC v. Stegall*,
    2009 U.S. Dist. LEXIS 97115 (C.D. Cal. Oct. 5, 2009)..............................15

*Salinas v. Wachovia Mortg.*,
    2011 U.S. Dist. LEXIS 130658 (E.D. Cal. Nov. 9, 2011)............................10

*Sierra Club v. Johnson*,
    2010 U.S. Dist. LEXIS 8050 (N.D. Cal. Jan. 12, 2010)...............................26

vii

*Tessler v. NBC Universal, Inc.,*
    2010 U.S. Dist. LEXIS 103220 (E.D.Va. Sept. 29, 2010)............................4

*Wolf v. Travolta*,
    2014 U.S. Dist. LEXIS 76394 (C.D. Cal. June 2, 2014)................................7

## UNITED STATES CONSTITUTION

U.S. Const. Art. I, § 8, cl. 8.............................................................................14, 15

## UNITED STATES CODE

17 U.S.C. § 101.............................................................................................5, 6

17 U.S.C. § 301(a)..........................................................................................14

17 U.S.C. § 501(b)..........................................................................................10

17 U.S.C. § 505.............................................................................................1, 2

## FEDERAL RULES

Fed. R. Civ. P. 8(a)(2)......................................................................................7

Fed. R. Civ. P. 12(b)(6)..............................................................1, 5, 11, 17, 23

Fed. R. Civ. P. 30(b)(6)....................................................................................8

## I.     INTRODUCTION

This appeal comes before this Court on Appellees SF Bay Area Independent Media Center's ("IndyBay") and Layer42.net, Inc.'s ("Layer 42") (collectively, "Appellees") Motions for Attorney Fees and Costs pursuant to 17 U.S.C. § 505.

Attorney Dionne Choyce ("Appellant" or "Choyce") alleged that the Appellees infringed his copyrighted photo by posting it without his permission next to false statements regarding his law practice.  Appellees do not dispute that the statements made about Choyce embezzling money from his clients were false. Choyce attempted in vain on several occasions to resolve this dispute informally— prior to filing the instant action—but the Appellees refused to respond to his request.  With no other avenues for resolution, Choyce filed a lawsuit against Appellees in order to seek injunctive relief as an exclusive remedy for a late-registered copyright.  Neither the District Court nor Appellees cite any bright-line authority to the contrary.  Registration is not mandatory when seeking only injunctive relief as a remedy.  Choyce only sought injunctive relief.

The District Court erred by not permitting Choyce to pursue injunctive relief, instead awarding nearly $90,000 to Appellees following a Fed. R. Civ. P. 12(b)(6) dismissal effectively because Choyce had not yet presented all evidence necessary to substantiate a valid "work for hire" arrangement with his

1

photographer.  The District Court then abused its discretion by finding that Layer 42 sustained its burden to establish the reasonableness of its rates without the required evidentiary showing, and by not providing any explanation how it calculated the 25% across-the-board fee reduction.  Accordingly, Choyce respectfully requests that this Court vacate or reverse and remand the District Court's decision for further proceedings.

## II.     LAW & ARGUMENT

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" *Fox v. Vice*, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011).  However, the Copyright Act states that "[i]in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States," and that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) ("*Fogerty I*"); *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 507 (4th Cir. 1994) ("*Diamond Star*") (stating that a district court need not award costs and attorney fees as a

matter of course).

**A.    It Was Objectively Reasonable for Choyce to Request Only Injunctive Relief for a Copyright After Filing His Initial Complaint.**

**1.    Choyce Did Not Act in Bad Faith.**

The first *Fogerty* factor, the motivation of the parties, tilts in favor of Choyce.  Choyce made repeated attempts to contact both parties prior to filing suit for copyright infringement to resolve the issues informally.  (EOR 017-018).  Although registering a copyright prior to filing the lawsuit may have been a more appropriate response, Choyce had no legal obligation to do so, and there was no evidence that Choyce acted in bad faith.  Appellees do not argue that anything has changed regarding this factor, therefore this conclusion should stand: Choyce did not act in bad faith in bringing this lawsuit.  However, because a finding that Choyce did not act in bad faith is not dispositive of the attorney's fees question, *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("*Fogerty II*"), this Court, must continue on to analyze the remaining factors.

**2.    Choyce's  Legal and Factual Positions Were Not Objectively Unreasonable.**

In assessing the objective reasonableness of a plaintiff's claims, courts consider "whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law and fact, on the other hand."  *SER Solutions, Inc. v.*

3

*Masco Corp.*, 103 Fed. Appx. 483, 489 (4th Cir. 2004). A plaintiff's position is frivolous, and therefore objectively unreasonable, where the issue of substantial similarity in a copyright action is not "a close or complex question." *See Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001). Even a grant of summary judgment does not necessarily mean that the losing party's positions were objectively unreasonable. *Tessler v. NBC Universal, Inc.*, 2010 U.S. Dist. LEXIS 103220, *9 (E.D. Va. Sept. 29, 2010) ("[S]imply because a defendant is successful in obtaining summary judgment does not necessarily mean that the plaintiff's position was frivolous or patently unreasonable") (internal quotation marks omitted). However, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." *Diamond Star*, 30 F.3d at 506.

Neither Layer 42 nor IndyBay directly refute Choyce's arguments and authorities that he was legally permitted to seek injunctive relief for his unregistered copyright. (Appellant's Opening Brief ("AOB"), p. 15-16). On appeal, neither refute that Choyce only requested injunctive relief:

> **MR. SMITH**: The procedural posture of this case limited what the plaintiff could receive or obtain from the Court, and that was injunctive relief. And what we have is a complaint being filed and the

defendant taking the picture down and saying there's no more need to litigate.  The picture is down now.

(SER 009-010).[1]  Accordingly, both Layer 42 and IndyBay have conceded this point.  *See Resorts Int'l v. Lowenschuss (in Re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995) ("An issue not discussed in a brief […] is deemed to be waived.").

Layer 42 and IndyBay both claim, without any discovery, that Choyce did not own the registered photograph, and therefore his copyright claim was "objectively unreasonable."  (Layer 42's Brief, p. 11-13; IndyBay's Brief, p. 17-20).  Neither of them cite any authority that a pre-registration lawsuit seeking only injunctive relief is *per se* "objectively unreasonable," nor attempt to defend the District Court's inaccurate view of the "work for hire" doctrine in its Fed. R. Civ. P. 12(b)(6) decision.[2]

The "work for hire" doctrine relevantly applies to "a work prepared by an employee within the scope of his or her employment."  17 U.S.C. § 101.  In its Fed. R. Civ. P. 12(b)(6) decision, the District Court claimed it was "implausible"

---

1  The District Court found that Choyce complied with its previous order to allege that he had applied for a copyright and limit his remedies to injunctive relief in his proposed Second Amended Complaint.  (*See* EOR 003, lines 2-4).

2  Choyce challenges the factual findings and legal analysis of the Fed. R. Civ. P. 12(b)(6) decision (EOR 190-99) only to the extent that they contributed to the District Court's ruling that Appellant's copyright claim was "objectively baseless." (EOR 003-005, 008).

that Choyce employed a "professional photographer" on "his regular staff." (EOR 004, 197; EOR 301-302, ¶ 2). The District Court applied an inaccurate view that resulted in the reversible conclusion that Choyce's copyright claim was "objectively unreasonable."

Specifically, the District Court required Choyce's photographer to be a "regular employee" for the "work for hire" doctrine to apply. (EOR 004, 197) (*citing Marco v. Accent Publ'g Co.*, 969 F.2d 1547, 1550-53 (3d Cir. 1992)). This is an inaccurate view of law because the Third and Ninth Circuits apply the term "employee" within the meaning of common law agency principles. *Id.* at 1550; *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1015 (9th Cir. 2012) (*citing Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739-41, 109 S.Ct. 2166, 2172 (1989)). The phrase "regular employee" appears nowhere in *Marco*, *Parts Geek*, or *Reid*, and necessarily denotes a permanent, ongoing staff employee. The District Court's unduly narrow view of "employee" conflicts with the common law employee-independent contractor distinction,[3] which requires application of a multi-part agency test at an evidentiary hearing,[4] not the pleading

_____

3  Contrary to IndyBay's position (IndyBay's Brief, p. 12, fn. 3), the District Court's erroneous interpretation of 17 U.S.C. § 101 and Ninth Circuit precedent is subject to *de novo* review. *See Fogerty II*, 94 F.3d at 556; *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir. 1985).

4  For example, a deposition transcript was permitted as part of the record. *Marco*,

6

stage.[5]  *See Marco*, 969 F.2d at 1548 (preliminary injunction); *Parts Geek*, 692 F.3d at 1012 (summary judgment).

The District Court found that it was "not plausible" that Choyce employed a "regular" professional photographer, and therefore denied leave to amend.  (EOR 004, 197; EOR 301-302, ¶ 2).  This erroneous and prejudicial factual finding created a legally inaccurate appearance of futility, resulting in a conclusion of "objective unreasonableness."  At the pleading stage, Choyce had neither the opportunity nor the obligation to develop the full evidentiary record of his business relationship to his photographer to substantiate the applicability of the "work for hire" doctrine.  *See* Fed. R. Civ. P. 8(a)(2)[6]; *see also JustMed, Inc. v. Byce*, 600 F.3d 1118, 1125-28 (9th Cir. 2010) (reviewing bench trial findings whether a source code developer constituted an "employee").

The District Court and IndyBay unpersuasively cite *Sofa Entm't, Inc. v.*

---

969 F.2d at 1552.

5  The "work for hire" inquiry is not "suitable for resolution on a motion to dismiss. The FAC asserts that plaintiff is the sole author of the [disputed work], and the Court is required to accept those allegations as true. Even if defendants are ultimately correct that plaintiff prepared the [disputed work] as a work for hire, or jointly with Travolta, that determination is a factual question to be resolved at trial or on summary judgment."  *Wolf v. Travolta*, 2014 U.S. Dist. LEXIS 76394, *10 (C.D. Cal. June 2, 2014).

6  "The issue is your Honor was not faced with any evidence of the status of ownership or registration other than the pleadings."  (SER 018).

7

*Dodger Prods.*, 709 F.3d 1273, 1280 (9th Cir. 2013) ("*Sofa Entm't*"), in which this Court awarded attorney fees to a repeat litigant who lost at summary judgment because it "should have known from the outset" that the probability of success was very low. *Id. Sofa Entm't* arguably addresses frivolousness more than objective reasonableness. *See above.* Similarly, *AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 102249, *3 (N.D. Cal. July 22, 2013) considered an award of fees to against a plaintiff that requested a voluntary dismissal but "never presented any evidence" to support its claim of standing to assert copyright infringement, "although it had the opportunity to do so" through fact discovery, including a Fed. R. Civ. P. 30(b)(6) deposition. *Id.*[7]

---

7 **MR. SMITH**: That's not the posture of our case, and if Your Honor rules *hey, you didn't plead the elements of your replevin claim*, that's different from saying your replevin claim is not meritorious. I mean, we have a situation - -

**THE COURT**: What would you have pled? I'm struggling not to ask you that, but you keep bringing me back there. What would you have pled that would have made this a good copyright claim?

**MR. SMITH**: Your Honor, it comes down to the issue of the issue of [sic] work for hire. There's a split in the districts regarding what the work-for-hire is. You cited the Third District case that said it has to be your employee cannot be an independent contractor. So the issue of whether or not this work-for-hire would have been a meritorious claim would have come down to some legal arguments.

**THE COURT**: That's helpful.

[…]

Both Layer 42 and IndyBay unduly emphasize that Choyce was listed as the "author" on the copyright registration (*see* EOR 294), which his counsel openly acknowledged as a mistake that needed to be corrected. (SER 062-063).[8] Yet there were no affirmative factual findings which conclusively demonstrated that Choyce lacked standing. *Compare Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 731 (7th Cir. 1996) (finding fees were appropriate following a dismissal "on the merits" because no copyright interests had been validly assigned until after registration and the filing of the lawsuit). Accordingly, the District Court committed reversible error because Choyce's copyright claim was not objective unreasonable "*both* in the factual and in the legal components of the case." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 1033 (1994) ("*Fogerty I*") (citation omitted; emphasis added).

This matter ended at the pleading stage. (EOR 002). It is undisputed that neither Layer 42 nor IndyBay were forced to propound or respond to any discovery

---

**MR. SMITH**: And that's the basis of that claim, if we would have gotten to the merits, and your Honor would have had to look at who the photographer was, what was his working relationship with Mr. Choyce, was he an independent contractor, did they have some type of an employment status. Those are the factors we would have had to look at if we got to that point.

(SER 025-026) (emphasis in original).

8  Currently, Choyce holds an undisputed copyright in the relevant photograph.

9

whatsoever.  Instead, they prevailed on a "pleading error."  *See Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 695 (S.D. Iowa 2011).  In *Christopher & Banks Corp.*, the district court denied attorney fees even after it dismissed two plaintiffs with prejudice who lacked any copyright ownership under 17 U.S.C. § 501(b).  *Id*. at 695-96.  IndyBay unconvincingly attempts to distinguish this case even while characterizing its own dismissal with prejudice based on Choyce's ownership status as "[t]he [h]ighest [d]egree of [s]uccess [p]ossible."  (IndyBay's Brief, p. 15).[9]  The District Court committed prejudicial error by unclearly, inaccurately, and illogically distinguishing *Christopher & Banks Corp.* as merely a "pleading error corrected" (*see* EOR 007-008), even after Choyce's counsel expressly noted that the case had actually resulted in dismissal

_____

9  IndyBay also inexplicably grafts the "prevailing party" analysis from a non-copyright case when it claims, "Defendant … is the prevailing party and is entitled to attorneys' fees."  *Salinas v. Wachovia Mortg.*, 2011 U.S. Dist. LEXIS 130658, *6 (E.D. Cal. Nov. 9, 2011) (IndyBay's Brief, p. 15).  *Salinas* is moot (*see* AOB, p. 12, fn. 5), and also wholly immaterial because it does not consider "Degree of Success Obtained" as an equitable, discretionary factor.

Similarly, Layer 42 misapprehends Choyce's argument by summarily concluding that Appellant "fails to demonstrate how [the District Court]'s finding Layer42 to be the prevailing party" constituted an abuse of discretion.  (Layer 42's Brief, p. 11).  Layer 42's "prevailing party" status is not on appeal; moreover, it was analyzed separately from the "Degree of Success Obtained" prong.  (*See* EOR 007).

with prejudice. (*See* SER 012).[10]

IndyBay then claims attorney fees are appropriate where the defendant "achieved complete success on the merits and [Plaintiff's] legal claims were objectively unreasonable." *Gilbert v. New Line Prods.*, 490 F. App'x 34, 37 (9th Cir. 2012); *see also Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (affirming fee award where the defendant obtained "total success" at summary judgment). These procedurally inapposite cases were decided at summary judgment. *Gilbert*, 490 F. App'x at 36; *Maljack Prods.*, 81 F.3d at 890. Layer 42 meanwhile cites no substantive authority that supports its position or the District Court's decision. (Layer 42's Brief, p. 10-11).

Neither Layer 42 nor IndyBay have offered sufficient Ninth Circuit authority to conclude that a Fed. R. Civ. P. 12(b)(6) dismissal based on one element of Choyce's copyright claim is a *per se* "total success" (EOR 008) "on the merits rather than on a technical defense, such as the statute of limitations, laches, or the copyright registration requirements." *Fogerty II*, 94 F.3d at 556. Therefore, this Court must vacate or reverse and remand.

### B. The Ninth Circuit Still Applies the Motivation Factor.

Contrary to Appellees' assertions downplaying Choyce's lack of culpability,

---

10  Layer 42 apparently missed this point as well. (*See* Layer 42's Brief, p. 10).

frivolousness is still "'appropriately treated as one among many considerations in denying fees.'" *Sofa Entm't*, 709 F.3d at 1280 (*quoting Berkla v. Corel Corp.*, 302 F.3d 909, 924 (9th Cir. 2002)). And the District Court found in his favor: "[A]s I sit here now, I don't think that Mr. Choyce acted in bad faith." (SER 015).

While Choyce does not challenge the District Court's consideration of this prong, it is important to contrast this appeal against recent Ninth Circuit authority. This Court has recently affirmed fee awards where it was apparent that the plaintiffs had used copyright law as subterfuge to further anticompetitive ends. *See e.g., Mattel*, 705 F.3d at 1111; *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 696 (9th Cir. 2015).[11] There is absolutely no evidence of this, nor that Choyce was improperly trying to "censor" the undisputedly false assertions of fact about his alleged criminality that displayed his visage without his consent.

## C.   Considerations of Deterrence and Compensation

The Supreme Court has stated that both plaintiffs and defendants should be

_____

11 "The [plaintiff Omega]'s anticompetitive acts promoted neither the broad public availability of the arts nor the public welfare. Instead, they eliminated price competition in the retail market for Omega watches and deprived consumers of the opportunity to purchase discounted gray market Omega watches from Costco. Omega misused its copyright by engraving the Globe Design on the underside of its watches, and attempting to use copyright law to eliminate intrabrand competition from Costco in the retail watch market." *Omega S.A.*, 776 F.3d at 705-06 (Wardlaw, J., concurring).

encouraged to litigate meritorious copyright claims and defenses because "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty I*, 510 U.S. at 527. The Fourth Circuit has instructed district courts to further the policy objective of deterring frivolous copyright lawsuits (or egregious cases of infringement) by compensating the parties forced to litigate them. *Diamond Star*, 30 F.3d at 506 ("[T]he goal of deterring a party from pursuing frivolous litigation is furthered by the imposition of attorney's fees and costs. . . .").

However, as discussed above, Choyce's suit was not frivolous. The case at bar provided a vehicle for the Ninth Circuit to clarify whether an attorney can control the use of copyrighted images of himself to stop the misuse of his own commercial speech, and whether a copyright plaintiff may obtain injunctive relief as an exclusive remedy with or without registration. Therefore, this Court must that the interests of compensation and deterrence do not favor an award of attorney fees in this case.

"The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) (*citing Fogerty II*, 94 F.3d at 558). The Copyright Act's "'ultimate aim is . . . to stimulate artistic

13

creativity for the general public good.'" *Mattel*, 705 F.3d at 1111.

While the District Court invoked the "usual" goals of deterrence[12] and compensation concerning a "forum for public expression" (EOR 009),[13] nearly all of the authorities cited by the District Court, Layer 42, and IndyBay address either with anticompetitive behavior guised as copyright litigation (*see above*), or protracted fact discovery of meritless and/or vexatious claims, neither of which are present here.[14] *Mattel*, 705 F.3d at 1111; *see also Lexar Homes, Inc. v. Port*, 2013

---

12  Neither the District Court nor Appellees cite any facts which justify awarding fees to deter other would-be plaintiffs similarly situated to Choyce. *Compare Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 809 (6th Cir. 2005) ("The unique posture of this case as one of hundreds brought in the same manner and asserting parallel claims, makes deterrence a particularly relevant and appropriate consideration. It is not the deterrence of objectively reasonable good faith claims, but the interest in motivating plaintiffs to sort through the objectively unreasonable ones and prosecute this at best cumbersome litigation in a way that discriminates between parties and claims.").

13  "[E]ven protected speech may be subject to reasonable limitation when important countervailing interests are involved.  Citizens are not completely free to commit perjury, to libel other citizens, to infringe copyrights, to incite riots, or to interfere unduly with passage through a public thoroughfare. The right of free speech, though precious, remains subject to reasonable accommodation to other valued interests." *Spence v. Wash.*, 418 U.S. 405, 417, 94 S.Ct. 2727, 2733-34 (1974) (Rehnquist, J., dissenting).

14  Layer 42 argues that Choyce improperly engaged in forum shopping by filing the copyright claim to gain entry into federal court.  (Layer 42's Brief, p. 14).  This speculation about Choyce's motivation lacks any evidentiary support and ignores that his visage was lifted from his law firm's website.  (EOR 241, 242-43, ¶¶ 12, 17, 18).  Protection of copyrighted images is the exclusive domain of federal law.  *See* U.S. CONST. Art. I, § 8, cl. 8; 17 U.S.C. § 301(a); *M. Kramer Mfg. Co. v.*

14

U.S. Dist. LEXIS 173506, *17 (E.D. Wash. Dec. 11, 2013) ("Federal courts do not exist so that litigants can roll the dice in copyright litigation which appears 'aimed not at promoting expression but at stifling the 'competition' upon which America thrives.'") (*citing Mattel, Inc.*, 705 F.3d at 1111); *Pythagoras Intellectual Holdings, LLC v. Stegall*, 2009 U.S. Dist. LEXIS 97115, *10 (C.D. Cal. Oct. 5, 2009) ("Plaintiffs failed to provide evidentiary support for their copyright infringement claim. After defense counsel submitted appropriate discovery requests to Plaintiffs, Plaintiffs failed to timely respond and subsequently served insufficient responses. […] Plaintiffs had numerous chances to withdraw their claims before those claims were dismissed. Because Plaintiffs did not do so, Defendants' attorneys were obligated, as zealous advocates for their clients, to take the complaint seriously and vigorously defend their clients."); *Lexar Homes, Inc.*, 2013 U.S. Dist. LEXIS 173506 at *16 ("Although on notice of Defendant's independent creation claim, Plaintiff proceeded with all of its claims, engaged in minimal discovery of its own, and Defendant had no choice but to engage in its own discovery and expend resources to effectuate the dismissal of Plaintiff's claims."); *Asis Internet Servs. v. Optin Global, Inc.*, 2010 U.S. Dist. LEXIS 57825, *13-14 (N.D. Cal. May 19, 2010) ("ASIS then continued to litigate even as its

---

*Andrews*, 783 F.2d 421, 432 (4th Cir. 1986) ("The right of copyright is a creature of federal statute, with its constitutional base in Article I, § 8, cl.8.").

discovery efforts turned up no evidence in support of its claims against Azoogle. Having initiated over 20 similar actions, and sued over 20 defendants in this action alone, an award of attorneys' fees here is necessary to deter ASIS and other plaintiffs hoping to profit under the CAN-SPAM Act from casting such a wide net."). *See also Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (affirming fee award where the plaintiff maintained claims for almost three years without an evidentiary basis). As previously noted, absolutely no discovery was propounded in this matter.

Layer 42 and IndyBay make no claim, and therefore concede,[15] that incorporating Choyce's visage into verifiably false articles about him promoted any "artistic" or public good consistent with the Copyright Act. The District Court committed reversible error by citing no facts or authorities which evince why the "usual" goals of compensation and deterrence apply to a "forum of public expression" that is admittedly not "artistic." (*See* EOR 009).[16] The District Court

---

15 *See Lowenschuss*, 67 F.3d at 1402.

16 While "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," *Fogerty I*, 510 U.S. at 527, this oft-quoted passage was premised on increasing "public exposure to a musical work that could, as a result, lead to further creative pieces." *Id.* "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Id.*

16

awarded nearly $90,000 without a clear explanation as to how the express purposes of the Copyright Act were served in favor of two defendants who never even had to file an Answer.[17]  *See Airframe Sys. v. L-3 Communs. Corp.*, 658 F.3d 100, 110 (1st Cir. 2011) (holding that the plaintiff's claims "'ultimately failed to survive summary judgment due to a lack of admissible evidence on certain essential elements' of its infringement claim," the "'contentious nature' and 'reasonably swift resolution' of the case weighed against a fees award").

"[T]he mere fact that [Choyce] lost cannot establish his objective unreasonability."  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013).  "How the court ruled, simply put, is not a proper concern [in determining the availability of § 505 fees]."  *Id*. (*quoting Harris Custom Builders, Inc. v. Hoffmeyer*, 140 F.3d 728, 730 (7th Cir. 1998)) (brackets in original).  Choyce maintained an objectively reasonable litigation position: he *only* sought injunctive

_____

17  Courts are instructed to exercise "equitable discretion" in applying the non-exclusive set of *Fogerty* factors.  *Fogerty I*, 510 U.S. at 534, fn.19; *Hensley*, 461 U.S. at 436-37; *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994).  The District Court awarded $87,835 to parties never required to file an Answer or conduct any discovery.  (EOR 011, 026, 046).  Choyce contends that the District Court failed to consider proportionality as a countervailing factor in awarding nearly $90,000 following a Fed. R. Civ. P. 12(b)(6) dismissal.  This fee award is inequitably disproportionate compared to affirmed fee awards where resolution of the copyright claims required summary judgment after protracted litigation.  *See e.g., Lumiere (Rights) Ltd. v. Baker & Taylor, Inc.*, 1997 U.S. App. LEXIS 13194 (9th Cir. Or. June 4, 1997) ($60,000).

relief given his admittedly late copyright registration under the "work for hire" doctrine, which requires a factual inquiry that is inappropriate at the pleading stage.

**D.    Other Relevant Factors**

The Court also failed to take into consideration the ability of Choyce to pay potential attorney fees, and the ability of Appellees to absorb the costs of litigation if attorney fees are not awarded.

**E.    The District Court's Lodestar Analysis Contravenes Established Authority.**

**1.    The District Court Erroneously Concluded that Appellees Had  Established the Reasonableness of Its Rates and Hours With Insufficient or Unclear "Evidence."**

This Court must further reduce the fee awards to Layer 42 and IndyBay because the District Court erroneously concluded that each failed to provide appropriate evidence of their rates and hours sufficient to calculate the "lodestar" amount.  *See Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S.Ct. 3078, 3088 (1987).

On appeal, Layer 42 merely invokes the standard of review without factually rebutting Choyce's allegations that it failed to provide "evidence" (*see* EOR 010) of the prevailing market rate, or to segregate the copyright and non-copyright

claims appropriately.  (*See* Layer 42's Brief, p. 15-16; AOB, p. 22, 24-26).  Layer

42 therefore waives any such arguments.  *See Lowenschuss*, 67 F.3d at 1402.

> **2.** **The District Court Erred by Concluding that Layer 42 Had Established the Reasonableness of Its Rates Without Providing any "Evidence."**

Layer 42 nonetheless summarily concludes that its hourly rates were

reasonable because it made "disclosures" consistent with *Blum v. Stenson*, 465

U.S. 886, 895 n.11, 104 S.Ct. 1541, 1547 (1984).  (Layer 42's Brief, p. 15).  These

"disclosures" apparently consisted of just one sentence: "The billing rates

identified for the attorneys above fall within the range of rates charged in Santa

Clara County for attorneys with comparable experience in similar practice areas."

(EOR 102-03, ¶ 9).  The *Blum* decision requires more:

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence -- *in addition to the attorney's own affidavits* -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to -- for convenience -- as the prevailing market rate.

*Blum*, 465 U.S. at 895 n.11 (emphasis added); *Hensley*, 461 U.S. at 433; *see*

*Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *Brighton*

*Collectibles, Inc. v. RK Tex. Leather Mfg.*, 2014 U.S. Dist. LEXIS 151263, *12

(S.D. Cal. Oct. 24, 2014).

The District Court improperly concluded that Layer 42 provided "evidence" of the prevailing market rate after "carefully review[ing] [Appellees'] documents, billing records, and declarations." (EOR 010). "While the district court is in the best position to judge the reasonableness of the fee award, […] such a position does not mean the trial judge can remain silent as to how she or he reached the 'reasonableness' conclusion. The record must inform us of the trial court's basis for determining reasonable attorneys' fees in order for an appeal to be meaningful." *Jordan*, 815 F.2d at 1263.

Here, Layer 42 provides one affidavit declaring its attorneys' job titles; undergraduate and law school educations (and graduation dates); bar admittances (and dates); general practice area; and bar statuses. (EOR 101-102, ¶¶ 5-8). This is not satisfactory evidence of their skill, experience, or reputation in defending clients against copyright claims. *See Penpower Tech., Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1095 (N.D. Cal. 2008) (finding the hourly rates were not reasonable because "[c]ounsel submitted no information regarding his skill, experience, or reputation," even though "the present litigation [was] not complex.").

The District Court erroneously concluded that Layer 42 had provided sufficient "evidence," even without any sworn statements and/or exhibits

demonstrating its attorneys' skill, experience, and reputation. (*See* EOR 105-148). This error was prejudicial and reversible because district courts in this Circuit have regularly required such evidence. *See Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170-71 (N.D. Cal. 2015) (additional affidavits, positive news media coverage, survey results); *Identity Arts v. Best Buy Enter.*, 2008 U.S. Dist. LEXIS 119865, *21-22 (N.D. Cal. Mar. 26, 2008) ("a survey from Pricewaterhouse Coopers demonstrating that defense counsels' billing rates are comparable with, or even lower than, rates of other comparable firms in Los Angeles."); *Bernal v. Paradigm Talent & Literary Agency*, 2010 U.S. Dist. LEXIS 142572, *17-18 (C.D. Cal. June 1, 2010) (evidence of partner's intellectual property law specialization, previous related cases, and positive coverage from entertainment and legal news media); *Brighton Collectibles, Inc.*, 2014 U.S. Dist. LEXIS 151263 at *12 (an affidavit citing "cases supporting the prevailing fee from a few years back closer to the time the complaint was filed in this case."); *Livingston v. Art.com, Inc.*, 2015 U.S. Dist. LEXIS 92211, *39 (N.D. Cal. Apr. 17, 2015) ("[O]ther evidence of the prevailing market rate may include affidavits from other area attorneys or examples of rates awarded to counsel in previous cases.").[18]

---

18  Layer 42 states that its "disclosures" were comparable to IndyBay's. (*See* Layer 42's Brief, p. 15).  Such a claim is immaterial and also factually incorrect. (*See* EOR 173-174, ¶¶ 11-14).

The District Court did not even expressly claim to rely on "its own knowledge and experience to determine that the fees were consistent with the prevailing market wage." *Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 (9th Cir. 2013); *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Without any such "evidence," the District Court abused its discretion by finding that Layer 42 satisfied its burden as to the reasonableness of its rates.

### 3. The District Court Erred by Concluding that Appellees Had Established the Reasonableness of Their Hours With Unclear Evidence.

"'[A] party entitled to attorney's fees as a prevailing party on a particular [copy-right] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'" *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003) (*quoting Entm't Research Grp.*, 122 F.3d at 1230). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (*quoting Hensley*, 461 U.S. at 433-34).

Layer 42 and IndyBay only prevailed with prejudice on the copyright claim. (*See* EOR 002, 199). Yet their billing records contained various entries that were

22

mixed, block-billed, or otherwise insufficient for the District Court to discern which fees were reasonable. (EOR 053, 086-092, 106-111, 113-118, 120-122, 126, 129-130, 134-136, 138-139, 141-143, 146-148; *see also* AOB, p. 26-27 and EOR 176-178). For example, Layer 42's counsel charged its client $1,212.00 on January 6, 2014 to "[f]inalize motion to dismiss/special motion to strike for filing and service." (EOR 090, 134). IndyBay similarly and incoherently billed $1,075.00 for "[f]inal preparations, proofing for filing; instruct assistant regarding same." (EOR 178). Both Layer 42 and IndyBay failed to parsed out charges regarding only the copyright claim, which was a very limited portion of their Fed. R. Civ. P. 12(b)(6) motions to dismiss. (*See* EOR 010) ("At oral argument at both motions to dismiss, relatively little time and attention was devoted to the copyright claim.").

The District Court abused its discretion by providing no explanation for its conclusion that a 75% award was a "reasonable approximation" of the fees attributable to Appellees. (EOR 011). "[T]he use of percentages […] neither discharges the district court from its responsibility to set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). The *Gates* Court vacated the reasonable

23

lodestar amount because the District Court insufficiently explained its reasons for selecting a 10% across-the-board reduction of fees. *Id*. at 1402; *see also Sorenson*, 239 F.3d at 1146 ("[T]he district court failed to explain how or why the unspecified reduction in hourly rate fairly balanced the unspecified number of improperly billed hours."). This Court must likewise reverse and remand because the District Court's unarticulated methodology does not "allow for meaningful appellate review." *Gates*, 987 F.2d at 1398 (*citing Cunningham v. Cty. of L.A.*, 879 F.2d 481, 485 (9th Cir. 1988)).

This prejudicial error is not mere "flyspecking" (*see* IndyBay's Brief, p. 26), which might justify the "considerable deference" afforded to the determination of "'essentially […] factual matters.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000) (*quoting Hensley*, 461 U.S. at 437) (considering a prevailing ERISA plaintiff's fee award reduced due to unnecessarily propounded discovery); *see also Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (considering an attorney's ethical violation vis-à-vis a fee award in a common fund class action case). Likewise, IndyBay cannot ask this Court merely to "defer to the winning lawyer's professional judgment as to *how much time* he was required to spend on the case," *Ryan v. Editions Ltd. W.*, 786 F.3d 754, 763 (9th Cir. 2015) (citation omitted; emphasis added), especially when the issue is block-billing and

incoherent cost items.  This Court instructs district courts not to "accept uncritically [the prevailing party's] counsel's representations concerning the time expended."  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).  Accordingly, remand is necessary because "the record does not support the district court's fee award" regarding whether a 25% reduction actually was a "reasonable approximation."  *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005); (*see* EOR 011).

Indeed, the *Ryan* Court vacated a similar reduction where "the district court provided no explanation for the determination that twenty percent was the appropriate amount to deduct, and failed to account for the fact that many of the entries in [the moving party]'s billing log were not billed in block format.  Absent such explanation, we are unable to adequately review or sustain the district court's action."  *Ryan*, 786 F.3d at 765 (citation omitted); *see also Chaudhry v. City of L.A.*, 751 F.3d 1096, 1111 (9th Cir. 2014) (reductions greater than 10% require a specific explanation); *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (requiring district courts to "to give at least some indication of how it arrived at the *amount* of compensable hours for which fees were awarded.") (*quoting Gates,* 987 F.2d at 1398) (emphasis added).[19]  Because

---

19  Billing records do not require "great detail," *Hensley*, 461 U.S. at 437 n.12, yet still must be sufficiently specific to differentiate between copyright and non-

of the District Court's insufficient explanation as to how it calculated its deduction, this Court must vacate or reverse and remand for further proceedings.

### F.     Fees on Fees Are Not Appropriate.

Layer 42 does not brief whether "fees upon fees" are prohibited (*see* Layer 42's Brief, p. 16-17), and thus waives any argument that it was entitled to such fees. *See Lowenschuss*, 67 F.3d at 1402.

IndyBay likewise cites "no controlling authority regarding the availability of "fees upon fees" under the Copyright Act." (*See* AOB, p. 29). *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) and *In re Nucorp Energy*, 764 F.2d 655, 659-60 (9th Cir. 1985) are not copyright cases. *Sierra Club v. Johnson*, 2010 U.S. Dist. LEXIS 8050, *15, fn. 3 (N.D. Cal. Jan. 12, 2010) is equally unavailing because it inappositely addresses the applicability of *Hensley*: "The Copyright Act contains almost identical fee-shifting language as CERCLA, and yet this did not bar application of the *Hensley* relatedness analysis to non-copyright claims." *Id*. *Fantasy Inc. v. Fogerty*, 1995 U.S. Dist. LEXIS 6197, *24 (N.D. Cal. May 2, 1995) does refer to "fees-on-fees," *id*., yet it is not controlling authority.

Nonetheless, Choyce contends that the District Court abused its discretion

---

copyright claims.  *See Traditional Cat Ass'n*, 340 F.3d at 833.

by not sufficiently explaining its fee reduction to the same extent as the rest of the requested fee award.

### G.     Appellant Requests His Costs on Appeal.

Based on the foregoing reasons, Choyce contends that awarding attorney fees to Layer 42 and IndyBay will not further any purpose of the Copyright Act. Instead, Choyce respectfully requests that this Court award him his costs on appeal, or in the alternative, order all parties to bear their own costs. *Ryan*, 786 F.3d at 768; *Graham-Sult v. Clainos*, 738 F.3d 1131, 1160 (9th Cir. 2013).

## III.   CONCLUSION

Choyce respectfully requests that this Court vacate or, in the alternative, reverse and remand the District Court's award of attorney fees to Appellees.

Respectfully submitted this 13th day of November, 2015,

SMITH PATTEN

*/s/ Dow W. Patten*
SPENCER F. SMITH, ESQ.
DOW W. PATTEN, ESQ.
Attorneys for Plaintiff-Appellant
DIONNE CHOYCE

27

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Dow W. Patten, counsel of record for Appellant, hereby certify that the foregoing Reply Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,167 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Apache OpenOffice 4.1.1, in 14-point Times New Roman.

Dated: November 13, 2015                          SMITH PATTEN

                                                  */s/ Dow W. Patten*
                                                  SPENCER F. SMITH, ESQ.
                                                  DOW W. PATTEN, ESQ.
                                                  Attorneys for Plaintiff-Appellant
                                                  DIONNE CHOYCE

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2015, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 13, 2015                    SMITH PATTEN

*/s/ Dow W. Patten*
SPENCER F. SMITH, ESQ.
DOW W. PATTEN, ESQ.
Attorneys for Plaintiff-Appellant
DIONNE CHOYCE

29